IN THE UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ROBERT (BOB) ROSS;** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | CIVIL ACTION NO. 4:22-CV-00343 |
| | § | |
| **ASSOCIATION OF PROFESSIONAL** | § | |
| **FLIGHT ATTENDANTS,** | § | |
| **MCGAUGHEY, REBER AND** | § | |
| **ASSOCIATES, INC. JULIE** | § | |
| **HENDRICK AND ERIK HARRIS,** | § | |
| **DEFENDANTS** | § | |

---

### DEFENDANT, MCGAUGHEY, REBER AND ASSOCIATES, INC.  ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT:

COMES NOW Defendant, McGaughey, Reber and Associates, Inc., by and through counsel, Michael R. Rake, and in accordance with Rule 8 of the Federal Rules of Civil Procedure ("FRCP"), files this Answer to Plaintiff Robert (Bob) Ross's ("Ross") "Original Complaint and would show the Court as follows:

### <u>INTRODUCTION</u>

1.      With regard to sentence one of Paragraph 1 of the Complaint, Defendant admit that Ross brings this action under various federal and state laws.  Defendant further deny that Ross is entitled to any relief in this action.

2.      With regard to Paragraph 2 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations in paragraph 2.

## PARTIES

3.     With regard to Paragraph 3 of the Complaint, Defendant  lacks sufficient knowledge to form a belief as to the truth of the allegations, but has no reason to believe the allegations are false and there admit Plaintiff's allegations.  With regard to Paragraph 4, Defendants admit that Defendant McGaughey, Reber and Associates, Inc., d/b/a Diversified Credit Systems ("Diversified") is the assignee of a debt owed by Ross to APFA, specifically, a $5,436.47 overpayment to Ross that resulted from an incorrect calculation of a payout of Ross's unused sick and vacation days.  Defendant admits that Diversified's registered agent for service of process is M.S. McGaughey.  Defendant admits the allegations of the remainder of Paragraph 4, except with regard to sentence four of Paragraph 4, that states a legal conclusion to which no response is required, but to the extent a response is required that allegation is admitted.

4.     With regard to Paragraph 5 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations.  Defendant has no knowledge of the relationship between Plaintiff and Defendant, APFA (other than the debt collection action over the $5,436.47 amount).  Defendant lacks sufficient knowledge to admit or deny the allegations that the Transition Agreement formed the basis of the "original claim" which "gave rise to this lawsuit" and therefore deny those allegations.  Defendant lacks sufficient knowledge to admit or deny the allegations that APFA can be served through its current National President, Julie Hedrick ("Hedrick") at APFA headquarters at 1004 W. Euless Blvd., Euless, TX 76040, but has no belief that Plaintiff's allegation is false, and therefore admit that allegation.

5.     Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 6, but has no belief that Plaintiff's allegation is false, and therefore admit that allegation.

6.   Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 6, but has no belief that Plaintiff's allegation is false, and therefore admit that allegation.

7.   Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 7, but has no belief that Plaintiff's allegation is false, and therefore admit that allegation.

## JURISDICTION AND VENUE

8.   With regard to sentence one of Paragraph 8 of the Complaint, Defendant admits that Ross filed his Complaint in the United States District Court for the Northern District of Texas and asserts that this Court has jurisdiction on the basis of Federal Question and diversity between the parties to this suit.

9.   With regard to sentence one of Paragraph 9 of the Complaint, Defendant admits that Ross brings this action under the Fair Credit Reporting Act, 15 U.S.C. 1681s-2 (a)(1)(A) and (B), Fair Debt Collection Practices Act, 15 U.S.C. §§1692 d, e, and f, and the Labor Management Records and Disclosure Act, 29 U.S.C. 412, Section 102, but deny that Ross is entitled to any relief under the Fair Credit Reporting Act, 15 U.S.C. 1681s-2 (a)(1)(A) and B), Fair Debt Collection Practices Act, 15 U.S.C. §§1692 d, e, and f.  Defendant lacks sufficient knowledge to admit or deny the other allegations in Paragraph 9 and therefore denies those allegations.

10.   With  regard to sentence one of Paragraph 10 of the Complaint, Defendants lack sufficient knowledge to form a belief as to the truth of the allegation that the amount in controversy exceeds $75,000, and therefore deny this allegation.  With regard to the remaining allegations of Paragraph 10, Defendant lacks sufficient knowledge to admit or deny the allegations and therefore deny the allegations.

## CONDITIONS PRECEDENT

11.     With regard to sentence one of Paragraph 11 of the Complaint, this sentence states a legal conclusion to which no response is required, but to the extent a response is required the allegation is denied.

## FACTUAL BACKGROUND

12.     With regard to Paragraph 12 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

13.     With regard to Paragraph 13 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

With

14.     With regard to Paragraph 14 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

15.     With regard to Paragraph 15 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and

therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

16.   With regard to Paragraph 16 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

17.   With regard to Paragraph 17 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

18.   With regard to Paragraph 18 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

19.     With regard to Paragraph 19. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

20. With regard to Paragraph 20. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in

any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

21.   With regard to Paragraph 21. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

22.   With regard to Paragraph 22. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

23.   With regard to Paragraph 23. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

24.   With regard to Paragraph 24. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

25.     With regard to Paragraph 25. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

26.     With regard to Paragraph 26. of the Complaint, Defendant admits it sent a verification of debt letter to Ross.  However, Defendant never had possession of or knowledge of any evidence that the debt was not valid (other than Plaintiff's own dispute) and Defendant received verification of the Debt from APFA.  Defendant denies that there was any proof in its possession that Ross did not owe the debt and further denies that Defendant had no right to attempt to collect the debt.

27.     With regard to Paragraph 27. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

28.     With regard to Paragraph 28. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

29.     With regard to Paragraph 29. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action)

and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

30.     With regard to Paragraph 30. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

31.     With regard to Paragraph 31. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

32.     With regard to Paragraph 32. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

33.     With regard to Paragraph 33. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

34.     With regard to Paragraph 34. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in

any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

35.     With regard to Paragraph 35. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

36.     With regard to Paragraph 36. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

37.     With regard to Paragraph 37. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

39.     With regard to Paragraph 57 of the Complaint, No Answer is required, but Defendant repeats, realleges and incorporates herein by reference its answers to all preceding paragraphs.

40.     With regard to Paragraph 40. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action)

and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required

     41.    With regard to Paragraph 41. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

     42.    With regard to Paragraph 42. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

     (The Complaint does not include paragraphs numbered 43 through 56)

**CLAIM: LABOR MANAGEMENT RECORDS DISCLOSURE ACT VIOLATIONS**

     57.    With regard to Paragraph 57 of the Complaint, No Answer is required, but Defendant repeats, realleges and incorporates herein by reference its answers to all preceding paragraphs.

     58.    With regard to Paragraph 58 of the Complaint, Defendant admits the language of 29 U.S.C., Section 412 as alleged, but denies that this paragraph is relevant to the Defendant, and therefore denies the remaining allegations.

     59.    With regard to Paragraph 59. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action)

and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

### CLAIM: BRACH OF UNION CONSTITUTION

60.     No Answer is required, but Defendant repeats, realleges and incorporates herein by reference its answers to all preceding paragraphs.

61.     With  regard to sentence one of Paragraph 61 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

62.     With regard to Paragraph 62. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

63.     With regard to Paragraph 63. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

64.     With regard to Paragraph 64. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action)

and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

65.     With regard to Paragraph 65. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action) and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

66.     With regard to Paragraph 66. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action). and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

67.     No Answer is required, but Defendant repeats, realleges and incorporates herein by reference its answers to all preceding paragraphs.

**CLAIM: VIOLATIONS OF FAIR CREDIT REPORTING ACT**

68.     Defendant admits it published to credit reporting agencies that Plaintiff was in collections.  Plaintiff did dispute to Debt, but Defendant has no knowledge of when Plaintiff discovered the debt.  After Plaintiff disputed the debt, and Defendant properly investigated the debt and Plaintiff's dispute.  The debt was verified by APFA and confirmed that the debt was valid.  Plaintiff was provided with and sent all available information Defendant had at the time. Plaintiff's own statement exonerates Defendant's liability and therefore, Defendant denies that it violated any terms of the Fair Credit Reporting Act.

69.     With regard to sentence one of Paragraph 69, this sentence states a legal conclusion to which no response is required.  Defendant denies that it furnished any information

relating to the consumer (Plaintiff) that it had reason to believe was inaccurate.  Defendant

denies that it failed to investigate the validity of the debt, or that it breached any duty to Plaintiff.

Defendant updated Plaintiff's report with a disputed status with the credit bureaus when Plaintiff

filed his dispute. Defendant denies being the cause of any damages, including refinance

damages, cost or Attorney fees associated with the credit report.

### CLAIM: BREACH OF CONTRACT/EMPLOYMENT CONTRACT

69. (repeated number) With regard to Paragraph 69 of the Complaint, Defendant repeats,

realleges and incorporates herein by reference its answers to all preceding paragraphs.

70.      With regard to Paragraph 70. of the Complaint, Defendant lacks sufficient

knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in

any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action).

and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is

required the allegation is denied.

71.      With regard to Paragraph 71. of the Complaint, Defendant lacks sufficient

knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in

any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action).

and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is

required the allegation is denied.

72.      With regard to Paragraph 72. of the Complaint, Defendant lacks sufficient

knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in

any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action).

and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is

required the allegation is denied.

73.     With regard to Paragraph 73. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action). and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

74.     With regard to Paragraph 74. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action). and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

75.     With regard to Paragraph 75. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action). and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

76.     With regard to Paragraph 76. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action). and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

77.     With regard to Paragraph 77. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action).

and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

### CLAIM: FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS

78.     With regard to Paragraph 78. of the Complaint, Defendant repeats, realleges and incorporates herein by reference its answers to all preceding paragraphs.

79.     With regard to Paragraph 79. Of the Complaint, Defendant denies that it violated 15 U.S.C., Sections 1692 d. c. and f of the Fair Debt Collection Practices Act (FDCPA) or any other Federal or State Statute.  Defendant further denies it mispresented the amount, the nature of, or made any false, disparaging or misleading comments to the debtor or any other person or entity for any purpose and particularly to abuse the Plaintiff in any manner.

80.     With regard to Paragraph 80. Of the Complaint Defendant denies that it never sent an initial Contact letter to Ross, nor that it violated Ross's rights to dispute the validity of the debt or prevent credit reporting.  Defendant sent the initial collection letter to Ross on January 29, 2021 and included all required legal text per the Fair Debt Collection Practices Act.  Records for the Defendant show the letter was never returned to sender, nor was Defendant notified by the Post of any change of address.  Defendant had no reason to believe the Plaintiff did not receive Defendant's initial letter.  Defendant repeats its denial of any valid claim by Plaintiff for any actions on the part of Defendant.

### CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

81.     With regard to Paragraph 81. of the Complaint, Defendant repeats, realleges and incorporates herein by reference its answers to all preceding paragraphs.

82.     With regard to Paragraph 82. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action).

and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

83.     With regard to Paragraph 83. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action). and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

84.     With regard to Paragraph 84. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action). and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

**CLAIM: DEFAMATION, INTENTIONAL INTERFERENCE WITH A CONTRACT, AND BREACH OF FIDUCIARY DUTY**

85.     With regard to Paragraph 85. of the Complaint, Defendant repeats, realleges and incorporates herein by reference its answers to all preceding paragraphs.

86.     With regard to Paragraph 86. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action). and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

87.     With regard to Paragraph 87. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action).

and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

88.    With regard to Paragraph 88. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action). and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

89.    With regard to Paragraph 89. of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegation, as this Defendant was not involved in any action between Plaintiff, Ross and Defendant, APFA (other than a Debt Collection action). and therefore has no knowledge regarding Plaintiff's allegations, but to the extent a response is required the allegation is denied.

Any allegation of fact contained in the Complaint which is not specifically admitted or denied above is hereby denied.

## **CONCLUSION AND PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Defendant, McGaughey, Reber and Associates, Inc.  prays that this Counterclaim be brought on for hearing, and that upon full hearing the Court enter an Order:

1.    Granting Judgment in favor of Defendant, McGaughey, Reber and Associates, Inc. finding and declaring that Defendant is not liable to Plaintiff, Ross;

2.    Granting Defendant McGaughey, Reber and Associates, Inc. reasonable attorney's fees, costs of action, and other expenses of litigation in this proceeding; and

3.     Granting  Defendant McGaughey, Reber and Associates, Inc. such other and further relief

to which it may be entitled.


Date: June 28, 2022

Respectfully submitted,

*/S/ Michael R. Rake*

_____

**Michael R. Rake, Attorney at Law**
*P.O. Box 1556*
*Lake Dallas, TX 75065*
*Tel. & Fax: 940-498-2103*
*E-mail: mrake1@mrakeattorney.com*
ATTORNEY FOR DEFENDANT,
MCGAUGHEY, REBER AND
ASSOCIATES, INC.

**Certificate of Service**

This certifies that this document was served in accordance with the Federal Rules

of Civil Procedure on June 28, 2022.

*/S/ Michael R. Rake*

Michael Rake
