IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ROBERT (BOB) ROSS,** | § | |
| | § | |
| Plaintiff/Counterclaim Defendant, | § | |
| | § | |
| V. | § | Civil Action No. 4:22-cv-00343-Y |
| | § | |
| **ASSOCIATION OF PROFESSIONAL** | § | |
| **FLIGHT ATTENDANTS, et al.,** | § | |
| | § | |
| Defendants/Counterclaim Plaintiffs. | § | |

# UNION DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR RELIEF AND BRIEF IN SUPPORT

SANFORD R. DENISON
Tex. Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Ave., Suite 550
Dallas, TX  75214

MARGOT A. NIKITAS*
Illinois Bar No. 6309782
General Counsel
Association of Professional
 Flight Attendants
1004 W. Euless Boulevard
Euless, TX 76040

WILLIAM W. OSBORNE JR.*
D.C. Bar No. 912089
Osborne Law Offices P.C.
5335 Wisconsin Avenue N.W., Suite 440
Washington, D.C. 20015

*Admitted *Pro Hac Vice*

*Counsel for Defendant Counterclaim Plaintiff Association of Professional Flight Attendants, and Defendants Julie Hedrick and Erik Harris*

Dated: July 21, 2022

## I.     INTRODUCTION

Defendants Julie Hedrick, Erik Harris and Defendant/Counterclaim Plaintiff Association of Professional Flight Attendants ("APFA") (collectively, "Union Defendants") by their undersigned counsel, respectfully submit this Motion to Dismiss the claims for relief by Plaintiff Robert (Bob) Ross ("Ross") against them for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, as a matter of law, pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure ("FRCP").[1]  In support of their Motion, the Union Defendants submit this Memorandum of Law.

## II.    STATEMENT OF THE CASE

Plaintiff Ross, a member and former National President of APFA, has brought this lawsuit against APFA and two of its current officers, National President Julie Hedrick and National Treasurer Erik Harris, in an attempt to vacate and annul the arbitration decision and order[2], issued against him by Arbitrator Ruben Armendariz ("Arbitrator's Decision and Order"). The facts of the case are plain from Ross's Complaint and attached Arbitrator's Decision and Order:

Based upon internal union charges against Ross filed by two APFA members, Melissa Chinery-Burns and Sandra Lee ("Charging Parties"), under Article VII of the APFA Constitution, reviewed by the APFA Executive Committee and then referred for resolution to Arbitrator Armendariz, pursuant to Article VII of the APFA Constitution, a three-day hearing

---

[1] This motion seeks dismissal of all of Plaintiff Ross's claims against all Defendants herein as asserted in his Complaint (doc.1), leaving pending APFA's Counterclaim against Ross asserted in the Union Defendants' Answer and Counterclaim (doc. 8, at pgs.32-43, PAGE ID 32-43). As individual defendants Julie Hedrick and Erik Harris are not parties to APFA's counterclaim against Ross, upon dismissal of Ross's claims against the Defendants, Hedrick and Harris should be dismissed as parties to this action.

[2] Attached as Exhibit C to the Complaint (doc.1-3, PAGE ID 35-51).

1

was held on the record on June 16 and November 17-18, 2021. The issues as presented to the Arbitrator were whether Ross, when acting as the APFA National President, violated the APFA Constitution[3] and Policy Manual by engaging "in malfeasance, fraud [and] misappropriation of funds" during his term of office as President" and whether any violations of the APFA Constitution and Policy Manual were "willful." Arbitrator's Decision and Order at 2.

During the three-day hearing, the Charging Parties called five (5) witnesses to testify in support of their charges against Ross and Ross called three (3) witnesses in his defense. Arbitrator's Decision and Order at 2.  Following the close of the hearing and the filing of briefs by the parties, the Arbitrator issued his decision on March 19, 2022.  *Id*.

The Arbitrator concluded that Ross had "*intentionally* and *willfully* ignored the APFA Policy Manual and thus has violated his fiduciary duty as entrusted by the APFA membership." Arbitrator's Decision and Order at 22 (emphasis in original).  He further observed that "Ross's testimony was inconsistent and not forthright," that Ross "should be prohibited from serving in any official position for life within the APFA organization," and that he be required to resign from any positions within APFA that he currently held. Arbitrator's Decision and Order at 23-24.

As further remedies, the Arbitrator ordered that APFA assign an auditor to review Ross's expenses as submitted to APFA including credit card, rental car, and mileage; that Ross repay APFA for any inappropriate expenses he had submitted as determined by the auditor; that Ross repay APFA for additional specific amounts for erroneous vacation and apartment leasing; and that he repay APFA for both the auditor's fees and the Arbitrator's fee. Arbitrator's Decision and Order at 24.  The Arbitrator has retained jurisdiction over compliance with the remedial issues in the case. *Id.*

---

[3] The relevant provisions of the APFA Constitution and Policy Manual are restated in the Arbitrator's Decision and Order at 4-7.

2

Plaintiff Ross then filed this lawsuit against APFA and its National President and National Treasurer—*none* of whom were parties to the Ross arbitration proceeding. The Complaint asserts federal subject matter jurisdiction to support Ross's claims: diversity of citizenship, Section 102 of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. §402, and the Fair Credit and Reporting Act, 15 U.S.C. §1681. Complaint, paras. 1-2, 8-10.

Plaintiff Ross's specific claims for relief against the Union Defendants are:

1. To vacate the Arbitrator's Decision and Order as purportedly violative of the Federal Arbitration Act, Complaint paras. 39-42;
2. To vacate the Arbitrator's Decision and Order as purportedly violative of LMRDA Section 101(a)(5), Complaint paras. 57-50;
3. Alleged violations of the APFA Constitution, Complaint, paras. 60-66;
4. Alleged breach of Ross's employment contract, Complaint, paras. 69-77; and
5. Other allegations: alleged violation of the Fair Credit Reporting Act, Complaint, paras. 67-69; defamation, intentional infliction of emotional harm, breach of fiduciary duty. Complaint, paras. 85-89.

In its answer to the Complaint, APFA filed a Counterclaim[4] against Ross for enforcement of the Arbitrator's Decision and Order and for breach of Ross's fiduciary duties as APFA National President as determined by the Arbitrator in his Decision and Order.[5]

As we now show, Ross's claims for relief should all be dismissed. Under well settled precedent, there is *no* subject matter jurisdiction for Ross's claims under either the Section 101(a)(5) of the LMRDA or the Fair Credit Reporting Act. Moreover, *none* of the allegations in the Complaint asserts a claim upon which relief can be granted again as a matter of law. Dismissal of Ross's baseless claims against the Union Defendants will leave APFA's Counterclaim against Ross for enforcement of the Arbitrator's Decision and Order and breach of

---

[4] Doc. 8, at pgs.32-43, PAGE ID 32-43.

[5] See Exhibit C to the Complaint (doc.1-3, PAGE ID 35-51).

fiduciary duty to be resolved by the Court.

### III. STANDARD OF REVIEW

FRCP 12(b)(1) requires dismissal of any claim over which federal courts lack subject matter jurisdiction. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. FRCP 12(h)(3). A court may find subject matter jurisdiction is lacking from "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (*per curiam*).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (citation omitted). When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Id.* (citing *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir.1977) (*per curiam*)).

With regard to dismissal under Rule 12)b)(6), this Court recently summarized the relevant precedents in *Oliver v. Univ. of Texas Sw. Med Sch.*, 2019 U.S. Dist. LEXIS 21289, 2019 WL 536276 at *16-17 (2019) (J. Boyle):

> In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks

4

>for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve **[*17]** this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

In addition, the court may consider documents attached to the complaint in considering a motion under Rule 12(b)(6) if they are referred to in the plaintiffs' complaint and are central to the plaintiff's claims. *Scanlan v. Tex. A&M Univ.*, 343 F3d 553, 536, (5th Cir. 2003).

## IV.  ARGUMENT

### A. The Arbitrator's Decision Is Not Subject to Judicial Review Under LMRDA Section 101(a)(5)

The entire jurisdictional basis for Ross's allegation that the Arbitrator's Decision and Order should be vacated is LMRDA Section 101(a)(5) (Complaint, paras. 57-59) an allegation that is baseless as a matter of law.  To the contrary, it is well settled that LMRDA Section 101(a)(5) provides subject matter jurisdiction for judicial review of internal, *union-conducted* disciplinary proceedings but *not* subject matter jurisdiction for judicial review of other union-related administrative or legal matters such as the third-party arbitration award in this case. *Breininger v. Sheet Metal Workers Local 6*, 493 U.S. 67, 92-94 (1989); *Guidry v. ;Operating Engineers Local 406*, 907 F.2d 1491, 1492 (5th Cir. 1990**);** *Webster v. United Auto Workers Local 5*, 394 F. 3d 436, 441 (6th Cir. 2005); *Hackenburg v. Boilermakers*, 694 F. 2d 1237, 1239 (10th Cir. 1982); *Bass v. Int'l Bro. of Boilermakers*, 630 F. 2d 1058, 1066 (6th Cir. 1980); *Kirk v. Transport Workers Union*, 934 F. Supp. 775, 785 (S.D. Tex. 1995); *Ryals v. ILA Local 1771*, 33 F. Supp. 3d 634, 639-40 (D.S.C. 2014).

In other words, because there is no subject matter jurisdiction under or LMRDA Section 101(a)(5), the only jurisdictional bases cited in the Complaint as support for a challenge to the

Arbitrator's Decision and Order, any and all claims in the Complaint for vacation of the Arbitrator's Decision and Order must be dismissed for lack of jurisdiction. *See* FRCP 12(b)(1).[6]

### B. Plaintiff's Asserted Basis for Judicial Review of the Arbitrator's Decision and Order Violates Settled Federal Labor Law Principles

Even assuming, for purposes of argument *only*, that Ross has asserted a viable jurisdictional basis in the Complaint to support his challenge to the Arbitrator's Decision and Order, the Complaint fails to state a claim for which relief can be granted because, on its face, that claim *violates* the federal labor law axiom requiring judicial deferral to final and binding labor arbitration decisions. *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597-99 (1960); *Delek Ref. Ltd. v. Local 202 Steelworkers*, 891 F. 3d 566, 570 (5th Cir. 2018); *Weber Aircraft v . IBT Local 767*, 253 F.3d 821, 824 (5th Cir. 2001); *Refresco Bevs.v. Teamsters Local 997*, 2021 U.S. Dist. LEXIS 238421, 2021 WL 5908988 at *7-8 (N.D. Tex. 2021) (J. O'Connor); *Teamsters Gen. Drivers Warehousemen v. Greif Packaging, LLC*, 2010 WL 1417889, at *7 (S.D. Tex. Apr. 7, 2010) (J. Atlas); *Allied Waste Systems Inc. v. Teamsters Local 767*, 2007 U.S. Dist. LEXIS 43035, 2007 WL 1703634 (N.D. Tex. 2007) (J. Means).

The Fifth Circuit recently summarized the restrictive standard of judicial review of labor arbitration decisions in its unpublished decision in *Ball Metal Container Corp. v. United Auto Workers Local 129*, 2022 U.S. App. LEXIS 33214, 2022 WL 340573 at *7-8 (5th Cir. 2022):

> "Judicial review of arbitration awards is severely limited." "The standard for this review is 'among the narrowest known to the law.'" When an arbitration award

---

[6] Although Ross *does not* assert the Federal Arbitration Act ("FAA") as a basis for subject matter jurisdiction for judicial review and vacation of the Arbitrator's Decision and Order (Complaint, Paragraph 2-3, 7-8), the Complaint does allege that the Decision and Order violates the FAA. Complaint, paras. 39-42. Any assertion of subject matter jurisdiction under the FAA would be erroneous as a matter of law. Precedent is well settled to the contrary: the FAA does not provide subject matter jurisdiction to review arbitration awards. *Smith v. Rush Retail Ctr., Inc.,* 291 F. Supp. 2d 479, 487 (W.D. Tex. 2003) (citing authorities), *aff'd* 360 F. 3d 504, 505 (5th Cir. 2004); *Mellado v. MBNA Am. Bank,* 2004 U.S. Dist. LEXIS 25471, 2004 WL 2937224 at *3-4 (N.D. Tex. 2004) (J. Lynn); *Judd v. Texakoma Fin., Inc.,* No. 3:96-CV-26 04-P, 1996 WL 734940, at *4 (N.D. Tex. Dec. 11, 1996) (J. Solis).

> settles a labor dispute, judicial review is "particularly constrained." "The reasons for insulating arbitral decisions from judicial review are grounded in the federal statutes regulating labor-management relations," which "reflect a decided preference for private settlement of labor disputes without the intervention of government."
>
> Under this unusually deferential standard of review, "courts are not authorized to reconsider the merits of an award." "Because the parties 'bargained for the arbitrator's construction of their agreement,' an arbitral decision 'even arguably construing or applying the contract' must stand, regardless of a court's view of its (de)merits. Instead of assessing how well the arbitrator interpreted the contract, [*8] we ask if the arbitrator acted within the contract's bounds. "[A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice."
>
> To determine whether arbitrators have overstepped their authority, "courts apply the 'essence test,' evaluating whether the arbitration award 'ha[s] a basis that is at least rationally inferable, if not obviously drawn, from the letter or purpose of the collective bargaining agreement.'" "[W]here the arbitrator exceeds the express limitations of his contractual mandate, judicial deference is at an end." In these situations, "an arbitrator is no longer applying or interpreting the agreement but rewriting it," and we will vacate the award. "Where 'there is ambiguity as to whether an arbitrator is acting within the scope of his authority,'" however, "'that ambiguity must be resolved in favor of the arbitrator.'" (Footnotes and citations omitted).

*See also Allied Waste Systems Inc. v. Teamsters Local 767*, 2007 U.S. Dist. LEXIS 43035, 2007 WL 1703634 at *19-21 (N.D. Tex. 2007) (J. Means) (awarding attorneys fees as remedy for baseless attempt to vacate arbitration award).[7]

Nowhere in the Complaint does Ross allege, much less assert any specific citation for any contention, that the Arbitrator exceeded his authority or violated the express terms of his jurisdiction under the governing provisions of Article VII of the APFA Constitution. Indeed, his objections are entirely limited to the merits of the charges and to the procedural conduct of the hearing. Complaint, paras. 39-42. Nor did Ross make any such jurisdictional argument to the

---

[7] The same "exceedingly deferential" standard of review of arbitration awards governs cases which, unlike the instant case, are subject to judicial review under the FAA. *Lalo LLC v. Hawk Apparel, Inc*., 2022 U.S. Dist. LEXIS 72218, 2022 WL 1173801 at *5-7 (N.D. Tex. 2022) (J. Lindsay).

7

Arbitrator during or after the hearing. Arbitrator's Decision and Order at 8-13. Ross's attempt to persuade the Court to vacate the Arbitrator's Decision and Order thus fails on this independent legal basis.

As the Tenth Circuit Court of Appeals put it well, "[b]ecause arbitration presents such a `narrow standard of review,' [28 U.S.C.] Section 1927 sanctions are warranted if the arguments presented are `completely meritless'" [citation omitted] [and] to underscore the point that unjustified, protracted attempts to vacate arbitration awards . . . will not be tolerated [one] does so at the risk of being sanctioned." *DMA Inter., Inc. v. Qwest Comm. Inter., Inc.*, 585 F3d 1341,1345-46 (10th Cir. 2009). [8]

### C. Plaintiff's Claims for Violation of the APFA Constitution and Breach of Fiduciary Duty Are Without Merit

The breach of the APFA Constitution and breach of fiduciary duty allegations (which the Union Defendants assume refers to an alleged violation of LMRDA Section 501, 29 U.S.C. §501) are likewise subject to dismissal again as a matter of law.

First, Ross has neglected to assert *any* specific jurisdictional basis for either claim.

Second, relief is precluded, again as a matter of law, because, under the APFA Constitution and settled precedent, Ross was legally *obligated* to exhaust the mandatory internal union remedies "prior to taking any legal action," *Clayton* v. *International Union*, 451 U.S. 679, 692 (1981); *Hayes* v. *Brotherhood of Ry. & Airline Clerks*, 727 F.2d 1383, 1385-86 (5th Cir.), *cert*. *denied* 469 U.S. 953 (1984). In other words, if he had any valid claims against National President Hedrick or National Treasurer Harris, he could have brought them internally under

---

[8] Ross's attempt to vacate the Arbitrator's Decision and Order likewise violates the settled doctrine of judicial noninterference in internal union governance. *Ford Motor Co. v. Huffman,* 345 U.S. 330, 338 (1953); *Carr v. ALPA*, 866 F.3d 597, 602-03 and n.16 (5th Cir. 2017); *O'Neill v. Air Line Pilots Ass'n*, 939 F.2d 1199, 1206 (5th Cir. 1991); *Newell v. IBEW,* 789 F.2d 1186, 1189 (5th Cir. 1986).

Article VII of the APFA Constitution, but he did no such thing and his failure to do so is grounds for dismissal of his claims under FRCP12(b)(6).[9]

Third, before filing a breach of fiduciary duty claim (which we assume is intended as an LMRDA Section 501(a) claim), Ross was required by Section 501(b) to make a demand for remedial action by the APFA. *Adams-Lundy v. Ass'n of Prof. Flight Attendants*, 844 F. 2d 245, 248-49 (5th Cir. 1988); *Van Elder v. Amalgamated Transit Union Local 1338*, 2014 U.S. Dist. Lexis 63202, 2014 WL 1808079 at *10-11 (N.D. Tex. 2014) (J. Horan).  Once again, Ross did not even attempt to comply with this mandatory statutory prerequisite and his breach of fiduciary duty claim fails to state a claim for relief on its face.

### D.  Ross's Remaining Claims Are All Preempted

Finally, the remaining allegations in Ross's Complaint fail, again as a matter of law, on preemption grounds: the underlying allegations are all "inextricably intertwined" with Ross's challenge to the merits of the Arbitrator's Decision and Order and are therefore preempted. *Woodcock v. Marathon Petroleum*, 2019 U.S. Dist. LEXIS 66447, 2019 WL167618187 at *5-6 (S.D. Tex. 2019) ("Preemption occurs when a decision on the [nonlabor] claim is inextricably intertwined with consideration of the terms of the labor contract or when the application of state law to a dispute requires interpretation of the collective-bargaining agreement." *Thomas v. LTV Corp.,* 39 F. 3d 611, 615-16 (5th Cir. 1994). *See also Blanks v UAW,* 837 F. Supp. 2d 609, 616 (N.D, Tex. 2011), (J. Means), *aff'd* 464 Fed. Appx. 284 (5th Cir. 2012). [10]

---

[9] Likewise, as a matter of law, any and all claims by Ross against National President Hedrick and National Treasurer Harris are void on their face. As union officers they are not proper Defendants in any case. *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 247-49 (1962); *Complete Auto Transit, Inc. v. Reis*, 451 U.S. 401, 406-07 (1981); *Universal Communications Corp. v. Burns*, 499 F.2d 691, 693-94 (5th Cir. 1971).

[10] Ross's additional claims are "inextricably intertwined" with the arbitration proceedings in this case: his claim against APFA for alleged violation of the Fair Credit Reporting Act (Complaint,

9

Here, the governing "labor contract" under Section 301(a) of the Labor-Management Relations Act, 29 U.S.C. §185(a), is the APFA Constitution, not a collective bargaining agreement. *United Ass'n of Journeymen v. Local 334,* 452 U.S. 615, 622 (1981); *Wooddell v. Int'l Bhd. of Elec. Workers*, 502 U.S. 93, 99, 101 (1991); *Hampton v. Int'l Longshoreman's Ass'n*, 2017 U.S. Dist. LEXIS 218154 at *5-6 (S.D. Tex. 2007). But the legal principle of federal preemption and the outcome are the same.

## V.     CONCLUSION

For the reasons stated, the Union Defendants respectfully submit that all of Ross's claims for relief in the Complaint must be dismissed for lack of subject matter jurisdiction under FRCP 12(b)(1) and also for their failure to state a claim for relief as a matter of law under FRCP 12(b)(6), leaving APFA's Counterclaim for enforcement of the Arbitrator's Decision and Order and for Ross's breach of fiduciary duty as an APFA officer to be resolved by the Court. Individual defendants Julie Hedrick and Erik Harris, upon dismissal of all claims against them by Plaintiff Ross, should also be dismissed as parties to this action as they are not parties to the remaining counterclaim by APFA against Ross.

---

paras. 67-69) relates directly to, and seeks to challenge and interfere with APFA's efforts to collect moneys owed by Ross under the Arbitrator's Decision and Order and invades the Arbitrator's continuing jurisdiction over the remedial issues in this case. Arbitrator's Decision and Order at 23.  His claim of intentional infliction of emotional distress (Complaint, paras. 81-84) is expressly based on presentations made to the Arbitrator during the arbitration hearing and seeks to collaterally attack the Arbitrator's rulings.  His defamation and interference with contract allegations (Complaint, paras 85-89) likewise directly relate to, and implicitly attempt to relitigate the merits of the Arbitrator's Decision and Order. *Id*.  Finally, although Ross's allegations against Defendant Diversified Credit Systems ("Diversified") (Complaint, paras. 4, 78-80) are not addressed to the Union Defendants, they are also directed to interfere with efforts to enforce the Arbitrator's remedy and violate with the Arbitrator's continuing remedial jurisdiction, and are therefore also preempted.
.

10

Date: July 21, 2022                                Respectfully Submitted

    */s/ Sanford R. Denison*

SANFORD R. DENISON
Tex. Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Ave., Suite 550
Dallas, TX  75214
Tel.: (214) 637-0750
Fax.: (214) 637-0730
Email: denison@baabdenison.com

MARGOT A. NIKITAS*
Illinois Bar No. 6309782
General Counsel
Association of Professional
 Flight Attendants
1004 W. Euless Boulevard
Euless, TX 76040
Tel. (817) 540-0108 ext. 8108
Fax. (817) 355-1919
Email: MNikitas@apfa.org


WILLIAM W. OSBORNE JR.*
D.C. Bar No. 912089
Osborne Law Offices P.C.
5335 Wisconsin Avenue N.W., Suite 440
Washington, D.C. 20015
Tel.: (202) 243-3200
Fax: (202) 686-2977
Email: b.osborne@osbornelaw.com

*Counsel for Defendant Counterclaim Plaintiff Association of Professional Flight Attendants, and Defendants Julie Hedrick and Erik Harris*

*Admitted *Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I certify that on this _21st day of July 2022 a true and correct copy of the foregoing document was served on the below listed counsel of record for Plaintiff/Counterclaim Defendant Ross by a means permitted by Rule 5(b)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.").

    KERRI PHILLIPS
    HEATHER ABREU
    K.D. Phillips Law Firm, PLLC
    5700 Tennyson Parkway, Suite 300
    Plano, Texas 75024
    Phone: (972) 327-5800
    Fax: (940) 400-0089
    Email: kerri@KDphillipslaw.com
    Email: Heather@KDphillipslaw.com

Date: July 21, 2022                          */s/ Sanford R. Denison*
                                                         SANFORD R. DENISON