IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ROBERT (BOB) ROSS,** | § | |
| | § | |
|   Plaintiff/Counterclaim Defendant, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-000343-Y |
| | § | |
| **ASSOCIATION OF PROFESSIONAL** | § | |
| **FLIGHT ATTENDANTS** | § | |
| **MCGAUGHEY, REBER AND** | § | |
| **ASSOCIATES, INC, JULIE** | § | |
| **HEDRICK, AND ERIK HARRIS,** | § | |
| | § | |
|   Defendants/Counterclaim Plaintiff. | § | |

**JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN**

Pursuant to the Court's Order of July 7, 2022 (doc. 26) and in accordance with Rule 26(f) of the Federal Rule of Civil Procedure ("FRCP"), counsel for Plaintiff/Counterclaim Defendant Robert (Bob) Ross ("Plaintiff"), counsel for Defendant/Counterclaim Plaintiff Association of Professional Flight Attendants ("APFA") and for Defendants Julie Hedrick and Erik Harris (collectively, "Union Defendants"), and counsel for Defendant McGaughey, Reber and Associates, Inc. ("Defendant McGaughey"), conferred on July 21, 2022,[1] and now jointly file this status report and proposed discovery plan. Each of the subjects listed under Part B. of the Court's Order is addressed in separately numbered paragraphs below.

---

[1] The conference was conducted by video conference. Heather Abreu participated in the conference as counsel for Plaintiff Robert (Bob) Ross ("Plaintiff"), Sanford R. Denison, and Margot A. Nikitas, participated in the conference on behalf of Union Defendants APFA, Julie Hedrick and Erik Harris, and Michael R. Rake participated in the conference on behalf of Defendant McGaughey.

1

## JOINT STATUS REPORT TOPICS

1. **Statement of the Nature of the Case and Contentions of the Parties.**

    This case arises from internal union charges by APFA members filed against Plaintiff Robert (Bob) Ross, filed pursuant to the APFA Constitution, for alleged financial misconduct during his tenure as National President of APFA, resulting in a Decision and Order by Arbitrator Ruben Armendariz ("Decision and Order").

    **A.   Plaintiff's Statement of Contentions:**

    Plaintiff Ross alleges the following:

    1) An Arbitration Award was procured in violation of Federal Arbitration Act, section 10. Plaintiff moves the court to vacate it on the basis that the Defendants withheld pertinent evidence to the claims at issue in the arbitration, the award was procured by fraud, or undue means, there was arbitrator bias and misconduct, and the arbitrator exceeded his powers.

    2) Plaintiff asserts that Defendants failed to provide a full and fair hearing to Plaintiff during Plaintiff's Arbitration which establishes a violation of the Labor Management Reporting Disclosure Act §101(a)(5) as the union and its officers failed to afford Plaintiff the opportunity to have a full and fair hearing.

    3) Plaintiff asserts that the union officers breached their fiduciary duty to the Plaintiff in failing to disclose documents pertinent to Plaintiff's Arbitration in violation of federal Labor laws and Texas Common Law.

    4)    Plaintiff asserts Defendants breached the Union's Constitution provisions on protecting the privacy, maintaining due process and equal representation of its members.

Plaintiff/Counter-defendant Ross's Defenses to the Counterclaim are that the Arbitrator's decision cannot be enforced, as it was procured by fraud, there was arbitrator bias and arbitrator misconduct, and the arbitrator exceeded his powers. Plaintiff/Counter-defendant maintain that they did not breach their fiduciary duties. Further, they maintain that the Defendant/Counter Plaintiff has exceeded the statute of limitation on their claims.

**B.**    **Union Defendants' Statement of Contentions:**

    <u>Union Defendants' Defenses</u>: As their affirmative defenses, the Union Defendants, in addition to denying most of Plaintiff's factual assertions, assert the following:

1)    Plaintiff's suit to vacate the Decision and Order of Arbitrator Armendariz is specifically premised upon a single basis for assertion of subject matter jurisdiction – Section 101(a)(5) of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §411(a)(5) – which does not provide subject matter jurisdiction for judicial review of the Arbitrator's Decision and Order;

2)    Plaintiff's various challenges to the merits of the Arbitrator's Decision and Order, both direct and implicit, violate the federal labor law axiom that, except in rare circumstances not alleged or present here, the courts defer to arbitration decisions;

3) The arbitration process in this case, as governed by the APFA Constitution, is likewise subject to, and protected by the federal principle of judicial noninterference in internal union governance;

4) Several of Plaintiff's allegations are indirect challenges to the Arbitrator's Decision and Order and/or the Arbitrator's continuing jurisdiction over the remedial process and are therefore preempted under settled labor law principles;

5) Plaintiff's filing of this lawsuit violated the mandatory precondition in the APFA Constitution requiring exhaustion of internal union remedies before filing suit; and

6) Defendants Hedrick and Harris, as national officers of the Union, are not proper parties in this lawsuit.

<u>Union Defendants' Counterclaims</u>: As counterclaims to Plaintiff's suit, Defendant APFA has asserted the following:

1) For the Court's enforcement of the Decision and Order of Arbitrator Armendariz pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. §301(a);

2) For breach of fiduciary duty by Plaintiff Ross under Section 501(a) of the LMRDA, 29 U.S.C. §501(a), for his financial misconduct as National President of the APFA, as determined by the Arbitrator's Decision and Order; and

        3)      For breach of fiduciary duty by Plaintiff Ross under Texas common law for his financial misconduct as National President of the APFA, as determined by the Arbitrator's Decision and Order.

    C.    **Defendant McGaughey Statement of Contentions**:

        (1)      Defendant sets forth its contentions in its Original Answer and repeats those contentions as follows: Defendant admits it published to credit reporting agencies that Plaintiff was in collections. Plaintiff did dispute the debt, but Defendant has no knowledge of when Plaintiff discovered the debt. After Plaintiff disputed the debt, and Defendant properly investigated the debt and Plaintiff's dispute. The debt was verified by APFA and confirmed that the debt was valid. Plaintiff was provided with and sent all available information Defendant had at the time; and

        (2)      Plaintiff's own statement exonerates Defendant's liability and therefore, Defendant denies that it violated any terms of the Fair Credit Reporting Act.

**2.**    **Jurisdiction and Venue.**

There are no challenges to venue.

Plaintiff does not challenge the Court's jurisdiction over the claims and causes of action asserted by the parties to this case.

The Union Defendants, for the reasons set forth in their statement of defenses to Plaintiff's claims in paragraph 1.B above, and in their pending motion to dismiss (doc. 27) filed on July 21, 2022, challenges the Court's jurisdiction over Plaintiff's claims premised on the LMRDA, 29 U.S.C. §411(a)(5) – as that statute provides no subject matter jurisdiction for judicial review of the Arbitrator's Decision and Order. The Union

Defendants also challenge the Court's jurisdiction over Plaintiff's claims against Defendants Julie Hedrick and Erik Harris, because under §301(b) of the LMRA, 29 U.S.C. §301(b), individual union officers are not personally liable for acts in their capacity as union officers, in which capacity they have been sued herein.

Defendant McGaughey does not challenge the Court's jurisdiction over the claims and causes of action asserted by the parties to this case.

**3.  Matters Requiring Conference with the Court.**

There are no matters which require conference with the Court at this time.

**4.  Likelihood That Other Parties Will Be Joined.**

It is not anticipated that additional parties will be joined, nor is it likely that a motion for leave to join any additional parties will be filed.

**5.  Rule 26(a)(1)(A) Initial Disclosures.**

The parties will make the disclosures required under Rule 26(a) by August 4, 2022 in accordance with Rule 26(a)(1)(C).

**6.  (a)  Discovery Subjects.**

(1)  Plaintiff Ross.  Plaintiff Ross proposes that discovery be allowed as discovery was not conducted fairly and adequately during the arbitration period and documents were concealed or not produced by the defendant, and therefore need to be produced during discovery . Plaintiff needs the opportunity to depose witnesses, and to examine the process that took place during the arbitration, which are essential to proving Plaintiff's claims. Any limitation on discovery would hamper Plaintiff in their effort s to prove their claims and defenses and would be unduly prejudicial.  Plaintiff requests discovery through January 15, 2023, to allow time for depositions.

(2) <u>Union Defendants.</u>  The Union Defendants submit that all discovery beyond the exchange of Rule 26(a)(1) initial disclosures should be stayed pending the Court's ruling on the Union Defendants' Rule 12(b)(1) and (6) motion to dismiss filed on July 21, 2022 (doc. 27) as this Court "lack[s] subject-matter jurisdiction" over all claims asserted by Plaintiff against the Union Defendants in his Complaint, and for failure to state a claim upon which relief can be granted. The motion to dismiss will be fully brief and ripe for decision no later than August 18, 2022 when the Union Defendants file their reply[2] to any response Plaintiff may file by the August 11, 2022 due date for his response in opposition to dismissal. To allow discovery to proceed with regard to Plaintiff's claims seeking to vacate the Arbitration Decision and Award over which this Court has no jurisdiction would be a waste of the parties and judicial resources. Upon dismissal of Plaintiff's claims for lack or jurisdiction, discovery could then be allowed to proceed limited to the APFA's counterclaim to enforce the Arbitrator's Decision and Order, which discovery would be narrowly focused on facts relevant only to enforcement of the Arbitrator's decision.

The Union Defendants propose that discovery with respect to their counterclaim against Plaintiff and all other claims and defenses od the parties, if any, which remain pending after the Court's ruling on the motion to dismiss close on December 15, 2022. With respect to the subjects, plan and schedule for that discovery, it is the Union Defendants' position, pursuant to well settled precedents requiring, as a matter of law, judicial deference to and enforcement of the Arbitrator's Decision and Order, that no

---

[2] The Union Defendants intend to file a motion to stay discovery pending the Court's ruling on the motion to dismiss at the same time as they file their reply to Plaintiff's response to the motion to dismiss.

7

discovery regarding the merits of the Article VII charges against Plaintiff Ross is necessary or appropriate. Therefore, the Union Defendants will oppose any attempt to reopen the merits of the Article VII charges against Ross, including through discovery.

The Union Defendants' position is that, to the extent discovery in this case is needed, that discovery should be limited and focused on those subjects relevant to the Union Defendants' counterclaim for enforcement of the Arbitrator's Decision and Order. As part of the remedy ordered by the Arbitrator, he directed APFA to obtain an audit of Ross's records during his term of office as APFA National President, and ordered Ross to repay to APFA the amount of any charges deemed inappropriate by the auditor. (Decision and Order at 23.) Accordingly, as relevant to enforcement of the Arbitrator's Decision and Order, limited discovery may therefore be required as necessary to complete the audit ordered by the Arbitrator in order to determine the amount of any improper charges by Ross. As stated above, the Union Defendants believe that this limited discovery can be completed on an expedited basis, but to allow sufficient time to complete the audit and any follow-up discovery the audit may reveal necessary, the Union Defendants request discovery extend through December 15, 2022.

(3) <u>Defendant McGaughey</u>. Defendant McGaughey proposes that discovery close on December 15, 2022.

**(b)** **<u>Discovery Completion Date</u>:**

(1) <u>Plaintiff Ross</u>. For the reasons stated in paragraph 6.(a)(1) above, Plaintiff requests discovery close on January 15, 2023.

(2) <u>Union Defendants</u>. For the reasons stated in paragraph 6.(a)(2) above, the Union Defendants request discovery close on December 15, 2022.

(3)   Defendant McGaughey.  Defendant McGaughey proposes discovery close on December 15, 2022.

**(c)   Phased, Limited, or Focused Discovery:**

The parties agree that discovery does not need to be conducted in phases, but the parties differ on whether discovery should be stayed pending ruling on the Union Defendants' motion to dismiss and whether discovery should be limited or focused:

(1)   Plaintiff Ross.  Plaintiff Ross submits that for the reasons stated in paragraph 6.(a)(1) above, discovery should not be limited or focused.

(2)   Union Defendants.  The Union Defendants submit, for the reasons explained in paragraph 6.(a)(2) above, that discovery should stayed pending the Court's ruling on the motion to dismiss and should thereafter be limited only to those subjects relevant to the Union Defendants' counterclaim for enforcement of the Arbitrator's Decision and Order. As such, it is the position of the Union Defendants that any attempt to open discovery regarding the merits of the Article VII charges against Plaintiff Ross and the Arbitrator's Decision and Order is neither necessary nor appropriate and the Union Defendants will oppose any such attempted discovery.

(3)   Defendant McGaughey.  Defendant McGaughey submits that discovery as to McGaughey be limited to those matters relevant to issues regarding the Fair Debt and Collection practices of Defendant McGaughey.

**7.   Other Changes or Limitations on Discovery Imposed by the Federal or Local Rules.**

   **A.   Plaintiff's Position**:  For the reasons stated in paragraph 6.(a)(1) above, Plaintiff Ross does not believe that any changes or limitations on discovery need to be made as imposed by federal or local rule.

   **B.** **Union Defendants' Position:** For the reasons set forth in paragraphs 6.(a)(2) and (c)(2) above, the Union Defendants submit that discovery should be stayed pending the Court's ruling on the motion to dismiss and should thereafter be limited only to subjects relevant to the Union Defendants' counterclaim for enforcement of the Arbitrator's Decision and Order and that discovery regarding the merits of the Article VII charges against Plaintiff Ross or the Arbitrator's Decision and Order is subject to objection and should not be permitted as being neither relevant or as reasonably calculated to lead to the discovery of admissible evidence.

   **C.** **Defendant McGaughey's Position:** Defendant McGaughey submits that discovery be limited to those matters relevant to issues regarding fair debt collection practices of Defendant.

**8.** **Other Orders under Rules 26(c),16(b), or 16(c).**

  The parties are not aware of the necessity of any other orders under Rule 16 (a) or (c) or 26 (c).

**9.** **Jury Demand.**

  This is a non-jury case.

**10.** **Referral to Magistrate Judge.**

  The parties do not consent to try this case before a U.S. Magistrate.

**11.** **(a)** **Settlement assessment.**

  The parties agree that the prospects for settlement are unlikely; however, all parties are open to discussion of all options to resolve this case.

  **(b)** **Settlement negotiation status.**

(1) <u>Plaintiff Ross</u>.  Plaintiff Ross submits that they are open to mediation after adequate time for discovery has passed.  They are open to settlement discussions at any time.

(2) <u>Union Defendants</u>.  The Union Defendants submit that no meaningful progress has been made toward settlement. The Union Defendants were not parties to the arbitration proceeding at issue and have no power or authority to agree to alter or amend the terms of the Arbitrator's Decision and Order. Therefore, the terms of any possible settlement of this case to which the Union Defendants could agree are constrained by and must be consistent with the terms of the Arbitrator's Decision and Order. Ross has failed and refused to comply with the Arbitrator's Decision and Order that he 1) repay to APFA a $5,436.47 overpayment; 2) repay to APFA $8,106.13 for leasing an apartment at the Bear Creek Complex where he had no intention of occupying; 3) repay to APFA all of the Arbitrator's fee; and 4) repay to APFA $3,637.00 for all of the furniture he had purchased and delivered to his residence located in South Lake, Texas. (Arbitrator's Decision and Order at 23-24.) As long as Ross continues to fail and refuse to comply with the Arbitrator's Decision and Order, a settlement of this case to which the Union Defendants could agree is unlikely, if not impossible. That said, the Union Defendants have been and remain open to discussing with Plaintiff Ross an agreed resolution of this case which is consistent with the Arbitrator's Decision and Order, fulfills all of APFA's obligations as ordered by the Arbitrator in his Decision and Order, and which achieves Plaintiff's full compliance with the terms of the Arbitrator's Decision and Order.  While the Union Defendants stand ready to enter into such further discussions with Ross immediately, if a specific date is required for such further settlement discussions, the Union Defendants propose they take place

beginning on the first date all parties are available after the Court issues a scheduling order in this case or within the time period specified in paragraph 11.(c) below.

(3) <u>Defendant McGaughey</u>. Defendant McGaughey submits that it is open to mediation after adequate time for discovery has passed. It is open to settlement discussions at any time.

**(c)** **<u>Settlement conference date.</u>**

The parties and their counsel have been unable to date to agree on a specific date to meet face-to-face to discuss settlement, but will continue to confer for the purpose of agreeing on a date for the conference.

Plaintiff Ross made the proposal today to schedule the settlement conference for either October 7 or 14.

The Union Defendants had proposed at the Status Conference two dates in late July which were not agreed to by Plaintiff. The Union Defendants subsequently proposed either September 21 or 22 for the settlement conference at APFA's offices, but Plaintiff has not agreed to either of those dates. Plaintiff's proposal to meet on October 7 or 14, having only been communicated today to counsel for the Union Defendants, cannot be confirmed by the Union Defendants as to their availability on those dates before the filing of this report.

Defendant McGaughey and their counsel have indicated they will make themselves available for the settlement conference on whatever date, place and time that the Union Defendants and Plaintiff agree.

**12.** **Mediation.**

    (1)    <u>Plaintiff Ross:</u> Plaintiff Ross submits that mediation is appropriate in this matter after the close of discovery.

    (2)    <u>Union Defendants</u>. The Union Defendants submit that this case is not amenable to mediation because the matters in dispute have already been subject to arbitration and the sole issue in this case is whether the Arbitrator's Decision and Order should be enforced, such that mediation would not be effective to achieve resolution of this case.

    (3)    <u>Defendant McGaughey</u>. Defendant McGaughey submits that mediation is appropriate in this matter after the close of discovery.

**13.** *Dondi* **decision:**

Counsel for all parties affirm that they have read this Court's *Dondi* decision.

**14.** **Any other matters relevant to the status and disposition of this case.**

None.

Date: August 3, 2022                        Respectfully Submitted

                                                    */s/ Heather Abreu*
                                                    KERRI PHILLIPS
                                                    Texas Bar No. 24065906
                                                    HEATHER ABREU*
                                                    Texas Bar No. 24122577
                                                    K.D. Phillips Law Firm, PLLC
                                                    5700 Tennyson Parkway, Suite 300
                                                    Plano, Texas 75024
                                                    Phone: (972) 327-5800
                                                    Fax: (940) 400-0089
                                                    Email: kerri@KDphillipslaw.com
                                                    Email: Heather@KDphillipslaw.com

                                                    *Counsel for Plaintiff Robert (Bob) Ross*

     /s/ Sanford R. Denison
SANFORD R. DENISON
Tex. Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Ave., Suite 550
Dallas, TX 75214
Tel.: (214) 637-0750
Fax.: (214) 637-0730
Email: denison@baabdenison.com

MARGOT A. NIKITAS*
Illinois Bar No. 6309782
General Counsel
Association of Professional
 Flight Attendants
1004 W. Euless Boulevard
Euless, TX 76040
Tel. (817) 540-0108 ext. 8108
Fax. (817) 355-1919
Email: MNikitas@apfa.org

WILLIAM W. OSBORNE*
D.C. Bar No. 912089
Osborne Law Offices P.C.
5335 Wisconsin Avenue N.W., Suite 440
Washington, D.C. 20015
Tel.: (202) 243-3200
Fax: (202) 686-2977
Email: b.osborne@osbornelaw.com

*Counsel for Defendant Counterclaim Plaintiff Association of Professional Flight Attendants, and Defendants Julie Hedrick and Erik Harris*

*Admitted *Pro Hac Vice*

     /s/ Michael R Rake
MICHAEL R RAKE
Tex. Bar No. 16487600
Michael R. Rake, Attorney at Law
PO Box 1556
Lake Dallas, TX 75065
Tel.: (940) 498-2103

        Fax: (940) 498-2103
        Email: mrake1@mrakeattorney.com

*Counsel for Defendant McGaughey, Reber and Associates, Inc.*

## CERTIFICATE OF SERVICE

I certify that on August 3, 2022, a true and correct copy of the foregoing document was served on counsel of record for all parties via the Court's ECF system.

DATED: August 3, 2022                 */s/ Sanford R. Denison*
                                               Sanford R. Denison