IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT (BOB) ROSS, | § | |
| | § | |
|   Plaintiff/Counterclaim Defendant, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-00343-Y |
| | § | |
| ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, JULIE HEDRICK, AND ERIK HARRIS, | §§§§ | |
| | § | |
|   Defendants/Counterclaim Plaintiffs. | § | |

**UNION DEFENDANTS' REPLY TO PLAINTIFF ROSS'S RESPONSE (DOC 33) TO THE UNION DEFENDANTS' MOTION TO DISMISS (DOC.27)**

### I.    INTRODUCTION

The Union Defendants have respectfully and repeatedly submitted to the Court what they believe to be the well settled legal principles requiring dismissal of all of the claims by Plaintiff Ross in this case and in the companion case of *Vargas v. APFA et. al.*, Civil Action No. 4:22-cv-00430-Y, under both Federal Rules 12(b)(1) and 12(b)(6). Rather than restate all of the settled and dispositive legal precedents in this Reply to the Response to Defendants' Motion to Dismiss by Plaintiff Ross (doc. 33) ("Ross Resp."), which we have already detailed in our Motion to Dismiss (doc. 27), we submit the following to address and dispose of only the most recent erroneous legal arguments by Ross.

### II.    SUBJECT MATTER JURISDICTION

As previously noted, Plaintiff Ross's *only* assertion of subject matter jurisdiction, Section 101(a)(5) of the LMRDA, 29 U.S.C. Section 411(a)(5) (Ross Complaint, pg. 1 para. 1; pgs. 3-4

1

para. 9; pg. 18 para. 5), is unavailing and, on this ground, his lawsuit should be denied.  To be actionable under Section 101(a)(5) the alleged violation must "be (d)iscipline … done in the name of or on behalf of the union as an organizational entity." *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 97 (1987).  Here, it is undisputed that the arbitration decision at issue was not undertaken by or on behalf of the Defendant Union or its officers, but was filed and processed by Union members; the Defendant Union and its officers did *not* initiate and were *not* parties to the arbitration process, and *did not* take any position with respect to either the merits of the underlying charges or the remedy. (Def. Mem. pgs. 1-3, 5; Ross Complaint, pgs. 6-7 para. 18; pg. 11 para. 29; pgs. 12-13 paras. 30, 31, 32 (Union members initiated the charges); pgs. 13-16 paras. 33-38 (Union Defendants were not parties to the arbitration proceeding).

As previously noted in the companion *Vargas* case, the courts have consistently ruled, even where, as is undisputedly *not* the case here, it was *the union* that filed and processed a grievance in its own stead**,** "(a) local union's action or inaction in the processing of a grievance is not 'discipline' or punishment within the meaning of the LMRDA." *Hebert v. Gen. Truck Drivers, Chauffeurs, Warehousemen & Helpers, Local 270*, 2004 U.S. Dist. LEXIS 13406 at *12-17 (E.D. La. 2004); *Camporeale v. Airborne Freight Corp.,* 732 F. Supp. 358, 366 (E.D.N.Y.), *aff'd without op*., 923 F.2d 842 (2nd Cir. 1990).

There are *only two* citations to Section 101(a)(5) to be found anywhere in Ross's Opposition, and they do not appear until pages 13 and 14 of his Response, suggesting at least that Ross understands the weakness of that particular provision as his entire source of purported subject matter jurisdictional authority.  Rather than cite specifically to Section 101(a)(5) as the only jurisdictional basis for his attempt to vacate the arbitration decision at issue, Plaintiff

misleadingly attempts to substitute *LMRDA Section 102* as the jurisdictional basis for his Complaint. Ross Resp. 12.  Section 102 *generally* provides jurisdiction for *all* "of the provisions of this title" – LMRDA Sections 101(a) through 101(a)(5) -- and, as noted, Plaintiff's *only* claim is for alleged violation of Section 101(a)(5). (Ross Complaint, pg. 1 para. 1; pgs. 3-4 para. 9; pg. 18 para. 58).

"Title I of the LMRDA is not a catch-all into which might be swept all manner of miscellaneous charges without any specificity." *Abrams v. Carrier Corp.*,  434 F. 2d 1234, 1250 (2nd Cir. 1970), *cert den*. 401 US 1007 (1971) (citing *Scovile v. Watson*, 338 F.2d 678, 681 (7th Cir. 1964), *cert. den*, 380 U.S. 963 (1965); *Green v. Local 705, Hotel and Restaurant Employees' and Bartenders' International Union, AFL-CIO*, 220 F. Supp. 505, 507 (E.D. Mich. 1963)).

### III.     FAILURE TO STATE A CLAIM

Given the adverse legal precedents facing his erroneous assertions of LMRDA Section 101(a)(5), as both his only basis for jurisdiction *and* his asserted standard of review, Plaintiff Ross has now reversed course and made a half-hearted *post hoc* attempt to introduce a new standard: that the arbitration decision at issue should be vacated pursuant to Section 301(a) of the LMRA, 29 U.S.C. Section 185(a).  Ross Resp. 19.   Ross's Complaint contains *no* such assertion of Section 301(a) subject matter jurisdiction, of course.  Indeed, no citation to Section 301 of the LMRA can be found within the four corners of the Ross Complaint.  Plaintiff's belated attempt in his Response to establish compliance with LMRA Section 301(a) – without even citing to that statute in his Complaint -- is, once again, in error as a matter of law.

First, Plaintiff confusingly describes Section 301(a) as applicable only to collective bargaining agreements involving employers like American Airlines.  (Ross Resp. pgs. 17-18). Section 301(a), by its terms, also governs "contracts … between labor organizations," here the

APFA Constitution between the Union and its constituent local bodies (so-called "Bases").  (Def. Mem. Pg. 10).  Section 301(a) caselaw applies the "highly deferential" standard of judicial review to arbitration decisions without exception.  (Def. Mem. Pgs. 6-7. 8 fn. 8).

Then, in his *post hoc* attempt to argue compliance with the Section 301(a) standard of judicial review of arbitration decisions, Plaintiff Ross cites a Section 301(a) decision by the Supreme Court, *United Paper Workers v. Misco, Inc*., 484 U.S. 29 (1987), at 38-39, as standing for an exception to the deferential Section 301(a) standard of judicial review: where the arbitration decision was obtained through "the arbitrator's dishonesty." Ross Resp.  19.  Ross then offers an unspecified citation to "Exh. H. Pl. Original Complaint" as the *entire* basis for his allegation of arbitrator "dishonesty." (Ross Resp. pg. 19).

Paragraphs 41 and 42, the only references in Ross's Complaint (pgs. 16-18) which contain any reference to alleged arbitrator "dishonesty," actually refute his *post hoc* allegation. The purported "dishonesty" referenced in the paragraphs 41 and 42 of the Ross Complaint refers to *evidentiary* rulings by the Arbitrator during the hearing, rulings that Ross apparently disagreed with. (Ross Complaint, pgs. 13-16  paras. 33-38).

Evidentiary rulings by an arbitrator, as well as all other *procedural* issues arising in arbitration, are within the exclusive jurisdiction of the arbitrator and *not* the courts. *John Wiley & Sons, Inc. v. Livingston*, 378 U.S. 543, 557 (1964); *Columbian Carbon Co. v. Operating Engineers*, 360 F. 2d 1018, 1020-21 (5th Cir. 1966).  Ross's ninth inning attempt to re-invent a basis for judicial review of the arbitration decision at issue by complaining about the Arbitrator's evidentiary rulings obviously fails to state a claim for relief as a matter of law.

## IV. CONCLUSION

Plaintiff Ross has failed to assert a valid basis for subject matter jurisdiction to support his suit attempt to vacate the arbitration decision at issue, or the closely related state court claims, and his asserted legal basis for attempting to litigate those issues fails to state a claim upon which relief should be granted. He has implicitly conceded the absence of jurisdiction for his claims against the APFA officers and the absence of jurisdiction for his state law claims, and conceded as well his failure to even attempt to exhaust the mandatory internal procedures in the APFA Constitution.

Ross's claims against the Union Defendants should therefore be dismissed in their entirety under Federal Rules 12(b)(1) and 12(b)(6), leaving the Defendants' counterclaims, including to enforce the arbitration decision at issue, to be determined by the Court.

Date: August 18, 2022                    Respectfully Submitted,

                                                   /s/ Sanford R. Denison
                                                  SANFORD R. DENISON
                                                  Tex. Bar No. 05655560
                                                  Baab & Denison, LLP
                                                  6301 Gaston Ave., Suite 550
                                                  Dallas, TX  75214
                                                  Tel.: (214) 637-0750; Fax.: (214) 637-0730
                                                  Email: denison@baabdenison.com

                                                  WILLIAM W. OSBORNE JR.*
                                                  D.C. Bar No. 912089
                                                  Osborne Law Offices P.C.
                                                  5335 Wisconsin Avenue N.W., Suite 440
                                                  Washington, D.C. 20015
                                                  Tel.: (202) 243-3200; Fax: (202) 686-2977
                                                  Email: b.osborne@osbornelaw.com

*Admitted *Pro Hac Vice*                 *Counsel for Defendant Counterclaim Plaintiff*
                                                  *Association of Professional Flight Attendants, and*
                                                  *Defendants Julie Hedrick and Erik Harris*

5

**CERTIFICATE OF SERVICE**

      I certify that on this 18th day of August 2022 a true and correct copy of the foregoing document was served on the below listed counsel of record for Plaintiff/Counterclaim Defendant Vargas by a means permitted by Rule 5(b)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.").

KERRI PHILLIPS
HEATHER ABREU
K.D. Phillips Law Firm, PLLC
5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
Email: Heather@KDphillipslaw.com

                                          */s/ Sanford R. Denison*
                                          SANFORD R. DENISON