IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| ROBERT "BOB" ROSS<br>Plaintiff,<br><br>V.<br><br>ASSOCIATION OF PROFESSIONAL<br>FLIGHT ATTENDANTS,<br>MCGAUGHEY, REBER, AND<br>ASSOCIATES, INC., JULIE<br>HEDRICK, ERIK HARRIS<br>Defendants. | §§§§§§§§§§§§§§§§ | Case No. 4:22-CV-00343 |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO FILE LATE RESPONSE/AMENDED RESPONSE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff, ROBERT ("BOB") ROSS, and files this, Brief in Support of Plaintiff's Motion for Leave to File a Late Response/Amended Response for, and as grounds for support herein Plaintiff will show this Honorable Court the following:

**FACT**

Defendant filed their Motion to Dismiss on July 14, 2022, and Plaintiff filed their Response to Defendant's Motion to Dismiss on August 4, 2022, attached hereto and marked as <u>Exhibit A.</u> Plaintiff filed a subsequent Amended Response to Defendant's Motion to Dismiss on August 10,

2022, attached hereto and marked as <u>Exhibit B.</u> It came to Plaintiff's counsel's notice that some of the exhibits were not compliant with the court's rules.

Plaintiff hereby files this Motion for Leave to File a Late Response/Amended Response and attached a Second Amended Response with an appendix of exhibits, hereto and marked as <u>Exhibit C,</u> to comply with the court rules. However, it is filed after the 21- day deadline to file a response.

## LAW

In accordance with FRCP 6(b) the court has discretion to allow for more time:

> (b) EXTENDING TIME.
>
> (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
>   (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
>   (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

## ARGUMENTS and AUTHORITIES

Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable' neglect," it is clear that "excusable neglect" under [Federal Rule of Civil Procedure] 6(b) is a "somewhat 'elastic concept,' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 392 (1993). Excusable-neglect determinations rely on a balancing of these factors: (1) danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable

control of the moving party, and (5) whether the late-filing party acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Investment Services Co.*, 507 U.S. at 395).

The Plaintiff has attempted to correct their error within the next business day of becoming aware of the error. The Plaintiff has acted in good faith, and the Defendant will not be prejudiced as there has been no substantial substantive change in their response since the date of the initial timely filing. Defendant was able to provide a reply to Plaintiff's response, and therefore there was no prejudice in the delayed amended filing. Plaintiff substantially complied with the Court's rules, but did make a couple of errors. Plaintiff is still familiarizing itself with the local court rules and requests that the court consider this error "excusable neglect" and allow Plaintiff the opportunity to submit the amended response after the deadline.

## **CONCLUSION**

Wherefore, as the parties have acted with due diligence in attempting to comply with the court rules, the Plaintiff respectfully requests that this honorable court act within its discretion and allow Plaintiff the opportunity to file a late response/amendment to their response to Defendant's Motion to Dismiss.

        Respectfully submitted,
        K.D. PHILLIPS LAW FIRM, PLLC

By: /s/ Heather Abreu
    Heather Abreu
    Texas Bar No. 24122577
    Phone: (972) 327-5800
    Email: heather@KDphillipslaw.com

By: /s/ Kerri Phillips
    Kerri Phillips
    Texas Bar No. 24065906
    Phone: (972) 327-5800
    Email: kerri@KDphillipslaw.com

    5700 Tennyson Parkway, Suite 300
    Plano, Texas 75024
    Fax: (940) 400-0089
    For Service of Filings:
    notice@KDphillipslaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

    I certify that true and correct copy of this document was sent to all counsel of record, hereunder listed via ECF Filing **on this the 22ⁿᵈ day of August 2022.**

William Osborne
Margot Nikitas
Sanford Denison
Michael Rake

        /s/Heather Abreu
        Heather Abreu