IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT (BOB) ROSS, | § | |
| | § | |
| Plaintiff/Counterclaim Defendant, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-00343-Y |
| | § | |
| ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, MCGAUGHEY, REBER AND ASSOCIATES, INC., JULIE HEDRICK, AND ERIK HARRIS, | § § § § § § | |
| | § | |
| Defendants/Counterclaim Plaintiffs | § | |

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEENDANT COUNTERCLAIMANT AFPA TO ENFORCE THE ARBITRATOR'S DECISION IN THIS CASE**

Defendant Counterclaim/Plaintiff Association of Professional Flight Attendants ("APFA"), by its undersigned counsel, respectfully submits this Brief in support of its Motion for Summary Judgment against Plaintiff/ Counterclaim Defendant Robert Ross ("Ross") for judicial confirmation and enforcement of the decisions of the Arbitrator against Ross at issue in this case.

**IDENTIFICATION OF LIVE PLEADINGS**

The live pleadings for each party who has appeared in this action are as follows:

| | | |
|---|---|---|
| April 20, 2022 | Doc. 1 | "Plaintiff's Original Complaint and Motion to Vacate Arbitration Award" |
| May 16, 2022 | Doc. 8 | "Defendants Association Of Professional Flight Attendants, Julie Hedrick and Erik Harris's Answer to Plaintiff's Original Complaint and Motion to Vacate Arbitration Award and Association of Professional Flight Attendants' Counterclaim for Enforcement of the Arbitrator's Decision and Order" |
| June 6, 2022 | Doc. 19 | "Counter-Defendant Robert Ross's Answer to Plaintiff's Counter Complaint" |

1

June 28, 2022    Doc. 23    "Defendant, Mcgaughey, Reber and Associates, Inc. Answer to Plaintiff's Original Complaint"

## SUMMARY

Per LR 56.3(a) and (b), and this Court's requirements for motions for summary judgement, the "elements of each . . . claim as to which summary judgement is sought" as asserted in APFA's Counterclaim (doc. 8, PageID 107-117) are as follows:

> As the APFA Constitution ("Constitution") is a labor contract enforceable under Section 301 of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C.§185, the Decisions of the Arbitrator, at issue herein, decided pursuant to the terms of the Constitution are enforceable, and entitled to judicial deference, so long as those Decisions draw their essence from the terms of the Constitution.

## STATEMENT OF THE CASE

Internal union charges were filed against Ross by union members alleging financial misconduct during his term as APFA President. The charges were then referred to an impartial Arbitrator by APFA pursuant to the requirements of the APFA Constitution, heard over several days by the Arbitrator and ultimately resolved by that Arbitrator's final and binding decision. Thereafter, the Arbitrator issued a supplemental decision on the issue of remedy. Although Ross filed this lawsuit challenging the Arbitrator's decision, there is no claim by Ross that the Arbitrator's decision or supplemental decision were beyond the Arbitrator's jurisdictional authority under the APFA Constitution or that his decisions violated the terms of the Constitution or Policy Manual in any way. Accordingly, under well-settled precedent, the Arbitrator's decisions are entitled to the Court's deference, confirmation and enforcement as a matter of law.[1]

---

[1] Defendant APFA reserves the issues of attorneys fees and sanctions pending the Court's resolution of this Motion and its pending Motion to Dismiss (doc. 27). Further, if the Court determines to Dismiss the Ross Complaint and to grant APFA's Counterclaim (doc. 8 at PageID 107-117) enforcing the Arbitrator's decisions in this case, the additional allegations in the Defendants' Counterclaim for Ross's alleged breach of fiduciary duty will have effectively been

## THE UNDISPUTED MATERIAL FACTS

The following undisputed and material facts are well-documented in the record:

APFA is an independent labor union representing flight attendants employed by American Airlines and structurally organized into local affiliate labor organizations known as Base Councils.  (App. 002-03, APFA Constitution, Exh. A at 24-25).

After internal union charges were filed against Ross by APFA members alleging serious acts of financial misconduct by Ross during his term as APFA President, those charges were then referred to an impartial Arbitrator as required by the APFA Constitution and Policy Manual (App. 005-19; Ex. A, Constitution at 41-46, App. 005-10 and Policy Manual at 17.1-17.7, App. 013-19).  The APFA was not a party to the arbitration process. *Id.*

The Arbitrator conducted a hearing on the charges on June 6 and November 17 and 18, 2021, during which the members called five (5) witnesses and Ross then called three (3) witnesses in his defense.  (App. 021-22, 026-32, Arbitration Decision, Exh. B at 2-3, 7-13). Thereafter, post-hearing briefs were filed by the parties. In his post-hearing brief to the Arbitrator, Ross explicitly recognized and conceded the Arbitrator's jurisdiction under the APFA Constitution to resolve the charges against him.  Ross Post-hearing Brief, (App. 048, Exh. D (unpaginated)).  The allegations against Ross are set forth in the Arbitrator's decision. (App. 021-22, Exh. B at 2-3). The Arbitrator issued his decision, on March 19, 2022.  After reviewing the parties' respective positions, the Arbitrator's decision addressed those allegations in detail. (App. 026-32, 032-41, Exh. B at 7-13, 13-22).

---

resolved as well. (doc. 8 at  PageID 116-117). The same is true for the companion case of *Vargas v. APFA et al.*. CA No. 4-22-0430-Y.

The Arbitrator concluded that Ross "*intentionally and willfully*" violated the governing requirements of the APFA Policy Manual and "violated and abused his fiduciary duty" as APFA President, and ruled that he should be "prohibited from serving in any official capacity for life withing the APFA…" (App. 041-42, Exh. B at 22-23).

The Arbitrator issued a remedy providing that Ross repay APFA for moneys wrongfully expended during his term of office as President, that he immediately resign from his current Base President position, that he never serve in any official capacity for APFA in the future, and that he repay APFA for the entire amount of the Arbitrator's Fee. (App. 042-43, Exh. B at 23-24).

The Arbitrator further directed APFA to retain an independent auditor to review the union records for purposes of computing any additional moneys owed by Ross. (App. 042, Exh. B at 23).

The Arbitrator then issued a supplemental decision on August 24, 2022, based on that auditor's report, imposing additional monetary remedies against Ross. (App. 045-46, Exh C). (doc. 39 at 2-3).[2] Section 301(a) of the LMRA, 29 U.S.C.§185. Again, the Arbitrator retained jurisdiction for a period of time.

Although Ross resigned from his then current position as Base President in partial compliance with the Arbitrator's decision (App. 049, Exh. E), he has otherwise refused to comply with the Arbitrator's decisions and filed this lawsuit to obtain a court order vacating the Arbitrator's decisions. Complaint. (doc. 1). APFA filed its Answer and this Counterclaim for enforcement of the Arbitrator's decision and breach of fiduciary duty (doc. 8).

---

[2] No opposition was filed by Ross to APFA's motion (doc. 39) requesting the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the Arbitrator's August 24, 2022 supplemental decision on the issue of appropriate remedy. (App 044-46, Ex. C).

At no time – during the arbitration process, in Ross's Complaint to the Court, or in his Answer to the APFA counterclaim – has Ross ever acknowledged the judicial deference to which arbitration decisions are entitled nor has he alleged, let alone specifically shown that the Arbitrator's decisions fail to draw their essence from the APFA Constitution or in any way violated the specific terms of the APFA Constitution or Policy Manual governing the process of resolving internal union charges, or that the decisions in this case were beyond the Arbitrator's jurisdiction. (App. 027-32, Arbitration Decision, Exh. B at 8-13); Complaint at paras. 39-42. (doc. 1); Answer to Counterclaim. (doc. 19). Ross's objections to the Arbitrator's decisions are entirely limited to the merits of the charges and to the procedural conduct of the hearing.

## ARGUMENT

**1. Summary Judgment Principles**

The Court may grant summary judgment where the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is not "a disfavored procedural shortcut," but rather an "integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248(1986).

A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant must inform the court of the basis of its motion and demonstrate from the record that no genuine dispute as to any material fact exists. *See Celotex*, 477 U.S. at 323. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that

evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

### 2. Jurisdiction to Enforce Arbitration Decisions Under LMRA Section 301(a):

The substantive law that identifies which facts are material, *Anderson v. Liberty Lobby*, Inc., 477 U.S. at 248, is Section 301(a) of the LMRA, 29 U.S.C.§185(a). The Constitution of the APFA is a "contract … between labor organizations" enforceable under Section 301(a) of the LMRA. *United Ass'n of Journeymen v. Local 334,* 452 U.S. 615, 622 (1981); *Wooddell v. Int'l Bhd. of Elec. Workers*, 502 U.S. 93, 99, 101 (1991); *Hampton v. Int'l Longshoreman's Ass'n*, 2017 U.S. Dist. LEXIS 218154 at *5-6 (S.D. Tex. 2007). As this Court recently summarized the applicable legal standard for judicial deference to arbitration decisions under LMRA Section 301(a):

> In actions brought under 29 U.S.C. § 185 questioning an arbitrator's decision on a contract dispute, the Court may only look at whether the arbitrator's decision "draws its essence from the [collective bargaining agreement]." This standard is interpreted "expansively." Even if the arbitrator "seriously erred in his fact finding or contract interpretation," the Court must uphold a decision that draws from the essence of the collective bargaining agreement. "It is only when the arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." *An arbitrator dispenses "industrial justice" by acting contrary to the express provisions of the collective bargaining agreement or otherwise ignoring its plain language.*

*Bldg. Materials Mfg. Co. v. Steelworkers,* 2020 U.S. Dist. LEXIS 37075, 2020 WL 1047895 at *7-8 (N.D. Tex. 2020) (emphasis added, footnotes omitted) (J. Starr) (enforcing arbitrator's decisions and granting attorneys fees); *Allied Waste Systems Inc. v. Teamsters Local 767*, 2007 U.S. Dist. LEXIS 43035, 2007 WL 1703634 at *11-13, 19-21 (N.D. Tex. 2007) (J. Means) (awarding attorney fees for baseless challenge to an arbitrator's decision). *See also Ball Metal*

*Container Corp. v. UAW Local 129*, 2022 U.S. App. LEXIS 33214, 2022 WL 340573 at *7-8 (5th Cir. 2022) (unpublished).

The undisputed and well-documented record in this case plainly establishes that the Arbitrator *did not* act "contrary to the express provisions" of the governing APFA Constitution or "ignor[e] its plain language." (App. 020-43, Exh B; App. 044-46, Exh C). As Ross stated in his post-hearing brief to the Arbitrator, "… this Arbitrator, designated in these … proceedings, has the jurisdiction and authority to rule on the validity of these charges …" (App. 048, Exh. D. Judicial deference to the Arbitrator's decisions is therefore required.

3. **Ross Has No Legally Viable Basis to Challenge the Arbitrator's Decisions in This Case Which Are Entitled to Judicial Deference and Enforcement As a Matter of Law:**

As noted above, Ross has never even attempted to establish that the Arbitrator somehow violated or acted contrary to the express provisions of the governing AFPA Constitution, not before the Arbitrator, in his Complaint or in his opposition to Defendants' Motion to Dismiss. Indeed, he conceded the Arbitrator's jurisdiction in his post-hearing brief. (App. 048, Exh. D). Accordingly, he has asserted no basis for avoiding the Court's deference to the Arbitrator's decisions. *Bldg. Materials Mfg. Co. v. Steelworkers,* 2020 U.S. Dist. LEXIS 37075, 2020 WL 1047895 at *7-8 .

The arguments Ross has made to the Court are unavailing as a matter of law. His objections to the Arbitrator's decisions in his Complaint and in his opposition to Defendants' Motion to Dismiss address the merits of the charges or the Arbitrator's conduct of the proceeding (docs. 1, 8). These procedural claims are within the exclusive jurisdiction of the Arbitrator and *not* the Court. *John Wiley & Sons, Inc. v. Livingston*, 378 U.S. 543, 557 (1964); *Columbian Carbon Co. v. Operating Engineers*, 360 F. 2d 1018, 1020-21 (5th Cir. 1966). And Ross failed to

7

even attempt to bring any of those claims to the Arbitrator for his consideration during the arbitration process even though, as noted above, the Arbitrator has explicitly retained jurisdiction in both decisions. But Ross has never raised his objections to the Arbitrator.

## CONCLUSION

For the reasons set forth above, AFPA urges the Court to grant partial summary judgment in its favor on its Counterclaim to confirm and enforce the Arbitrator's decisions against Ross.

Date: September 20, 2022                     Respectfully Submitted,


   */s/ Sanford R. Denison*
SANFORD R. DENISON
Tex. Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Ave., Suite 550
Dallas, TX  75214
Tel.: (214) 637-0750
Fax.: (214) 637-0730
Email: denison@baabdenison.com

WILLIAM W. OSBORNE JR.*
D.C. Bar No. 912089
Osborne Law Offices P.C.
5335 Wisconsin Avenue N.W., Suite 440
Washington, D.C. 20015
Tel.: (202) 243-3200
Fax: (202) 686-2977
Email: b.osborne@osbornelaw.com

*Counsel for Defendant Counterclaim Plaintiff Association of Professional Flight Attendants, and Defendants Julie Hedrick and Erik Harris*

*Admitted Pro Hac Vice

**CERTIFICATE OF SERVICE**

       I certify that on this 20th day of September 2022 a true and correct copy of the foregoing document was served on the below listed counsel of record for Plaintiff/Counterclaim Defendant Ross by a means permitted by Rule 5(b)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.").

KERRI PHILLIPS
HEATHER ABREU
K.D. Phillips Law Firm, PLLC
5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
Email: Heather@KDphillipslaw.com

MICHAEL R RAKE
Michael R. Rake, Attorney at Law
PO Box 1556
Lake Dallas, TX 75065
Tel.: (940) 498-2103
Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com

                                         */s/ Sanford R. Denison*
                                         SANFORD R. DENISON