IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT (BOB) ROSS, | § | |
| | § | |
|   Plaintiff/Counterclaim Defendant, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-00343-Y |
| | § | |
| ASSOCIATION OF PROFESSIONAL | § | |
| FLIGHT ATTENDANTS, JULIE | § | |
| HEDRICK, AND ERIK HARRIS, | § | |
| | § | |
|   Defendants/Counterclaim Plaintiffs. | § | |

**UNION DEFENDANTS' REPLY[1] TO PLAINTIFF ROSS'S AMENDED RESPONSE (DOC. 41) TO THE UNION DEFENDANTS' MOTION TO DISMISS (DOC. 27)**

**I.    INTRODUCTION**

The Union Defendants[2] have respectfully and repeatedly submitted to the Court what they believe to be the well settled legal principles requiring dismissal of all of the claims by Plaintiff Ross ("Ross" or "Plaintiff") in this case and in the companion case of *Vargas v. APFA et. al.*, Civil Action No. 4:22-cv-00430-Y, under both Federal Rules 12(b)(1) and 12(b)(6). Rather than restate all of the settled and dispositive legal precedents in this Reply to Ross's

---

[1] The Union Defendants previously filed a Reply (doc. 34) to Plaintiff Ross's Response (doc. 33) to the Union Defendants Motion to Dismiss. (doc. 27). However, Ross's Response was subsequently un-filed by the Court. (doc. 35). This Reply addresses Ross's Amended Response (doc. 41) which the Court granted Ross leave to late file by Order dated September 15, 2022. (doc. 40).

[2] Defendant/Counterclaim Plaintiff Association of Professional Flight Attendants will be referred to herein as the "APFA"; individual APFA officer Defendants Julie Hedrick and Erik Harris will be referred to as the "APFA Officers"; and the APFA and APFA Officers collectively will be referred to as the "Union Defendants."

Amended Response to Defendants' Motion to Dismiss (doc. 41) ("Ross Am. Resp.")[3] which we have already detailed in our Motion to Dismiss (doc. 27), we submit the following to address and dispose of only the most recent erroneous legal arguments by Ross.

## II.     SUBJECT MATTER JURISDICTION

As previously noted, Plaintiff Ross's *only* assertion of subject matter jurisdiction, Section 101(a)(5) of the LMRDA, 29 U.S.C. Section 411(a)(5) (Ross Complaint, pg. 1 para. 1; pgs. 3-4 para. 9; pg. 18 para. 5), is unavailing and, on this ground, his lawsuit should be dismissed. To be actionable under Section 101(a)(5) the alleged violation must "be (d)iscipline … done in the name of or on behalf of the union as an organizational entity." *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 97 (1987). Here, it is undisputed that the arbitration proceedings and decisions at issue were not undertaken by or on behalf of the Union Defendants -- *i.e.*, by the APFA or the APFA Officers -- but were filed and processed by APFA union *members*; the Defendant Union and its Officers did *not* initiate and were *not* parties to the arbitration process, and *did not* take any position with respect to either the merits of the underlying charges or the remedy. (Def. Mem. pgs. 1-3, 5; Ross Complaint, pgs. 6-7 para. 18; pg. 11 para. 29; pgs. 12-13 paras. 30, 31, 32 (APFA union members initiated the charges which were referred to arbitration per the APFA Constitution; pgs. 13-16 paras. 33-38 (the Union Defendants were not parties to the arbitration proceeding)).

As noted in the companion *Vargas* case[4], the courts have consistently ruled, even where, as is undisputedly *not* the case here, it was *the union* that filed and processed a grievance in its

---

[3] Citations to the pages of Ross's Amended Response (doc. 41) will be made by "Ross Am. Resp." followed by the page number of the Amended Response to which the cite refers.

[4] *Vargas v. Association of Professional Flight Attendants, et al.*, Civil Action No. 4:22-cv-00430-Y (U.S. Dist. Ct. N. D. Tex., Fort Worth Div.) (ECF doc. 47, p. 7).

own stead**,** "(a) local union's action or inaction in the processing of a grievance is not 'discipline' or punishment within the meaning of the LMRDA." *Hebert v. Gen. Truck Drivers, Chauffeurs, Warehousemen & Helpers, Local 270*, 2004 U.S. Dist. LEXIS 13406 at *12-17 (E.D. La. 2004); *Camporeale v. Airborne Freight Corp.,* 732 F. Supp. 358, 366 (E.D.N.Y.), *aff'd without op*., 923 F.2d 842 (2nd Cir. 1990).

There are *only two* citations to Section 101(a)(5) to be found anywhere in Ross's Amended Response (doc 41), and they do not appear until pages 14 and 15 of that Response, suggesting at least that Ross understands the weakness of that particular provision as his entire source of purported subject matter jurisdictional authority. Rather than cite specifically to Section 101(a)(5) as the only jurisdictional basis for his attempt to vacate the arbitration decision at issue, Ross misleadingly attempts to substitute Section 102 of the LMRDA[5] as the jurisdictional basis for his Complaint. Ross Am. Resp. 14. LMRDA Section 102 *generally* provides jurisdiction for *all* "of the provisions of this title" – LMRDA Sections 101(a) through 101(a)(5)[6] – and, as noted, Ross's *only* claim asserted in this lawsuit is for alleged violation of Section 101(a)(5). (Ross Complaint, pg. 1 para. 1; pgs. 3-4 para. 9; pg. 18 para. 58).

"Title I of the LMRDA is not a catch-all into which might be swept all manner of miscellaneous charges without any specificity." *Abrams v. Carrier Corp*., 434 F. 2d 1234, 1250 (2nd Cir. 1970), *cert den*. 401 US 1007 (1971) (citing *Scovile v. Watson*, 338 F.2d 678, 681 (7th Cir. 1964), *cert. den*, 380 U.S. 963 (1965); *Green v. Local 705, Hotel and Restaurant*

---

[5] Section 102 of the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §412.

[6] Sections 101(a) through 101(a)(5) of the LMRDA, 29 U.S.C. §§ 411(a) –(a)(5).

*Employees' and Bartenders' International Union, AFL-CIO*, 220 F. Supp. 505, 507 (E.D. Mich. 1963)).

Thus, Section 101(a)(5) cannot apply here, either as a basis of subject matter jurisdiction or as a standard of judicial review.

### III.   FAILURE TO STATE A CLAIM

Given the adverse legal precedents facing his erroneous assertions of LMRDA Section 101(a)(5), as both his only basis for jurisdiction *and* his asserted standard of review, Ross has now reversed course and made a half-hearted *post hoc* attempt to introduce a new standard: that the arbitration decision at issue should be vacated pursuant to Section 301(a) of the LMRA.[7] Ross Am. Resp. 20-21.   But, Ross's Complaint contains *no such assertion* of Section 301(a) subject matter jurisdiction.  Indeed, no citation to Section 301 of the LMRA can be found within the four corners of the Ross's Complaint.  Ross's belated attempt in his Response to establish compliance with LMRA Section 301(a) – without even citing to that statute in his Complaint -- is, once again, in error as a matter of law.

First, Ross confusingly describes Section 301(a) as applicable only to collective bargaining agreements involving employers like American Airlines.  (Ross Am. Resp. pg. 19). Section 301(a), by its terms, also governs "contracts … between labor organizations," here the APFA Constitution between the APFA, as a labor organization, and its constituent local affiliate bodies (so-called "Bases").  (Def. Mem. Pg. 10).  Section 301(a) caselaw applies the "highly deferential" standard of judicial review to arbitration decisions without exception.  (Def. Mem. Pgs. 6-7. 8 fn. 8).

---

[7] Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 185(a).

4

Then, in his *post hoc* attempt to argue compliance with the Section 301(a) standard of judicial review of arbitration decisions, Ross cites a Section 301(a) decision by the Supreme Court, *United Paper Workers v. Misco, Inc.*, 484 U.S. 29 (1987), at 38-39, as standing for an exception to the deferential Section 301(a) standard of judicial review: where the arbitration decision was obtained through "the arbitrator's dishonesty." Ross Am. Resp. 20-21. Ross then offers an unspecified citation to "Exh. H. Pl. Original Complaint" as the *entire* basis for his allegation of arbitrator "dishonesty." (Ross Am. Resp. 20, fn 70).

Paragraphs 41 and 42 – which contain the only references in Ross's Complaint (pgs. 16-18) to any alleged arbitrator "dishonesty" – actually refute his *post hoc* allegation. The purported "dishonesty" referenced in the paragraphs 41 and 42 of the Ross Complaint refers to *evidentiary* rulings by the Arbitrator during the hearing, rulings that Ross apparently disagreed with. (Ross Complaint, pgs. 13-16 paras. 33-38).

Evidentiary rulings by an arbitrator, as well as all other *procedural* issues arising in arbitration, are within the exclusive jurisdiction of the arbitrator and *not* the courts. *John Wiley & Sons, Inc. v. Livingston*, 378 U.S. 543, 557 (1964); *Columbian Carbon Co. v. Operating Engineers*, 360 F. 2d 1018, 1020-21 (5th Cir. 1966). Ross's ninth inning attempt to re-invent a basis for judicial review of the arbitration decision at issue by complaining about the Arbitrator's evidentiary rulings obviously fails to state a claim for relief as a matter of law.

## IV.   CONCLUSION

Ross has failed to assert a valid basis for subject matter jurisdiction to support his suit seeking to vacate the arbitration decision at issue, or the closely related state court claims, and his asserted legal basis for attempting to litigate those issues fails to state a claim upon which

relief may be granted. He has implicitly conceded the absence of jurisdiction for his claims against the APFA Officers and the absence of jurisdiction for his state law claims, and conceded as well his failure to even attempt to exhaust the mandatory internal procedures in the APFA Constitution.

Ross's claims against the Union Defendants should therefore be dismissed in their entirety under Federal Rules 12(b)(1) and 12(b)(6), leaving the Defendants' counterclaims, including to enforce the arbitration decision at issue, to be determined by the Court.

Date: October 5, 2022                                        Respectfully Submitted,


                                                              /s/ Sanford R. Denison
                                                             SANFORD R. DENISON
                                                             Tex. Bar No. 05655560
                                                             Baab & Denison, LLP
                                                             6301 Gaston Ave., Suite 550
                                                             Dallas, TX  75214
                                                             Tel.: (214) 637-0750; Fax.: (214) 637-0730
                                                             Email: denison@baabdenison.com


                                                             WILLIAM W. OSBORNE JR.*
                                                             D.C. Bar No. 912089
                                                             Osborne Law Offices P.C.
                                                             5335 Wisconsin Avenue N.W., Suite 440
                                                             Washington, D.C. 20015
                                                             Tel.: (202) 243-3200; Fax: (202) 686-2977
                                                             Email: b.osborne@osbornelaw.com

*Admitted *Pro Hac Vice*                                     *Counsel for Defendant Counterclaim Plaintiff Association of Professional Flight Attendants, and Defendants Julie Hedrick and Erik Harris*

## **CERTIFICATE OF SERVICE**

      I certify that on this 5th day of October 2022 a true and correct copy of the foregoing document was served on the below listed counsel of record for Plaintiff/Counterclaim Defendant Vargas by a means permitted by Rule 5(b)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.").

KERRI PHILLIPS
HEATHER ABREU
K.D. Phillips Law Firm, PLLC
5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
Email: Heather@KDphillipslaw.com

                                          */s/ Sanford R. Denison*
                                          SANFORD R. DENISON