```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION

ROBERT (BOB) ROSS                §
                                 §
VS.                              §    ACTION NO. 4:22-CV-343-Y
                                 §
ASSOCIATION OF PROFESSIONAL      §
FLIGHT ATTENDANTS, ET AL.        §
```

<u>ORDER GRANTING MOTION TO DISMISS</u>

Pending before the Court is the Motion to Dismiss (doc. 27) filed by defendants Julie Hedrick, Eric Harris, and the Association of Professional Flight Attendants ("APFA"). After consideration of the motion, the related briefs, Plaintiff's original complaint, and the applicable law, the Court concludes that Plaintiff's claims against these defendants should be, and they hereby are, DISMISSED for lack of jurisdiction.

For the reasons urged by movants, the Court concludes that Plaintiff has failed to demonstrate that the Court can exercise subject-matter jurisdiction over his claims against them. As the party seeking to invoke the Court's jurisdiction, Plaintiff "bears the burden of proof that jurisdiction does in fact exist." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Plaintiff's complaint contends that this Court can exercise federal-question jurisdiction under 28 U.S.C. § 1331. Specifically, Plaintiff alleges that "jurisdiction is conferred on this court by virtue of the Fair Credit Reporting Act[,] 15 U.S.C. 1681s-2(a)(1)(A) and (B), Fair Debt Collection Practices Act[,] 15 U.S.C. §§ 1692d, e, and f, and the Labor Management Reporting and Disclosure Act, 29 U.S.C. 412,

Section 102." (Pl.'s Compl. (doc. 1) 3-4, ¶¶ 8-9.) No other basis for jurisdiction is alleged in Plaintiff's complaint.[1]

Plaintiff has wholly failed to allege any facts, however, adequately invoking the federal jurisdiction provided under section 102 of the Labor Management Reporting and Disclosure Act ("LMRDA"). That section provides the Court with jurisdiction over claims that a union or its officers have improperly "fined, suspended, expelled, or otherwise disciplined" a union member. *See* 29 U.S.C.A. § 411(a)(5), 412 (West 2018). The arbitration decision Plaintiff seeks to vacate was obtained by two union members, however, and not by the union or its officers. As a result, contrary to Plaintiff's assertion, section 102 of the LMRDA does not provide the Court with jurisdiction over Plaintiff's claims. *See Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 94 (1989) (concluding that dismissal for lack of jurisdiction was warranted where union member claimed that "he was the victim of the personal vendettas of two union officers. . . . [rather than] the union *as an entity*").

And Plaintiff has apparently abandoned the contention in his complaint that the Court can exercise jurisdiction under either the

---

[1] Although Plaintiff refers to the Federal Arbitration Act in his complaint, he does not specifically rely on it in his jurisdictional paragraph as a basis for the Court's exercise of jurisdiction. Nor could he, inasmuch as the Federal Arbitration Act does not confer on federal courts an independent basis for subject-matter jurisdiction. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25, n. 32 (1983) (citing *Comm'l. Metals Co. v. Balfour, Guthrie, & Co.*, 577 F.2d 264, 268-69 (5th Cir. 1978)).

Fair Credit Reporting or Fair Debt Collection Practices Acts. His response to the motion to dismiss wholly fails to address either of these statutes. Consequently, the Court concludes that Plaintiff has failed to demonstrate that it can properly exercise subject-matter jurisdiction over his claims.

Thus, Plaintiff's claims against defendants APFA, Hedrick, and Harris are hereby DISMISSED for lack of subject-matter jurisdiction. This case shall proceed only as to Plaintiff's claims against defendant McGaughey, Reber and Associates, Inc., and the APFA's counterclaim (doc. 11).

SIGNED October 27, 2022.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE