IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS FT. WORTH DIVISION

| | |
|---|---|
| ROBERT "BOB" ROSS<br>Plaintiff/Counterclaim Defendant § § § § § | |
| V. § § § | Case No. 4:22-CV-00343-Y |
| ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, MCGAUGHEY, REBER AND ASSOCIATES, INC., JULIE HEDRICK, ERIK HARRIS § § § § § § § | |
| Defendants/Counterclaim Plaintiff. § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Comes now, Defendant, Robert "Bob" Ross, and files Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment.

In accordance with Local Rule 56.4 (b), Plaintiff files an accompanying "Brief in Opposition to Defendant's Motion for Summary Judgment."

Plaintiff denies that this motion should be granted, as there is clearly a genuine issue of material fact that remains as to the misrepresentations and application of the law that should be applied to the case at issue, and therefore a motion for summary judgment is premature and should not be granted.

In this Response, Plaintiff demonstrates that Defendant's summary judgment evidence clearly establishes relevant fact issues continue to exist and further that Defendant has failed to establish the elements of its causes of action for Enforcement of the APFA Constitution and application of the Arbitrator's Decision as well as a Breach of Fiduciary

Duty claim, either under common law, or under the LMRDA §501(a), because;

1. A jury could find that there exists a genuine issue of material fact as it relates to the procurement of the Arbitrator's Award through fraud and dishonesty;

2. Defendant APFA failed to meet its burden of establishing by a preponderance of evidence that the Ross was given proper due process in accordance with the APFA Const. Art. II, Sec. 3D.

3. APFA failed to meet its burden of establishing that there is no disputed material fact as it relates to its claims to enforce the arbitration award, the breach of fiduciary duty under the LMRDA §501, or the breach of fiduciary duty under Texas common law.

4. There remain disputed material facts—most important being the misrepresentations and concealment of evidence APFA fails to address in its motion.

5. Defendant, APFA fails to establish that there existed a fiduciary duty at the time that the alleged overpayments occurred;

6. Defendant, APFA fails to establish those alleged overpayments were, in fact, wrongful and breached any fiduciary duty; and

7. Defendant, APFA, fails to establish that Plaintiff's alleged action of accepting the alleged overpayments caused any harm to the Defendant.

On the grounds set forth above and detailed in the Plaintiff's accompanying brief, Defendant's motion for summary judgment should be denied and this case set for trial on the merits.

    Respectfully submitted,

    K.D. PHILLIPS LAW FIRM, PLLC


    By: /s/ Kerri Phillips
        Kerri Phillips
        Texas Bar No. 24065906
        Phone: (972) 327-5800
        Email: kerri@KDphillipslaw.com

By: /s/ Heather Abreu
Heather Abreu
Texas Bar No. 24122577
Phone: (972) 327-5800
Email: heather@KDphillipslaw.com

5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Fax: (940) 400-0089
For Service of Filings:
notice@KDphillipslaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that true and correct copy of this document was sent to all counsel of record, hereunder listed via ECF filing on this the 1st day of November 2022.

William Osborne, Sanford Denison

/s/Kerri Phillips
Kerri Phillips