**IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS FT. WORTH DIVISION**

| | | |
|---|---|---|
| **ROBERT "BOB" ROSS** | § | |
| **Plaintiff/Counterclaim Defendant** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | **Case No. 4:22-CV-00343-Y** |
| | § | |
| | § | |
| **ASSOCIATION      OF** | § | |
| **PROFESSIONAL FLIGHT** | § | |
| **ATTENDANTS,    MCGAUGHEY,** | § | |
| **REBER AND ASSOCIATES, INC.,** | § | |
| **JULIE HEDRICK, ERIK HARRIS** | § | |
| | § | |
| **Defendants/Counterclaim Plaintiff.** | § | |

---

### PLAINTIFF'S BRIEF IN SUPPORT OF ITS RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

Pursuant to Fed. R. Civ. P. 53(f)(2), Fed. R. Civ. P. 56(c) and Local Rules 7.1, 7.2, 56.4 and 56.5, Plaintiff, Robert "Bob" Ross ("Ross"), respectfully submits his brief in support of Plaintiff's, Association of Professional Flight Attendant ("APFA"), Response to Defendant's Motion for Summary Judgment.  Defendant filed its Motion for Summary Judgment [PageID 2420; Docket No. 42] on September 20, 2022.  The Judge-Specific Requirements make entry of a scheduling order a precondition to filing a motion summary judgment.  No scheduling order has been entered in the matter before the court.  Defendant motion is untimely filed.  For these reasons, Defendant's Motion for Summary Judgment should be denied.  Plaintiff respectfully requests that the Court deny Defendant's Motion for Summary Judgment if not based on time-specific requirements, then due to a contested issue of material fact.  Plaintiff will show the court as follows:

1

# TABLE OF CONTENTS

**I.    DEFENDANTS/COUNTERCLAIM PLAINTIFF.** ---------------------------------------- **1**

**I.    INTRODUCTION** ----------------------------------------------------------------- **4**

**II.   STATEMENT OF THE CASE** ---------------------------------------------------- **6**

**III.  ARGUMENTS AND AUTHORITIES** --------------------------------------------- **8**

**A.   Standards For Summary Judgment** --------------------------------------------- **8**

**B.   APFA's Arbitration is a Disciplinary Procedure** -------------Error! Bookmark not defined.
   (1)    Plaintiff's causes of action are not subject to arbitration.**Error! Bookmark not defined.**

**C.   The Threshold Issue:** --------------------------------------------Error! Bookmark not defined.

**D.   Disputed Facts: Arbitration in accordance with APFA Constitution.** -------------------- **12**
   1)    Charges were brought against Plaintiff in accordance with the APFA Constitution; ------ 13
   2)    The Arbitrator was impartial; ------------------------------------------------------------ 14
   3)    The Arbitrator acted within his jurisdictional authority; ------------------------------------ 14
   4)    Internal union charges were filed against Ross alleging serious acts of financial misconduct; 16
   5)    APFA was not a party to the arbitration. ---------------------------------------------- 16

**E.   Defendant's Breach of Fiduciary Duty Claims** --------------------------------------- **17**

**IV.   CONCLUSION AND PRAYER** ------------------------------------------------- **20**

## <u>TABLE OF AUTHORITES</u>

### Cases

<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986). ..............................................................9

<u>Burge v. Parisk of St. Tammany</u>, 187 F.3d 452 (5th Cir. 1999). ....................................................9

<u>Int'l Bhd. of Teamsters Local 651 v. Philbeck</u>, 423 F.Supp.3d 364 (E.D. Ky. 2019)…………...17

<u>Jones v. Blume</u>, 196 S.W.3d 440 (Tex. App. -Dallas 2006, pet. denied). ..................................18

<u>Linsdey v. Sears Roebuck & Co.</u>, 16 F.3d 616 (5th Cir. 1994)…………...……………….. …..9

<u>NLRB v Allis-Chalmers Mfg. Co.</u>,  388 U.S. 175 (1967). ..........................................................10

NLRB v. Boeing Co., 412 U.S. 67 (1973) . ...................................................................10

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)....................................9

Rizzo v. Children's World Learning Ctrs., Inc., 84 F.3d 758 (5th Cir; 1996).. ...........................9

Taita Chem. Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377 (5th Cir. 2001). .........................9

United Ass'n of Journeymen v. Local 334, 452 U.S. 615 (1981). ................................................ 5

Wooddell  v.  International  Bhd.  of  Elec.  Workers, 502 U.S. 93,116 L.Ed.2d  419 (1991).......5

## Statutes & Regulations

9 U.S.C.  §  6. .................................................................................................................... 9

9 U.S.C.  §  10. ................................................................................................................. 12

29 U.S.C.  §  101(a)(5) ........................................................................................................5

29  U.S.C.  §  158. ...............................................................................................................6

29 U.S.C.  §  185. ...............................................................................................................6

29 U.S.C.  §  401 ................................................................................................................6

29 U.S.C.  §  411 ................................................................................................................6

29 U.S.C.  §501...............................................................................................................  17

## Court Rules

Fed. R. Civ. P. 53(f)(2)........................................................................................................ 1

Fed. R. Civ. P. 56(c)........................................................................................................ 1, 8

Local Rule 7.1..................................................................................................................... 1

Local Rule 7.2..................................................................................................................... 1

Local Rule 56.4................................................................................................................... 1

Local Rule 56.5................................................................................................................... 1

## I.      INTRODUCTION

Ross is a member in good standing of the APFA union and the Former National President. Plaintiff was charged with violations of the APFA policy based primarily on alleged overpayments discovered by an accounting firm's review of the union's payments under Plaintiff's Transition Agreement.   Plaintiff prepared and defended himself in the union's internal dispute procedure ("arbitration") wherein Plaintiff issued subpoenas for documentation and witness testimony from the union.[1]   The internal dispute procedures resulted in Plaintiff being disciplined.   Plaintiff was found to have violated his fiduciary duty, subsequently banned for life from holding any union-elected position, terminated his position as Board member and Base President, and disciplined in the amount of $62,558.75 to be paid to the union.[2]

Simultaneously, McGaughey, Reber and Associates, Inc. dba Diversified Credit Systems ("Diversified Credit Systems") collected from Plaintiff on the same alleged debt the union attempted to collect through its internal arbitration.   Diversified filed a suit to collect while the arbitration was ongoing.   In its Original Complaint, Diversified attached a never-before seen letter ("Confidential Memorandum") from the accounting review cited by the union as the reason to bring disciplinary charges against Plaintiff.    The Confidential Memorandum states "Please note the Bob Ross confidential transition agreement states that he will be paid all of his accrued and unused sick and accrued and unused vacation time. This agreement doesn't specify that the payments be made in accordance with the policy manual guidelines.   Consequently, these

---

[1] Docket No. 1, Pl. Original Compl. ¶33, PAGEID 13; Ross Subpoenas, [*Appendix p. 16-19*].
[2] The amount of the award was substantially increased in violation of the APFA Const. against Ex Parte Communications, as Plaintiff was never given any copies of the audit performed, and an opportunity to object or respond prior to the arbitrator amending his award.   The court should note, this is despite requests from Defendant's Counsel and the parties to the Arbitration for copies of the audit review.

payments appear appropriate and in compliance with the transition agreement."[3]

Neither APFA's National President, Julie Hedrick, nor APFA's National Treasurer, Erik Harris, turned over a copy of the Confidential Memorandum to the Board of Directors, the Executive Committee or to the Plaintiff during his internal arbitration. The National Officers intentionally deceived and withheld this document and other pertinent facts to acquire a favorable arbitration award against Plaintiff, to mar his reputation, and to remove him from his position on the APFA Board of Directors.  Plaintiff believes this is a result of his public stance against an upcoming proposed merger between APFA and the Association of Flight Attendants. Ross contended that withholding the Confidential Memorandum from the APFA Board of Directors, Executive Committee, and during his arbitration was a violation of, among other things, his right to a fair hearing under the Labor Management Reporting and Disclosure Act § 101(a)(5).

On July 21, 2022, Defendant, APFA, filed a Motion to Dismiss Plaintiff's Claims for Relief and Brief in Support (hereinafter "Motion to Dismiss"). Plaintiff filed an Amended Response to the Motion to Dismiss on September 15, 2022 (Docket No. 41).  On September 20, 2022, Defendant, AFPA, filed a Motion for Summary Judgment and Brief in Support arguing that it's entitled to Summary Judgment to enforce its Arbitration Award (Docket No. 42).  APFA argues that it's entitled to Summary Judgment because based on judicial deference to arbitrations conducted by employers under a Collective Bargaining Agreement.[4]  Defendant fails to establish any viable legal basis for granting a summary judgment in its favor to enforce the Arbitration

---

[3] Docket No. 1, Pl. Original Compl. ¶24, PAGE ID 9; PAGEID 33; *Pl.'s Original Petition, Tarrant County Justice Court, Precinct Three, JP03-22-D00017757;* [*Appendix p. 25*].

[4] Def. Brief on Mtn. for Summ. J., Section entitled "Summary," PAGEID 2425 (Defendant asserts that the Union Constitution is a labor agreement under 301 LMRA § 185). *Wooddell v. International Bhd. of Elec. Workers,* 112 S.Ct. 494, 499, 116 L.Ed.2d 419 (1991); *United Ass'n of Journeymen v. Local 334,* 452 U.S. 615, 619-27, 101 S.Ct. 2546, 2549-53, 69 L.Ed.2d 280 (1981) (holds a labor agreement can only be a contract between an employer and the union to benefit the employees, or  a contract between two unions—the courts have extended federal jurisdiction where there is a contract, or union constitution, was between two unions).

award.  It asserts legal arguments that have no foundation in the annals of labor law and continues

to ignore all facts related to its fraudulent conduct prior to, during, and after the union's arbitration.

## I.   STATEMENT OF THE CASE

Plaintiff,  Robert "Bob" Ross ("Plaintiff") seeks damages alleging unlawful violations of

the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 411, *et seq.* ("LMRDA"), the

Association of Professional Flight Attendants Union Constitution, and Breach of Fiduciary Duty

as provided for under Texas Common Law by Defendants APFA, Julie Hedrick and Erik Harris

("hereinafter Defendants"). APFA is a labor organization covered under the LMRDA, 29 U.S.C.

§401 et seq, and 29 U.S.C. § 158, *et seq*. Plaintiff is a member in good standing of APFA as defined

under the LMRDA and 29 U.S.C. § 158. On or about January of 2016, the Plaintiff ran for office

within the APFA local union elections.  For clarification, Robert "Bob" Ross ran for National

President Nena Martin ran for National Vice-President, and Eugenio Vargas ran for National

Treasurer.[5]

Plaintiff was elected National President, Nena Martin elected Vice-President, and Eugenio

Vargas Treasurer ("Ross Administration").  The Ross Administration opposed a merger of the

union with AFA—another multi-airline flight attendants' union.   This created  two  political

factions  within  APFA  competing  for  power: Pro-APFA/AFA  and  Anti-APFA/AFA.   Ross

voluntarily  stepped  down  from  his  position  as  National  President  on  March  9,  2018  after

negotiating  and  signing  a  transition  agreement  with  the  APFA  Board  of  Directors  ("Transition

Agreement").   In  2020,  the  Hedrick  Administration  (a  Pro-APFA/AFA  Administration)  was

---

[5] It should be noted that Chinery-Burns and Lee also filed charges against Nena Martin, the Vice-President during the Ross
Administration, however as of October 14, 2022, the Arbitrator summarily dismissed all charges against Ms. Martin after finding
that Chinery-Burns and Lee submitted false evidence to the APFA Executive Committee to procure a finding of validity,
specificity, and timeliness.

elected to National Office.

Plaintiff was fined by the union in a deliberate attempt to suppress his dissent of the Hedrick Administration and any proposed merger.[6]  The Original Petition filed by Diversified Credit, the debt collector that sued Ross in Tarrant County Justice Court, Precinct Three on the debt owed under the Transition Agreement.[7]  Nena Martin, a former Board member, was present at the relevant Board of Directors meetings and Executive Committee meetings and attests to the statements made to the Board of Directors and the Executive Committee.[8]

A quick comparison of the Confidential Memo and the letter from Erik Harris (current APFA National Treasurer) illustrates APFA's fraudulent conduct.[9]  The Martin Affidavit and letter from Erik Harris states:

> ". . . we discussed the finding of the APFA Board of Directors that you were overpaid in the amount of $5,436.47 in 2018.  The Board's finding was based on the results of a review from an independent accounting firm which determined that the formula used to determine the daily rate for your sick and vacation payout was incorrect."[10]

Whereas the Confidential Memo clearly states that the payments made to Ross "appear appropriate and in compliance with the transition agreement."[11] These two documents illustrate that the National Officers deliberately concealed the Confidential Memo so that Ross and Vargas could be disciplined and portrayed as having breached their fiduciary duties.  The letter from Erik Harris asserts fraudulent statements relied on by the APFA Board of Directors, the APFA Executive

---

[6] Docket No. 1, Pl. Original Compl. ¶¶31-33, PAGEID 12-13.

[7] Docket No. 1, Pl. Original Compl. ¶¶ 24-25, 31-33, PAGEID 10-13, 33; Certified Copy of *Pl.'s Original Petition, Tarrant County Justice Court, Precinct Three, JP03-22-D00017757;* [*Appendix p. 20-23*].

[8] Docket No. 1, Pl. Original Compl. ¶¶28-29, PAGEID 11-12; Certified Copy of *Pl.'s Original Petition, Tarrant County Justice Court, Precinct Three, JP03-22-D00017757;* [*Appendix* p. 20-23]; Aff. of Nena Martin, Email from Erik Harris to Board of Directors and Executive Committee [*Appendix* p. 31-32].

[9] Docket No. 1, Pl. Original Compl. ¶¶22-28, PAGEID 8-10; Aff. of Nena Martin, Email from Erik Harris to Board of Directors and Executive Committee [*Appendix* p. 35]; Pl.'s Original Petition, Tarrant County Justice Court, Precinct Three, JP03-22-D00017757; [*Appendix* p. 29].

[10] Docket No. 1, Pl. Original Compl. ¶¶28-29, PAGEID 11-12; Aff. of Nena Martin, Email from Erik Harris to Board of Directors and Executive Committee [*Appendix* p. 35-37].

[11] Docket No. 1, Pl. Original Compl. ¶¶22-27, PAGEID 8-10; Pl.'s Original Petition, Tarrant County Justice Court, Precinct Three, JP03-22-D00017757; [*Appendix* p. 29].

Committee, as well as the arbitrator to issue the award against Ross and Vargas.[12]

APFA's arbitration hearing denied Ross a fair opportunity to review and contest the evidence, to question accusers and witnesses, to object to unreliable and inadmissible evidence, and to a fair opportunity to present his case. Consequently, the arbitration resulted in the union's favorable disciplinary award.

Plaintiff was not provided the safeguards against improper disciplinary action guaranteed under the LMRDA. Withholding documentation and misrepresenting the facts is an unconscionable violation to Plaintiff's right to a fair hearing and goes beyond any rational explanation that could meet a reasonableness standard.   The result of this conduct is that Plaintiff has been fined, suffered reputational damage, credit report damaged, removed from his position on the Board of Directors as Base President, and suspended from holding any official APFA position for the remainder of his life.   Plaintiff seeks to have the disciplinary award vacated, and damages recovered.

## II.    ARGUMENTS AND AUTHORITIES

### A.  Standards For Summary Judgment

Federal Rule of Civil Procedure 56 requires summary judgment be granted only upon demonstration by the movant that no dispute exists as to any genuine issue of material fact. Movant is entitled to judgment as a matter of law when  no clear dispute exists.[13] Movant must use the documents on record with the court to demonstrate the lack of any genuine issue of material fact.[14] When the moving parties argues for summary judgment on an issue for which it carries the burden

---

[12] Docket No. 1, Pl. Original Compl. ¶¶22-27, PAGEID 8-10; Pl. Original Compl. ¶¶28-29, PAGEID 11-12; Pl.'s Original Petition, Tarrant County Justice Court, Precinct Three, JP03-22-DC00017757; [*Appendix* p. 29]; Aff. of Nena Martin, Email from Erik Harris to Board of Directors and Executive Committee [Appendix p. 34-35].
[13] *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999); Fed. R. Civ. P. 56(c).
[14] *Celotex Corp.*, 477 U.S. at 323; Fed. R. Civ. P. 56(c).

of proof at trial, no material fact dispute as to that issue can exist for the moving party to triumph.[15]
If not, the motion for summary judgment must be denied.[16]  In this case at issue, the Defendant,
APFA, must establish that a valid arbitration agreement existed between the parties to the contract
waiving their right to litigate its claims.[17]

The Court must evaluate a motion for summary judgment through the lens of the non-
moving party by accepting all evidence and assuming all conclusions in the non-moving party's
favor.[18] In other words, the Court must give credence to evidence favoring the non-moving party
and require the moving party's offer unquestionably reliable evidence.

**B. The Threshold Issue:**

| Timeline of Important Events | |
|---|---|
| **Date** | **Union Conduct** |
| 9/24/2019 | - 1st Charges against Eugenio Vargas |
| 10/22/2020 | **Email from APFA Accountant Hal O'Neil to APFA National Treasurer Erik Harris with Confidential Memo**: Erik Harris receives email and Confidential Memo that absolves Ross from any over-payment of wages under the Transition Agreement. |
| 11/24/2020 | - 2nd Charges against Eugenio Vargas |
| 12/1/2020 | - Harris *conceals* Confidential Memo but presents APFA accountant's spreadsheets of Ross Administration's overpayments to the Executive Committee.<br>- Executive Committee reviews and votes in favor of charges against Ross and Vargas, without ever seeing *concealed* Confidential Memo. |
| 04/20/2022 | - Robert "Bob" Ross files lawsuit against Julie Hedrick, Erik Harris, and APFA.<br>- Harris Forwards Hal O'Neil's email containing concealed Confidential Memo to the National Officers and Margot Nikitas (APFA in-house counsel) |
| 03/24/2022 | - APFA releases email Hotline to the entire APFA membership announcing Ross and Vargas's awards for the first time in union history, congratulating Chinery and Lee for their pursuits. |

---

[15] *Rizzo v. Children's World Learning Ctrs., Inc.*, 84 F.3d 758, 762 (5th Cir. 1996); *Lindsey v. Sears Roebuck & Co.,* 16 F.3d 616, 618 (5th Cir. 1994).
[16] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465 (5th Cir. 1999).
[17] 9 U.S.C. § 6.
[18] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585-87 (1986); *Taita Chem. Co., Ltd. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001).

The threshold issue related to those claims asserted by either Plaintiff or Defendant rest on one question: Does the National Treasurer's concealment of the Confidential Memo from either the Executive Committee reviewing Plaintiff's charges, or the Arbitrator in Plaintiff's Disciplinary Hearing violate Plaintiff's due process rights?  Plaintiff is guaranteed the right to due process under the APFA Const. II, Sec. 3D, like federal law.[19]  Plaintiff contends that his due process rights have been violated based on misrepresentations by Erik Harris, APFA National Treasurer.  This denial of due process is a breach of the union constitution.  Consequently, enforcement of an ill-gotten disciplinary award is not appropriate.

### C.  APFA's Arbitration is a Disciplinary Procedure—wherein fraudulent statements were made to procure the votes to discipline Plaintiff.

(1) <u>Defendant's causes of action are not subject to enforcement due to coercion and fraud.</u>

Defendant agrees that the Union Constitution is considered a collective bargaining agreement for which arbitration should be enforced and granted judicial deference.[20]  The Supreme Court has traditionally held that where members conduct gives rise to fines or discipline, the courts will not enforce the fines if the members felt coerced or restrained in their conduct.[21]

Here, Plaintiff was *coerced* in light of the misrepresentations portrayed to the Plaintiff and the union.[22]  The email from Hal O'Neil (APFA Accountant) to Erik Harris (APFA National Treasurer) shows imputed notice to the union through delivery of documents to a union national

---

[19] APFA Const. Art. II Sec. 3D [:Appendix p. 43].

[20] 45 USC Ch. 8, Sec. 157.

[21] The Supreme Court held that the use of NLRA § 8(b)(1)(A) to impose union fines may not "restrain or coerce" the fined worker in regards to the meaning within the Act. *NLRB v. Allis-Chalmers Mfg. Co.*, 388 US 175 (1967).  Thereafter, the Supreme Court explained that ". . .. the basis of its holding in *Allis-Chalmers* was that Section 8(b)(1)(A) was 'not intended by Congress to apply to the imposition by the union of fines not affecting the employer-employee relationship and not otherwise prohibited by the Act." *National Labor Relations Board v. Boeing Co.*, 412 U.S. 67, 73, 93 S.Ct. 1952, 1956, 36 L.Ed.2d 752. Where, as here, Congress granted express protection to the employer-representative relationship it cannot be said that Congress intended to leave the union as free to discipline its members as it did in enacting Section 8(b)(1)(A).

[22] See Email from Hal O'Neil to Erik Harris on October 22, 2020, [Appendix p. 1-15]; Martin's Affidavit [Appendix p. 31-39].

officer.  The Confidential Memo from Hal O'Neil was delivered to Erik Harris on October 22, 2020.  Thereafter, APFA continued to assert that Ross was overpaid under the Transition Agreement but simply *refused* to pay it back.[23]  Harris was present at the Executive Committee meeting on December 1, 2020 where the Ross and Vargas charges were reviewed by the Executive Committee in compliance to the APFA Const. Art. VII Sec. 3A and B.[24]  The Martin Affidavit shows that the National Treasurer never disclosed the Confidential Memo at either Ross's or Vargas's review of charges and the Executive Committee resolutions show that Harris was present, seconded the resolution, and voted in favor of pursing disciplinary proceedings.[25]

Plaintiff's motion to vacate the arbitration award was in compliance with the union disciplinary procedures outlined in the APFA Const. Art. VII. The American Arbitration Association's guidance on challenging an arbitration award states "If a party to an arbitration wishes to challenge an award for any reason, they need to make an application [or motion] to a court. . ."[26]  As previously recognized by Defendants, APFA Arbitration procedures in the APFA Cosnt. Art. VII complies with the AAA's arbitration standards; therefore Plaintiff followed the guidance of the AAA and filed a motion to vacate the arbitration award due to the due process violations outlined in the Federal Arbitration Act, 9 U.S.C. § 10.[27]

Plaintiff's attempt to enforce the union's fine directly conflicts AAA guidance and violates the APFA Const. for due process as the National Treasurer misrepresented the facts to the APFA Board of Director's and the APFA Executive Committee which caused many to vote for that these

---

[23] See Email from Hal O'Neil to Erik Harris on October 22, 2020, [Appendix p. 1-2]; Martin's Affidavit [Appendix p. 31-39].
[24] See APFA Executive Committee Resolutions December 1-2, 2020, [Appendix p. 118-123].
[25] See APFA Executive Committee Resolutions December 1-2, 2020, [Appendix p. 118-123].
[26] American Arbitration Association; Challenges to an Arbitration Award; [Appendix p. 55].
[27] Def. Answer and Counterclaims filed as Docket No. 8, ¶20, PAGEID 113, on Case No. 4:22-cv-00343-Y case, and AAA, Challenges to an Arbitration Award; [Appendix p. 55].

charges were valid, timely, and specific.[28]  In reality, Plaintiff's due process rights were violated under the APFA Const. Art. II, Sec. 3D, and that the votes by the Executive Committee were illegally procured.[29]

### D. Disputed Facts: Arbitration in accordance with APFA Constitution.

Despite this obvious problem with Defendant's summary judgment motion, the union framed many factual contentions as "undisputed," that were, and continue to be, contested by the Plaintiff.  Plaintiff contests Defendant's assertion of the following material facts.

(1) Charges were brought against Plaintiff in accordance with the APFA Constitution;[30]

(2) The Arbitrator was impartial;[31]

(3) The Arbitrator acted within his jurisdictional authority;[32]

(4) Internal union charges were filed against Ross alleging serious acts of financial misconduct;[33]

(5) APFA was not a party to the arbitration.[34]

Defendant fails to address Plaintiff's primary allegation—Defendants fraudulent misrepresented evidence to the APFA Board of Directors, APFA Executive Committee, and interfered throughout the union disciplinary hearings which violated Plaintiff's due process rights.[35]  Defendant fails to address Harris's actions, witness intimidation, and defiance of legally

---

[28] 45 USC Ch. 8, Sec. 157.
[29]  APFA Const. Art. VII, [Appendix p. 43].
[30] Docket No. 43, Def. Br. in Support of Mot. for Summ. J., PAGEID 1085.
[31] Docket No. 43, Def. Br. in Support of Mot. for Summ. J., PAGEID 1085.
[32] Docket No. 43, Def. Br. in Support of Mot. for Summ. J., PAGEID 1085.
[33] Docket No. 43, Def. Br. in Support of Mot. for Summ. J., PAGEID 1085.
[34] Docket No. 43, Def. Br. in Support of Mot. for Summ. J., PAGEID 1085.
[35] Docket No. 1, Pl. Original Compl, ¶ 37-44 PAGEID 9-10,; Docket No. 41; Pl. 2cd Am. Resp. to Def. Mtn to Dismiss, PAGEID 2551: See Email from Hal O'Neil to Erik Harris on October 22, 2020, [Appendix p. 1-15]; Martin's Affidavit [Appendix p. 31-39].

issued subpoenas.[36] Fraud is not tolerated in union disciplinary actions—so without addressing the Plaintiff's claims of fraud, Defendant's summary judgment arguments are moot.

    1) <u>Disputed Fact: Charges were brought against Plaintiff in accordance with the APFA Constitution.</u>

Defendant asserts that the charges for financial misconduct were bought against Plaintiff in accordance with APFA Constitution. However, the charges brought against the Plaintiff were well outside the 60-day window as required by the APFA Const. Art. VII Sect. 2(D)(1).[37] The evidence illustrates that Melissa Chinery had gained access and viewed the Plaintiff's financial documents as early as July 11, 2019, well before the September, 2020 date asserted as the date she discovered the financial documents.[38] Furthermore, charges brought in violation of the APFA Const. Art. VII, Section 3 (B) should be dismissed without appeal. [39]

The timing is quite revealing: two differences exist between the Executive Committee's review of the first set of charges and the second charges against Plaintiff. First, a new leadership was voted into office as of April, 2020. Second, Hal O'Neil emailed the spreadsheets and the

---

[36] Docket No. 1, Pl. Original Compl. ¶ 37-44 PAGEID 9-10,; Docket No. 41; Pl. 2cd Am. Resp. to Def. Mtn to Dismiss, PAGEID 2551; See Email from Hal O'Neil to Erik Harris on October 22, 2020, [Appendix p. 1-15]; Martin's Affidavit [Appendix p. 31-39].

[37] Docket No. 1, Pl. Original Compl. ¶ 18, 39-42, 66, pg ID 6-7,16-18, 20; Chinery-Burns Correspondence, Appendix p. 71-73. The Correspondence clearly shows Chinery-Burns and Lee knew about the alleged conduct of the Ross Administration as early as July 21, 2019 when she was posting about this online.

[38] Docket No. 1, Pl. Original Compl. ¶ 18, 39-42, 66, PAGEID 6-7,16-18, 20; Transcript of Ross Arbitration, Appendix p. 63-70; (These transcripts clearly lay out the disorderly state of the APFA financial records, and Bob Ross's objections to admission of these documents based on inaccuracy. The Arbitrator lied to him by saying that the documents were not admitted for the truth of the matter asserted, rather admitted to illustrate Harris's document response to the subpoena—a direct misrepresentation of the purpose of admitting these records). Chinery-Burns Correspondence, Appendix p. 76-100; APFA Const. Art. 7, Sec. 3(B), [*Appendix* p. 52-53]. (It should be noted that on prior to April 1, 2020, Lori Bassani's Administration held office: Craig Gunter was the APFA Treasurer. In the emails, Melissa Chinery is seen inundating the union with demands for confidential pay information, and her email is melchinery@XXX.com; Mark Richards is the former APFA counsel that negotiated the Ross Transition Agreement, Michelle Hussard works for the Department of Labor) *(these documents clearly illustrate that Chinery-Burns and Lee clearly knew or should have known of the facts and information well over the 60-day time limit as required by the APFA Const. Art. 7 Sec. 3(B).).*

[39] Docket No. 1, Pl. Original Compl. ¶ 38-42, 66, PAGEID 6-7, 13-14, 16-18, 20; APFA Const. Art. 7, Sec. 3(B); Appendix p. 52-53. This was plead in the original petition—the charges were untimely as outlined in Art. 7 Sec. 2(D), and this issue was asserted multiple times, however due to his inability to appear at the APFA Executive Committee hearing on his charges for lack of proper notice, and the Arbitrator, who overruled and found the charges as timely filed—this matter was unappealable under the APFA Const. Art. 7, Sec. 3(B)). Technically, any charges untimely filed are to be dismissed without appeal under Art. 7 Sec. 3(B).

Confidential Memo to Erik Harris on October 22, 2020 spreadsheets were procured by Erik Harris, and he used these to convince the Executive Committee to vote for the charges.  This evidences the APFA Const. Art. II, Sec. 3D violations in the procedures followed to pursue discipline of Plaintiff.

      2)  <u>Disputed Fact: The Arbitrator was impartial.</u>

Defendant further contend that the Arbitration was impartial and unbiased upon being chosen to preside of Plaintiff's case.  The same arbitrator that presided over Eugenio Vargas's internal dispute proceedings also presided over the Plaintiffs internal dispute proceedings.  Thus, he has viewed and ruled on other related matters and seen evidence that would not otherwise have been submitted in this hearing.  The Arbitrator further demanded witnesses testify in person—a move particularly concerning during the rise of the COVID-19 Delta Variant.  The Arbitrator has relationships with other individuals within and outside the union that would illustrate that he could be partial based on the contacts he has.  Finally, a review of the hearing transcripts will show the conduct of the Arbitrator was grossly partial in favor of the charging party.[40]   Plaintiff received only 2 hours and 51 minutes to present his evidence and witnesses, whereas the charging party received 9 hours and 23 minutes. [41]  The disparity is clear.[42]

      3)  <u>Disputed Fact: The Arbitrator acted within his jurisdictional authority.</u>

Defendant also contends that Plaintiff does not dispute the Arbitrator acted within his authority—this is not accurate.  The Arbitrator's award states that the Plaintiff  "breached his

---

[40] Transcript of Ross Arbitration, [*Appendix* p. 56-59, 70-74]  (The disciplinary hearings all began promptly at 8:00am each morning.  The Records here reflect the time periods that Chinery-Burns and Lee received their time to present their case: from 8:00am until 9:53am on day 1; from 8:00am until 4:22pm on day 2; and 8:00am until 10:08am on day 3).

[41] Docket No. 1, Pl. Original Compl. ¶ 38-42, 66, PAGEID 6-7, 13-14, 16-18, 20; Transcript of Ross Arbitration, [*Appendix* p. 56-59, 70-74].

[42] Transcript of Ross Arbitration, [*Appendix* p. 56-59, 70-74].

fiduciary duty. . . " however the charges asserted are only those under APFA Const. Art. 7, Sec. 2(F) for a willful violation of the Constitution and/or Policy.[43]  From there the charging party lists off one section of the Constitution, and multiple policies that Plaintiff allegedly violated.[44]  The Arbitrator frames the question posed to him in the award: "Did Bob Ross, the Defendent [sic] herein violate the APFA Policy Manual and the APFA Constitution by engaging in malfeasance, fraud, misappropriation of funds while he was in office during the term of April 1, 2016 to March 2, 2018. If so, what shall be the appropriate remedy?"[45]  The Arbitrator is not allowed to find a breach of a fiduciary duty as this is a civil claim that the Plaintiff caused the Union to violate its legal obligations, and thus must be pursued in court.[46]

Furthermore, the charges were brought beyond the 60-day timeliness requirement under APFA's Constitution.[47]  Failing to dismiss these claims based on the expiration of the timeliness requirement means the Arbitrator did not have authority to hear these charges. The Defendant utilizes Plaintiff's Arbitration Brief to support this contention, however this Plaintiff drafted and submitted the Arbitration Brief well before the award was issued, and the fraud was uncovered. The arbitration award went well beyond the scope of the Arbitrator's authority.

The arbitration award further states that "[t]he arbitrator finds that throughout this proceeding, Defendant Ross *intentionally and willfully* ignored the provisions of the APFA Policy Manual and thus, violated and abused his fiduciary duty entrusted to him by the APFA membership."[48]

---

[43] Docket No. 1, Pl. Original Compl. ¶ 38-42, 66, PAGEID 6-7, 13-14, 16-18, 20; APFA Const. Art. 7, Sec. 3(B); [*Appendix* p. 52-53].

[44] Docket No. 1, Pl. Original Compl. ¶ 38-42, 66, PAGEID 6-7, 13-14, 16-18, 20; APFA Const. Art. 7, Sec. 3(B); [*Appendix* p. 52-53].

[45] Docket No. 1, Pl. Original Compl. Paragraph "The Issues", PAGE ID 36; *Ross Arbitration Award, Issued March 19, 2022.*

[46] APFA Const. Art. VII, Section 2(D)(2) [*Appendix* p. 51-54].

[47] Docket No. 1, Pl. Original Compl. ¶ 39-42, 66, pg ID 6-7, 13-14, 16-18, 20; APFA Const. Art. 7, Sec. 3(B); [*Appendix* p. 51-53].

[48] Docket No. 1, Pl. Original Compl. ¶ 33-36, PAGEID 13-15; *Ross Arbitration Award, Issued March 19, 2022.*

4) <u>Disputed Fact: Internal union charges were filed against Ross alleging serious acts of financial misconduct.</u>

Defendant states that there is no contested issue regarding the union charges against Plaintiff for serious acts of financial misconduct. This, again, improperly phrases the charges asserted in the arbitration. The arbitration charges only assert that Plaintiff willfully violated the Union Constitution and Policy.[49]   Therefore, any claim that Plaintiff violated his breach of fiduciary duty, misappropriated funds, stole, committed acts of financial misconduct is well outside the scope of the charges asserted.

5) <u>Disputed Fact: APFA was not a party to the arbitration.</u>

Finally, Defendant states that the Union was not a party to the arbitration hearing. In fact, Plaintiff asserted in its original complaint that Melissa Chinery and Sandra Lee acted on behalf of the union, as a whole and in a representative capacity.[50]   Furthermore, Plaintiff argued that APFA conducted the arbitration, as is the responsibility of the National Secretary and the National Treasurer.[51]

Finally, this is not conduct isolated to only Chinery and Lee, as evidenced by the email received by Erik Harris. It is undeniable that he received this email on October 22, 2020, and clearly failed to forward this email until two years later to the rest of the union.[52]   This indicates a national officer concealed these documents to achieve the votes on the Executive Committee

---

[49] Docket No. 1, Pl. Original Compl. ¶ 33-36, PAGEID 13-15; Chinery-Burns and Lee Charges, [*Appendix* p. 86-87]. This indicates the charges were filed November 24, 2020—which means any information discovered 60 days prior to this date are subject to arbitration and filing charges—however the email exchange clearly shows she had this information over a year prior to this date.

[50] Docket No. 1, Pl. Original Compl. ¶ 17-18, PAGE ID 6-7; Docket No. 41, Pl. Am. Response to Def. Mtn to Dismiss, PAGE ID 1045-1046.

[51] Docket No. 1, Pl. Original Compl. ¶ 60-66, PAGE ID 19-20; Docket No. 41, Pl. Am. Response to Def. Mtn to Dismiss, PAGE ID 1045-1046.

[52] Email to and from Erik Harris, [Appendix p. 1-15] (in particular, the court should note that the concealed documents were emailed directly to the APFA Treasurer over a month prior to charges being filed against Plaintiff, and that these documents are shown to have been sent to all union officers and the former counsel of record for the union—Margot Nikitas).

necessary to discipline the Plaintiff.[53]

### E.  Defendant's Breach of Fiduciary Duty Claims

Defendant asserts claims for breach of fiduciary duty under both LMRDA § 501 as well as under Texas Common Law.  Though Defendant did not file its motion for summary judgment as a partial summary judgment, Plaintiff will address the deficiencies with the Fiduciary Duty claims regardless.  Defendant failed to adequately substantiate the "good cause" requirement in its initial pleading list the elements of these claims within the Brief filed in support of the summary judgment.  Plaintiff will address both claims as a result.

The claim for a breach of fiduciary duty under LMRDA § 501(b) provides only a claim on behalf of the members and not the union[54], nor can Defendant recover on both claims, as they are duplicative in nature—recovery can only be obtained under the Texas common law claim for breach of fiduciary duty.[55]  Furthermore, the "good claim" requirement is not substantiated in the initial counterclaim.[56]  Therefore, Plaintiff will isolate its arguments to only Defendant's common law cause of action for breach of fiduciary duty.

---

[53] Email to and from Erik Harris, [Appendix p. 1-15] (in particular, the court should note that the concealed documents were emailed directly to the APFA Treasurer over a month prior to charges being filed against Plaintiff, and that these documents are shown to have been sent to all union officers and the former counsel of record for the union—Margot Nikitas.

[54] Int'l Bhd. of Teamsters Local 651 v. Philbeck, 423 F.Supp.3d 364 (E.D. Ky. 2019) ("There is a circuit split regarding whether § 501 of the LMRDA provides *a union* with a federal cause of action against a union official for breach of a fiduciary duty). (Compare *Building Material and Dump Truck Drivers, Local 420 v. Traweek*, 867 F.2d 500 (9th Cir. 1989) (finding no implied cause of action), with *International Union Pacific Operating Eng. v. Ward*, 563 F.3d 276 (7th Cir. 2009); *International Union of Electronic, Electrical, Salaried, Machine & Furniture Workers, AFL-CIO v. Statham* , 97 F.3d 1416 (11th Cir. 1996) (finding an implied cause of action); *Int'l Union, Sec. Police & Fire Professionals of Am. v. Faye* , 828 F.3d 969, 975 (D.C. Cir. 2016).  (concluding that the union is a proper plaintiff under § 501 ). (The Supreme Court has acknowledged the split of authority but declined to resolve the issue. . . . The Ninth Circuit interpreted § 501 to mean that suits are available to individual members of the union, not the union itself. *Traweek* , 867 F.2d at 506-07. The court explained that federal jurisdictional statutes should be construed narrowly and there is a "federal policy of noninterference in the internal affairs of unions and labor matters.")

[55] *See Kovach v. Serv. Pers. & Emps. of the Dairy Indus.,* 58 F.Supp.3d 469 (W.D. Pa. 2014); *Hoffman v. Kramer*, 362 F.3d 308 (5th Cir. 2004).

[56] See *Hoffman v. Kramer*, 362 F.3d 308 at 319; (5th Cir. Held that "in order to establish good cause, we have today held that a plaintiff must: First, allege misconduct that directly implicates the fiduciary duties enumerated in § 501(a); second, show that the remedies sought would realistically benefit the union and/or the membership of the union; third, plausibly allege facts supporting a conclusion that the breaches of § 501 were presented to the union; fourth, make a showing that the union's refusal to act was objectively unreasonable in the ways we have described; and, finally, convince the court that some evidence exists, disputed or not, that will support the claims of a breach of fiduciary duties under § 501(a)".)

Under Texas law, the elements of a claim for breach of fiduciary duty are: 1) there is fiduciary relationship between the plaintiff and defendant; 2) the defendant breached his fiduciary duty to the plaintiff; and 3) the defendant's breach proximately caused injury to the plaintiff or benefit to the defendant.[57]

Plaintiff was charged and disciplinary hearings were conducted in which the evidence was concealed and falsified.[58] The falsified documents from the accounting firm, and are all inadmissible evidence to support a finding that Plaintiff breached his fiduciary duty.[59] Furthermore, Plaintiff was not entitled to question the most pertinent witness to his case—the APFA National Treasurer—due to the interruption and interference of the Arbitrator.[60] Consequently, denial of the motion for summary judgment should be granted based upon the fact that no evidence was admitted to support the charges.

(1) Plaintiff owed no fiduciary duty after the date of April 2, 2018

Plaintiff's Transition Agreement was signed on March 1, 2018, and his last day in office was on April 2, 2018.[61] Consequently any payments made under the Transition Agreement would have been outside the time-period that Ross owed a fiduciary duty to the union.[62] Furthermore,

---

[57] *Jones v. Blume,* 196 S.W.3d 440, 447 (Tex. App.- Dallas 2006, pet. denied).
[58] Docket No. 1, Pl. Original Compl. ¶ 22-27, 28-29, PAGEID 8-10, 11-12; See Email from Hal O'Neil to Erik Harris on October 22, 2020, [Appendix p. 1-15]; Martin's Affidavit [Appendix p. 31-39]; Pl.'s Original Petition, Tarrant County Justice Court, Precinct Three, JP03-22-D00017757; [Appendix p. 29]; Email to and from Erik Harris, [Appendix p. 1-15] (in particular, the court should note that the concealed documents were emailed directly to the APFA Treasurer over a month prior to charges being filed against Plaintiff, and that these documents are shown to have been sent to all union officers and the former counsel of record for the union—Margot Nikitas.
[59] Docket No. 1, Pl. Original Compl. ¶ 22-27, 28-29, PAGE ID 8-10, 11-12; Affidavit of Nena Martin, Email from Erik Harris to Board of Directors and Executive Committee [Appendix p. 31-39]; Pl.'s Original Petition, Tarrant County Justice Court, Precinct Three, JP03-22-D00017757; [Appendix p. 29]; Email to and from Erik Harris, [Appendix p. 1-15] (in particular, the court should note that the concealed documents were emailed directly to the APFA Treasurer over a month prior to charges being filed against Plaintiff, and that these documents are shown to have been sent to all union officers and the former counsel of record for the union—Margot Nikitas.
[60] Docket No. 1, Pl. Original Compl., ¶ 35, PAGEID 14.
[61] Docket No. 1, Pl. Original Compl. ¶ 16, PAGEID 6; Docket No. 8, Def. Answer and Counterclaim, ¶16, PAGEID 81; See Email from Hal O'Neil to Erik Harris on October 22, 2020, [Appendix p. 1-15].
[62] Docket No. 1, Pl. Original Compl. ¶ 22-27, 28-29, PAGEID 8-10, 11-12; See Email from Hal O'Neil to Erik Harris on October 22, 2020, [Appendix p. 1-15].

none of the facts asserted, or evidence attached to Defendant's Brief in support of its Motion for Summary Judgment illustrate a finding that there was a fiduciary duty, that the conduct of Plaintiff breached that duty, and caused Defendant to suffer damages.

(2) <u>Defendant asserts that hearsay evidence admitted in the arbitration as indicative of Plaintiff's breach of fiduciary duty.</u>

In fact, the evidence submitted at the arbitration was entirely unreliable.[63] The APFA Treasurer's, Erik Harris ("Harris"), testifies that the financial records are disorganized and not maintained.[64]  Harris states that the financial records were in disarray and that he was not always present at the time the charging parties inspected the documents.[65]  He also testifies there were many documents that he could not find amidst the financial records, further indicating the unreliability of the documents.[66]  Plaintiff objects to the admittance of these records as they are unreliable, and the Arbitrator immediately goes off the record.[67]  When he comes back on the record, the Arbitrator coerces Plaintiff to waive his objections by telling Plaintiff:

> "I hear your concern, but all we're—we're—we're accepting this for the reason that he [Harris]—he complied with the subpoena and that's what these documents are, nothing else.  We're not saying that they're true, correct or whatever, we're just submitting it in based upon the duces tecum.  Okay? Okay. It's—do you still have any objection?"[68]

Plaintiff reluctantly waives his objections, so as not to offend the Arbitrator and after being told the financial documents will not be admitted for the truth of the matter asserted.[69]  Whereas

---

[63] Transcript of Ross Arbitration, [*Appendix* p. 63-66] (Harris testifies to the fact that the APFA financial records were in disarray, thus indicating that these documents were not maintained according to union-policy and standard record-keeping methods.)

[64] Transcript of Ross Arbitration, [*Appendix* p. 63-66].

[65] Transcript of Ross Arbitration, [*Appendix* p. 64]. (Harris states that he is not present with the charging parties each time they inspect the documents, giving them ample opportunity to plant, take, or supplement evidence—as was the case in the Moyer arbitration where a false copy of the Transition Agreement was the basis of the charges asserted against the APFA Board of Directors for offering Ross his Transition Agreement—charges were dismissed by the arbitrator on this falsified documentation).

[66] Transcript of Ross Arbitration, [*Appendix* p. 64].

[67] Transcript of Ross Arbitration, [*Appendix* p. 67-69].

[68] Transcript of Ross Arbitration, [*Appendix* p. 69].

[69] Transcript of Ross Arbitration, [*Appendix* p. 69].

this is exactly what the Arbitration Award does, it accepts the financial documents as evidence that the charges were made and valid.[70]   This exchange proves that the evidence for which the Arbitrator relied on, for which the Defendant's assert as summary judgment evidence that Plaintiff breached his duty and proximately caused the damages, is unreliable and inadmissible evidence to support the claim asserted.  This testimony exemplifies the nature of this "kangaroo court," the clear undeniable unreliability of the evidence, and exposes the Arbitrator's partial and inappropriate conduct—thus illustrating a disputed issue of material fact exists.

## III.   CONCLUSION AND PRAYER

For the reasons state herein, Plaintiff requests that the Court deny Defendant's Motion for Summary Judgment and grant Plaintiff's Claims for Relief.

Respectfully submitted,
K.D. PHILLIPS LAW FIRM, PLLC

By:   /s/ Kerri Phillips
Kerri Phillips
Texas Bar No. 24065906
Phone: (972) 327-5800
Email: kerri@KDphillipslaw.com

By:   /s/ Heather Abreu
Heather Abreu
Texas Bar No. 24122577
Phone: (972) 327-5800
Email: heather@KDphillipslaw.com

5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Fax: (940) 400-0089
For Service of Filings:
notice@KDphillipslaw.com

**ATTORNEYS FOR PLAINTIFF**

---

[70] Docket No. 1, Pl. Original Compl. ¶36, PAGE ID 14-15, 55-57, *Ross Arbitration Award, Issued March 19, 2022.*

## **CERTIFICATE OF SERVICE**

I certify that true and correct copy of this document was sent to all counsel of record, hereunder listed via ECF Filing on this the 1st day of November 2022.

William Osborne, Sanford Denison, Michael Rake

_/s/Kerri Phillips_____
Kerri Phillips