IN THE UNITED STATES DISTRICT COURT
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ROBERT (BOB) ROSS,** § | | |
| § | | |
| Plaintiff/Counterclaim Defendant, § | | |
| § | | |
| v. § | Civil Action No. 4:22-CV-00343-Y | |
| § | | |
| **ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, MCGAUGHEY, REBER AND ASSOCIATES, INC., JULIE HEDRICK, AND ERIK HARRIS,** § § § § § § | | |
| § | | |
| Defendants/Counterclaim Plaintiffs § | | |

### MOTION FOR STAY OF DISCOVERY AND SUPPORTING BRIEF

Defendant and Counterclaim/Plaintiff Association of Professional Flight Attendants ("APFA"), by its undersigned counsel, respectfully moves, pursuant to Rule 26(c) F.R.C.P., for a stay of discovery pending ruling on APFA's dispositive motion for summary judgment (Doc. 42), which is predicated on entirely legal grounds, and which if granted will be dispositive of this case. In support thereof APFA submits the following brief.

### STATEMENT OF THE CASE

This litigation was initiated by Plaintiff Ross, on April 20, 2022 (Doc. 1), in an attempt to vacate a "final and binding" arbitration decision adverse to him. On May 16, 2022, the Union Defendants answered and APFA counterclaimed for enforcement of the arbitrator's decision (Doc. 8). The Union Defendants thereafter moved on July 21 to dismiss Plaintiff's claims against the Union Defendants on entirely legal bases (Doc. 27) -- for lack of subject matter jurisdiction and for failure to state a claim. On October 22, 2022 the Court granted the Union Defendants' motion and dismissed all of Plaintiff's claims against them, including Plaintiff's

1

claim seeking to vacate the arbitrator's decision, and ordered that this case proceed as to APFA's counterclaim for enforcement of the arbitrator's decision (Doc. 51).

On September 20, 2022, Defendant APFA moved for summary judgment to enforce the arbitration decision against Ross pursuant to its counterclaim (Doc. 42). As APFA advised the Court in its motion for summary judgment, the Union Defendants' motion to dismiss Ross's claims and the APFA's pending motion to enforce the arbitration award are essentially two sides of the same coin -- validating the arbitration award and negating Ross's attempt to vacate it -- and together the two motions are completely dispositive of this case as between these parties. Doc. 43 at p, 2-3 fn. 1.

On October 6, Ross obtained an extension of time to respond to APFA's summary judgment motion to enforce the arbitration award until November 1 (Doc. 49). Five (5) days later, on October 11, while the foregoing dispositive motions were pending and *over two (2) months* after the discovery period had begun on August 3 (Doc. 28), Ross's counsel initiated discovery sending Defendants' counsel a copy of five (5) subpoenas *duces tecum* and indicated they would be served that week.

The subpoenas were sent to third parties, including the Arbitrator,[1] and were drafted in broad and generic formats: the five (5) subpoenas seek "any and all documents … relating to internal union disciplinary procedures" against Ross, Eugenio Vargas and Nena Martin; "relating to the parties;" and "in relation to the Association of Professional Flight Attendants," Vargas, Martin and Ross, without limitation or qualification. The subpoenas *do not* request documents

---

[1] Courts have "repeatedly condemned" and prohibited discovery aimed at arbitrators, including depositions and document subpoenas. *Legion Ins. Co. v. Ins. General Agency, Inc*., 822 F.2d 541, 543 (5th Cir. 1987); *Positive Software Sols., Inc. v. New Century Mortg. Corp*., 476 F.3d 278, 285 (5th Cir. 2007) (*en banc*); *Vantage Deepwater Co. v Petrobras Am. Inc*., 966 F.3d 361, 372-75 (5th Cir. 2020); *Affordable Care, LLC v. McIntyre*, Civil Action 121-cv-85-TBM-RPM (S.D. Miss. Mar. 31, 2022).

"relating to" the legal issues presented by the Union Defendants' motion to dismiss Ross's claims or by APFA's pending motion for summary judgment to enforce the arbitration decision issued against him. The Union Defendants and the Arbitrator have served an objection pursuant to F.R.P.C. 45(d)(2)(B) to the subpoena served on the arbitrator and an objection has been served to a subpoena directed to one other of the third parties served.

## APPLICABLE LEGAL PRINCIPLES

A stay of discovery "is not a matter of right, even if irreparable injury might otherwise result." *Texas Democratic Party v. Abbott*, 961 F. 3d 389, 397 (5th Cir. 2020), citing *Nken v. Holder*, 556 U.S. 418, 433 (2009). Whether to grant a stay is committed to the Court's discretion. *Thomas v. Bryant*, 919 F.3d 298, 303 (5th Cir. 2019). The operative factors are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 426. "The first two factors are the most critical." *Valentine v. Collier*, 956 F.3d 797, 801 (5th Cir. 2020) (*per curiam*). The burden of establishing the appropriateness of a stay of discovery is upon the moving parties. *Clinton v. Jones*, 520 U.S. 681. 708 (1997).

The Fifth Circuit has also held that a district court has "broad discretion" under F.R.C.P. 26(c) to stay discovery for "good cause" when resolution of preliminary questions raised by a dispositive motion to dismiss or for summary judgment would "preclude the need for [] discovery altogether thus saving time and expense." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990). And this Court has granted motions to stay discovery pending the Court's ruling on a motion to dismiss which raises substantial arguments that would be dispositive of the entire case and/or when the conduct of discovery would be unduly

3

burdensome and would not aid in, and was not necessary for, resolution of the threshold dispositive motion. *Endure Indus. v. Vizient, Inc*., 2021 U.S. Dist. LEXIS 162157, 2021 WL 3771770 at *2-3 (N.D. Tex. 2021) (J. Brown); *Primesource Bldg. Prod., Inc. v. Lee Grp. Int'l, Inc.,* 2020 U.S. Dist. LEXIS 195681, 2020 WL 6140462, at *1 (N.D. Tex., 2020) (J. Starr); *Von Drake v. National Broadcasting Co., Inc*.,), 2004 U.S. Dist. LEXIS 25090, 2004 WL 1144142, at *1 (N.D. Tex.) (J. Kaplan); See also *Fujita v. United States,* 416 Fed. App'x 400, 402 (5th Cir. 2011).

## **ARGUMENT**

APFA respectfully submits that a stay of discovery is plainly appropriate here. APFA's pending motion for summary judgment to enforce the arbitrator's decision (Doc. 42) is purely legal not factual in nature, and is predicated upon the well settled axiom of federal labor law that an arbitration decision is to be judicially enforced in federal court except in very rare circumstances that Plaintiff Ross does not even allege are present here. Brief in Support of Motion for Summary Judgement (Doc. 43 at pp. 6-7). Likewise, the Court's recent ruling was legally premised, based entirely upon a nonexistent jurisdictional predicate. Order (Doc. 51 at pp. 1-2); Motion to Dismiss (Doc. 27 at pp. 5-6).

Not only has APFA made a "strong showing" that the Union will succeed on the merits of the pending and dispositive motion for summary judgment, *Texas Democratic Party v. Abbott*, 961 F. 3d at 397, but Ross cannot show any conceivable injury that could result from postponing compliance and/or litigation over the subpoenas.

Further, these subpoenas are objectionable as boilerplate in format, *e.g*., *Feldman v. Stryker Corp.,* 2020 U.S. Dist. LEXIS 264435, 2020 WL 13430174 at *2 (N.D. Tex. 2020) (J. Scholer), and the subpoena to the arbitrator may also implicate disputes over arbitral immunity. *Vantage Dependable Co. v. Petrobras Am., Inc.***,** 966 F. 3d 361, 372-74 (5th Cir. 2020)**;** *Positive*

4

*Software Sols., Inc. v. New Century Mortg. Corp.*, 476 F.3d 278, 285 (5th Cir. 2007) (*en banc*)). And the subpoenas *do not* relate to the legal issues pending before the Court. *Landry v. Airline Pilots*, 416 F. 2d at 435-36 (stay of discovery affirmed where issues raised were "purely legal and … discovery will therefore not aid in their resolution.")  Because Plaintiff waited *two months* before initiating discovery there can hardly be any exigency to the subpoenas.

## CONCLUSION

The affected parties and the Court will benefit from postponing and likely avoiding the discovery disputes the subpoenas may generate. And no conceivable prejudice to Plaintiff Ross will result from the stay of discovery to allow APFA's legally premised and dispositive motion for summary judgment to be decided.

Date: November 9, 2022                          Respectfully Submitted,

  /s/ Sanford R. Denison  
SANFORD R. DENISON  
Tex. Bar No. 05655560  
Baab & Denison, LLP  
6301 Gaston Ave., Suite 550  
Dallas, TX  75214  
Tel.: (214) 637-0750  
Fax.: (214) 637-0730  
Email: denison@baabdenison.com

WILLIAM W. OSBORNE JR.*  
D.C. Bar No. 912089  
Osborne Law Offices P.C.  
5335 Wisconsin Avenue N.W., Suite 440  
Washington, D.C. 20015  
Tel.: (202) 243-3200  
Fax: (202) 686-2977  
Email: b.osborne@osbornelaw.com

*Counsel for Defendant Counterclaim Plaintiff Association of Professional Flight Attendants, and Defendants Julie Hedrick and Erik Harris*

*Admitted *Pro Hac Vice*

## CERTIFICATE OF CONFERENCE

Undersigned counsel for the Union Defendants certifies that on the 9th day of November 2022 he sent an email to both counsel of record for Plaintiff Ross requesting that they advise by return email whether Plaintiff Ross opposed or did not oppose this motion to stay discovery in this case pending ruling by the Court on APFA's pending motion for summary judgement (Doc. 42). Counsel for Plaintiff Ross has advised by email to undersigned counsel for the Union Defendants that Plaintiff Ross is opposed to this motion to stay discovery.

Undersigned counsel for the Union Defendants further certifies that he has conferred with counsel for Defendant McGaughey, Reber and Associates, Inc who advised that this Defendant does not oppose this motion to stay discovery.

       */s/ Sanford R. Denison*
       SANFORD R. DENISON

## CERTIFICATE OF SERVICE

I certify that on this 9th day of November 2022 a true and correct copy of the foregoing document was served on the below listed counsel of record for Plaintiff/Counterclaim Defendant Ross by a means permitted by Rule 5(b)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.").

KERRI PHILLIPS
HEATHER ABREU
K.D. Phillips Law Firm, PLLC
5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
Email: Heather@KDphillipslaw.com

MICHAEL R RAKE
Michael R. Rake, Attorney at Law
PO Box 1556
Lake Dallas, TX 75065
Tel.: (940) 498-2103
Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com

       */s/ Sanford R. Denison*
       SANFORD R. DENISON