IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS FT. WORTH DIVISION

| | |
|---|---|
| ROBERT "BOB" ROSS<br>Plaintiff/Counterclaim Defendant<br><br><br>ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, MCGAUGHEY, REBER AND ASSOCIATES, INC., JULIE HEDRICK, ERIK HARRIS<br><br>Defendants/Counterclaim Plaintiff. | Case No. 4:22-CV-00343-Y |

### RESPONSE TO DEFENDANT'S MOTION TO STAY DISCOVERY AND SUPPORTING BRIEF

Plaintiff/Counterclaim Defendant, Robert "Bob" Ross ("Ross" or Plaintiff) respectfully submits this brief in response to Defendant's Motion to Stay Discovery (Doc. 54) filed by Defendant/Counterclaim Plaintiff Association of Professional Flight Attendants ("APFA" or "the Union" or "Defendant").

This case was initiated by Plaintiff, to recover lost damages suffered from a union disciplinary award issued in an arbitration decision adverse to Plaintiff—a disciplinary hearing in which APFA National Officers withheld documents and misrepresented pertinent and exculpatory information to the union governing bodies to achieve the votes needed to proceed with a disciplinary arbitration and an award against Plaintiff issued. Plaintiff filed this claim for an infringement of his right to a fair hearing under LMRDA among other claims (Docket 01). The Union filed counterclaims asserting breach of fiduciary duty under common law and LMRDA, as

well as a claim under §301a of the LMRA for an injunction to enforce the union's constitution arbitration award (Docket 08). Defendant filed a Motion for Summary Judgment of its counterclaims. (Docket 42). Plaintiff filed its Response to Defendant's Motion for Summary Judgment attaching undeniable evidence of Defendant's concealment of documents absolving Plaintiff of any wrong-doing. (Docket 52). Consequently, Defendant now files a Motion to Stay Discovery. (Docket 54). Plaintiff now comes before the Court and files its Response to Defendant's Motion to Stay Discovery and will show the Court that imposing a stay on discovery only further allows Defendant to conceal the truth of the matter before this Court.

Plaintiff asserts its arguments to show that the Union is not entitled to a stay of discovery. It ignores the standing laws and regulations in support of a union's policy to maintain open records and transparency as it relates to financial governance of the union.

## I.     Legal Standards

There is a four-factor test in analyzing whether to stay discovery proceedings in any case. "The party requesting a stay pending appeal has the burden of establishing that a stay is justified. Our consideration of such requests is governed by the traditional, four-factor standard-namely, '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.' Because the first two factors are the most critical, an applicant's failure to demonstrate the requisite likelihood of success or irreparable harm ordinarily will be dispositive of the stay inquiry."[1]  Furthermore, "[a] stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise

---

[1] *In re Herber* (S.E.C. 2020).

**Plaintiff's Response to Defendant's Motion to Stay Discovery** - **PAGE 2**

result to the appellant."[2] To grant a stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case."[3]

The first two factors weigh heavily in favor of the court's denial of Defendant's Motion to Stay Discovery.

## II.    Application of the Four-Factor Test:

**Factor One**: Whether the stay applicant has made a strong showing that he is likely to succeed on the merits.

Defendant shall not succeed on the merits of its counterclaims for breach of fiduciary duty as a matter of law. As it concedes, all conduct of which it complains occurred while Plaintiff held union national office. Plaintiff left office more than four years prior to the filing of its counterclaims.[4] Defendant fails to assert facts that establish its breach of fiduciary duty claims are beyond the statutory limitations period, and a valid claim of recovery. Defendant agrees these claims are moot.[5] Therefore, these two claims must be denied based on the failure to assert claims for which Defendant can recover.[6]

In terms of enforcement of APFA's arbitrator's award, controlling precedent prohibits enforcement of an arbitration award that relies solely on the APFA Constitution.[7] Defendant seeks an injunction to enforce its arbitration award based solely on APFA's Constitution.[8] However, in

---

[2] *Barber v. Bryant*, 833 F.3d 510, 511 (5th Cir. 2016) (quoting *Nken v. Holder*, 556 U.S. 418, 427 (2009)).
[3] *Nken*, 556 U.S. at 433. *Sw. Airlines Co. v. Transp. Workers Union of Am. AFL-CIO Local 555*, CIVIL ACTION NO. 3:16-CV-3536-G (N.D. Tex. May. 22, 2018)
[4] Docket No. 8, ¶17, Def. Answer and Counterclaims, PAGEID 82 (Defendant agrees that Plaintiff left office on March 2, 2018); *See* Docket No. 8, Def. Answer and Counterclaims, PAGEID 107-118 (Defendant files its counterclaims on May 16, 2022).
[5] Docket No. 60, PAGEID 1650-1654.
[6] *Stewart v. Int'l Ass'n of Machinists & Aerospace Workers*, 16 F.Supp.3d 783 (S.D. Tex. 2014) (Court holding that a § 501 of LMRDA claim for breach of fiduciary duty is barred as "In Texas, the statute of limitations for a claim of breach of fiduciary duty is four years. Tex. Civ. Prac. & Rem.Code § 16.004. . . .The Union referred to actions that Stewart allegedly took "as Local Chairman," a position he held until April 2012. The court, therefore, concludes that Stewart and Hall cannot prevail in their motions to dismiss on the basis that the Union's claims are time-barred.")
[7] *Adams-Lundy v. A.P.F.A*, 792 F.2d 1368, 1370 (5th Cir. 1986) ("*Adams-Lundy II*")(vacating an injunction issued by the ND TX district court enforcing an arbitration award based solely on the APFA constitution and holding "We hold that the district court had no jurisdiction to enforce the arbitral award, and we therefore vacate the district court's orders.").
[8] Docket No. 08, PAGEID 107-118 (note, in particular, that in APFA's prayer it requests a judgment and injunctive relief in favor of APFA ordering Ross to abide by and enforce the Arbitrator's Award.).

**Plaintiff's Response to Defendant's Motion to Stay Discovery** - **PAGE 3**

*Adams-Lundy v. APFA*, reviewed an injunctive order from the Northern District Federal Court of Texas enforcing an arbitrator's award based solely on APFA's Constitution and vacated the district court's order citing that the court lacked jurisdiction.[9]   Ironically, the union at issue in *Adams-Lundy* is the same union at issue before this court—the Association of Professional Flight Attendants ("APFA").[10]  The 5th Circuit ruled that ". . . the federal courts are without jurisdiction to enforce an arbitration award that is based solely on an internal union constitution.  It was therefore error for the district court to enter an order enforcing the arbitrator's award and to enter a preliminary injunction in support of the arbitration award and orders. . . .."[11] The 5th Circuit Court of Appeals vacated all orders on appeal and remanded the case back to the district court to render a ruling consistent with its opinion.[12]

Here, Defendant seeks an injunction enforcing the arbitrator's award based solely on the very same union's constitution at issue before the 5th Circuit in *Adams-Lundy*.[13]  The cases are identical.  The 5th Circuit stated that "[t]he rights adjudicated by the arbitrator were thus not LMRDA rights, but a type of contractual rights provided for union officers in an agreement between the union and its members, the constitution of the APFA.  A union's violation of its own constitution is not per se a violation of the LMRDA, and a federal court has no jurisdiction to enforce union constitutions and by-laws as such."[14]  This court *must* follow the *Adams-Lundy* precedent and deny Defendant's claim to enforce the arbitrator's award for it lacks jurisdiction.

---

[9] *Adams-Lundy II*, 792 F.2d at 1373.
[10] *Id.* at 1373.
[11] *Id.* at 1373.
[12] *Id.* at 1373.
[13] Docket No. 08, PAGEID 107-118 (note, in particular, that in APFA's prayer it requests a judgment and injunctive relief in favor of APFA ordering Ross to abide by and enforce the Arbitrator's Award.).
[14] *Adams-Lundy II*, 792 F.2d at 1373; *Martin v. Local 556, Transp. Workers Union of Am.*, Civil Action No. 3:14-CV-0500-D (N.D. Tex. May. 19, 2016).

**Plaintiff's Response to Defendant's Motion to Stay Discovery** - **PAGE 4**

Defendant makes futile arguments that Plaintiff conceded that the APFA Constitution is an inter-union contract.[15] The record reflects that Plaintiff consistently contended the APFA Constitution is one between the members and the National Union.[16]

However, this argument is irrelevant. Defendant still carries the burden to prove jurisdiction in a well-pleaded complaint.[17] Dismissal of its claims based on Rule 12(b)(1) for lack of subject matter jurisdiction is a compulsory review required by federal courts prior to ruling on the merits of any given case.[18] A motion to dismiss for lack of jurisdiction may be asserted at any time during litigation—even on the court's own motion.[19] Therefore, Defendant's arguments that its entitled to Summary Judgment are inconsequential.[20] Regardless of Plaintiff arguments about jurisdictional limits—the case law precedent controls. The 5th Circuit Court held that federal jurisdiction does not exist to enforce an arbitration award based solely on APFA's constitution. The 5th Circuit Court's ruling in the *Adams-Lundy* case is an insurmountable hurdle which the Union cannot defend. APFA's counterclaims are barred as a matter of law.

---

[15] Docket No. 60, PAGEID 1650-1654.
[16] Docket No. 01, PAGEID 19-20; Docket No. 41, PAGEID 1048-1049. Plaintiff's response to the Motion to Dismiss clearly asserts there's no collective bargaining agreement is at issue. Plaintiff further argues that the APFA constitution is a contract between the union and its members—and goes so far as to cite the APFA Constitutional provisions attached under Art. I, Sec. 2 that outline the purpose is to represent the members and governs the relationship between the members and the union. It is indisputable based on the public record—the union governs members; no record has ever been made with the Secretary of Labor that APFA consists of any affiliation unions or parent-subsidiary (a form of an affiliate union relationship) dynamic. Secretary of Labor has confirmed with undersigned counsel that no record exists reflecting any affiliated relationship for APFA).
[17] "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted) (jurisdiction lacking).
[18] *United States v. United Mine Workers of Am.*, 330 U.S. 258, 292 (1947); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)) (All courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.) (jurisdiction upheld).
[19] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Sinochem Int'l Co. Ltd. V. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (declining to address jurisdiction and holding that district courts had authority to dismiss action on *forum non conveniens* grounds before considering the merits) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102 (1998)).
[20] Docket No. 60.

**Factor Two:** Whether the applicant will be irreparably injured absent a stay.

Defendant will suffer no harm in denial of a stay because the documents requested are those Defendant already carries a burden to make publicly accessible for review under 29 U.S.C. § 431 *et. seq.* The pertinent portion of the LMRDA states that:

> (c) Every labor organization required to submit a report under this title shall make available the information required to be contained in such report to all of its members, and every such labor organization and its officers shall be under a duty enforceable at the suit of any member of such organization in any State court of competent jurisdiction or in the district court of the United States for the district in which such labor organization maintains its principal office, to permit such member for just cause to examine any books, records, and accounts necessary to verify such report. The court in such action may, in its discretion, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.[21]

The Plaintiff issued subpoenas and requested evidence as follows:

(1) Request from Defendants—to produce any documents and disclose any insurance and/or surety bond covering any of the parties to the suit, documents, audits, and communications with accountants relating to the Ross Administration.[22]

(2) Requests from Woods, Stephens & O'Neil LLP—for all documents communications, audits and/or reports used for any review or audit of the APFA Certified Public Accountant reported on the LM-2 annual filing that conducts the annual audits used to create the LM-2 filed with the U.S. Department of Labor.[23]

(3) Requests from Cornwall Jackson, LLP—the APFA Certified Public Accountant hired to conduct an audit of Plaintiff's alleged unlawful expenses—requested all documents, reports, audits and communications relating to the Ross Administration.[24]

(4) Requests from Arbitrator Ruben Armendariz—for all documents and communications relating to arbitration awards issued against any member of the Ross Administration.[25]

---

[21] 29 U.S.C. § 431 *et. seq*.
[22] 29 U.S.C. § 502(a) (setting bonding requirements for all union officers stating they "shall be bonded **to provide protection against loss by reason of acts of fraud or dishonesty on his part directly or through connivance with others.**").
[23] 29 U.S.C. §§ 431, 436 (LMRDA requires that "(c) Every labor organization required to submit a report under this title shall make available the information required to be contained in such report to all of its members, and every such labor organization and its officers shall be under a duty enforceable at the suit of any member of such organization in any State court of competent jurisdiction or in the district court of the United States for the district in which such labor organization maintains its principal office, to permit such member for just cause to examine any books, records, and accounts necessary to verify such report. The court in such action may, in its discretion, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.")
[24] Basis for the Arbitrator's increased award was this accounting firm's audit report of Plaintiff's unlawful charges and expenses—Plaintiff was not privy to the communications with the Arbitrator requesting an updated award, nor was Plaintiff ever served a copy of the audit report that formed the basis of the substantial increase in the union's arbitration award against Plaintiff.
[25] APFA Const. Art. IV, *et. seq.* (outlining the requirement of the union to maintain documents in accordance with state and federal laws and make audits and financial documents accessible to members).

(5) Requests from Nena Martin and Heidi Morgan—union representatives for Eugenio Vargas's arbitration and union leaders during the Ross Administration. Plaintiff requested all documents, communications and evidence in their possession relating to the Ross Administration.

To date, Plaintiff has only received documents from Vargas's union representatives—all other parties are either in defiance or made objections and failed to serve any documentation responsive to Plaintiff's requests.  Plaintiff limited his discovery requests to only documents, communications, reports or other tangible written records.  Plaintiff neither demanded nor conducted any depositions, thus far.  Plaintiff's requests were reasonable—all the evidence sought related to the disciplinary arbitration hearings for the Ross Administration or financial document used in preparing the LM-2.  Defendant filed its motion to stay discovery only after Plaintiff filed its Response to Defendant's Motion for Summary Judgment.  Defendant's response relied upon an email between Hal O'Neil and Defendant, Erik Harris, which contained the Confidential Memo absolving Ross of any alleged overpayment.[26]  APFA has tried to conceal these documents as they clearly demonstrate the union and its officers' wrong-doing.  Now, Plaintiff has undeniable proof that APFA received notice that the allegations against Ross were improper, yet this email proves that APFA concealed this document and evidence of Plaintiff's innocence.

Plaintiff is entitled to a defense, and will be prejudice in any stay that limits his ability to prove up his affirmative defenses and establish the facts at issue in this case.

**Factor Three**: whether issuance of the stay will substantially injure the other parties interested in the proceeding.

Issuance of a stay *will* injure the Plaintiff substantially as Defendant refuses to produce any insurance or surety bond Plaintiff retained to comply with LMRDA § 501.  This surety bond covers any claims for misappropriation, fraud or dishonesty on the part of the officers while in

---

[26] Docket No. 52-2, PAGEID 1288-1302.

office.  Whether claims were made under the policy, whether Plaintiff can recover for attorney's fees, whether the union can recover for alleged lost funds—all issues herein relate to Plaintiff's surety bond in which Plaintiff acquired and paid for personally as required by federal law.  Union policy requires Plaintiff to acquire this surety bond, however he must leave all documents relating to the surety bond in the possession of Defendant, and as custodian of the documents—Defendants have acted in bad faith by failing to produce these insurance policy documents, or error and omissions policies.[27]  Defendant objected or denied any insurance exists in direct conflict with APFA's LM-2 on record with the U.S. Secretary of Labor.  If time limits for filing claims under the insurance policy exist, it will substantially injure Plaintiff for failure to make a timely claim.

**Factor Four:** where the public interest lies.

Public interest clearly lies in broad disclosure of financial documents and records pertaining to a union—as this is the policy interest served in enacting the Labor Management Reporting and Disclosure Act.   The LMRDA requires public disclosure of the financial records to ensure union members can hold its leadership accountable for management of union assets.  The 5th Circuit states "[t]he primary objective of the LMRDA is that of 'ensuring that unions would be democratically governed and responsive to the will of their memberships.'"[28]

In conclusion, Defendant argues for a stay of discovery but fails to meet the four-factor test.  In particular, the first two factors weigh against granting Defendant's motion because it cannot show the likelihood of success on the merits of its claim, and that it would suffer substantial injury because of a denial of the stay.  Consequently, Plaintiff respectfully requests this Court deny Defendant's Motion to Stay Discovery.

---

[27] APFA Const. Art-. IV, Sec.  5. ("All officers and employees of the APFA shall be bonded in the amounts not less than those provided for and required by applicable Federal law").
[28] *Adams-Lundy v. Association of Professional Flight Attendants*, 731 F.2d 1154, 1156 (5th Cir. 1984) (citing *Finnegan v. Leu*, 456 U.S. 431, 102 S.Ct. 1867 1870, 72 L.Ed.2d 239 (1982)).

Respectfully submitted,
K.D. PHILLIPS LAW FIRM, PLLC

By: /s/ Kerri Phillips
Kerri Phillips
Texas Bar No. 24065906
Phone: (972) 327-5800
Email: kerri@KDphillipslaw.com

By: /s/ Heather Abreu
Heather Abreu
Texas Bar No. 24122577
Phone: (972) 327-5800
Email: heather@KDphillipslaw.com

5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Fax: (940) 400-0089
For Service of Filings:
notice@KDphillipslaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that true and correct copy of this document was sent to all counsel of record, hereunder listed via ECF filing on this the 30th day of November 2022.

William Osborne, Sanford Denison, Michael Rake

/s/ Kerri Phillips
Kerri Phillips