IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT (BOB) ROSS, | § | |
|   Plaintiff/Counterclaim Defendant, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-00343-Y |
| | § | |
| ASSOCIATION OF PROFESSIONAL | § | |
| FLIGHT ATTENDANTS, *et al*., | § | |
|   Defendants/Counterclaim Plaintiff. | § | |

_____

| | | |
|---|---|---|
| EUGENIO VARGAS, | § | |
|   Plaintiff/Counterclaim Defendant, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-00430-Y |
| | § | |
| ASSOCIATION OF PROFESSIONAL | § | |
| FLIGHT ATTENDANTS, *et al*. | § | |
|   Defendants/Counterclaim Plaintiff. | § | |

## MOTION AND SUPPORTING BRIEF FOR LEAVE TO FILE A SURREPLY BRIEF TO RESPOND TO NEW ARGUMENTS RAISED IN PLAINTIFFS' REPLY BRIEFS OR, ALTERNATIVELY, TO STRIKE SUCH NEW ARGUMENTS

Defendants and Counterclaim/Plaintiff Association of Professional Flight Attendants ("APFA"), Julie Hedrick and Erik Harris (collectively "Union Defendants") respectfully move for leave to file a surreply brief to respond to new jurisdictional arguments raised for the first time by Plaintiffs Ross and Vargas in their reply briefs (Ross Doc. 62; Vargas 60) to the Union Defendants' responses (Ross Doc. 58; Vargas Do. 57) in connection with their motions (Ross Doc. 55; Vargas Doc. 55) seeking to vacate the Court's Orders dismissing their claims to vacate the arbitration decisions at issue (Ross Doc. 51; Vargas Doc 52) and seeking leave to file amended complaints.  These new arguments did not address any argument previously made by the Union Defendants in their responses to Ross's and Vargas's pending motions to vacate the Court's dismissal orders and amend their complaints (Ross Doc. 58; Vargas Doc. 57) and the

Union Defendants have not had any opportunity to respond to the new arguments. A proposed surreply brief is submitted herewith.  Alternatively, the Union Defendants move to strike the new arguments.

## STATEMENT OF THE CASE

These lawsuits were filed by Ross and Vargas in their attempts to vacate "final and binding" arbitration decisions adverse to them. (Ross Doc. 1; Vargas Doc. 1).  The Union Defendants filed motions to dismiss these claims for lack of subject matter jurisdiction and for failure to state a claim (Ross Doc. 27; Vargas Doc. 24). Thereafter, the Court dismissed all of Ross's and Vargas's claims against the Union Defendants, including their claims seeking to vacate the arbitrator's decisions (Ross Doc. 51; Vargas Doc. 52), and ordered that both cases proceed as to APFA's counterclaims (Ross Doc. 8; Vargas Doc. 11) for enforcement of the arbitrator's decisions.

APFA filed motions for summary judgment to enforce the arbitration decisions against Ross and Vargas (Ross Doc. 42; Vargas Doc. 43), to which Ross and Vargas responded (Ross Doc. 53; Vargas Doc. 53, and APFA then replied (Ross Doc. 53; Vargas Doc. 54). As of November 11, 2022, APFA's motions for summary judgement against both Ross and Vargas were thus fully briefed and ready for Court decision.[1]

On November 9, 2022, Ross and Vargas filed motions seeking to vacate this Court's October 22 Orders dismissing their claims against the Union Defendants and seeking leave to file amended complaints. (Ross Doc. 55; Vargas Doc. 55). On November 18, 2022 the Union

---

[1] Granting of APFA's motions for summary judgment will be dispositive of APFA's counterclaims in their entirety in both cases because enforcement of the arbitration decisions will also remedy APFA's remaining counterclaims for Ross's and Vargas's breaches of their fiduciary duties under the LMRDA and common law for engaging in the same misconduct addressed by the Arbitrator in his decisions. *See also* footnote 3 to APFA's responses to Ross's and Vargas's motion to vacate order and amend (Ross. Doc. 58 at p. 4, fn. 3; Vargas Doc. 57 at p. 4, fn. 3).

Defendants filed responses in opposition to Ross's and Vargas's motions to vacate this Court's orders of dismissal and to amend their complaints (Ross Doc 58; Vargas Doc. 57). On December 2, 2022, Ross and Vargas filed replies to the Union Defendants' responses (Ross Doc. 62; Vargas Doc. 60), which raised for the first time entirely new legal arguments regarding the Court's jurisdiction to enforce the arbitration decisions at issue which, while legally meritless, did not address any argument previously made by the Union Defendants in their responses or even by Ross or Vargas in their motions.

As the Union Defendants have not been afforded any opportunity to respond to Ross's and Vargas's new arguments, they hereby request leave to file a single and brief memorandum to explain why Ross's and Vargas's new arguments misrepresent the newly cited legal authority they purport to rely upon, and are thus utterly without merit. Alternatively, the Union Defendants move that such new arguments be stricken and not be considered by the Court in ruling on the pending motions to enforce the arbitration decisions.

## ARGUMENT

New arguments or evidence are not permitted to be raised for the first time in a reply brief, and a court may strike and disregard such new evidence or arguments or may grant the moving party an opportunity to respond to such new arguments or evidence by granting leave to file a surreply brief. To allow new argument in a reply "would deprive the non-movant of a meaningful opportunity to respond." *Jackson v. Dallas Cnty. Juvenile Prob. Dep'*t, 2007 U.S. Dist. LEXIS 54961, 2007 WL 2187250, at *4 (N.D. Tex. 2007) (Lynn, C.J.).  For that reason, "a court generally will not consider arguments raised for the first time in a reply brief" and *w*hen new evidence or arguments are raised in a reply, a court may strike the new evidence or arguments. *Pennsylvania Gen. Ins. Co. v. Story,* 2003 U.S. Dist. LEXIS 9923, 2003 WL

21435511, at *1 (N.D. Tex. 2003) (Fish, C.J.). ("[C]ourt[s] generally will not consider arguments raised for the first time in a reply brief.") [2]

In the alternative, a court may – and in this case should – grant the moving party an opportunity to file a surreply limited to responding to such new argument or evidence. *Anderton v. Texas Parks & Wildlife Dep't.*, 2014 U.S. Dist. LEXIS 185482, 2014 WL 11281086, at *1 n.1 (N.D. Tex. 2014), *aff'd*, 605 Fed. Appx. 339 (5th Cir. 2015). In such case "the sur-reply [] functions [] as a reply through which a movant or applicant appropriately has 'the last word on a matter.'" J*orge v. Atl. Hous. Found.*, 2022 U.S. Dist. LEXIS 183916, 2022 WL 6250698 at *__ (N.D. Tex. 2022) (J. Horan).[3]

The Union Defendants respectfully submit that in this instance, as opposed to striking and disregarding the new arguments contained in Ross's and Vargas's replies, that the Court should allow APFA to file a single surreply brief to address these new arguments by Ross and Vargas and, in particular, to explain why the primary legal authority they cite for the first time, *Adams-Lundy v APFA*, 792 F.2d 1368 (5th Cir. 1986), is categorically inapposite to the issues raised by the pending motions to enforce the Ross and Vargas arbitration decisions.[4]

---

[2] *See also Highpoint Risk Servs. LLC v. Companion Prop. & Cas. Ins. Co.,* 2015 U.S. Dist. LEXIS 129114, 2015 WL 5613336 (N.D. Tex.), *rec. accepted*, 2015 U.S. Dist. LEXIS 128098, 2015 WL 5666727 (N.D. Tex. 2015) (Lindsay, J.); *United States v. City of Dallas*, Tex., 2011 U.S. Dist. LEXIS 119046, 2011 WL 4912590, at *4 (N.D. Tex. 2011) (Ramirez, J.)

[3] Motion practice in this District is limited to the motion, the nonmovant's response, and the movant's reply, see L.R. 7.1 ( e)-(f), and, although surreply briefs are highly disfavored, they are permitted in certain limited circumstances where, as here, new arguments are first raised in a reply brief to which the movant has not had an opportunity to respond. *Campoamor v. Cengage Learning, Inc.*, 2010 U.S. Dist. LEXIS 155586, 2010 WL 11618843, at *1 (N.D. Tex. 2010) (Lynn, J.); *Gezu v. Charter Commc'ns*, 2021 U.S. Dist. LEXIS 23692, 2021 WL 419741, at *2 (N.D. Tex. 2021), rec. adopted, 2021 U.S. Dist. LEXIS 22116, 2021 WL 410000 (N.D. Tex. 2021) (Fish, J.); *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, 2003 U.S. Dist. LEXIS 1569, 2003 WL 251318, at *18 (N.D. Tex. 2003) (Solis, J.).

[4] As discussed in the surreply brief to be filed with leave of Court, the other decision relied upon ed by Ross and Vargas in support of their new arguments, *Martin v. Local 556, Transp. Workers*

## CONCLUSION

For the reasons stated above and in their proposed surreply brief, the Union Defendants

respectfully request leave of Court to permit the filing of that surreply brief, or that the new legal

arguments raised by Ross and Vargas be stricken.

Date: December 8, 2022                    Respectfully Submitted,

                                              /s/ Sanford R. Denison
                                          SANFORD R. DENISON
                                          Tex. Bar No. 05655560
                                          Baab & Denison, LLP
                                          6301 Gaston Ave., Suite 550
                                          Dallas, TX  75214
                                          Tel.: (214) 637-0750
                                          Fax.: (214) 637-0730
                                          Email: denison@baabdenison.com

                                          WILLIAM W. OSBORNE JR.*
                                          D.C. Bar No. 912089
                                          Osborne Law Offices P.C.
                                          5335 Wisconsin Avenue N.W., Suite 440
                                          Washington, D.C. 20015
                                          Tel.: (202) 243-3200
                                          Fax: (202) 686-2977
                                          Email: b.osborne@osbornelaw.com

                                          *Counsel for Defendant Counterclaim Plaintiff
                                          Association of Professional Flight Attendants, and
                                          Defendants Julie Hedrick and Erik Harris*

                                          *Admitted *Pro Hac Vice*

---

*of America*, 2014 U.S. Dist. LEXIS 122755, 2014 WL 4358480 at *8-9 (N.D. Tex. 2014)
(Fitzwater, J.), is likewise inapplicable in the present context.

## CERTIFICATE OF CONFERENCE

Undersigned counsel for the Union Defendants certifies that on the 8th day of December 2022 he sent an email to both counsel of record for Plaintiff  Ross requesting that they advise by return email whether Plaintiff Ross opposed or did not oppose this motion for leave to file a sur-reply to Plaintiff's reply or alternatively to strike the new argument contained in Plaintiffs' reply.

Counsel for Plaintiff Ross has advised by email to undersigned counsel for the Union Defendants that Plaintiff Ross is opposed to this motion.

Undersigned counsel for the Union Defendants further certifies that he has conferred with counsel for Defendant McGaughey, Reber and Associates, Inc who advised that this Defendant does not oppose this motion to stay discovery.


   */s/ Sanford R. Denison*
SANFORD R. DENISON

## CERTIFICATE OF SERVICE

I certify that on this 9th day of December 8, 2022 a true and correct copy of the foregoing document was served on the below listed counsel of record for Plaintiff/Counterclaim Defendant Ross by a means permitted by Rule 5(b)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.").

KERRI PHILLIPS
HEATHER ABREU
K.D. Phillips Law Firm, PLLC
5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
Email: Heather@KDphillipslaw.com

MICHAEL R RAKE
Michael R. Rake, Attorney at Law
PO Box 1556
Lake Dallas, TX 75065
Tel.: (940) 498-2103
Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com


   */s/ Sanford R. Denison*
SANFORD R. DENISON