IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ROBERT (BOB) ROSS,** § | | |
|    Plaintiff/Counterclaim Defendant, § | | |
| § | | |
| v. § | Civil Action No. 4:22-CV-00343-Y | |
| § | | |
| **ASSOCIATION OF PROFESSIONAL** § | | |
| **FLIGHT ATTENDANTS,** *et al.*, § | | |
|    Defendants/Counterclaim Plaintiff. § | | |

| | | |
|---|---|---|
| **EUGENIO VARGAS,** § | | |
|    Plaintiff/Counterclaim Defendant, § | | |
| § | | |
| v. § | Civil Action No. 4:22-CV-00430-Y | |
| § | | |
| **ASSOCIATION OF PROFESSIONAL** § | | |
| **FLIGHT ATTENDANTS,** *et al*. § | | |
|    Defendants/Counterclaim Plaintiff. § | | |

**SURREPLY TO PLAINTIFFS' REPLIES TO THE UNION DEFENDANTS'S RESPONSES TO PLAINTIFFS' MOTION TO VACATE ORDER AND FOR LEAVE TO FILE AMENDED COMPLAINTS, AND REPLY TO PLAINTIFF ROSS'S RESPONSE TO MOTION TO STAY DISCOVERY**

Defendants Counterclaim Plaintiff Association of Professional Flight Attendants ("APFA"), Julie Hedrick and Erik Harris (collectively "Union Defendants") respectfully submit this surreply[1] and response brief to both:

1. The replies by Plaintiffs Ross and Vargas (Ross Doc. 62; Vargas Doc. 60)[2] to the responses by the Union Defendants (Ross Doc.58; Vargas Doc. 57) to Plaintiffs'

---

[1] Contemporaneously with the filing of this surreply and response brief the Union Defendants have filed a motion for leave to file a surreply to Ross's and Vargas's replies (Ross Doc. 62; Vargas Doc. 60) to the Union Defendants responses (Ross Doc. 58; Vargas Doc. 57) limited to addressing the new arguments first raised by Ross and Vargas in those reply briefs.

[2] Citation to the docketed filings in *Ross v. APFA, et al*, No. 4:22-CV-00343-Y will be made by "Ross Doc. __" and to the docketed filings in *Vargas v. APFA, et al.*, No. 4:22-CV-00430-Y by Vargas Doc. __" where the number referenced will be to the ECF docket number of the document cited to in each case.

1

motions (Ross Doc. 55; Vargas Doc. 55), to vacate the Court's Orders (Ross Doc. 51; Vargas Doc. 52) dismissing their claims to vacate the arbitration decisions against them and for leave to file amended complaints; and

2. The response by Ross (Ross Doc. 61) to APFA's motion to stay discovery (Ross Doc 54).

This single, combined surreply and response is submitted because those submissions by Ross and Vargas share the same baseless and objectionable arguments, newly asserted therein, and are subject to being stricken by the Court as improper surreply submissions to which the Union Defendants have had no opportunity to respond, absent leave being granted for them to file surreply briefs.

As previously noted in the Union Defendants' responses in opposition to the motions by Ross and Vargas to dismiss APFA's counterclaims to enforce the arbitration decisions against them, their briefs were objectionable because they raised new *post hoc* arguments in response to APFA's already pending and fully submitted motions to enforce the arbitration decisions, and were therefore thinly disguised surreply briefs filed in violation of the Court's Rules (Ross Doc. 60 at p. 6, fn. 8; Vargas Doc. 59 at p. 6, fn. 8).[3] (See also the Union Defendants' motions to file surreply briefs or, in the alternative, to strike new arguments, filed contemporaneously herewith (Ross Doc. __, pp. __ ; Vargas Doc. __, pp. __ ))

---

[3] The newly invented arguments previously asserted by Ross and Vargas in their motions to dismiss APFA's counterclaim were specious as well as untimely: that LMRA Section 301(a) was inapplicable as jurisdiction to enforce the arbitration decisions because APFA was not affiliated with its subordinate local union Base Councils, a claim that was refuted by the APFA Constitution and the Department of Labor regulations cited by Ross and Vargas. *See* Response by APFA in Opposition to Motions to Dismiss (Ross Doc. 60 at p. 5, fn. 7; Vargas Doc. 59 at p. 5, fn. 7).

Plaintiffs Ross and Vargas then immediately proceeded to file two more pleadings -- a response by Ross to the Union Defendants' motion to stay discovery (Ross Doc. 61) and replies by Ross and Vargas to the Union Defendants' responses in opposition to their motions to vacate the Court's dismissal orders and to amend their Complaints (Ross Doc. 62; Vargas Doc. 60). These new submissions not only failed to note or respond to the Union Defendants' objection to their previous assertions of brand-new arguments for the first time in surreply opposition to APFA's pending and fully briefed motions for summary judgment to enforce the arbitration decisions, but continued to violate that same prohibition.

Specifically, Ross and Vargas now assert, for the first time in these recently filed reply briefs, that the Fifth Circuit's decision in *Adams-Lundy v. APFA*, 792 F.2d 1368 (5th Cir. 1994), is preclusive of APFA's counterclaim to enforce the arbitration decisions and requires vacating this Court's dismissal orders as being "entered in error." (Ross Doc. 61 at pp. 3-4; Ross Doc 62 at p. 3, 6-7; Vargas Doc. 60 at p. 3, 6). Even a casual reading of the *Adams-Lundy* case exposes that it is categorically inapposite here. The jurisdictional basis for enforcing the arbitration decisions against Ross and Vargas is LMRA Section 301(a), 29 U.S.C. §185(a), and the *Adams-Lundy* decision arose entirely under Section 101 of the LMRDA, 29 U.S.C. §411, and does not even reference, let alone purport to interpret LMRA Section 301(a). 792 F.2d at 1370.[4]

---

[4] The only other decision cited by Ross and Vargas in support of dismissing the Section 301(a) counterclaim for enforcing the arbitration decisions against them, *Martin v. Local 556, Transp. Workers of America*, 2014 U.S. Dist. LEXIS 122755, 2014 WL 4358480 at *8-9 (N.D. Tex. 2014) (J. Fitzwater), is no source of legal relief for them either. The court dismissed the Section 301(a) claim in that case "… because an alleged violation of a labor contract violation is necessary to support subject matter jurisdiction and *plaintiffs have not alleged such a violation*…" [emphasis added]. In contrast here, APFA's counterclaims to enforce the arbitrations against Ross and Vargas is as an alleged violation of the APFA Constitution, a "contract[] … between … labor organizations" under LMRA Section 301(a).

Ironically, the newly presented arguments made by Ross and Vargas – the actual holding in *Adams-Lundy* that Section 101 of the LMRDA is inapplicable as a basis for review of arbitration decisions – are actually self-defeating. This is precisely the same legal principle advanced by the Union Defendants in defeating their earlier attempts to invoke the LMRDA as support for vacating the arbitration decisions against them,[5] and only reaffirms the legal basis for the Court's Orders dismissing those LMRDA claims.

## CONCLUSION

Ross and Vargas have now repeatedly attempted to reconstruct and bolster their oppositions to APFA's pending motions for summary judgement to enforce the arbitration decisions against them nearly a month after those motions were fully briefed to the Court. The "new" legal arguments they raise are both factually and legally baseless. The Court can simply reject these *post hoc* submissions or strike them from the record, but even if they had been timely submitted, they would not have provided Ross and Vargas with any additional legal support. The arbitration decisions are properly before the Court for review and under the deferential standard governing judicial review of arbitration decisions they should be enforced.

Date: December 8, 2022                     Respectfully Submitted,

  */s/ Sanford R. Denison*
SANFORD R. DENISON
Tex. Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Ave., Suite 550
Dallas, TX  75214
Tel.: (214) 637-0750; Fax.: (214) 637-0730
Email: denison@baabdenison.com

---

[5] Ross and Vargas even cite to one of the same precedents relied upon by the Union Defendants in obtaining dismissal of their attempts to vacate the arbitration decisions: *Guidry v. Operating Engineers Local 406*, 907 F. 2d 1491 (5th Cir. 1990). *Compare* Ross Doc. 62 at p. 4, fn. 8, Vargas Doc. 60 at p. 4, fn. 8, and Ross Doc. 27 at p.7, Vargas Doc. 24, p. 7.

WILLIAM W. OSBORNE JR.*
D.C. Bar No. 912089
Osborne Law Offices P.C.
5335 Wisconsin Avenue N.W., Suite 440
Washington, D.C. 20015
Tel.: (202) 243-3200; Fax: (202) 686-2977
Email: b.osborne@osbornelaw.com

*Counsel for Defendant Counterclaim Plaintiff
Association of Professional Flight Attendants, and
Defendants Julie Hedrick and Erik Harris*

*Admitted Pro Hac Vice

# CERTIFICATE OF SERVICE

I certify that on this 8th day of December, 2022 a true and correct copy of the foregoing document was served on the below listed counsel of record for Plaintiff/Counterclaim Defendant Ross by a means permitted by Rule 5(b)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.").

KERRI PHILLIPS
HEATHER ABREU
K.D. Phillips Law Firm, PLLC
5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
Email: Heather@KDphillipslaw.com

MICHAEL R RAKE
Michael R. Rake, Attorney at Law
PO Box 1556
Lake Dallas, TX 75065
Tel.: (940) 498-2103
Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com

  */s/ Sanford R. Denison*
SANFORD R. DENISON
