**IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS FT. WORTH DIVISION**

| | | |
|---|---|---|
| **ROBERT "BOB" ROSS** | § | |
| **Plaintiff/Counterclaim Defendant** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | **Case No. 4:22-CV-00343-Y** |
| | § | |
| | § | |
| **ASSOCIATION OF** | § | |
| **PROFESSIONAL FLIGHT** | § | |
| **ATTENDANTS,    MCGAUGHEY,** | § | |
| **REBER AND ASSOCIATES, INC.,** | § | |
| **JULIE HEDRICK, ERIK HARRIS** | § | |
| | § | |
| **Defendants/Counterclaim Plaintiff.** | § | |
| | § | |

---

### REPLY TO RESPONSE TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

---

Plaintiff/Counterclaim Defendant, Robert "Bob" Ross ("Ross" or Plaintiff) respectfully submits this brief in reply to Defendant's response to Plaintiff's Motion to Dismiss (Doc. 59) filed by Defendant/Counterclaim Plaintiff Association of Professional Flight Attendants ("APFA" or "the Union" or "Defendant").

Plaintiff initiated this case to recover lost damages suffered from a union disciplinary award issued in an arbitration decision adverse to Plaintiff—a disciplinary hearing in which APFA National Officers withheld documents and misrepresented pertinent and exculpatory information to the union governing bodies to achieve the votes needed to procure a disciplinary arbitration and an award against Plaintiff.  Plaintiff filed this action alleging infringement of his right to a fair hearing under LMRDA among other claims (Docket 01).  The Union filed counterclaims asserting breach of fiduciary duty under common law and LMRDA, as well as a claim under §301a of the

**Plaintiff's Reply to Response to Motion to Dismiss** - **PAGE 1**

LMRA for an injunction to enforce the union's constitution arbitration award (Docket 08). Plaintiff filed a motion to dismiss all of Defendant's counterclaims for lack of jurisdiction and failure to state a claim upon which it may recover.  (Docket 59). Defendant filed its response to the Motion to Dismiss on November 29, 2022.  (Docket 60). Now, Plaintiff comes before the court and asserts this brief in reply to Defendant's response to the Motion to Dismiss.

Plaintiff reaffirms that Defendant's counterclaims lack jurisdictional grounds based on both violation of statutory limitations period and lack of jurisdiction.

## I.     Controlling Case Law

Plaintiff will be brief in its summary of the legal issues applicable to Defendant's Counterclaims.  Defendant asserted counterclaims for (1) common law breach of fiduciary duty (2) and under LMRDA § 501, *et. seq.* as well as (3) a counterclaim seeking enforcement of Defendant, APFA's arbitral award based on its constitution and by-laws.[1]

The following cases prove that Defendant cannot overcome a motion to dismiss its counterclaims.

1. **Statute of Limitations - Breach of Fiduciary Duty**: *Stewart v. Int'l Ass'n of Machinists & Aerospace Workers*, 16 F. Supp. 3d 783 (S.D. TX 2014).  The court held that a § 501 of LMRDA claim for breach of fiduciary duty is barred because "[i]n Texas, the statute of limitations for a claim of breach of fiduciary duty is four years [under] Tex. Civ. Prac. & Rem.Code § 16.004. . . .The Union referred to actions that Stewart allegedly took 'as Local Chairman,' a position he held until April 2012. The court, therefore, concludes that Stewart and Hall cannot prevail in their motions to dismiss on the basis that the Union's claims are time-barred."[2]

---

[1] Docket No. 08, PAGEID 107-118.

[2] *Stewart v. Int'l Ass'n of Machinists & Aerospace Workers*, 16 F.Supp.3d 783 (S.D. Tex. 2014) (Court holding that a § 501 of LMRDA claim for breach of fiduciary duty is barred as "In Texas, the statute of limitations for a claim of breach of fiduciary duty is four years. Tex. Civ. Prac. & Rem.Code § 16.004. . . .The Union referred to actions that Stewart allegedly took "as Local Chairman," a position he held until April 2012. The court, therefore, concludes that Stewart and Hall cannot prevail in their motions to dismiss on the basis that the Union's claims are time-barred.") The similarity is that claims to recover from a union for actions by its officer over four years after the union officer held office led the court to hold that both the state limitations and limitations considering equitable tolling under the federal rule applicable to Hybrid 301(a) claims were barred.  The fact pattern in the case mirrors that to the case-at-issue as both claims arise from officer's actions over four years after the officer ever held office.

**Plaintiff's Reply to Response to Motion to Dismiss - PAGE 2**

2. **Statute of Limitations** – **Enforcement of Arbitration Award under 301a of LMRA**: *Lee v. Cytec Industries, Inc.*, 460 F.3d 673 (5th Cir. 2006). The court held that *a Hybrid claim under 301a of LMRA* had to be filed within six months of the resolution to the grievance process. However, the 5th Circuit Court restricted this rule even further in holding that ". . .a "good faith" requirement on the party asserting equitable tolling."[3]

3. **Lack of Jurisdiction:** *Adams-Lundy v. Association of Professional Flight Attendants*, 792 F.2d 1368, 1370 (5th Cir. 1986) ("*Adams-Lundy II*") The court vacated an injunction issued by the Northern District of Texas federal court to enforce union arbitration award based solely on the APFA Constitution citing that **"[w]e hold that the district court had no jurisdiction to enforce the arbitral award, and we therefore vacate the district court's orders."** (emphasis added).

Plaintiff herein, *rephrases* its original legal arguments in its Motion to Dismiss (Docket No. XX): (1) statute of limitations bars recovery, and (2) Defendant lacks jurisdiction to support its claims under 301(a) of the LMRA.

## II.    Statute of Limitations Bars Breach of Fiduciary Duty Counterclaims

Defendant's counterclaims under both LMRDA § 501 and common-law breach of fiduciary duty are governed by the Tex. Civ. Prac. & Rem.Code § 16.004, which applies a four-year statute of limitations to bring claims after the action occurred.[4] As Defendant concedes, all conduct of which it complains occurred while Plaintiff held union national office.[5] Plaintiff left office more than four years prior to the filing of its counterclaims.[6] Defendant cannot prevail on either of its breach of fiduciary duty claims. Therefore, dismissal of these claims is proper as Defendant fails to establish a claim for which it may recover.[7]

---

[3] *Lee v. Cytec Industries, Inc.*, 460 F.3d 673, 676 (5th Cir. 2006).

[4] *Stewart,* 16 F.Supp.3d at 795.

[5] Docket No. 8, ¶17, Def. Answer and Counterclaims, PAGEID 82 (Defendant agrees that Plaintiff left office on March 2, 2018); *See* Docket No. 8, Def. Answer and Counterclaims, PAGEID 107-118 (Defendant files its counterclaims on May 16, 2022).

[6] Docket No. 8, ¶17, Def. Answer and Counterclaims, PAGEID 82 (Defendant agrees that Plaintiff left office on March 2, 2018); *See* Docket No. 8, Def. Answer and Counterclaims, PAGEID 107-118 (Defendant files its counterclaims on May 16, 2022).

[7] *Stewart v. Int'l Ass'n of Machinists & Aerospace Workers*, 16 F.Supp.3d 783 (S.D. Tex. 2014) (Court holding that a § 501 of LMRDA claim for breach of fiduciary duty is barred as "In Texas, the statute of limitations for a claim of

When a Hybrid 301(a) claim is brought a party may assert equitable tolling for the time period needed to exhaust internal remedies—here, the claimant must bring suit within six months of issuance of an arbitration award.  However, the 5th Circuit Court held in *Lee v. Cyctic* that

> "because federal law favors early resolution of labor disputes, tolling is applicable *only for a 'good faith' attempt to pursue non-judicial remedies.*  Here, the lack of good faith is demonstrated by the fact that the grievance was not filed within the 10-day period required by the CBA. But even if the CBA allowed eight months to file such a grievance, a plaintiff who waits until the seventh month to bring such a grievance waives his right to the federal action, which must be brought within six months."[8] (emphasis added)

Here, Defendant argues that equitable tolling extends the statutory limitations under its 301(a) LMRA claim.  Though Plaintiff denies that 301(a) of LMRA applies to the case-at-issue—for a variety of reasons, the most note-worthy is that <u>no collective bargaining agreement</u> ("CBA") is at issue—even if it were applicable here, Defendant failed to meet the "good faith" standard.

To recover for a Hybrid 301(a) claim, the 5th Circuit Court requires a claimant to show "good faith" to comply with the CBA at issue.[9]  In *Lee v. Cytic,* this meant the claimant had to exhaust internal remedies with good faith—by filing a grievance timely, as defined by the CBA, but no more than six months from when the claimant knew or should have known of the violation.[10]

The APFA Constitution—the alleged CBA according to Defendant—requires that charges be brought "within 60 days after the accuser becomes aware, or reasonably should have become aware, of the alleged offense."[11]  Defendant's members initially filed these charges on September

---

breach of fiduciary duty is four years. Tex. Civ. Prac. & Rem.Code § 16.004. . . .The Union referred to actions that Stewart allegedly took "as Local Chairman," a position he held until April 2012. The court, therefore, concludes that Stewart and Hall cannot prevail in their motions to dismiss on the basis that the Union's claims are time-barred.")

[8] *Lee v. Cytec Industries, Inc.*, 460 F.3d 673, 676 (5th Cir. 2006); (citing, *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 168, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) adopting the "Good Faith" requirement outlined in *Adkins v. Int'l Union of Elec., Radio Machine Workers,* 769 F.2d 330 (6th Cir. 1985) (holding that the employees' good-faith attempt to exhaust their internal contractual remedies through the grievance process will prevent the accrual of their action).

[9] *Lee v. Cytec,* 460 F.3d at 676 (5th Cir. 2006); *Adkins v. Int'l,* 769 F.2d at 330 (6th Cir. 1985).

[10] *Lee v. Cytec,* 460 F.3d at 676 (5th Cir. 2006); *Adkins v. Int'l,* 769 F.2d at 330 (6th Cir. 1985).

[11] AFPA Const. Art. VII, Sec. 2(D)(1) "Time Limits: (1) Charges based on Section 1.A through Section 1.F of this Article VII must be filed within sixty (60) days after the accuser becomes aware, or reasonably should have become aware, of the alleged offense."

<u>Plaintiff's Reply to Response to Motion to Dismiss</u> - **PAGE 4**

24, 2019 asserting improper financial conduct of the Ross Administration.[12]   The first set of charges failed for lack of timeliness and were dismissed.[13]   Thereafter Defendant asserted the same charges in November of 2020.[14]   The union cannot meet the *Lee v. Cytec* "good faith" requirement because it failed to prove it filed the internal charges within the 60-day time limit required by the APFA Constitution.[15]   Consequently, Defendant fails to state a claim for which it is entitled to recovery.

## III.   No Jurisdiction Exists to Enforce an Arbitration Award based on the Union Constitution.

In terms of enforcement of APFA's arbitrator's award, controlling precedent prohibits enforcement of an arbitration award that relies solely on the APFA Constitution.[16]   Defendant seeks an injunction to enforce its arbitration award based solely on APFA's Constitution.[17]

---

[12] *Vargas v. APFA*, Cause No. 22-CV-00430, Resp. to Mtn. for Summ. J. Docket No. 53-1, PAGEID 2857, Docket No. 53-2, PAGEID 2922-2925 (This email is from the original charging members, and these are the original charges asserted against Eugenio Vargas indicating that these members knew or should have known of alleged financial misconduct as of 9-23-2019).

[13] *Vargas v. APFA*, Cause No. 22-CV-00430, Resp. to Mtn. for Summ. J. Docket No. 53-2, PAGEID 2926 (This is the resolution by the Executive Committee holding that the 9-23-2019 Financial Misconduct charges were untimely. These charges were reviewed and dismissed as untimely by the Executive Committee on December 5, 2019.  These charges assert financial misconduct by the Ross Administration—it illustrates that Defendant knew or should have known as early as September 23, 2019 of the grievance asserted against Plaintiff).

[14] *Vargas v. APFA*, Cause No. 22-CV-00430, Resp. to Mtn. for Summ. J. Docket No. 53-2, PAGEID 2928-2934 (These are the subsequent charges brought against Vargas and Ross at the same time.  The resolution by the Executive Committee held financial misconduct was filed within 60 days from the date the union knew or should have known of any alleged Financial Misconduct.  Furthermore, APFA conducts an annual audit every year and files its LM-2 with the Secretary of State.  At the time of the financial accounting audit, the union knew or should have known—within one year after Plaintiff left office).

[15] APFA Const. Art. VII, Sec. 2(D)(1) ("Time Limits: (1) Charges based on Section 1.A through Section 1.F of this Article VII must be filed within sixty (60) days after the accuser becomes aware, or reasonably should have become aware, of the alleged offense." (requiring charges be filed within two weeks from when the member knew or should have known of the violation); *Vargas v. APFA*, Cause No. 22-CV-00430, Resp. to Mtn. for Summ. J. Docket No. 53-2, PAGEID 2926 (This is the resolution by the Executive Committee holding that the 9-23-2019 Financial Misconduct charges were untimely.  the Executive Committee votes that the first set of charges were beyond the date Defendant knew or should have known).

[16] *Adams-Lundy v. Association of Professional Flight Attendants*, 792 F.2d 1368, 1370 (5th Cir. 1986) ("*Adams-Lundy II*")(vacating an injunction issued by the ND TX district court enforcing an arbitration award based solely on the APFA constitution and holding "We hold that the district court had no jurisdiction to enforce the arbitral award, and we therefore vacate the district court's orders.").

[17] Docket No. 08, PAGEID 107-118 (note, in particular, that in APFA's prayer it requests a judgment and injunctive relief in favor of APFA ordering Ross to abide by and enforce the Arbitrator's Award.).

**Plaintiff's Reply to Response to Motion to Dismiss** - **PAGE 5**

However, in *Adams-Lundy II*, the 5th Circuit Court reviewed an injunctive order issued for Plaintiffs by the Northern District Federal Court of Texas enforcing the union's arbitration award for violations of APFA's Constitution. [18]

Upon review, the 5th Circuit vacated the district court's order citing lack of jurisdiction.[19] Ironically, the union-at-issue in *Adams-Lundy II* is the *exact same* union-at-issue before this Court—the Association of Professional Flight Attendants ("APFA").[20] The 5th Circuit ruled that

> ". . . the federal courts are without jurisdiction to enforce an arbitration award that is based solely on an internal union constitution. It was therefore error for the district court to enter an order enforcing the arbitrator's award and to enter a preliminary injunction in support of the arbitration award and orders. . . ."[21]

The 5th Circuit Court of Appeals vacated all orders on appeal and remanded the case back to the district court to render a ruling consistent with its opinion.[22]

Here, Defendant seeks an injunction enforcing the arbitrator's award based on the very same union's constitution before the 5th Circuit in *Adams-Lundy II*.[23] The case-at-issue is identical to the *Adams-Lundy II* case. The 5th Circuit stated that

> "[t]he rights adjudicated by the arbitrator were thus not LMRDA rights, but a type of contractual rights provided for union officers in an agreement ***between the union and its members, the constitution of the APFA***. A union's violation of its own constitution is not per se a violation of the LMRDA, and a federal court has no jurisdiction to enforce union constitutions and by-laws as such."[24]

---

[18] *Adams-Lundy II,* 792 F.2d at 1373.
[19] *Adams-Lundy II,* 792 F.2d at 1373.
[20] *Adams-Lundy II,* 792 F.2d at 1373.
[21] *Adams-Lundy II,* 792 F.2d at 1373.
[22] *Adams-Lundy II,* 792 F.2d at 1373.
[23] Docket No. 08, PAGEID 107-118 (note that in APFA's prayer it requests a judgment and injunctive relief in favor of APFA ordering Ross to abide by and enforce the Arbitrator's Award.).
[24] *Adams-Lundy II,* 792 F.2d at 1373; *Martin v. Local 556, Transp. Workers Union of Am.*, Civil Action No. 3:14-CV-0500-D (N.D. Tex. May. 19, 2016).

The prevailing precedent is clear.  The *Adams-Lundy II* court controls the question of jurisdiction in the case-at-issue.

Defendant makes futile arguments that Plaintiff conceded that the APFA Constitution is an inter-union contract.[25]  This is inaccurate.  The record reflects that Plaintiff consistently contended the APFA Constitution is one between the members and the National Union.[26]   APFA's counterclaims should be dismissed as a matter of law.

Despite its assertion, Defendant still carries the burden to prove jurisdiction in a well-pleaded complaint.[27]  A motion to dismiss for lack of jurisdiction may be asserted at any time prior to trial—even on the court's own motion—even in the "eleventh hour" as Defendant contends.[28]  Defendant's pleas to grant its Summary Judgment Motion disregards the lack of a jurisdictional foundation.[29]  Dismissal of its counterclaim based on Rule 12(b)(1) for lack of subject matter jurisdiction is a threshold question.   One that requires the Court to answer in the affirmative before ruling on the merits of any given case.[30]  Regardless of Defendant's attempts to maintain its meritless claims—the case law precedent controls.   The 5th Circuit Court held that federal

---

[25] Docket No. 60, PAGEID 1645-1654.

[26] Docket No. 01, PAGEID 19-20; Docket No. 41, PAGEID 1048-1049.  Plaintiff's response to the Motion to Dismiss clearly asserts there's no collective bargaining agreement is at issue.  Plaintiff further argues that the APFA constitution is a contract between the union and its members—and goes so far as to cite the APFA Constitutional provisions attached under Art. I, Sec. 2 that outline the purpose is to represent the members and governs the relationship between the members and the union.  It is indisputable based on the public record—the union governs members; no record has ever been made with the Secretary of Labor that APFA consists of any affiliation unions or parent-subsidiary (a form of an affiliate union relationship) dynamic.  Secretary of Labor has confirmed with undersigned counsel that no record exists reflecting any affiliated relationship for APFA).

[27] "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted) (jurisdiction lacking).

[28] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Sinochem Int'l Co. Ltd. V. Malaysia Int'l Shipping Corp*., 549 U.S. 422, 430-31 (2007) (declining to address jurisdiction and holding that district courts had authority to dismiss action on *forum non conveniens* grounds before considering the merits) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102 (1998)); Docket No. 60, PAGEID 1654.

[29] Docket No. 60.

[30] *United States v. United Mine Workers of Am.*, 330 U.S. 258, 292 (1947); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)) (All courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.) (jurisdiction upheld).

**Plaintiff's Reply to Response to Motion to Dismiss** - **PAGE 7**

jurisdiction does not exist to enforce an arbitration award based solely on APFA's constitution. The *Adams-Lundy II* case precedent creates an insurmountable hurdle which the Union cannot overcome. To avoid repeating history, this Court should find that Defendant's counterclaim to enforce its ill-attained arbitrator's award lacks jurisdiction.

In conclusion, Defendant's response to Plaintiff's Motion to Dismiss fails to assert any merited jurisdictional basis for its counterclaims. The original pleading exhibits that the limitations have run on its breach of duty claims, and controlling precedent establishes that the Court maintains no jurisdiction over any attempted enforcement of the arbitration award. Consequently, Plaintiff respectfully requests this Court grant Plaintiff's Motion to Dismiss all of Defendant's counterclaims.

Respectfully submitted,
K.D. PHILLIPS LAW FIRM, PLLC

By:  /s/ Kerri Phillips
  Kerri Phillips
  Texas Bar No. 24065906
  Phone: (972) 327-5800
  Email: kerri@KDphillipslaw.com

By:  /s/ Heather Abreu
  Heather Abreu
  Texas Bar No. 24122577
  Phone: (972) 327-5800
  Email: heather@KDphillipslaw.com

5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Fax: (940) 400-0089
For Service of Filings:
notice@KDphillipslaw.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I certify that true and correct copy of this document was sent to all counsel of record, hereunder listed via ECF filing on this the <u>13th</u> day of December 2022.

William Osborne, Sanford Denison, Michael Rake

<u> /s/ Kerri Phillips            </u>
Kerri Phillips