IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ROBERT (BOB) ROSS,** § | | |
| Plaintiff/Counterclaim Defendant, § | | |
| § | | |
| v. § | Civil Action No. 4:22-CV-00343-Y | |
| § | | |
| **ASSOCIATION OF PROFESSIONAL** § | | |
| **FLIGHT ATTENDANTS,** *et al.*, § | | |
| Defendants/Counterclaim Plaintiff. § | | |

| | | |
|---|---|---|
| **EUGENIO VARGAS,** § | | |
| Plaintiff/Counterclaim Defendant, § | | |
| § | | |
| v. § | Civil Action No. 4:22-CV-00430-Y | |
| § | | |
| **ASSOCIATION OF PROFESSIONAL** § | | |
| **FLIGHT ATTENDANTS,** *et al.* § | | |
| Defendants/Counterclaim Plaintiff. § | | |

**MOTION AND SUPPORTING BRIEF FOR LEAVE TO FILE A SURREPLY BRIEF TO RESPOND TO NEW ARGUMENTS RAISED IN PLAINTIFFS' REPLY BRIEFS OR, ALTERNATIVELY, TO STRIKE SUCH NEW ARGUMENTS**

Defendants and Counterclaim/Plaintiff Association of Professional Flight Attendants ("APFA"), *et al.*, respectfully move for leave to file a surreply brief to respond to new jurisdictional arguments raised by Plaintiffs Ross and Vargas in their reply briefs (Ross Doc. 65; Vargas 63) to APFA's responses (Ross Doc. 60; Vargas Do. 59) in connection with their motions (Ross Doc. 59; Vargas Doc. 58) to dismiss APFA's counterclaims for enforcement of the arbitration decisions against them.  These new arguments did not address any argument previously made by the APFA in its responses to Ross's and Vargas's pending motions to dismiss APFA's counterclaims. (Ross Doc. 60; Vargas Doc. 59) or in support of the pending motions for summary judgment to enforce the arbitration decisions and the Union Defendants have not had any opportunity to respond to the new arguments in connection with the motions to

1

dismiss APFA's counterclaims. A proposed surreply brief is submitted herewith, as Attachment 1 to this motion.  Alternatively, APFA moves to strike the new arguments.

## STATEMENT OF THE CASE

These lawsuits were filed by Ross and Vargas in their attempts to vacate "final and binding" arbitration decisions adverse to them. (Ross Doc. 1; Vargas Doc. 1).  The Union Defendants filed motions to dismiss these claims for lack of subject matter jurisdiction and for failure to state a claim (Ross Doc. 27; Vargas Doc. 24). Thereafter, the Court dismissed all of Ross's and Vargas's claims against the Union Defendants, including their claims seeking to vacate the arbitrator's decisions (Ross Doc. 51; Vargas Doc. 52), and ordered that both cases proceed as to APFA's counterclaims (Ross Doc. 8; Vargas Doc. 11) for enforcement of the arbitrator's decisions.

APFA filed motions for summary judgment to enforce the arbitration decisions against Ross and Vargas (Ross Doc. 42; Vargas Doc. 43), to which Ross and Vargas submitted their responses in opposition on November 1, 2022 (Ross Doc. 53; Vargas Doc. 53) and APFA then replied on November 9, 2022 (Ross Doc. 53; Vargas Doc. 54). Thus, as of November 9, 2022, APFA's motions for summary judgement against both Ross and Vargas were fully briefed and ready for Court decision.[1]

On November 22, 2022, Ross and Vargas filed motions to dismiss APFA's counterclaims for enforcement of the arbitration decisions against them (Ross Doc. 59; Vargas Doc. 58) to which APFA filed responses in opposition on November 29, 2022 (Ross Doc. 60; Vargas Doc.

---

[1] Granting of APFA's motions for summary judgment will be dispositive of APFA's counterclaims in their entirety in both cases because enforcement of the arbitration decisions will also remedy APFA's remaining counterclaims for Ross's and Vargas's breaches of their fiduciary duties under the LMRDA and common law for engaging in the same misconduct addressed by the Arbitrator in his decisions. *See also* footnote 3 to APFA's responses to Ross's and Vargas's motion to vacate order and amend (Ross. Doc. 58 at p. 4, fn. 3; Vargas Doc. 57 at p. 4, fn. 3).

59). On December 13, 2022, Ross and Vargas filed replies to APFA's responses (Ross Doc. 65; Vargas Doc. 63), which raised new legal arguments in support of their motions to dismiss APFA's counterclaims and attempting to add support to their opposition to the summary judgment to enforce the arbitration decisions which, while legally meritless, did not address any argument previously made by APFA in its responses or even by Ross or Vargas in their motions to dismiss.[2]

As the Union Defendants have not been afforded any opportunity to respond to Ross's and Vargas's new arguments, they hereby request leave to file a single and brief memorandum to explain why Ross's and Vargas's new arguments misrepresent the holdings of the newly cited legal authority and the factual record. Alternatively, the APFA moves that such new arguments be stricken and not be considered by the Court in ruling on the pending motions to dismiss APFA's counterclaims to enforce the arbitration decisions at issue herein.

## **ARGUMENT**

New arguments or evidence is not permitted to be raised for the first time in a reply brief, and a court may strike and disregard such new evidence or arguments or may grant the moving party an opportunity to respond to such new arguments or evidence by granting leave to file a surreply brief. To allow new argument in a reply "would deprive the non-movant of a meaningful opportunity to respond." *Jackson v. Dallas Cnty. Juvenile Prob. Dep't*, 2007 U.S. Dist. LEXIS 54961, 2007 WL 2187250, at *4 (N.D. Tex. 2007) (Lynn, C.J.). For that reason, "a

---

[2] Also pending before the Court is Ross's and Vargas's motions filed on November 9, 2022, seeking to vacate this Court's October 22 Orders dismissing their claims against APFA and the individual APFA officer Defendants and seeking leave to file amended complaints. (Ross Doc. 55; Vargas Doc. 55). APFA, *et al* filed responses in opposition on November 18, 2022 (Ross Doc 58; Vargas Doc. 57), to which Ross and Vargas replied on December 2, 2022 (Ross Doc. 62; Vargas Doc. 60), which replies raised new arguments not previously briefed regarding the Court's jurisdiction to enforce the arbitration decisions at issue. APFA, et al, thereafter filed motions on December 8, 2022 to file surreplies to respond to these new arguments (Ross Doc. 63; Vargas Doc. 61) and surreply briefs docketed as "Ross Doc. 64" and "Vargas Doc. 62".

court generally will not consider arguments raised for the first time in a reply brief" and *when* new evidence or arguments are raised in a reply, a court may strike the new evidence or arguments. *Pennsylvania Gen. Ins. Co. v. Story,* 2003 U.S. Dist. LEXIS 9923, 2003 WL 21435511, at *1 (N.D. Tex. 2003) (Fish, C.J.). ("[C]ourt[s] generally will not consider arguments raised for the first time in a reply brief.") [3]

In the alternative, a court may – and in this case should – grant the moving party an opportunity to file a surreply limited to responding to such new argument or evidence. *Anderton v. Texas Parks & Wildlife Dep't.*, 2014 U.S. Dist. LEXIS 185482, 2014 WL 11281086, at *1 n.1 (N.D. Tex. 2014), *aff'd*, 605 Fed. Appx. 339 (5th Cir. 2015). In such case "the sur-reply [] functions [] as a reply through which a movant or applicant appropriately has 'the last word on a matter.'" J*orge v. Atl. Hous. Found.*, 2022 U.S. Dist. LEXIS 183916, 2022 WL 6250698 at *__ (N.D. Tex. 2022) (J. Horan).[4]

The Union Defendants respectfully submit that in this instance, as opposed to striking and disregarding the new arguments contained in Ross's and Vargas's replies, that the Court should allow APFA to file a single surreply brief to address these new arguments by Ross and Vargas and, in particular, to explain why their new arguments based on the newly cited legal authority of

---

[3] *See also Highpoint Risk Servs. LLC v. Companion Prop. & Cas. Ins. Co.,* 2015 U.S. Dist. LEXIS 129114, 2015 WL 5613336 (N.D. Tex.), *rec. accepted*, 2015 U.S. Dist. LEXIS 128098, 2015 WL 5666727 (N.D. Tex. 2015) (Lindsay, J.); *United States v. City of Dallas*, Tex., 2011 U.S. Dist. LEXIS 119046, 2011 WL 4912590, at *4 (N.D. Tex. 2011) (Ramirez, J.).

[4] Motion practice in this District is limited to the motion, the nonmovant's response, and the movant's reply, see L.R. 7.1 ( e)-(f), and, although surreply briefs are highly disfavored, they are permitted in certain limited circumstances where, as here, new arguments are first raised in a reply brief to which the movant has not had an opportunity to respond. *Campoamor v. Cengage Learning, Inc.*, 2010 U.S. Dist. LEXIS 155586, 2010 WL 11618843, at *1 (N.D. Tex. 2010) (Lynn, J.); *Gezu v. Charter Commc'ns*, 2021 U.S. Dist. LEXIS 23692, 2021 WL 419741, at *2 (N.D. Tex. 2021), rec. adopted, 2021 U.S. Dist. LEXIS 22116, 2021 WL 410000 (N.D. Tex. 2021) (Fish, J.); *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, 2003 U.S. Dist. LEXIS 1569, 2003 WL 251318, at *18 (N.D. Tex. 2003) (Solis, J.).

*Adams-Lundy v APFA*, 792 F.2d 1368 (5th Cir. 1986) and *Stewart v. Intl. Assn of Machinists & Aerospace Workers*, 16 F. Supp. 3d 783, 791-93 (S.D. Tex. 2014) – the actual holdings of which Ross and Vargas mischaracterize and misrepresent to this Court in their reply briefs – are categorically inapposite to the issues raised by their pending motions to dismiss APFA's counterclaims to enforce the arbitration decisions at issue against them.[5]

## CONCLUSION

For the reasons stated above and in their proposed surreply brief, Defendants APFA, *et al.* respectfully request leave of Court to permit the filing of surreply briefs, or that the new legal arguments raised by Ross and Vargas be stricken.

Date: December 19, 2022              Respectfully Submitted,

  */s/ Sanford R. Denison*
SANFORD R. DENISON
Tex. Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Ave., Suite 1403
Dallas, TX  75214
Tel.: (214) 637-0750; Fax.: (214) 637-0730
Email: denison@baabdenison.com

WILLIAM W. OSBORNE JR.*
D.C. Bar No. 912089
Osborne Law Offices P.C.
5335 Wisconsin Avenue N.W., Suite 440
Washington, D.C. 20015
Tel.: (202) 243-3200; Fax: (202) 686-2977
Email: b.osborne@osbornelaw.com

*Counsel for Defendant Counterclaim Plaintiff Association of Professional Flight Attendants, and Defendants Julie Hedrick and Erik Harris*

*Admitted Pro Hac Vice*

---

[5] As discussed in the surreply briefs to be filed with leave of Court, the other decision relied upon ed by Ross and Vargas in support of their new arguments, *Martin v. Local 556, Transp. Workers of America*, 2014 U.S. Dist. LEXIS 122755, 2014 WL 4358480 at *8-9 (N.D. Tex. 2014) (Fitzwater, J.), is likewise inapplicable in the present context.

## **CERTIFICATE OF CONFERENCE**

Undersigned counsel for the Union Defendants certifies that on the 16th day of December 2022 he sent an email to both counsel of record for Plaintiff Ross and Vargas requesting that they advise by return email whether Plaintiffs Ross and/or Vargas opposed or did not oppose this motion for leave to file a surreply to Plaintiffs' reply or alternatively to strike the new argument contained in Plaintiffs' reply.

Counsel for Plaintiff Ross and Vargas has advised by email to undersigned counsel for the APFA that Plaintiffs Ross and Vargas are opposed to this motion.

Undersigned counsel for APFA further certifies that he has conferred with counsel for Defendant McGaughey, Reber and Associates, Inc who advised that this Defendant does not oppose this motion.

 */s/ Sanford R. Denison*
 SANFORD R. DENISON

## **CERTIFICATE OF SERVICE**

I certify that on this 19th day of December 2022 a true and correct copy of the foregoing document was served on the below listed counsel of record by a means permitted by Rule 5(b)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.").

KERRI PHILLIPS
HEATHER ABREU
K.D. Phillips Law Firm, PLLC
5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
Email: Heather@KDphillipslaw.com

MICHAEL R RAKE
Michael R. Rake, Attorney at Law
PO Box 1556
Lake Dallas, TX 75065
Tel.: (940) 498-2103
Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com

 */s/ Sanford R. Denison*
 SANFORD R. DENISON