**IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS FT. WORTH DIVISION**

| | | |
|---|---|---|
| **ROBERT "BOB" ROSS** | § | |
| **Plaintiff/Counterclaim Defendant** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | **Case No. 4:22-CV-00343-Y** |
| | § | |
| | § | |
| **ASSOCIATION OF** | § | |
| **PROFESSIONAL FLIGHT** | § | |
| **ATTENDANTS,   MCGAUGHEY,** | § | |
| **REBER AND ASSOCIATES, INC.,** | § | |
| **JULIE HEDRICK, ERIK HARRIS** | § | |
| | § | |
| **Defendants/Counterclaim Plaintiff.** | § | |
| | § | |

**RESPONSE TO DEFENDANT'S MOTION TO
FILE SUR-REPLY AND MOTION TO STRIKE**

Plaintiff/Counterclaim Defendant, Robert "Bob" Ross ("Ross" or Plaintiff) respectfully submits this brief in response to Defendant's Association of Professional Flight Attendants ("APFA" or "the Union" or "Defendant") Motion for Leave to file a Surreply and Motion to Strike on Plaintiff's Motion to Vacate (Doc. 63) filed by Plaintiff/Counterclaim Defendant.

Plaintiff initiated this case to recover lost damages suffered from a union disciplinary award issued in an arbitration decision adverse to Plaintiff.  The disciplinary hearing violated Plaintiff's due process rights as APFA National Officers withheld documents and misrepresented pertinent and exculpatory information to the union governing bodies to achieve a disciplinary award against Plaintiff.  APFA officers and members did so because Plaintiff expressed and supported a political faction that opposed that to the APFA officers—Plaintiff was anti-AFA/APFA.  Plaintiff filed this

action alleging infringement of his right to a fair hearing under LMRDA among other claims (Docket 01).  The Union filed counterclaims asserting breach of fiduciary duty under common law and LMRDA, as well as a claim under §301a of the LMRA for breach of a collective bargaining agreement (Docket 08). The court entered an order to dismiss all of Plaintiff's claims in error claiming no "disciplinary action" had been taken under the color of the union and directly opposite of controlling law.  Plaintiff filed a motion to vacate the dismissal order entered in error and a Motion to dismiss Defendant's counterclaims.  Plaintiff argued that the counterclaims (1) are beyond the statute of limitations, (2) fail to meet the "good cause" requirement, (3) lack standing as 301a of the LMRA provides a cause of action only for members to sue their union—rather than unions to enforce its Constitution, and (4) fail as there is no collective bargaining agreement at issue to support a 301a of the LMRA claim.  (Docket 59).

The Court should note that the 5th Circuit has previously held Defendant's counterclaim lacks jurisdiction— enforcement of the APFA's Constitution is a matter of contract and a breach thereof between a member and a union is a breach of contract claim—therefore an issue for state court.[1]  The 5th Circuit reviewed a judgment enforcing APFA's Constitution by *this* Court and held that:

> **"[w]e hold that the district court had no jurisdiction to enforce the arbitral award, and we therefore vacate the district court's orders."** (emphasis added).[2]

The 5th Circuit Court clearly held that the Northern District of Texas federal court erred in enforcing the union arbitration award based solely on the APFA Constitution and reversed and

---

[1] *Adams-Lundy v. Association of Professional Flight Attendants*, 792 F.2d 1368, 1370 (5th Cir. 1986) ("*Adams-Lundy II*").
[2] *See Id.* at 1370.

**Plaintiff's Response to Defendant's Motion to Stay Discovery** - **PAGE 2**

remanded the case back to the District Court.[3]  Plaintiff comes before this Court and asserts this

brief in response to Defendant's Motion to File a Surreply.

Plaintiff reaffirms that his claims clearly meet the standard of "discipline" under the

*Breininger* case, and that Defendant's counterclaims lack jurisdictional grounds based on both

violation of statutory limitations period and lack of jurisdiction.

## I.      CONTROLLING CASE LAW OVER FILING SURREPLY BRIEF

Again, Plaintiff will be brief in its summary of the legal issues applicable to Defendant's

Motion to file a Surreply and Motion to Strike.   This Court held that it only grants leave to file a

surreply when a reply either:

> "(1) introduce[s] new evidence;
> (2) assert[s] a new defense to liability; or
> (3) cite[s] a supposedly analogous case for the first time."[4]

Additionally, the 5th Circuit Court held that the Movant must meet the burden of proof as

> "'[n]either the local rules of [the district] court nor the Federal Rules of
> Civil Procedure allow a party to file a surreply as a matter of right.'
> Because the rules do not provide for surreplies as a matter of right, the
> district court only accepts such filings **'in exceptional or
> extraordinary circumstances'"** [emphasis added].[5]

"In other words, in seeking leave to file a surreply brief, a party must identify the new issues,

theories, or arguments which the movant raised for the first time in its reply brief."[6]  In *Luna v.*

*Valdez,* failure to identify the new arguments or theories meant that the movant ". . . fails to meet

his burden of showing the existence of exceptional or extraordinary circumstances."[7]

---

[3] *See Id.* at 1370.
[4] *Austin v. Kroger Tex. L.P.*, No. 3:11-cv-1169-B, 2016 WL 1322248, at *1 (N.D. Tex. Apr. 5, 2016).
[5] *Gezu v. Charter Commc'ns*, 17 F.4th 547, 47 (5th Cir. 2021) (quoting *Corbello v. Sedgwick Claims Mgmt. Servs., Inc.* , 856 F. Supp. 2d 868, 890 (N.D. Tex. 2012), N.D. Tex. Loc. Civ. R. 7.1; and *Lacher v. West* , 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) (mem. Op.)).
[6] *Luna v. Valdez*, No. 3:15-cv-3520-D-BN, 14 (N.D. Tex. Sep. 21, 2017) (citing *Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263 at *1 (W.D. La. July 13, 2011) (Hornsby, M.J.) (not designated for publication) (citing *Lacher*, 147 F. Supp. 2d at 539-40).
[7] See Luna v. Valdez, at 14.

Moreover, this Court consistently held that when new case law is introduced in a movant's

reply, this does not amount to grounds to file a surreply.

> "[T]he Court does not find the fact that Defendants cited new cases
> to support their responsive argument sufficient to grant a surreply. .
> . . Therefore, the Court DENIES Plaintiff's motion to file a
> surreply."[8]

Therefore, courts typically deny a motion to file a sur-reply *except* upon a finding that new

evidence or new legal theories are introduced within a movant's reply that are not contained within

the record.  In *Murray v. TXU Corp.*, this Court ". . .den[ied] plaintiff's motion to strike defendants'

reply brief and supplemental appendix, and den[ied] motion for leave to file a surreply because the

arguments contained within did not raise new arguments or legal theories, but instead rebutted

plaintiff's response or bolstered defendants' arguments contained in its initial motion."[9]

## II.     PLAINTIFF DID NOT ASSERT NEW LEGAL ARGUMENT

Plaintiff asserts two arguments in his Motion to Vacate and Leave to Amend:

Plaintiff asserted two legal arguments in support of his motion to vacate and amend the

original complaint. The two arguments are clearly noted in the headings and include:

(1)     **Union Conduct as a Disciplinary Hearing**: Plaintiff was, in fact, disciplined
within the meaning of *Breininger v. Sheet Metal Workers*, as the disciplinary
procedures pursued against Plaintiff are those same disciplinary procedures
outlined in the APFA Constitution—rather than an "ad hoc" retaliatory action taken
by one member (directly contradicting the Court ruling in its Dismissal Order), and

(2)     **Request to Grant Plaintiff Leave to file Amended Complaint:** Plaintiff should
be allowed an opportunity to amend the Complaint to cure any defects prior to
dismissal as justice requires.[10]

---

[8] *Gigi's Cupcakes LLC v. 4 Box LLC*, CIVIL ACTION NO. 3:17-CV-3009-B, 2 (N.D. Tex. May. 23, 2018) (citing
*Murray v. TXU Corp.*, No. Civ. A. 303CV0888P, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005) 'Assuming no
new arguments are raised, the Court finds it nonsensical to believe a party must limit its research to previous
briefings.');*see also, Banda v. Owens Corning Corp.*, CIVIL ACTION NO. 3:17-CV-1787-B (N.D. Tex. Dec. 21,
2018); *Lacher v. West* , 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001).
[9] *Banda v. Owens Corning Corp.*, CIVIL ACTION NO. 3:17-CV-1787-B (N.D. Tex. Dec. 21, 2018) (citing *Murray
v. TXU Corp.*, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005).
[10] Docket No. 56, PAGEID 1462-1467.

<u>Plaintiff asserts two arguments in his *Reply* to the Motion to Vacate and Leave to Amend:</u>

Plaintiff's Reply (Docket No. 62) re-asserts the **exact same arguments** as listed above.[11]

Plaintiff's arguments in the reply are as follows:

(1) **Governing Precedent over Plaintiff's LMRDA Claim:** Plaintiff cites case law that supports that a union arbitration brought by an APFA member against another under the APFA Constitution, Article VII falls within the meaning of "Otherwise Discipline" under LMRDA §101(a)(5) as defined by the *Breininger* Court; and

(2) **Governing Precedent to Grant Amendment of the Original Complaint**: Plaintiff analyzed Defendant's Responsive arguments and cites case law in support of amending his claims to ensure Plaintiff clearly outlined all elements of a valid 101(a)(5) LMRDA claim are present.[12]

These headings for the Motion and Reply are exactly the same as those asserted in the original documents. Plaintiff introduced new case law in support of his two original arguments. The arguments are clearly outlined in the headings of each pleading—as listed above—these headings show the two legal arguments made in the Motion and that the Reply asserts governing precedent in support of those original two legal arguments.

Furthermore, Defendant's Motion to file Sur-Reply and Motion to Strike fails to specify the exact legal arguments Plaintiff asserted in his Reply that create "exceptional or extraordinary circumstances" as required by this Court.

Rather, Defendant protests only to Plaintiff's citation to the *Adams-Lundy v. APFA* series of cases—which validate Plaintiff's claim under LMRDA § 101(a)(5), and Defendant's lack of any valid claim. Defendant's counsel may disfavor Plaintiff's citation of applicable case law, but as previously substantiated by this Court, "[T]he Court does not find the fact that Defendants cited new cases to support their responsive argument sufficient to grant a sur-reply."[13] Plaintiff is

---

[11] See Docket No. 62, PAGEID 1666.
[12] See Docket No. 62, PAGEID 1666-1671.
[13] *Gigi's Cupcakes LLC v. 4 Box LLC*, at 2 (N.D. Tex. May. 23, 2018) (Court quoting *Murray v. TXU Corp.*, No.

entitled to raise new case law to reply to Defendant's responsive arguments, despite Plaintiff's objections, because if ". . . no new arguments are raised, the Court finds it nonsensical to believe a party must limit its research to previous briefings."[14]

### III.   MOTION TO STRIKE NEW ARGUMENTS SHOULD BE DENIED

Defendant makes futile arguments that Plaintiff's Motion to Dismiss for lack of jurisdiction is disguised as a sur-reply to its Motion for Summary Judgment.  Again, Plaintiff will assert that his Motion to dismiss for lack of jurisdiction is appropriately asserted in a timely manner. Furthermore, Plaintiff continues to contend that utilizing the *Adams-Lundy v. APFA* case to support Plaintiff's original arguments should be stricken—however this case supports Plaintiff's original contention—jurisdiction is proper for violations of his claims under LMRDA, just as jurisdiction was proper for the union officer's claims for LMRDA violations in the *Adams-Lundy v. APFA* cases.  Subject matter jurisdiction is a threshold question—one that requires the Court to answer in the affirmative before ruling on the merits of any given case.  The 5th Circuit Court held that federal jurisdiction *does* exist over LMRDA claims brought by the union officers for violations of the union member's Bill of Rights. The *Adams-Lundy* cases show that these claims are clearly well-founded, being based in federal law, therefore jurisdiction over Plaintiff's original claims is proper.

### IV.   CONCLUSION

In conclusion, Defendant asserts that Plaintiff raised new legal arguments on Reply, however Defendant woefully failed to enumerate *what* new legal arguments Plaintiff raised in his

---

Civ. A. 303CV0888P, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005 which held 'Assuming no new arguments are raised, the Court finds it nonsensical to believe a party must limit its research to previous briefings.'). *Banda v. Owens Corning Corp.*, CIVIL ACTION NO. 3:17-CV-1787-B (N.D. Tex. Dec. 21, 2018); *Lacher v. West* , 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001).
[14] *Murray v. TXU Corp.*, No. Civ. A. 303CV0888P, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005).

**Plaintiff's Response to Defendant's Motion to Stay Discovery** - **PAGE 6**

Reply.   Consequently, Defendant failed to show exceptional or extraordinary circumstances as required by this court to grant leave to file a surreply.    Finally, Defendant argues in its sur-reply that Plaintiff introduced new case law in support of its argument, to which Defendant objects. However, the courts have established that introducing new case law for purposes of bolstering previously asserted legal arguments is valid, because it is unreasonable to limit a movant's reply to a response to only that case law previously cited.   For the reasons stated here, Plaintiff respectfully requests this Court deny Defendant's Motion for Leave and Motion to Strike.

Respectfully submitted,
K.D. PHILLIPS LAW FIRM, PLLC

By:  /s/  Kerri  Phillips
Kerri Phillips
Texas  Bar  No.  24065906
Phone: (972) 327-5800
Email: kerri@KDphillipslaw.com

By:  /s/ Heather Abreu
Heather Abreu
Texas  Bar  No.  24122577
Phone: (972) 327-5800
Email: heather@KDphillipslaw.com

5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Fax: (940) 400-0089
For Service of Filings:
notice@KDphillipslaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that true and correct copy of this document was sent to all counsel of record, hereunder listed via ECF filing on this the 29th day of December 2022.

William Osborne, Sanford Denison, Michael Rake

  /s/ Kerri Phillips
Kerri Phillips