IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS FT. WORTH DIVISION

| | |
|---|---|
| ROBERT "BOB" ROSS §<br>Plaintiff/Counterclaim Defendant §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>ASSOCIATION OF §<br>PROFESSIONAL FLIGHT §<br>ATTENDANTS, MCGAUGHEY, §<br>REBER AND ASSOCIATES, INC., §<br>JULIE HEDRICK, ERIK HARRIS §<br>§<br>Defendants/Counterclaim Plaintiff. §<br>§ | Case No. 4:22-CV-00343-Y |

**RESPONSE TO DEFENDANT'S MOTION TO
FILE SUR-REPLY AND MOTION TO STRIKE – PLAINTIFF'S MOTION TO DISMISS**

Plaintiff/Counterclaim Defendant, Robert "Bob" Ross ("Ross" or Plaintiff) respectfully submits this brief in response to Defendant's Association of Professional Flight Attendants ("APFA" or "the Union" or "Defendant") Motion for Leave to file a Surreply and Motion to Strike Arguments in Plaintiff's Reply on his Motion to Dismiss (Doc. 66).

Plaintiff initiated this case to recover lost damages suffered from a union disciplinary award issued in an arbitration decision adverse to Plaintiff. The disciplinary hearing violated Plaintiff's due process rights as APFA National Officers withheld documents and misrepresented pertinent and exculpatory information to the union governing bodies to achieve a disciplinary award against Plaintiff. APFA officers and members did so because Plaintiff expressed and supported a political faction that opposed the APFA officers. Plaintiff filed this action alleging infringement of his right

**Plaintiff's Response to Defendant's Motion to Stay Discovery** - **PAGE 1**

to a fair hearing under LMRDA among other claims (Docket 01).  The Union filed counterclaims asserting breach of fiduciary duty under common law and LMRDA, as well as a claim under §301a of the LMRA for breach of a collective bargaining agreement which it contends is the APFA Constitution (Docket 08). The court entered an order to dismiss all of Plaintiff's claims in error claiming no "disciplinary action" had been taken under the color of the union and directly opposite of controlling law.  Plaintiff filed a motion to vacate the dismissal order entered in error and a Motion to Dismiss Defendant's counterclaims.  Plaintiff argued that the counterclaims (1) are beyond the statute of limitations, (2) fail to meet the "good cause" requirement, (3) lack standing as 301a of the LMRA provides a cause of action only for members to sue their union—rather than unions to enforce its Constitution, and (4) fail as there is no collective bargaining agreement at issue to support a 301a of the LMRA claim.  (Docket 56).

**The Court should note that the 5th Circuit has previously held Defendant's counterclaim lacks jurisdiction— enforcement of the APFA's Constitution is a matter of contract and a breach thereof between a member and a union is a breach of contract claim— therefore an issue for state court.**[1]  The 5th Circuit reviewed a judgment enforcing APFA's Constitution by *this* Court and stated that:

> "[w]e hold that the district court had no jurisdiction to enforce the arbitral award, and we therefore vacate the district court's orders." (emphasis added).[2]

The 5th Circuit Court clearly held that the Northern District of Texas federal court erred in enforcing the union arbitration award based solely on the APFA Constitution and reversed and remanded the case back to the District Court.[3]  Plaintiff comes before this Court and asserts this

---

[1] *Adams-Lundy v. Association of Professional Flight Attendants*, 792 F.2d 1368, 1370 (5th Cir. 1986) ("*Adams-Lundy II*").
[2] *See Id.* at 1370.
[3] *See Id.* at 1370.

**Plaintiff's Response to Defendant's Motion to Stay Discovery** - **PAGE 2**

brief in response to Defendant's *second* Motion to File a Surreply in relation to Plaintiff's Motion to Dismiss.

Plaintiff reaffirms that his claims clearly meet the standard of "discipline" under the *Breininger* case, and that Defendant's counterclaims lack jurisdictional grounds based on both violation of statutory limitations period and lack of jurisdiction.

## I.     CONTROLLING CASE LAW OVER FILING SURREPLY BRIEF

Again, Plaintiff will be brief in its summary of the legal issues applicable to Defendant's Motion to file a Surreply and Motion to Strike in relation to Plaintiff's Motion to Dismiss.   This Court held that it only grants leave to file a surreply when a reply either:

> "(1) introduce[s] new evidence;
> (2) assert[s] a new defense to liability; or
> (3) cite[s] a supposedly analogous case for the first time."[4]

Additionally, the 5th Circuit Court held that the Movant must meet the burden of proof as

> "'[n]either the local rules of [the district] court nor the Federal Rules of Civil Procedure allow a party to file a surreply as a matter of right.' Because the rules do not provide for surreplies as a matter of right, the district court only accepts such filings **'in exceptional or extraordinary circumstances'**" [emphasis added].[5]

"In other words, in seeking leave to file a surreply brief, a party must identify the new issues, theories, or arguments which the movant raised for the first time in its reply brief."[6]  In *Luna v. Valdez,* failure to identify the new arguments or theories meant that the movant ". . . fails to meet his burden of showing the existence of exceptional or extraordinary circumstances."[7]

---

[4] *Austin v. Kroger Tex. L.P.*, No. 3:11-cv-1169-B, 2016 WL 1322248, at *1 (N.D. Tex. Apr. 5, 2016).
[5] *Gezu v. Charter Commc'ns*, 17 F.4th 547, 47 (5th Cir. 2021) (quoting *Corbello v. Sedgwick Claims Mgmt. Servs., Inc.*, 856 F. Supp. 2d 868, 890 (N.D. Tex. 2012), N.D. Tex. Loc. Civ. R. 7.1; and *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) (mem. Op.)).
[6] *Luna v. Valdez*, No. 3:15-cv-3520-D-BN, 14 (N.D. Tex. Sep. 21, 2017) (citing *Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263 at *1 (W.D. La. July 13, 2011) (Hornsby, M.J.) (not designated for publication) (citing *Lacher*, 147 F. Supp. 2d at 539-40).
[7] See *Luna v. Valdez*, at 14.

Moreover, this Court consistently held that when new case law is introduced in a movant's reply, this does not amount to grounds to file a surreply.

> "[T]he Court does not find the fact that Defendants cited new cases to support their responsive argument sufficient to grant a surreply. . . . Therefore, the Court DENIES Plaintiff's motion to file a surreply."[8]

Therefore, courts typically deny a motion to file a sur-reply *except* upon a finding that new evidence or new legal theories are introduced within a movant's reply that are not contained within the record. In *Murray v. TXU Corp.*, this Court ". . .den[ied] plaintiff's motion to strike defendants' reply brief and supplemental appendix, and den[ied] motion for leave to file a surreply because the arguments contained within did not raise new arguments or legal theories, but instead rebutted plaintiff's response or bolstered defendants' arguments contained in its initial motion."[9]

## II.     PLAINTIFF DID NOT ASSERT NEW LEGAL ARGUMENT

<u>Plaintiff asserts two arguments in his Motion to Dismiss:</u>

Plaintiff asserted two legal arguments in support of his motion to vacate and amend the original complaint. The two arguments are clearly noted in the headings and include:

(1)     **Statute of Limitations Expired on all of Defendant's Counterclaims**: Statute of limitations for a breach of fiduciary duty claim is four years under Texas law.[10] Enforcement of a §301(a) of LMRA claim is six months after an arbitration award based on the collective bargaining agreement.

---

[8] *Gigi's Cupcakes LLC v. 4 Box LLC*, CIVIL ACTION NO. 3:17-CV-3009-B, 2 (N.D. Tex. May. 23, 2018) (citing *Murray v. TXU Corp.*, No. Civ. A. 303CV0888P, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005) 'Assuming no new arguments are raised, the Court finds it nonsensical to believe a party must limit its research to previous briefings.');*see also*, *Banda v. Owens Corning Corp.*, CIVIL ACTION NO. 3:17-CV-1787-B (N.D. Tex. Dec. 21, 2018); *Lacher v. West* , 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001).

[9] *Banda v. Owens Corning Corp.*, CIVIL ACTION NO. 3:17-CV-1787-B (N.D. Tex. Dec. 21, 2018) (citing *Murray v. TXU Corp.*, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005).

[10] Tex. Civ. Practices and Remedies Code § 16.004(a); *Reed v. United Tramp. Union,* 488 U.S. 319, 323 (1989) (citing *DelCostello v. Teamsters*, 462 U.S. 151, 158 (1983)); See also *Plumbers & Steamfitters Union Local No. 10 v. Waters*, 451 F.Supp.3d 543 (E.D. Va. 2020).

**Plaintiff's Response to Defendant's Motion to Stay Discovery** - **PAGE 4**

(2) **APFA failed to meet the § 501(b) "good cause "requirement:** §501(a) requires the claimant to meet a "Good Cause" Requirement—APFA failed to establish that it met the Good Cause Requirement.[11]

(3) **APFA lacks standing to recover under § 301(a) LRMA claim:** Courts have recognized a claim under § 301(a) only for **members** against **a parent union** for breach of inter-union constitutions. This is not the facts in the case-at-issue. Here, APFA brings the §301(a) claim against a member—Plaintiff; APFA is not a parent union; and APFA pursues this cause of action to enforce its constitution—**previously held this claim is a state claim for breach of contract**.[12]

(4) **APFA's § 301(a) LMRA claim to enforce the APFA Constitution lacks federal jurisdiction:** The APFA constitution is a contract between members and the union. As confirmed with the Department of Labor that APFA has failed to ever notify or file any documentation supporting that an inter-union constitution exists. Furthermore, the 5th Circuit recognized that APFA's Constitution is a contract between the members and the union, not between local unions and national union—which it held a breach thereof is a matter for state court.[13]

<u>Plaintiff asserts three arguments in his *Reply* to the Motion to Dismiss:</u>

Plaintiff's Reply (Docket No. 65) re-asserts the **exact same arguments** as listed above.[14]

Plaintiff's arguments in the reply are as follows:

(1) **Statute of Limitations: Breach of Fiduciary Duty:** Plaintiff cites case law that supports that the statutory limitations period is four years from the date damages accrued under Texas Law;[15]

(2) **Statute of Limitations: Enforcement of Arbitration Award via §301(a) of LMRA:** Plaintiff analyzed Defendant's Responsive arguments regarding equitable tolling of the limitations period and cites case law supporting that equitable tolling is inapplicable to the case-at-issue;[16]

---

[11] Docket No. 59, PAGEID 1462-1467.
[12] *Adams-Lundy II*, 1370, at 1373 (5th Cir. 1986).
[13] *Adams-Lundy II*, 1370, at 1373 (5th Cir. 1986). ("In conclusion, we hold that a federal court is without jurisdiction to enforce an arbitration award that adjudicates rights granted to union officers by an internal union document. The orders of the district court enforcing the arbitral award and enjoining the appellants are therefore vacated. We specifically note that this case has been in litigation for a considerable period of time, and from each appearance in our court, appears to have little reason to be in the federal courts. In *Adams-Lundy I,* we noted that it was implicit in our reasoning that the plaintiffs have failed to state a claim upon which relief may be granted in federal court. Our opinion today underscores that earlier suggestion. The district court is certainly free to consider, upon proper motion by the defendants, the dismissal of this entire cause of action.")
[14] See Docket No. 65, PAGEID 1685.
[15] See Docket No. 65, PAGEID 1685-86; *Stewart v. Int'l Ass'n of Machinists & Aerospace Workers*, 16 F. Supp. 3d 783 (S.D. TX 2014).
[16] See Docket No. 65, PAGEID 1686; *Lee v. Cytec Industries, Inc.*, 460 F.3d 673 (5th Cir. 2006).

**Plaintiff's Response to Defendant's Motion to Stay Discovery** - **PAGE 5**

(3) **Lack of Jurisdiction**: The 5th Circuit vacated an order issued by the Northern District of Texas federal court to enforce an arbitration award based solely on the APFA Constitution. The 5th Circuit stated that **"[w]e hold that the district court had no jurisdiction to enforce the arbitral award, and we therefore vacate the district court's orders."**[17]

These headings in the Reply to Plaintiff's Motion to Dismiss (Doc. 65) assert the exact same arguments as those asserted in Plaintiff's Motion to Dismiss (Doc. 59).[18] Plaintiff introduced new case law in support of his two original arguments, however no new arguments were ever declared. The arguments are clearly outlined in the headings of each pleading—this shows the same three legal arguments contained in the Reply were made in the original Motion to Dismiss.[19]

The Court should note those arguments and evidence that remain absent from the court's record:

- Defendant failed to include any evidence illustrating APFA filed and notified the U.S. Department of Labor of its structure as a parent-union governing subordinate-unions exemplifying that the APFA Constitution is an inter-union Constitution.

- Defendant fails to explain <u>what new provisions</u> of the APFA Constitution create this newly-founded parent-union vs. subordinate union relationship and the date these provisions were adopted.

- Defendant fails to explain <u>when this new relationship</u> caused APFA to file an LM-1 notifying the U.S. Department of Labor of this new relationship.

- Defendant fails to state <u>whether LM-2s were filed</u> on behalf of APFA local bases in compliance with federal law.

- Defendant fails to identify any new legal arguments Plaintiff raised in any Reply on record. This is true for the *first* Motion to file a Sur-reply, just as its true for the *second* Motion to file a Sur-reply. What exactly are these "novel legal arguments" Plaintiff raised?

---

[17] See Docket No. 65, PAGEID 1666-1691; See Docket No. 59, PAGEID 1580-1587; *Adams-Lundy II*, 792 F.2d 1368, 1370 (5th Cir. 1986).
[18] See Docket No. 65, PAGEID 1666-1691; See Docket No. 59, PAGEID 1580-1587; *Adams-Lundy II*, 792 F.2d 1368, 1370 (5th Cir. 1986).
[19] Defendant's Response to Plaintiff's Motion to Dismiss failed to cite any case law supporting standing for its claim.

- Defendant fails to include any evidence that Plaintiff misappropriated any funds from APFA.

- Defendant fails to disclose any information from the surety bond held by Plaintiff in compliance with LMRDA, including any claims for recovery of misappropriated funds by any union officer.

- Defendant fails to include any evidence that the U.S. Department of Labor ever investigated and found misappropriation of funds by any previous APFA officer.

The absence of evidence on record by APFA is resounding.

Plaintiff submitted additional case law in support of his previous arguments. Dismissal of Defendant's counterclaims is proper based on: (1) statute of limitations; (2) Failure to establish "Good Cause" to bring a 501(b) claim; (3) lack of standing; and (4) lack of jurisdiction. Defendant's Counsel of record is certified in labor law and clearly well-versed on the standing case law before this Court. Defendant could have disclosed the existence of these cases in any of its previous pleadings. Defendant's excessive filings in this matter reveal its negligence in its oversight is well-founded.[20]

Defendant's Motions to file a Sur-Reply do not identify the new legal arguments Plaintiff asserted on Reply. Proposing new case law in support of a previously established legal argument does not create "exceptional or extraordinary circumstances" as required by this Court.

Rather, Defendant's filings are mere protests to Plaintiff's citation to the *Adams-Lundy v. APFA* series of cases and other case law. This is because it presents a hurdle for which Defendant is unable to overcome: the court's previous holding that a claim enforcing an arbitration award under APFA's Constitution is a claim that lacks federal court jurisdiction.

---

[20] The Court should further note that as of the date of filing this Response, Plaintiff is the only party to propose settlement—Plaintiff proposed a retrial of the union's arbitration in a manner that complied with the APFA Constitutional due process requirements.

**Plaintiff's Response to Defendant's Motion to Stay Discovery** - **PAGE 7**

"[T]he Court does not find the fact that Defendants cited new cases to support their responsive argument sufficient to grant a sur-reply."[21] Plaintiff is entitled to raise new case law in reply to Defendant's responsive arguments, despite Plaintiff's objections, because if ". . . no new arguments are raised, the Court finds it nonsensical to believe a party must limit its research to previous briefings."[22]

### III.   MOTION TO STRIKE NEW ARGUMENTS SHOULD BE DENIED

Defendant makes futile arguments that Plaintiff's Motion to Dismiss for lack of jurisdiction is disguised as a sur-reply to its Motion for Summary Judgment. Again, Plaintiff argues that his Motion to Dismiss for lack of jurisdiction is appropriate and should be granted. Alternatively, Plaintiff contends that utilizing the *Adams-Lundy v. APFA* and other new case law to support Plaintiff's original arguments should be stricken—however these cases support Plaintiff's original contention—federal jurisdiction to enforce an arbitration award under APFA's Constitution does not exist.

Subject matter jurisdiction is a threshold question—one that requires the Court to answer in the affirmative before ruling on the merits of any given case. The 5th Circuit Court held that federal jurisdiction *does not* exist over enforcement of an arbitration award based on a breach of APFA's Constitution. The *Adams-Lundy* cases show that Defendant's claims fall under state law, therefore jurisdiction over Defendant's original counterclaims are not proper.

### IV.   CONCLUSION

---

[21] *Gigi's Cupcakes LLC v. 4 Box LLC*, at 2 (N.D. Tex. May. 23, 2018) (Court quoting *Murray v. TXU Corp*., No. Civ. A. 303CV0888P, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005 which held 'Assuming no new arguments are raised, the Court finds it nonsensical to believe a party must limit its research to previous briefings.'). *Banda v. Owens Corning Corp.*, CIVIL ACTION NO. 3:17-CV-1787-B (N.D. Tex. Dec. 21, 2018); *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001).
[22] *Murray v. TXU Corp*., No. Civ. A. 303CV0888P, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005).

**Plaintiff's Response to Defendant's Motion to Stay Discovery** - **PAGE 8**

In conclusion, Defendant asserts that Plaintiff raised new legal arguments on Reply, however Defendant woefully failed to enumerate *what* new legal arguments Plaintiff raised. Defendant's Surreply merely argues the case law asserted rather than any new legal arguments. Consequently, Defendant failed to show exceptional or extraordinary circumstances as required by this court to grant leave to file a surreply. Finally, Defendant argues in its surreply that Plaintiff introduced new case law in support of its argument, to which Defendant objects. However, the courts established that introducing new case law for purposes of bolstering previously asserted legal arguments is valid, because it is unreasonable to limit a movant's reply to a response to only that case law previously cited. For the reasons stated here, Plaintiff respectfully requests this Court deny Defendant's Motion for Leave and Motion to Strike.

Respectfully submitted,
K.D. PHILLIPS LAW FIRM, PLLC

By: /s/ Kerri Phillips
Kerri Phillips
Texas Bar No. 24065906
Phone: (972) 327-5800
Email: kerri@KDphillipslaw.com

By: /s/ Heather Abreu
Heather Abreu
Texas Bar No. 24122577
Phone: (972) 327-5800
Email: heather@KDphillipslaw.com

5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Fax: (940) 400-0089
For Service of Filings:
notice@KDphillipslaw.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I certify that true and correct copy of this document was sent to all counsel of record, hereunder listed via ECF filing on this the 9th day of January 2023.

William Osborne, Sanford Denison, Michael Rake

                                                    /s/ Kerri Phillips
                                                  Kerri Phillips