```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION

ROBERT (BOB) ROSS                §
                                 §
VS.                              §   ACTION NO. 4:22-CV-343-Y
                                 §
ASSOCIATION OF PROFESSIONAL      §
FLIGHT ATTENDANTS, ET AL.        §
```

ORDER PARTIALLY GRANTING MOTION TO DISMISS COUNTERCLAIM

Pending before the Court is the Motion to Dismiss Defendant's Counterclaim (doc. 59), which was filed by plaintiff and counter-defendant Robert (Bob) Ross. In the motion, Ross contends that the counterclaims filed against him by the Association of Professional Flight Attendants ("APFA") should be dismissed for the following reasons:

> (1) the statute of limitations bars the counterclaims;
>
> (2) the counterclaims fail to state a claim for relief because they fail to satisfy the good-cause requirement of section 501(b) of the Labor--Management Reporting Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 501(b);
>
> (3) the APFA lacks standing under section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), because the statute does not permit suits by unions against individual members; and
>
> (4) the Court lacks jurisdiction over the APFA's claim under LMRA section 301(a) because the APFA's constitution is not an inter-union contract.

(Mot. to Dismiss (doc. 59) 2, 12-15.)  After review of the motion, the related briefs, and applicable law, the Court concludes that the motion should be partially granted.  The Court concludes that the APFA's counterclaim for breach of fiduciary duty under Texas common law is time barred.  The remainder of the motion, is, however, denied.

In the third cause of action of its counterclaim, the APFA asserts a claim for breach of fiduciary duty under Texas common law.[1] As noted by Ross, the statute of limitations in Texas for such a claim is four years. *See* TEX. CIV. P. & REM. CODE ANN. § 16.004(a)(5) (West 2002). APFA's counterclaim contends that Ross breached his fiduciary duties by "paying and accepting payment of monies from APFA while President." (Counterclaim (doc. 8) 42, ¶ 37.) APFA also admits, however, that Ross ceased being its president on March 2, 2018. (*Id.* at 34, ¶3.) APFA did not file its counterclaim in this action until May 16, 2022, over two months after the limitations period expired. Consequently, APFA's claim against Ross for breach of fiduciary duty under Texas law is barred by the applicable statute of limitations.

The Court has reviewed the remainder of Ross's motion, however, and concludes that it must be denied. The Court is not persuaded that APFA's remaining claims are time barred. The claim under LMRDA section 501 appears to be governed by the federal doctrine of laches, rather than the state statute of limitations upon which Ross relies. *See Teamsters, Chauffeurs, Warehousemen and Helpers, Local 764 v. Greenawalt*, 880 F. Supp. 1076, 1083-84 (M.D. Pa. 1995) (applying federal doctrine of laches, rather than state statute of limitations, to LMRDA section 501(a) claim challenging receipt by former president of severance pay); *cf. Erkins v. Bryan*, 785 F.2d 1538, 1542-43 (11th Cir. 1986) (affirming district court's application of doctrine of laches to section 501 suit for an accounting); *Plumbers and*

---

[1] The APFA wholly fails to specifically address this claim in its response to Plaintiff's motion to dismiss.

ORDER PARTIALLY GRANTING MOTION TO DISMISS COUNTERCLAIM - Page 2
TRM/chr

*Steamfitters Union Local 10 v. Waters*, 451 F. Supp. 3d 543, 550-553 (E.D. Va. 2020) (concluding that "[i]f Plaintiff's claim proves equitable in nature, the Court should engage in a laches analysis to determine the timeliness of the Complaint. However, if Plaintiff's claim is legal in nature, the Court may simply dismiss the Complaint as time-barred by the [state's] statute of limitations).  And the APFA's claim under LMRA section 301(a) seeking enforcement of the arbitrator's decision is timely even under "the six-month limitations period for Hybrid § 301 LMRA claims" Ross invokes, (Pl.'s Mot. (doc. 59) at 11), inasmuch as it was filed less than two months after the arbitrator's March 19, 2022 decision.

Furthermore, given that the counterclaim was filed by the APFA, rather than a member acting after the APFA's refusal to file suit, the good-cause requirement of LMRDA section 501(b) is inapplicable to the APFA's claim under section 501(a).[2]  *See Transport Workers Union of Am. v. Fudge*, No. 3:14-CV-3639-L, 2015 WL 5664429, at *7-8 (N.D. Tex. March 24, 2015) (Horan, Mag. J.) (concluding that union

---

[2] Ross contends in his **reply** brief that the Court lacks jurisdiction to enforce the arbitration award for the reasons stated by the United States Court of Appeals for the Fifth Circuit in *Adams-Lundy v. Association of Professional Flight Attendants*, 792 F.2d 1368, 1370 (5th Cir. 1986).  In that case, the Fifth Circuit concluded that a district court lacked jurisdiction under the LMRDA to enforce an arbitration award "based not on federal law, but on the constitution of the [APFA]."  *Id.* at 1372.  Ross wholly failed, however, to raise this issue in his motion.  His only arguments in his motion regarding the APFA's LMRDA counterclaim were that it was barred by the state statute of limitations and that the APFA failed to meet section 501(b)'s good-cause requirement.  This Court does not countenance arguments first raised in a reply brief.  *See Conceal City, L.L.C. v. Looper Law Enforcement, LLC*, 2013 WL 81485, *8 (N.D. Tex. Jan. 8, 2013) (Fitzwater, J.) (citing *Senior Unsecured Creditors' Comm. of First RepublicBank Corp. v. FDIC*, 749 F. Supp. 758, 772 (N.D. Tex. 1990) (Fitzwater, J.)); *see also Tran Enters, LLC v. DHL Exp. (USA), Inc.*, 627 F.3d 1004, 1010 (5th Cir. 2010) (noting that issues first raised in a reply brief "are not properly before the court").  Consequently, although the Court may be required to address the Fifth Circuit's decision in *Adams-Lundy* at some point in this lawsuit, it will not do so when first raised by way of a reply brief.

has an implied cause of action under LMRDA section 501(a) and does not need to meet the good-cause requirements of section 501(b) before filing suit). And the Court is not persuaded that the APFA lacks standing under LMRA section 301(a), at least to the extent it seeks injunctive relief. *See Service Emps. Int'l Union v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1070 (9th Cir. 2010) ("the Second and Eleventh Circuits have expressly held that section 301(a) permits injunctive suits against individual defendants for violations of a union constitution) (citing *Shea v. McCarthy*, 95 3 F.2d 29, 32 (2d Cir. 1992); *Int'l Union of Elec. v. Statham*, 97 F.3d 1416, 1421-22 (11th Cir. 1996)). Finally, it appears clear that the APFA's constitution is a contract between labor organizations within the purview of LMRA section 301. See APFA's App. to Mot. for Summ. J. (doc. 44) at 2-4; *see also United Ass'n of Journeymen and Apprentices of Plumbing and Pipefitting Indus. v. Local 334*, 452 U.S. 615, 619-622 (1981).

For the foregoing reasons, Plaintiff's Motion to Dismiss Defendant's Counterclaim (doc. 59) is PARTIALLY GRANTED, in that the third cause of action in the APFA's counterclaim (for breach of fiduciary duty under Texas common law) is DISMISSED WITH PREJUDICE to its refiling.

SIGNED February 22, 2023.

*[signature: Terry R. Means]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE