```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION
```

| | | |
|---|---|---|
| ROBERT (BOB) ROSS | § | |
| | § | |
| VS. | § | ACTION NO. 4:22-CV-343-Y |
| | § | |
| ASSOCIATION OF PROFESSIONAL | § | |
| FLIGHT ATTENDANTS, ET AL. | § | |

ORDER GRANTING MOTION TO AMEND AND
DENYING MOTIONS TO VACATE AND FOR LEAVE TO FILE SUR-REPLY

Pending before the Court is Plaintiff's Motion to Vacate Order Pursuant to Fed. R. Civ. P. 54(b) and 59(e) or for Leave to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a) (doc. 55).[1] After review of the motion, the related briefs, the record in this case, and the applicable law, the Court is concerned that at least a portion of its prior order of dismissal may be erroneous.  See *Martin v. Local 556, Transp. Workers Union of Am.*, No. 3:14-CV-0500-D, 2014 WL 4358480, at *8 (N.D. Tex. Sept. 3, 2014) (Fitzwater, C.J.) (noting that "[a]lthough the Fifth Circuit has not specifically held that being banned from holding union office is a form of discipline, it has stated in *dicta* that the right to run for office is a membership right," and thus "assum[ing] that a ban against running for union office [for three years] is a form of discipline that is actionable under [the Labor-Management Reporting Disclosure Act of 1959, 29 U.S.C.] §411(a)(5)") (citing *Adams-Lundy v. Ass'n of Pro. Flight Attendants*, 731 F.2d 1154, 1156 (5th Cir. 1984)).  Furthermore, after

---

[1] Plaintiff's motion in large part fails to comply with the Court's prior order requiring jump cites.  See July 6, 2022 Order (doc. 26) at 6, ¶ E(1).  Any future motions or briefs that fail to comply with this requirement will be stricken.

ORDER GRANTING MOTION TO AMEND AND . . . - Page 1
TRM/chr

reviewing the AFPA's Constitution (which was not submitted with Plaintiff's original complaint or the briefing regarding the AFPA's motion to dismiss, but instead was subsequently provided in support of the AFPA's summary-judgment motion), (AFPA's App. (doc. 44) 5-7), the Court is less convinced that the charges and arbitration proceedings at issue herein were not, in fact, disciplinary proceedings by, or at least on behalf of, the APFA, such that jurisdiction under the LMRDA § 412, as originally alleged, may be appropriate.

   Regardless, the Court agrees that Plaintiff should be permitted an opportunity to amend his claims prior to suffering dismissal. *See U.S. ex rel. Coppock v. Northrop Grumman Corp.*, No. Civ. A. 398CV2143D, 2002 WL 1796979, at *15, n. 29 (N.D. Tex. Aug 1, 2002) (Fitzwater, J.) (noting that "this and other courts typically give a plaintiff at least one opportunity to cure pleading defects that the court has identified before dismissing the case, unless it is clear that the defect is incurable or the plaintiff advises the court that he is unwilling or unable to amend in a manner that will avoid dismissal").  Thus, rather than vacate the prior order, the Court instead will grant Plaintiff leave to amend his complaint.  The Court has reviewed Plaintiff's proposed amended complaint and is not persuaded that the amendment is futile.

   As a result, Plaintiff's alternative motion for leave to amend is GRANTED, and the motion to vacate is DENIED as moot.  Plaintiff's First Amended Complaint is DEEMED filed this same day, and the clerk of the Court is DIRECTED to file a copy of the amended pleading, which

was attached as an exhibit to the motion for leave.  *See* N.D. Tex. L. Civ. R. 15.1(b).

Additionally, Defendants' Motion for Leave to File Surreply Brief or Strike (doc. 63) is DENIED.  The Court did not consider any new arguments raised in Plaintiff's reply brief when deciding these motions.

SIGNED February 22, 2023.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　TERRY R. MEANS
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE