**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ROBERT (BOB) ROSS,** | § | |
| | § | |
| **Plaintiff/Counterclaim Defendant,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-00343-Y** |
| | § | |
| **ASSOCIATION OF PROFESSIONAL** | § | |
| **FLIGHT ATTENDANTS,** | § | |
| **MCGAUGHEY, REBER AND** | § | |
| **ASSOCIATES, INC., JULIE** | § | |
| **HEDRICK, AND ERIK HARRIS,** | § | |
| | § | |
| **Defendants/Counterclaim Plaintiff.** | § | |

**DEFENDANTS ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS,**
**JULIE HEDRICK AND ERIK HARRIS' ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**
**AND**
**ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS' COUNTERCLAIM**
**FOR ENFORCEMENT OF THE ARBITRATOR'S DECISIONS AND ORDERS**

Defendant/Counterclaim Plaintiff Association of Professional Flight Attendants

("APFA"), and Defendants Julie Hedrick and Erik Harris (collectively, "Defendants"), by and

through their undersigned counsel and in accordance with Rule 8 of the Federal Rules of Civil

Procedure ("FRCP"), file this Answer to Plaintiff Robert (Bob) Ross' ("Ross") "Plaintiff's First

Amended Complaint" ("Amended Complaint"); and, pursuant to Rule 13 of the FRCP,

Defendant APFA files this Counterclaim for Enforcement of the Arbitrator's Decision and Order

and for Ross' breach of fiduciary duty under Section 501(a) of the LMRDA, 29 U.S.C. §501(a).

In support thereof, Defendants state as follows:

**INTRODUCTION**

1. With regard to sentence one of Paragraph 1 of the Amended Complaint,

Defendants admit that Ross brings this action under various federal and state laws including the

Labor-Management Reporting and Disclosure Act ("LMRDA") which is codified at 29 U.S.C. § 401, *et seq.,* but deny that Ross is entitled to any relief in this action under the LMRDA or under any other federal or state laws or causes of action, and aver, as set forth in Defendant APFA's counterclaim, that the Decisions and Orders issued by Arbitrator Ruben Armendariz ("Arbitrator") on March 19, 2022 and on August 24, 2022 ("Arbitrator's Decisions and Orders") arising out of charges brought against him by certain APFA members pursuant to the APFA Constitution should remain in full force and effect and that this Court should enter an order enforcing said Decisions and Orders ordering Ross to comply therewith, and that Ross also should be found liable for his breach of fiduciary duty owed to APFA under Section 501(a) of the LMRDA, 29 U.S.C. §501(a).

2.     With regard to sentence one of Paragraph 2 of the Amended Complaint, Defendants admit that Ross was elected APFA National President in 2016 but deny that Ross was elected "shortly after" the merger of American Airlines and US Airways and aver that the merger of American Airlines and US Airways occurred in 2013.  Defendants deny the remaining allegations of Paragraph 2, and specifically deny that a "power struggle" ensued between AFA and APFA after the merger of American Airlines and US Airways; deny that AFA has "infiltrated" APFA "with the intent to take over via a merger of the two unions;" deny that APFA internal disciplinary procedures have been used to "victimize any union member outspoken against a merger between AFA and APFA;" and deny that "[v]iolations of members' rights have ensued in pursuit of the AFA agenda."

**PARTIES**

3.     With regard to sentence one of Paragraph 3 of the Amended Complaint, Defendants admit that Ross was employed with APFA in the state of Texas but lack sufficient

knowledge to admit or deny that Ross was a citizen of Texas during his employment and therefore deny that allegation. With regard to sentence two of Paragraph 3, Defendants admit that Ross' current primary residence is in the State of California but lack sufficient knowledge to form a belief as to the truth of the allegation that all events pertinent to the claims in the Amended Complaint occurred within the state of Texas and therefore deny that allegation. With regard to sentence three of Paragraph 3, Defendants lack sufficient knowledge to form a belief as to whether Ross' current primary residence is 4701 Hayloft Ct., El Dorado Hills, CA 95762 and therefore deny that allegation.

4.      With regard to sentence one of Paragraph 4, Defendants admit that Defendant McGaughey, Reber and Associates, Inc., d/b/a Diversified Credit Systems ("Diversified") is the assignee of a debt owed by Ross to APFA, specifically, a $5,436.47 overpayment to Ross that resulted from an incorrect calculation of a payout of Ross' unused sick and vacation days. Defendants lack sufficient knowledge to form a belief as to the truth of the allegation that Diversified's registered agent for service of process is M.S. McGaughey and therefore deny that allegation. Defendants admit the allegations of sentence two of Paragraph 4. With regard to sentence three of Paragraph 4, Defendants lack sufficient knowledge to form a belief as to the truth of the allegation regarding Diversified's principal purpose and therefore deny that allegation. With regard to sentence four of Paragraph 4, this sentence states a legal conclusion to which no response is required, but to the extent a response is required that allegation is denied.

5.      With regard to Paragraph 5 of the Amended Complaint, Defendants admit that APFA is a party to a transition agreement with Ross dated March 1, 2018 ("Transition Agreement"). Defendants lack sufficient knowledge to admit or deny the allegations that the Transition Agreement formed the basis of the "original claim" which "gave rise to this lawsuit"

and therefore deny those allegations. Defendants admit that APFA can be served through its current National President, Julie Hedrick ("Hedrick") at APFA headquarters at 1004 W. Euless Blvd., Euless, TX 76040.

6. Defendants admit the allegations in Paragraph 6 of the Amended Complaint.

7. With regard to Paragraph 7 of the Amended Complaint, Defendants admit that Defendant Erik Harris ("Harris") is the National Treasurer of APFA and can be served at his place of employment at APFA headquarters 1004 W. Euless Blvd, Euless, Texas 76040. Defendants deny that Harris' place of residence is 2100 Heritage Ave., Apartment 7104, Euless, TX 76039 and further deny that he can be served at that address.

## JURISDICTION AND VENUE

8. With regard to sentence one of Paragraph 8 of the Amended Complaint, Defendants admit that Ross filed his Amended Complaint in the United States District Court for the Northern District of Texas and asserts that this Court has jurisdiction on the basis of Federal Question and diversity between the parties to this suit.

9. With regard to sentence one of Paragraph 9 of the Amended Complaint, Defendants admit that Ross brings this action under the Fair Credit Reporting Act, 15 U.S.C. 1681s-2 (a)(1)(A) and (B), Fair Debt Collection Practices Act, 15 U.S.C. §§1692 d, e, and f, and the Labor Management Records and Disclosure Act, 29 U.S.C. 412, Sections 102 and 609, but deny that Ross is entitled to any relief under these statutes or any other statute, including the Labor-Management Reporting and Disclosure Act ("LMRDA") as codified at 29 U.S.C. § 401 *et seq.* Defendants deny that Ross is entitled to any relief under the LMRDA or under any other federal or state laws or causes of action.

10.     With regard to sentence one of Paragraph 10 of the Amended Complaint, Defendants lack sufficient knowledge to form a belief as to the truth of the allegation that the amount in controversy exceeds $75,000, and therefore deny this allegation, but aver, as stated in Defendant APFA's counterclaim, that the Arbitrator's Decision and Order found against Ross and ordered him to pay at least $27,631.60 in damages to APFA. Defendants admit that APFA conducts business in Texas and that Hedrick and Harris are employed by APFA in Texas. With regard to the remaining allegations of Paragraph 10, Defendants lack sufficient knowledge to admit or deny the allegations and therefore deny the allegations.

**CONDITIONS PRECEDENT**

11.     With regard to sentence one of Paragraph 11 of the Amended Complaint, this sentence states a legal conclusion to which no response is required, but to the extent a response is required the allegation is denied.

**FACTUAL BACKGROUND**

12.     With regard to heading "A" above Paragraph 12 of the Amended Complaint and sentence one of Paragraph 12, Defendants admit that Ross was elected APFA National President in 2016 but deny that Ross was elected "shortly after" the merger of American Airlines and US Airways and aver that the merger of American Airlines and US Airways occurred in 2013. Defendants deny the remaining allegations in Paragraph 12, and specifically deny that there existed a "power struggle" regarding a potential AFA/APFA merger and deny that APFA's internal procedures for resolving charges filed by members under Article VII of the APFA Constitution have been used "as a method of victimizing Plaintiff [Ross], and others that oppose such merger [between AFA and APFA] in an effort to silence the opposition."

13.     Defendants admit that at the APFA Annual Conference on February 28, 2018 –

March 3, 2018 Ross resigned as APFA National President but deny the remaining allegations in

Paragraph 13 of the Amended Complaint, and specifically deny that "[f]ear of retaliation led

many [APFA] Board members to support Ross's resignation." Defendants aver that a neutral

arbitrator found Ross, in his role as APFA National President, was guilty of violations of the

APFA Constitution and Policy Manual for financial misconduct and breach of fiduciary duty,

and aver, as stated in Defendant APFA's counterclaim, that the Arbitrator's Decisions and

Orders should remain in full force and effect and that this Court should enter an order enforcing

said Decisions and Orders and that Ross also be found liable for his breach of fiduciary duty

under Section 501(a) of the LMRDA.

14.     With regard to heading "B" above Paragraph 14 of the Amended Complaint,

Defendants admit that Ross and APFA are parties to a Transition Agreement. Defendants admit

that Ross resigned from his position as APFA National President on March 2, 2018, at the close

of the 2018 APFA Annual Convention in March 2018.  Defendants deny the remaining

allegations in heading "B" but admit that Ross was duly elected, by virtue of running unopposed,

as APFA local San Francisco Base President in 2021 and took office in April 2021.  With regard

to sentence one of Paragraph 14 of the Amended Complaint (including bullet points), Defendants

admit that Ross resigned his position as APFA National President on March 2, 2018, at the close

of the 2018 APFA Annual Convention in March 2018, and is party to a Transition Agreement

with APFA, which document speaks for itself, and deny the remaining allegations of sentence

one.  With regard to sentence two and three of Paragraph 14, Defendants admit that a Transition

Agreement between Ross and APFA that was signed on March 1, 2018, and admit that a true and

correct copy of the Transition Agreement is attached as Exhibit A-1 and that the document

speaks for itself regarding its contents.  Except as expressly admitted above, Defendants deny the remaining allegations of Paragraph 14.

15.     With regard to sentence one of Paragraph 15 of the Amended Complaint, admit that Ross was duly elected, by virtue of running unopposed, as APFA local San Francisco Base President in 2021 and took office in April 2021. Defendants deny the remaining allegations in sentence one.  With regard to sentence two of Paragraph 15, Defendants admit that APFA's current elected National Officers are National President Julie Hedrick, National Vice President Larry Salas, National Treasurer Erik Harris and National Secretary Josh Black, but deny that AFA played any role whatsoever in the election of the current administration and further deny that "AFA members crept deeper into key roles within APFA's organizational structure."

16.     With regard to sentence one of Paragraph 16 of the Amended Complaint, Defendants lack sufficient knowledge to admit or deny the allegations in this sentence and therefore deny the allegations.  With regard to sentence two of Paragraph 16, Defendants admit that APFA members Chinery-Burns and Sandra Lee ("Lee") requested to view and were provided access, through Harris, to financial records from the Ross administration pursuant to their rights under the APFA Constitution and Policy Manual and the Labor-Management Reporting and Disclosure Act ("LMRDA") Section 201(c), 29 U.S.C. § 431(c), but deny the remaining allegations of sentence two, and specifically deny that Harris "assisted" Chinery-Burns and Lee and specifically deny that Chinery-Burns and Lee were granted access to any personally identifiable information regarding Ross that they were not entitled to under the LMRDA or the APFA Constitution and Policy Manual and aver that the Transition Agreement's confidentiality clause is not enforceable under the APFA Constitution and Policy Manual or LMRDA Section 201(c)**,** 29 U.S.C. § 431(c).  Defendants admit the allegations of sentence three

of Paragraph 16. With regard to sentence four of Paragraph 16, Defendants lack sufficient knowledge to admit or deny the allegations in this sentence and therefore deny the allegations. Defendants deny the allegations in sentence five of Paragraph 16.

17. With regard to heading "C" above Paragraph 17 of the Amended Complaint, Defendants admit that on November 24, 2020, Harris sent Ross a letter demanding that he repay APFA for a $5,436.47 overpayment which resulted from an incorrect calculation of Ross' payout for unused sick and vacation days. Sentences two and three, including i, ii and iii of Paragraph 19 refer to the contents of the November 24, 2020 letter sent from Harris to Ross. Defendants admit that Exhibit A-2 is a true and correct the Overpayment-of-Wages Letter and that the document speaks for itself regarding its contents. Defendants deny all remaining allegations in sentence three and the bolded sentence four of Paragraph 17.

18. Defendants admit the allegations in sentence one of Paragraph 18 of the Amended Complaint. With regard to sentence two, including i, ii and iii, of Paragraph 18, Defendants admit that Schedule A outlines the calculation of Ross' pay during his term as APFA National President and that Schedule B outlines certain payments made to Ross including payments made in 2018 for unused sick and vacation days. Defendants deny the remaining allegations of sentence two but aver that Schedule C outlines overpayments made to Ross in 2018. Except as expressly admitted above, Defendants deny the remaining allegations in Paragraph 20.

19. With regard to sentence one of Paragraph 19 of the Amended Complaint, Defendants admit that the calculation used for Ross' payout for unused sick and vacation days included the Meal Expense Allowance ("MEA") and Special Assignment Fee ("SAF") but deny the remaining allegations in sentence one. With regard to sentence two of Paragraph 19,

Defendants admit that including MEA and SAF in the calculation of the payout for unused sick and vacation days resulted in a $5,436.47 overpayment to Ross but deny the remaining allegations in sentence two.  Defendants deny the allegations in sentence three of Paragraph 19.

20.     Defendants deny the allegations in sentences one  of Paragraph 20 of the Amended Complaint.  With regard to the allegations in sentence two of Paragraph 20 the referenced "Ross Aff., Ex A" was not attached to the Amended Complaint; therefore, Defendants lack sufficient knowledge to admit or deny the allegations of sentence 3 and therefore deny the allegations. With regard sentence three of Paragraph 20, Defendants admit that Diversified filed suit against Ross to collect the $5,436.47 overpayment on January 14, 2022.  With regard to the remaining allegations of sentence three, Defendants lack sufficient knowledge to admit or deny the allegations and therefore deny the allegations.

21.     With regard to heading "D" above Paragraph 21 of the Amended Complaint, Defendants admit that Diversified filed suit against Ross to collect the $5,436.47 overpayment on January 14, 2022, but deny that this overpayment was also named in charges filed by Chinery-Burns and Lee against Ross under Article VII of the APFA Constitution ("Article VII Charges") and aver that the overpayment was discovered as a result of the Article VII Charges. Defendants admit that Diversified's Petition included a letter from APFA's accounting firm ("Confidential Memorandum") but aver that attached to the Confidential Memorandum included in said Petition was a document marked Schedule "C" which detailed the vacation overpayments to Ross totaling $5,436.47 and further aver that the original of Confidential Memorandum also had schedules marked "A" and "B" detailing additional calculations supporting the $5,436.47 vacation overpayment to Ross. Defendants deny that the Confidential Memorandum states that Ross does not owe the $5,436.47 overpayment.  Defendants aver that the statements in the

Confidential Memorandum, "Please note the Bob Ross confidential transition agreement states that he will be paid all of his accrued and unused sick, and accrued and unused vacation time. This agreement doesn't specify that the payments made in accordance with the policy manual guidelines. Consequently, these payments appear appropriate and in compliance with the transition agreement" refer to the total number of unused sick and vacation days used for Ross' payout, and not to the calculation of the payout, which was incorrect and resulted in the $5,436.47 overpayment as shown on Schedule C. With regard to sentence one of Paragraph 21 of the Amended Complaint, Defendants admit that Diversified filed suit against Ross to collect the $5,436.47 overpayment on January 14, 2022, and that this overpayment was discovered as a result of the Article VII Charges and subsequent arbitration, which was heard on June 16, 2021, and November 17-18, 2021. Except as expressly admitted above, Defendants deny the remaining allegations of sentences one and two of paragraph 21.

22.     Defendants admit the allegations in sentence one of Paragraph 22 of the Amended Complaint but aver that attached to that letter was a document marked Schedule "C" which detailed the vacation overpayments to Ross totaling $5,436.47. With regard to the allegations in sentences two and three of Paragraph 22, including the allegations in i, ii, iii, and iv, to the extent that the allegations describe and paraphrase statements in a letter and the Confidential Memorandum, which those documents speak for themselves, Defendants deny the allegations. With regard to ii, Defendants admit that overpayment schedules previously were prepared for the other three former national officers in Ross' administration, which showed that the former officers' payout for unused sick and vacation days was calculated incorrectly due to the inclusion of the Meal Expense Allowance ("MEA") and Special Assignment Fee ("SAF") and resulted in an overpayment that each former officer was requested to repay to APFA. With regard to iii,

Defendants admit that the quoted language appears in the Confidential Memorandum but deny the remaining allegations, and aver that the quoted statements refer to the total number of unused sick and vacation days used for Ross' payout, and not to the calculation of the payout, which was incorrect due to the inclusion of MEA and SAF and resulted in the $5,436.47 overpayment as shown on Schedule C. Except as expressly admitted above, Defendants deny the remaining allegations in this paragraph.

23. Defendants deny the allegations of Paragraph 23 of the Amended Complaint, and specifically deny that APFA's independent accounting firm concluded that Ross was paid correctly under the Transition Agreement and does not owe the $5,436.47 overpayment and aver that Schedule C attached to the Confidential Memorandum contains the accounting firm's calculation of the $5,436.47 overpayment. Defendants further aver, as set forth in Defendant APFA's counterclaim, that the Arbitrator's Decisions and Orders states that Ross owes and is ordered to pay the $5,436.47 overpayment to APFA, that the Decisions and Orders should remain in full force and effect and that this Court should enter an order enforcing said Decisions and Orders, and that Ross also should be found liable for his breach of fiduciary duty under Section 501(a) of the LMRDA, 29 U.S.C. §501(a).

24. With regard to sentence one of Paragraph 24 of the Amended Complaint, Defendants lack sufficient knowledge to admit or deny whether Diversified sent a verification-of-debt letter to Ross and therefore deny the allegations of sentence one. Defendants deny the allegations in sentence two of Paragraph 24.

25. Defendants deny the allegations in sentences one through four of Paragraph 25 of the Amended Complaint, and specifically deny that APFA's independent accounting firm concluded that the Confidential Memorandum states that Ross was paid correctly under the

Transition Agreement and does not owe the $5,436.47 overpayment; deny that APFA officers or representatives, including Hedrick and Harris, concealed the Confidential Memorandum and misrepresented the accounting firm's finding that Ross was overpaid by $5,436.47 and disparaged and harassed Ross; deny that APFA officers filed charges against Ross under Article VII of the APFA Constitution; and aver that Schedule C attached to the Confidential Memorandum contains the accounting firm's calculation of the $5,436.47 overpayment. Defendants further aver, as set forth in Defendant APFA's counterclaim, that the Arbitrator's Decisions and Orders state that Ross owes and is ordered to pay the $5,436.47 overpayment to APFA, that the Decisions and Orders should remain in full force and effect and that this Court should enter an order enforcing said Decisions and Orders, and that Ross also should be found liable for his breach of fiduciary duty under Section 501(a) of the LMRDA, 29 U.S.C. §501(a). With regard to sentence five of Paragraph 25, Defendants admit that former APFA General Counsel Margot Nikitas ("Nikitas") was present at the December 1, 2020, Executive Committee meeting and at each day of the Chinery-Lee v. Ross Article VII Charges arbitration hearing but deny the remaining allegations of sentence five and aver that the accounting firm's "true finding[]" was that Ross was overpaid by $5,436.47. Except as expressly admitted above, Defendants deny the remaining allegations of this paragraph.

26.     With regard to sentence one of Paragraph 26 of the Amended Complaint, Defendants admit that the Arbitrator issued a Decision and Order finding against Ross and ordering relief including monetary damages and fines, which total at least $27,631.60, but deny that the "Overpayment of Wages" letter misrepresented that the APFA Board of Directors found that Ross was overpaid by $5,436.37 in 2018. With regard to sentence two of Paragraph 26, Defendants admit that Nena Martin ("Martin") was a member of the APFA Board of Directors

and was present at its meeting on October 27-28, 2020, where Ross's $5,436.47 overpayment was discussed, and at the APFA Executive Committee meeting on December 1, 2020. With regard to the allegations in sentence three of Paragraph 26, Defendants lack sufficient knowledge to form a belief about what Martin did or did not attest to and therefore deny these allegations. Defendants deny the allegations in sentence four of Paragraph 26 but aver that the Board of Directors reviewed the $5,436.47 overpayment, including Schedules A-C that were prepared by APFA's independent accountant, in an off-record discussion, and at the conclusion of the discussion the Board of Directors instructed Harris to serve a demand on Ross to repay the $5,436.47 overpayment. Defendants deny the allegations in sentence five of Paragraph 26. With regard to sentence six of Paragraph 26, Defendants admit that no formal action was taken by the APFA Board of Directors at its October 27-28, 2020, meeting with respect to the $5,436.47 overpayment Ross owes to APFA but deny the remaining allegations in this sentence. Except as expressly admitted above, Defendants deny the remaining allegations in this paragraph.

27.     With  regard to sentence one of Paragraph 27 of the Amended Complaint, Defendants admit that Martin attended the December 1, 2020, APFA Executive Committee meeting and that the Executive Committee found the Article VII Charges to be timely, specific and valid at that meeting, but Defendants lack sufficient knowledge to form a belief about what Martin did or did not attest to and therefore deny the remaining allegations in sentence one. With regard to the allegations in sentences two and three of Paragraph 27, Defendants lack sufficient knowledge to form a belief about what Martin did or did not attest to and therefore deny the allegations. However, Defendants aver that at its October 27-28, 2020, meeting, the Board of Directors reviewed the $5,436.47 overpayment, including Schedules A-C that were prepared by APFA's independent accountant, in an off-record discussion, and at the conclusion

of the discussion the Board of Directors instructed Harris to serve a demand on Ross to repay the $5,436.47 overpayment.  Defendants deny the allegations in sentence four of Paragraph 27.

28.     With regard to heading "E" above Paragraph 28 of the Amended Complaint, Defendants admit that the APFA Executive Committee found the Article VII Charges to be timely, specific and valid and referred the case to the Article VII Arbitrator per the APFA Constitution but deny that the APFA Board of Directors made any findings against Ross with respect to the Article VII Charges, and aver that APFA Constitution Article VII, Section 3 tasks the Executive Committee with reviewing charges for timeliness, specificity and validity. Defendants admit the allegations in sentences one and two of Paragraph 28.  With regard to sentence three of Paragraph 28, this sentence states a legal conclusion to which no response is required, but to the extent a response is required Defendants admit that charges brought under Article VII are administratively dismissed if the charging or charged member retires while the charges are pending.  Defendants deny the allegations in sentences four and five of Paragraph 28.

29.     With regard to sentence one of Paragraph 29 of the Amended Complaint, Defendants admit that Chinery-Burns and Lee filed Article VII Charges against Ross on November 18, 2020, for violations including misuse of his union credit card and overpayment based on the formula used to calculate Ross' payout of unused sick and vacation days, but Defendants lack sufficient knowledge to admit or deny the remaining allegations in sentence one and therefore deny the allegations.  Defendants admit the allegations in sentence two of Paragraph 29.  With regard to sentence three of Paragraph 29, Defendants admit that at its December 1, 2020 meeting the APFA Executive Committee found the Article VII Charges to be timely, specific and valid, but deny that Ross had not received notice of the Article VII Charges prior to December 1, 2020, and aver that on November 19, 2020, APFA National Secretary Josh

Black ("Black") sent Ross a letter via certified mail, return receipt requested, notifying Ross of the Article VII Charges filed on November 18, 2020, and enclosing a copy of the charges. Defendants further aver that the certified mail receipt was returned to APFA headquarters, indicating that Ross received the November 19, 2020, letter from Black with the enclosure. Defendants deny the allegations in sentences four and five of Paragraph 29.

30. Defendants deny the allegations in sentences one, two and three of Paragraph 30 of the Amended Complaint, and specifically deny that APFA's Article VII hearing procedures "were fraught with due process violations"; deny that Ross's due process rights were violated; deny that the charges were untimely filed; and deny that the Arbitrator did not have authority to hear and resolve the charges. With regard to sentence four of Paragraph 30, Defendants admit that Ross served subpoenas *ad testificandum* on Hedrick and Black but deny that Hedrick and Black refused to appear or testify, deny that Hedrick and Black refused to produce documents and aver that Ross did not serve subpoenas *duces tecum* on Hedrick or Black. Defendants aver that Hedrick was not in Dallas-Fort Worth during the arbitration hearing due to being out of town to care for an ill relative and aver Ross did not call Black or Hedrick to testify at the arbitration hearing. With regard to sentence five of Paragraph 30, Defendants admit that Ross served Harris with a subpoena *duces tecum* and that Harris produced documents requested in the subpoena. With regard to sentence six of Paragraph 30, Defendants admit that Chinery-Burns, Lee and Harris presented documents to Ross at the arbitration hearing but deny that the documents were in a "disorganized mess" and deny the remaining allegations of this sentence. With regard to sentence seven of Paragraph 30, Defendants deny that Harris failed to produce documents and aver that Harris produced documents requested in Ross's subpoena *duces tecum*. Except as expressly admitted above, Defendants deny the remaining allegations of this paragraph.

31.     Defendants deny the allegations in sentence one of Paragraph 31 of the Amended Complaint and aver that the Arbitrator allowed Ross to question Harris about payments made under the Transition Agreement, which testimony is part of the hearing record as recorded in the official two-volume transcript.  With regard to sentence two of Paragraph 31, Defendants admit that many of the charges against Ross pertained to expenses charged to the union for a rental vehicle, meals, and furniture, but deny that these expenses were all related to union business and deny that the furniture was purchased for an APFA apartment Ross used while splitting his time between Dallas-Fort Worth and California.  Defendants deny the allegations in sentence three of Paragraph 31.  With regard to the allegations in sentence four of Paragraph 31, Defendants lack sufficient knowledge to admit or deny the allegations and therefore deny the allegations.  With regard to sentences five and six  of Paragraph 31, Defendants admit that APFA Constitution, Article VII, Section 2.D.1 states: "Charges based on Article VII, Section 1.A through Section 1.F must be filed within sixty (60) days after the accuser becomes aware, or reasonably should have become aware, of the alleged offense[,]" but deny the remaining allegations in sentences five and six.  With regard to sentence seven of Paragraph 31, Defendants admit that the procedure for expense reimbursement during 2016-2018 was to submit expenses to the APFA National Treasurer for review and approval.  With regard to sentence eight of Paragraph 31, Defendants admit that Eugenio Vargas was the APFA National Treasurer during Ross's term as APFA National President but lack sufficient knowledge to admit or deny the remaining allegations in sentence seven and therefore deny the allegations.  Except as expressly admitted above, Defendants deny the remaining allegations of this paragraph.

32.     Defendants deny the allegations in Paragraph 32 of the Amended Complaint, and specifically deny that the Arbitrator prevented Ross from admitting evidence relating to former

APFA Treasurer Eugenio Vargas; deny that Ross was not allowed to question Harris over the calculations for his unused sick and vacation payout nor discuss the assignment of the debt to Diversified; deny that the Arbitrator "took over" questioning of witnesses; deny that Harris testified under oath that he was an accountant or a certified public accountant, but aver that Harris testified that he has an accounting degree; and deny that the Arbitrator in any way restricted Ross from fully appearing and presenting his case at the arbitration hearing.

33.     Defendants admit the allegations in sentence one of Paragraph 33 of the Amended Complaint. With regard to sentence two of Paragraph 33 of the Amended Complaint Defendants admit that the Arbitrator relied on evidence presented by Chinery-Burns and Lee to support his finding that that Ross was guilty of breach of fiduciary duty, misappropriation of funds, and fraud and that, in addition to other evidence, he considered Harris's Overpayment-of-Wages Letter in making those findings, but specifically deny that the "Overpayment of Wages" letter and Harris's testimony contained misrepresentations of fact. Defendants deny the allegations in sentence three of Paragraph 33.  Any allegations in Paragraph 33 not specifically admitted is denied.

34.     With regard to heading "F" above Paragraph 34 of the Amended Complaint , Defendants admit that the Arbitrator's Decisions and Orders found against Ross and ordered him to pay at least $27,631.60 in damages, but Defendants deny the remaining allegations in heading "F".  With regard to sentence one of Paragraph 34, Defendants admit that Ross' representative in the arbitration requested that the Arbitrator reopen the record to receive the Confidential Memorandum into evidence.  With regard to sentence two of Paragraph 34, Defendants admit that the APFA Executive Committee voted that the Article VII Charges were timely, specific and valid and that the Arbitrator denied Ross' request to reopen the hearing but deny that the

Confidential Memorandum exculpated Ross and that Harris concealed it from the APFA Board of Directors and Executive Committee. With regard to sentence three of Paragraph 34, Defendants admit that the Arbitrator stated that "I have reviewed [Ross's] request to reopen the record" to submit the Confidential Memorandum, but that he denied the request stating that he was "comfortable with the record as it stands now [and that t]his issue was raised and argued at hearing [and] I do not believe . . . additional substantive material should be introduced into the record as I believe the record is complete regarding the issue raised herein." Defendants further admit with regard to sentence three that the Arbitrator subsequently issued Decisions and Orders in favor of Chinery-Burns and Lee finding that Ross had abused his fiduciary duty to the APFA and ordered Ross to pay APFA the amount of at least $27,631.60, and aver, as set forth in Defendant APFA's counterclaim, that the Arbitrator's Decisions and Orders stated and found that Ross owed and was ordered to pay the $5,436.47 overpayment to APFA, that the Decisions and Orders should remain in full force and effect and that this Court should enter an order enforcing said Decisions and Orders, and that Ross should be found liable for his breach of fiduciary duty under Section 501(a) of the LMRDA, 29 U.S.C. §501(a). Except as so admitted, Defendants deny the remaining allegations of Paragraph 34.

35.     With regard to sentence one of Paragraph 35 of the Amended Complaint, Defendants admit that the Arbitrator found against Ross but deny Ross' characterization that the Arbitrator's Decisions and Orders were a windfall against Ross and that an entire day passed before Ross was served with the Arbitrator's Decision and Order. Defendants aver that Black received the Decision and Order from the Arbitrator via email at 6:58 PM CDT on March 19, 2022, and forwarded it to the parties and their representatives via email at 7:19 PM CDT on March 19, 2022. With regard to sentence two of Paragraph 35, Defendants deny that the

Arbitrator ignored evidence, but aver that sentence two of Paragraph 35 constitutes Ross'

admission that he used the APFA credit card to purchase furniture for his personal residence.

With regard to sentence three of Paragraph 35, Defendants admit that APFA Constitution,

Article VII, Section 2.D.1 states: "Charges based on Article VII, Section 1.A through Section 1.F

must be filed within sixty (60) days after the accuser becomes aware, or reasonably should have

become aware, of the alleged offense[,]" but deny that the charges were untimely filed and deny

that the Arbitrator ignored evidence.   With regard to sentence four of Paragraph 35, Defendants

admit that the Arbitrator issued his Decision and Order under the APFA Constitution but deny

that the Arbitrator did not have the authority to do so.  Except as so admitted, Defendants deny

the remaining allegations of Paragraph 35.

### VI. CLAIM:  LABOR MANAGEMENT REPORTING DISCLOSURE ACT VIOLATIONS

36.     With regard to Paragraph 36 of the Amended Complaint, Defendants repeat,

reallege and incorporate herein by reference their answers to all preceding paragraphs.

37.     Paragraph 37 of the Amended Complaint contains a partial, incomplete, or

incorrect recitation of the provisions of Sections 101(a)(5), 102 and 609 of the Labor

Management Reporting and Disclosure Act ("LMRDA"), which provisions are respectively

codified at 29 U.S.C. §411(a)(5), §412, and §529 of the United States Code, and are thus legal

conclusions to which no response is required. To the extent a response is required Defendants

deny the allegations of Paragraph 37 and aver that the cited provisions of the LMRDA speak for

themselves with regard to their content. Defendants further deny that Ross is entitled to any relief

under these section of the LMRDA or in this action.

38.     With regard to sentence one of Paragraph 38 of the Amended Complaint,

Defendants admit that at its October 27-28, 2020, meeting the Board of Directors reviewed the

$5,436.47 overpayment, including Schedules A-C that were prepared by APFA's independent accountant, in an off-record discussion, and at the conclusion of the discussion the Board of Directors instructed APFA National Treasurer Harris to serve a demand on Ross to repay the $5,436.47 overpayment and further admit that on November 24, 2020, Harris sent Ross a letter stating Ross owed the $5,436.47 overpayment to APFA but Defendants deny that this action violated the LMRDA or any other statute, deny that Ross did not receive proper notice, due process and a full and fair hearing, and deny that the $5,436.47 overpayment is a "fine" within the meaning of 29 U.S.C § 411(a)(5). With regard to sentence two of Paragraph 38, Defendants admit that Texas Rule of Civil Procedure 176.3(a) states: "A person may not be required by subpoena to appear or produce documents or other things in a county that is more than 150 miles from where the person resides or is served" but aver that sentence two states a legal conclusion to which no response is required and to the extent a response is required Defendants deny the allegations. With regard to the allegation in sentence two that "most of the flight attendants live outside the state," Defendants admit that APFA represents over 24,000 flight attendants, many of whom do not live in Texas. With regard to the allegations in sentences three, four, and five of Paragraph 38 these allegations either state legal conclusions to which no response is required or are denied. Defendants deny the remaining allegations in Paragraph 38.

39.     Paragraph 39 of the Amended Complaint contains a partial recitation of the provisions of Sections 101(a)(2) of the LMRDA, which provisions are codified at 29 U.S.C. §411(a)(2) of the United States Code, and are thus legal conclusions to which no response is required. To the extent a response is required Defendants deny the allegations of Paragraph 39 and aver that the cited provisions of the LMRDA speak for themselves with regard to their

content. Defendants further deny that Ross is entitled to any relief under this section of the LMRDA or in this action.

40.    With regard to sentence one of Paragraph 40 Defendants lack sufficient knowledge to form a belief as to the truth of those allegations and therefore deny the allegations in sentence one. Defendants deny the allegations of sentence two of Paragraph 40 and specifically deny that APFA took adversary action and/or implemented discipline against Ross. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations of sentence three of Paragraph 40 and therefore deny those allegations. With regard to the allegations in sentence four of Paragraph 40 Defendants admit that the Arbitrator found in his Decisions and Orders that certain monetary amounts had been paid to or on behalf of Ross which were inappropriate as determined by audit and should be repaid to APFA, together with other amounts which the Arbitrator found were inappropriate and should also be repaid to APFA or were otherwise owed by him to APFA which totaled $62,558.75, and that because of his breach of fiduciary duties owed to APFA, as found by the Arbitrator, the Arbitrator ordered that Ross should resign from any official position he held with APFA and that Ross was prohibited from serving in any official position within APFA for life. Except as admitted in the previous sentence, the allegations in sentence four of Paragraph 40 are denied. With regard to the allegations in sentence five of Paragraph 40, Defendants state that this sentence is incomplete and thus incapable of being admitted or denied, but that to the extent a response is required Defendants either deny those allegations or lack sufficient knowledge to form a belief as to the truth of those allegations and therefore deny the allegations of incomplete sentence five, and specifically deny that Ross has been subject to discipline by APFA.

## VII. CLAIM:  BREACH OF UNION CONSTITUTION

41.      With regard to Paragraph 60 of the Amended Complaint, Defendants repeat, reallege and incorporate herein by reference their answers to all preceding paragraphs.

42.      Defendants admit the allegations in Paragraph 42 of the Amended Complaint.

43.      Defendants deny the allegations in sentence one of Paragraph 43 of the Amended Complaint, and specifically deny that APFA, Hedrick and Harris disparaged Ross or violated his right to privacy.  With regard to sentence two of Paragraph 43, Defendants admit that Harris communicated via email to members of the APFA Board of Directors and Executive Committee regarding Ross' debt.  Defendants deny the allegations in sentence three of Paragraph 43.  With regard to sentence four of Paragraph 43, Defendants admit that various APFA members—none of whom are in positions of APFA leadership—posted on social media about the Arbitrator's Decision and Order and that APFA communicated to its membership in a "Hotline" about the Arbitrator's Decision and Order.  Defendants deny that APFA, Hedrick and Harris posted on social media about the Arbitrator's Decision and Order and deny that any communications about the Arbitrator's Decision and Order "marred" or harmed Ross or entitled him to any relief in this action. Except as specifically admitted above, all remaining allegations of Paragraph 43 are denied.

44.      Defendants deny the allegations in Paragraph 44 of the Amended Complaint, and specifically deny that Defendants violated Ross's due process and equal representation rights; deny that Defendants withheld evidence; deny that the independent accounting firm concluded that Ross does not owe the $5,436.47 overpayment; and deny that APFA disparaged Ross and misrepresented facts to Ross, the APFA Board of Directors and APFA Executive Committee.

45.    With regard to Paragraph 45 of the Amended Complaint, Defendants admit that Ross served a subpoena *duces tecum* on Harris for APFA financial documents and that APFA provided documents it was required to provide in response to the subpoena.  Defendants deny the remaining allegations of Paragraph 45, and specifically deny that Ross' due process rights were violated.

46.    Defendants deny the allegations in Paragraph 46 of the Amended Complaint, and specifically deny that Article VII of the APFA Constitution requires that notice be given to a member charged under Article VII prior to a member bringing charges under Article VII.

47.    With regard to sentence one of Paragraph 47 of the Amended Complaint, Defendants admit that APFA Constitution, Article VII, Section 2.D.1 states: "Charges based on Article VII, Section 1.A through Section 1.F must be filed within sixty (60) days after the accuser becomes aware, or reasonably should have become aware, of the alleged offense." Defendants deny the allegations in sentence two of Paragraph 47 and specifically deny that Ross' due process rights were violated and aver that the APFA Executive Committee found that the Article VII Charges were timely filed based on the dates Chinery-Burns and Lee became aware of Ross's violations of the APFA Constitution and Policy Manual. Except as specifically admitted above, all remaining allegations of Paragraph 47 are denied.

## VIII. CLAIM:  VIOLATIONS OF FAIR CREDIT REPORTING ACT

48.    With regard to Paragraph 48 of the Amended Complaint, Defendants repeat, reallege and incorporate herein by reference their answers to all preceding paragraphs.

49.    With regard to sentence one of Paragraph 49 of the Amended Complaint, Defendants admit that Diversified published to credit reporting agencies that Ross was in collections for $5,436.47 but deny that APFA published to credit reporting agencies that Ross

was in collections for $5,436.47. With regard to the allegations in sentences two, three and four of Paragraph 49, Defendants lack sufficient knowledge to admit or deny these allegations and therefor deny the allegations. With regard to sentence five of Paragraph 49, Defendants admit that Diversified attached a copy of the Confidential Memorandum to its lawsuit against Ross to collect the $5,436.47, together with Schedule C to the Confidential Memorandum which contained the accounting firm's calculation of the $5,436.47 overpayment to Ross, but deny the remaining allegations of this sentence. With regard to sentence six of Paragraph 49, Defendants admit that APFA assigned the $5,436.47 debt to Diversified but deny that APFA's accounting firm found that Ross did not owe $5,436.47 and deny that APFA furnished inaccurate and false information to Diversified. Defendants deny the allegations in sentence seven, and specifically deny that APFA and Harris gave Diversified an incorrect address for Ross. Defendants deny the allegations in sentences eight and nine of Paragraph 49.

50. With regard to sentence one of Paragraph 50 of the Amended Complaint, this sentence states a legal conclusion to which no response is required, but to the extent a response is required Defendants admit that Ross brings this action under the Fair Credit Reporting Act 15 U.S.C. 1681s-2 (a)(1)(A) and (B) but deny that Ross is entitled to any relief under this statute or any relief in this action. Except as expressly admitted above, Defendants deny the remaining allegations of this paragraph.

## IX. CLAIM: BREACH OF CONTRACT/EMPLOYMENT CONTRACT

51. With regard to Paragraph 51 of the Amended Complaint, Defendants repeat, reallege and incorporate herein by reference their answers to all preceding paragraphs.

52. With regard to sentence one of Paragraph 52 of the Amended Complaint, Defendants admit that Ross was elected and served as APFA National President and provided

services to APFA in that role but deny the remaining allegations in that sentence. With regard to sentence two of Paragraph 52 of the Amended Complaint, Defendants admit that APFA is a party to a Transition Agreement with Ross that was drafted by then-APFA outside counsel and signed by the APFA Board of Directors and Ross on March 1, 2018. The allegation that the Transition Agreement is a valid and binding contract is a legal conclusion to which no response is required, but to the extent a response is required Defendants deny this allegation.

53. With regard to the allegations in Paragraph 53 of the Amended Complaint Defendants admit that Ross was elected and served as APFA National President until his resignation and provided services to APFA in that capacity but deny the remaining allegations of Paragraph 53.

54. With regard to the allegations in Paragraph 54 of the Amended Complaint Defendants admit that Ross in his capacity as APFA National President until his resignation provided services to APFA but deny the remaining allegations of Paragraph 54.

55. With regard to the allegation in Paragraph 55 of the Amended Complaint, Defendants admit that APFA allowed members including Chinery-Burns and Lee to view the Transition Agreement pursuant to their rights under the APFA Constitution, APFA Policy Manual and the Labor-Management Reporting and Disclosure Act ("LMRDA") Section 201(c) 29 U.S.C. § 431(c) and aver that the Transition Agreement's confidentiality clause is not enforceable under the APFA Constitution or LMRDA Section 201(c)**,** 29 U.S.C. § 431(c). Except as specifically admitted above, all remaining allegations of Paragraph 55 are denied.

56. Defendants deny the allegations in Paragraph 56 of the Amended Complaint, and specifically deny that Hedrick and Harris made false and disparaging comments about Ross, state that Defendants lack sufficient knowledge to know what comments were made by Chinery-

Burns and therefore deny the allegations that she made false and disparaging comments about Ross, and deny that Defendants sanctioned or encouraged any false and disparaging comments by Chinery-Burns about Ross, if any, and deny that Ross and his family suffered reputational and emotional damages. Except as specifically admitted above, all remaining allegations of Paragraph 56 are denied.

57.     Defendants deny the allegations in Paragraph 57 of the Amended Complaint, and specifically deny that APFA did not pay Ross the full amount he was owed under the Transition Agreement.  Defendants aver that as stated in the Confidential Memorandum, the independent accounting firm found that Ross was paid out for the correct number of unused sick and vacation days, but the calculation of the payout was incorrect due to the inclusion of the Meal Expense Allowance ("MEA") and Special Assignment Fee ("SAF"), which resulted in the $5,436.47 overpayment as shown on Schedule C to the Confidential Memorandum.

58.     Defendants deny the allegations in Paragraph 58 of the Amended Complaint.

59.     Defendants deny the allegations in Paragraph 59 of the Amended Complaint.

## X. CLAIM:  FAIR DEBT COLLECTION PRACTICES ACT VIOLATION

60.     With regard to Paragraph 60 of the Amended Complaint, Defendants repeat, reallege and incorporate herein by reference their answers to all preceding paragraphs.

61.     Defendants deny the allegations in Paragraph 61 of the Amended Complaint.

62.     Defendants lack sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 62 of the Amended Complaint and therefore deny the allegations in Paragraph 62, but specifically deny that Ross has suffered any damages due to fines and deny that Ross has been subject to discipline by or from the APFA.

## XIII. CLAIM:  DEFAMATION, INTENTIONAL INTERFERENCE WITH A CONTRACT, AND BREACH OF FIDCUCIARY DUTY

63.     With regard to Paragraph 63 of the Amended Complaint, Defendants repeat, reallege and incorporate herein by reference their answers to all preceding paragraphs.

64.     Defendants deny the allegations in Paragraph 64 of the Amended Complaint, and specifically deny that APFA, Harris and Hedrick made any false or defamatory statements and deny that Hedrick and Harris had a duty to disclose the Confidential Memorandum.

65.     Defendants deny the allegations in Paragraph 65 of the Amended Complaint, and specifically deny that Defendants acted with intent to defame Ross, injure his reputation and remove him from an APFA leadership position.  Defendants further deny that Ross did not receive the full payment he was due under the Transition Agreement for his unused sick days and deny that Defendants interfered with said payment.

66.     Defendants deny the allegations in Paragraph 66 of the Amended Complaint, and specifically deny that Hedrick and Harris breached their fiduciary duty to the APFA Board of Directors, APFA Executive Committee, APFA membership and Ross.  However, Defendants aver that in his Decision and Order, "[t]he arbitrator [found] that throughout this proceeding, Defendant Ross *intentionally and willfully* ignored the provisions of the APFA Policy Manual and thus, has violated and abused his fiduciary duty entrusted to him by the APFA membership[,]" (Decision and Order at 22 (emphasis in original)), and aver, as set forth in Defendant APFA's counterclaim, that the Arbitrator's Decision and Order should remain in full force and effect and that this Court should enter an order enforcing said Decision and Order and that Ross should also be found liable for his breach of fiduciary duty under Section 501(a) of the LMRDA, 29 U.S.C. §501(a).

67.     Defendants deny the allegations in Paragraph 67 of the Amended Complaint.

PRAYER.    With regard to Paragraph i-iv of the Amended Complaint, which is the Prayer for Relief, Defendants deny that Ross is entitled to any of the relief he seeks in the Amended Complaint, or to any relief, and specifically deny that Ross is entitled to injunctive relief on any basis; specifically deny that the Arbitrator's Decision and Order dated March 19, 2022 and subsequent supplemental decisions and orders should not remain in effect and be fully enforced; specifically deny that Ross is entitled to recover a judgment for monetary damages for $1,800,000 or any amount; specifically deny that Ross is entitled to recover attorney's fees and/or costs; and specifically deny that Ross is entitled to any other, further or additional relief, of any kind or character, at law or in equity, as against Defendants.

Any allegation of fact contained in the Amended Complaint which is not specifically admitted or denied above is hereby denied.

## AFFIRMATIVE DEFENSES

1.      Ross's claim for violation of Sections 101(a)(5), 102, and 609 of the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S. Code §§ 411(a)(5), 412, and 529, the only subject matter jurisdictional bases asserted by Ross in Paragraph 9 of the Amended Complaint, fails to state a claim for which relief can be granted because those statutory provisions provide subject matter jurisdiction for judicial review of internal, union-conducted disciplinary proceedings not jurisdiction for judicial review of third-party arbitration awards the Union is not a party to. *Breininger v. Sheet Metal Workers Local 6*, 493 U.S. 67, 92-94 (1989); *Guidry v. Operating Engineers Local 406*, 907 F.2d 1491, 1492 (5th Cir. 1990). *Webster v. United Auto Workers Local 5*, 394 F. 3d 436, 441 (6th Cir. 2005); *Hackenburg v. Boilermakers*, 694 F. 2d 1237, 1239 (10th Cir. 1982); *Bass v. Int'l Bro. of Boilermakers*, 630 F. 2d 1058, 1066 (6th Cir. 1980); *Kirk v. Transport Workers Union*, 934 F. Supp. 775, 785 (S.D. Tex. 1995); *Ryals v. ILA Local 1771*, 33 F. Supp. 3d 634, 639-40 (D.S.C. 2014).

2.      Ross' attempt to relitigate and collaterally attack the Arbitrator's Decision and Order fails because it violates the federal principle of judicial deferral to labor arbitration decisions. *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597-99 (1960); *Teamsters Local 5 v. Formosa Plastics Corp.,* 363 F.3d 368, 370-71 (5th Cir. 2004)*; Lalo LLC v. Hawk Apparel Inc.*, 2022 U.S. Dist. LEXIS 72218, 2002 WL 1173801 at *5-6 (N.D. Tex. 2022).

3.      Ross' attempt to relitigate and collaterally attack the Arbitrator's Decision and Order fails because it violates the well-settled federal principle of judicial deference to internal union proceedings. *Ford Motor Co. v. Huffman,* 345 U.S. 330, 338 (1953); *Carr v. ALPA*, 866

F.3d 597, 602-03 and n.16 (5th Cir. 2017); *O'Neill v. Air Line Pilots Ass'n*, 939 F.2d 1199, 1206 (5th Cir. 1991); *Newell v. IBEW,* 789 F.2d 1186, 1189 (5th Cir. 1986).

4.      Ross' claims of violation of the Fair Credit Reporting Act, the Fair Credit Collection Practices Act, intentional infliction of emotional distress, defamation, interference with contract and breach of fiduciary duty fail because they are merely attempts to negate, overrule and avoid the decision and remedy imposed by the Arbitrator and are therefore preempted by Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, *et seq*. (§301) and federal labor law governing the conduct of internal union affairs. *Tate v. Steelworkers Local 8363*, 2021 U.S. Dist. LEXIS 1545423, 2021 WL 3633472 at *16 and n. 103 (E.D. La. 2021) (citing authorities); *Bowers v. United Ass'n*, 2009 U.S. Dist. LEXIS 27280 at *26-28 (S.D. Tex. 2009); *Martin v. Dist. No.1 Marine Eng'rs Beneficial Ass'n*, 1994 U.S. Dist. LEXIS 1068, 1994 WL 34044 at *6-8 (E.D. La. 1994).

5.      Defendants Erik Harris and Julie Hedrick are elected union representatives and are not liable for actions taken in their capacity as union representatives.  29 U.S.C. §185(b); *Atkinson v. Sinclair Refining Co*., 370 U.S. 238, 247-49 (1962); *Complete Auto Transit, Inc. v. Reis*, 451 U.S. 401, 406-07(1981); *Universal Communications Corp. v. Burns*, 499 F.2d 691, 693-94 (5th Cir. 1971).

**WHEREFORE**, having fully answered the Amended Complaint in its entirety, Defendants pray that the relief requested be denied and that the Amended Complaint be dismissed, and that Defendants may have their costs herein, reasonable attorney's fees incurred, and such other and further relief to which they may be entitled.

**COUNTERCLAIM FOR INJUNCTIVE AND DECLARATORY RELIEF
ENFORCING THE ARBITRATOR'S DECISION AND ORDER INTERPRETING
AND APPLYING THE APFA CONSTITUTION AND ORDERING ROSS TO COMPLY
WITH THE ARBITRATOR'S DECISION AND ORDER IN ALL RESPECTS**

Defendant/Counterclaim Plaintiff Association of Professional Flight Attendants

("APFA"), brings this suit to enforce a labor contract, to wit, the Constitution of the Association

of Professional Flight Attendants ("APFA Constitution") and the related APFA Policy Manual

("Policy Manual") established pursuant to Article III of the APFA Constitution by granting

APFA declaratory and injunctive relief enforcing the March 19, 2022 and August 24, 2022

decisions and orders of Arbitrator Ruben Armendariz (collectively, "Arbitrator's Decision and

Order") interpreting and applying the APFA Constitution and Policy Manual and which Decision

and Order was issued pursuant to and in accordance with Article VII of the APFA Constitution

and by which the Arbitrator ordered, *inter alia*, that certain APFA monies wrongfully paid to a

former officer of APFA be repaid by him to APFA .  In addition, this suit is brought pursuant to

the Labor Management Reporting and Disclosure Act ("LMRDA") to recover the amount of those

APFA funds wrongfully paid to that former APFA officer as identified in the Arbitrator's

Decision and Order which he was paid and is now failing and refusing to repay to APFA, all in

breach of his fiduciary duties to the APFA and its members.

In his Decision and Order construing the APFA Constitution and Policy Manual, the

Arbitrator found that Plaintiff/Counter Claim Defendant Robert (Bob) Ross ("Ross"), while

holding the office of National President of the APFA, had engaged in numerous acts of financial

misfeasance, fraud, and misappropriation of APFA funds in violation of the APFA Constitution

and Policy Manual and his fiduciary duty both as an officer and member of the APFA.  Based on

those findings the Arbitrator in his Decision and Order, consistent with and pursuant to the

authority conferred on him by Article VII of the APFA Constitution, ordered that Ross be

prohibited from serving in any official APFA capacity for life and required that Ross resign from any official APFA position currently held; ordered Ross to repay APFA the amount of $5,436.47, which was paid to Ross in error after his payout for unused sick and vacation days was incorrectly calculated; ordered Ross to repay to APFA the amount of $8,106.13 in vehicle leasing expenses he incurred and charged to APFA for his personal use and which were unrelated to APFA union business; and to repay APFA for the Arbitrator's fee.

In addition, because the amounts of certain other payments made to Ross in violation of the APFA Constitution and Policy Manual were not known or liquidated, the Arbitrator further ordered that APFA retain an Independent Auditor to review APFA's financial records and to determine what additional amounts had been wrongfully paid to Ross in excess of that allowed by the APFA Constitution and Policy Manual, as identified by the Arbitrator in his decision. In particular, the Arbitrator ordered that the audit determine what amounts were paid to Ross for various personal expenses, including payment relating to a vacation, payment for rental car usage and mileage, and payment for other items purchased by Ross for his personal use unrelated to APFA business.

The Arbitrator further ordered that upon completion of that audit, which audit is ongoing, and determination and liquidation of the amounts of the payments to Ross for his personal use unrelated to legitimate APFA business, that Ross be ordered to repay to APFA the amount of each such item of expense wrongfully paid to him in violation of the APFA Constitution and Policy Manual.

This suit is brought for enforcement of the APFA Constitution and Policy Manual by enforcement of the Arbitrator's Decision and Order in each of the above respects, which Decision and Order was entered in accordance with and pursuant to Article VII of the APFA

Constitution and the corresponding provisions of the APFA Policy Manual and for recovery of APFA funds wrongfully paid to Ross in violation of the APFA Constitution and Policy Manual and in breach of his fiduciary duties to the APFA and its members and which he is now failing and refusing to repay to APFA.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to § 301 of the Labor-Management Relations Act ("LMRA)" (§ 301"), 29 U.S.C. §185, for enforcement of a labor contract, to wit, the APFA Constitution and Policy Manual;  § 501 of the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 501, for breach of fiduciary duty owed to a labor organization by its officers; 28 U.S.C. §1331 (federal question); 28 U.S.C. § 1337 (act regulating commerce); and 28 U.S.C. § 2201 (declaratory judgments).  Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b).

## PARTIES

2.     Defendant Counterclaim Plaintiff APFA ("APFA") is a labor organization within the meaning of §301 of the LMRA, 29 U.S.C. §185 and within the meaning of §§ 3(i) and (j)(1) of the LMRDA, 29 U.S.C. §§ 402(i) and (j)(1).  APFA's principal place of business and headquarters are located at 1004 W. Euless Blvd., Euless, TX 76040.

3.     Plaintiff Counterclaim Defendant Ross ("Ross") is an individual member of APFA, and for the period from April 1, 2016, through March 2, 2018, held the office of National President of APFA.

<u>**CLAIM FOR RELIEF**</u>

**THE APFA CONSTITUTION AND THE PROCESSING OF INTERNAL UNION
CHARGES CLAIMING VIOLATION OF THE CONSTITUTION OR THE APFA
<u>POLICY MANUAL THROUGH TO DECISION BY AN ARBITRATOR</u>**

4.      APFA repeats and realleges the foregoing paragraphs as if they are fully set forth

herein.

5.      Article III, Section 1 of the APFA Constitution establishes that the APFA

Constitution is "the supreme law of the APFA."  The APFA Policy Manual is established

pursuant to Article III, Section 2.C of the APFA Constitution.  The Policy Manual establishes

policies and procedures for matters including, but not limited to, trip removal policy, expense

policy, officer salaries, budget policy, headquarters policy, and policies governing conventions

and meetings of the APFA Board of Directors and the Executive Committee.

6.      Article III of the APFA Constitution vests the governmental powers of the APFA

in the Board of Directors, which consists of the National President, National Vice President,

National Secretary, National Treasurer (collectively, "National Officers") and each local Base

President.  The local Base Presidents comprise the Voting Board of Directors.  Article III of the

APFA Constitution also establishes the Executive Committee, which acts as the agent of the

Board of Directors and consists of the National Officers and five Ad Hoc members who are

elected by the local Base Presidents.

7.      Article VII of the APFA Constitution establishes the hearings and disciplinary

procedures of the APFA.  Under Article VII, any member is subject to fine, suspension or

expulsion, or suspension from or removal from office, for acts including failure to pay dues,

assessments or penalties levied by the Association; willful violation of a collective bargaining

agreement; theft or embezzlement of Association monies or property; and willful violation of an

express Article of the APFA Constitution or an express written resolution or policy of the Board of Directors or Executive Committee.

8. Under Article VII, Section 2.A of the APFA Constitution, any member in good standing may file charges with the National Secretary. The charges must be proffered in writing and must be specific as to the alleged act(s) and/or the Article(s) of the Constitution allegedly violated.

9. Under Article VII, Sections 2.B and C of the APFA Constitution, within seven (7) days of receiving charges the National Secretary must serve the charges on the accused and accuser, with a description of all relevant procedures, and send a copy of the charges to the Executive Committee.

10. Article VII, Section 2.D.1 of the APFA Constitution provides that charges based on the violations described in Paragraph 7 must be filed within sixty (60) days after the user becomes aware, or reasonably should have become aware, of the alleged offense.

11. Article VII, Section 3 of the APFA Constitution provides that at the first regularly scheduled meeting of the Executive Committee following receipt of charges, the Executive Committee must review the charges for timeliness, specificity and validity. Should the Executive Committee determine that the charges are timely, specific and valid, within seven (7) days following the Executive Committee meeting the National Secretary must forward the charges to the Article VII Arbitrator designated to hear the charges.

12. Under Article VII, Section 5 of the APFA Constitution, the Board of Directors appoints an arbitrator to resolve all charges filed under Article VII. The Board of Directors may also appoint one or more alternate Article VII Arbitrators who have the authority to hear and decide particular charges when the Article VII Arbitrator is not available. The Article VII

Arbitrator and any alternate Article VII Arbitrator(s) must be a person expert in labor law who is a neutral (such as an academic or professional labor arbitrator), who has experience as a neutral in adjudicating internal labor organization disputes, and who has no other prior or current involvement with the APFA.

13.     Article VII, Section 6.A of the APFA Constitution vests the Article VII Arbitrator with the power to resolve all charges referred to him/her.

14.     Article VII, Section 6.C of the APFA Constitution provides that the Article VII Arbitrator may, on his/her own motion or upon motion filed by the accused, declare that charges are untimely or do not allege a violation cognizable as charges under Article VII and thus are dismissed without the need for hearing.

15.     Article VII, Section 6.D of the APFA Constitution provides that the Article VII Arbitrator may, on his/her own motion, or upon motion filed by the accused, determine that charges are not sufficiently specific and that they will be dismissed unless the accuser amends them to provide sufficient specificity.

16.     Article VII, Section 6.E of the APFA Constitution provides that the accused may move for summary dismissal of the charges on the ground that the accuser does not have evidence sufficient to sustain the charges and thus there is no need for a full hearing.  On receipt of such a motion, the Article VII Arbitrator shall afford the accuser an opportunity to identify evidence that would sustain the charges.  If the Article VII Arbitrator concludes, following that opportunity, that the accuser does not have evidence sufficient to sustain the charges, the Article VII Arbitrator may grant summary dismissal of the charges.

17.     Article VII, Section 6.F of the APFA Constitution provides that if at any time during the pendency of the charges, the Article VII Arbitrator determines (whether on his/her

own motion or the motion of the accused) that the conduct furnishing the basis for the charges is protected by this Constitution and/or by law (including the LMRDA Bill of Rights), the Article VII Arbitrator shall have the authority to dismiss the charges addressed to such protected conduct.

18.     Article VII, Section 6.H of the APFA Constitution provides that the decision of the Article VII Arbitrator shall be final and binding on the accuser and the accused.

19.     Article VII, Section 8 of the APFA Constitution provides that members, officers and representatives shall exhaust internal remedies under Article VII for a period not to exceed four months prior to taking any legal action against members, officers or representatives of the APFA with respect to matters cognizable as charges under Article VII.

20.     Article VII, Section 6.B of the APFA Constitution provides that the administrative procedures for handling Article VII charges shall be included in the APFA Policy Manual and that such procedures shall be in general compliance with American Arbitration Association rules where practicable but may not conflict in any respect with the APFA Constitution.

21.     Pursuant to Article VII, Section 6.B of the APFA Constitution, Section 17 of the APFA Policy Manual establishes the policies and procedures for Article VII proceedings, including, among other procedures, motions to dismiss and for summary dismissal; exchange of documents and witness lists; stenographic record; order of proceedings; evidence and subpoenas for documents and witness testimony, including the requirement of witnesses to testify under oath; final arguments and briefs; and reopening the hearing.

22.     On November 18, 2020, APFA members Melissa Chinery-Burns ("Chinery-Burns") and Sandra Lee ("Lee") filed charges against Ross pursuant to Article VII of the APFA

Constitution alleging that he had engaged in numerous acts of financial malfeasance, fraud, and misappropriation of APFA funds during his term of office as APFA National President in 2016-2018. Chinery-Burns and Lee filed the charges within sixty (60) days after they reviewed, beginning in September 2020, financial records from Ross's term as APFA National President and became aware of the offenses alleged in the charges.

23. On November 19, 2020, APFA National Secretary Josh Black ("Black") notified Ross of the charges via certified mail, return receipt requested with a copy of the charges enclosed. Black thereafter received the certified mail receipt at APFA headquarters indicating that Ross had received the November 19, 2020, letter with the enclosure.

24. At its regular meeting on December 1, 2020, the Executive Committee reviewed the charges and deemed them timely, specific and valid. The charges were then referred to the Arbitrator for determination, pursuant to Article VII of the APFA Constitution, and a three-day hearing was held in June and November 2021. Under Article VII of the APFA Constitution, APFA was not a party to the arbitration of the charges against Ross.

25. Under the Article VII procedures in Section 17 of the APFA Policy Manual, the parties to the charges subpoenaed documents and witness testimony.

26. During the three-day hearing before the Arbitrator, the parties to the charges called witnesses and submitted documentary evidence and thereafter Ross filed a twenty-five page brief to the Arbitrator making many of the same arguments reiterated in his Amended Complaint to this Court.

27. The Arbitrator issued his Decision and Order on March 19, 2022 (Decision and Order, Exhibit A), concluding that Ross "*intentionally and willfully* ignored the provisions of the APFA Policy Manual and, thus, has violated his fiduciary duty entrusted to him by the APFA

membership." Decision and Order at 22. (Emphasis in original). He added that "Ross' testimony was inconsistent and not forthright." *Id.*

28.     As one remedy for Ross' financial misconduct, the Arbitrator ruled that Ross "should be prohibited from serving in any official position for life within the APFA organization" and required to resign from any official position he currently held. Decision and Order at 23. In partial compliance with the Arbitrator's decision, Ross resigned from his position as the APFA local San Francisco Base President on March 21, 2022.

29.     In addition, the Arbitrator ordered Ross to repay the APFA $5,436.47 which was paid to Ross in error after his payout for unused sick and vacation days was incorrectly calculated; $8,106.13 in wrongfully paid leasing costs; and that he repay the APFA for the entire Arbitrator's fee.

30.     Finally, the Arbitrator directed the APFA to retain an Independent Auditor to review relevant financial records relating to Ross' family vacation, personal and group meals and purchases of personal items, rental car usage and mileage, and ordered Ross to repay the APFA for any inappropriate charges as ultimately determined by the Auditor. Decision and Order at 23.

31.     As a member of the APFA, Ross is obligated under Article II, Section 2 of the APFA Constitution to "abide by this Constitution of the APFA…" Other than by resigning as APFA local San Francisco Base President as ordered by the Arbitrator, Ross has refused to comply with the Arbitrator's Decision and Order.

## FIRST CAUSE OF ACTION:

## ENFORCEMENT OF THE APFA CONSTITUTION AS INTERPRETED AND APPLIED BY THE ARBITRATOR'S DECISION AND ORDER

32.     APFA repeats and realleges the foregoing paragraphs as if they are fully set forth herein.

33.     The Constitution of the APFA is a "contract between labor organizations" under Section 301(a) of the Labor-Management Relations Act, 29 U.S.C. Section 185(a), specifically between APFA, the national union, and its local union bodies known as "Bases," and is therefore enforceable as a "labor contract" in federal court. *United Ass'n of Journeymen v. Local 334,* 452 U.S. 615, 622 (1981); *Wooddell v. Int'l Bhd. of Elec. Workers*, 502 U.S. 93, 99, 101 (1991); *Hampton v. Int'l Longshoreman's Ass'n*, 2017 U.S. Dist. LEXIS 218154 at *5-6 (S.D. Tex. 2007).  Under Article VII, Section 6.H of the APFA Constitution, the Arbitrator's decision "shall be final and binding upon the accused and the accuser."  The failure by Ross to fully comply with and abide by the Arbitrator' Decision and Order by refusing to repay APFA the amounts found by the Arbitrator to have been overpaid to Ross and/or wrongfully paid to him is a violation of the APFA Constitution and Policy Manual.

## SECOND CAUSE OF ACTION:
## BREACH OF FIDUCIARY DUTIES UNDER THE LMRDA

34.     APFA repeats and realleges the foregoing paragraphs as if they are fully set forth herein.

35.     By virtue of his position as National President of APFA Ross was a fiduciary of APFA under § 501(a) of the LMRDA, 29 U.S.C. § 501(a).  In paying and accepting payment of monies from APFA while National President which the Arbitrator has found in his Decision and Order issued pursuant to Article VII of the APFA Constitution were overpayments and/or

wrongful payments of APFA funds to Ross in violation of the APFA Constitution and Policy Manual, and in refusing to repay those wrongfully paid funds to APFA, Ross has breached his fiduciary duty owed to APFA under Section 501(a) of the LMRDA, 29 U.S.C. § 501(a). As no member of APFA is a plaintiff in this action or has brought a claim on behalf of APFA to recover the monies the Arbitrator has found should be repaid by Ross to APFA, there is no need to satisfy the procedural prerequisites for filing suit under Section 501(b) of the LMRDA, 29 U.S.C. § 501(b). *Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers v. Statham*, 97 F.3d 1416, 1421 (11th Cir. 1996); *Local 541, Transp. Workers Union of Am. v. Fudge*, 2015 U.S. Dist. LEXIS 134430, 2015 WL 5664429 at *12-17 (N.D. Tex. 2015); *Stewart v. Int'l Ass'n of Machinists & Aero. Workers,* 16 F.Supp. 3d 783, 792-93 (S.D. Tex. 2014).

## CONCLUSION AND PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant Counterclaim Plaintiff APFA ("APFA") prays that this Counterclaim be brought on for hearing, and that upon full hearing the Court enter an Order:

1.      Granting Judgment in favor of APFA finding and declaring that the APFA is entitled to enforcement of the Arbitrator's Decisions and Orders against Plaintiff Counterclaim Defendant Ross ("Ross");

2.      Granting APFA injunctive relief ordering Ross to abide by, and to comply with the Arbitrator's Decisions and Orders in all respects;

3.      Granting judgment in favor of APFA that Ross has violated his fiduciary duties as an officer of APFA in violation of §501(a) of the LMRDA;

4.     Granting APFA reasonable attorney's fees, costs of action, and other expenses of litigation in this proceeding; and

5.     Granting APFA such other and further relief to which it may be entitled.

Date: March 8, 2023                    Respectfully Submitted,

_/s/ Sanford R. Denison_
SANFORD R. DENISON
Tex. Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Ave., Suite 1403
Dallas, TX  75214
Tel.: (214) 637-0750
Fax.: (214) 637-0730
Email: denison@baabdenison.com

WILLIAM W. OSBORNE*
D.C. Bar No. 912089
Osborne Law Offices P.C.
5335 Wisconsin Avenue N.W., Suite 440
Washington, D.C. 20015
Tel.: (202) 243-3200
Fax: (202) 686-2977
Email: b.osborne@osbornelaw.com

*Counsel for Defendant Counterclaim Plaintiff Association of Professional Flight Attendants, and Defendants Julie Hedrick and Erik Harris*

*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I certify that on this 8th day of March 2023 a true and correct copy of the foregoing document was served on the below listed counsel of record for Plaintiff/Counterclaim Defendant Ross by a means permitted by Rule 5(b)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.").

KERRI PHILLIPS
HEATHER ABREU
K.D. Phillips Law Firm, PLLC
5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
Email: Heather@KDphillipslaw.com

MICHAEL R RAKE
Michael R. Rake, Attorney at Law
PO Box 1556
Lake Dallas, TX 75065
Tel.: (940) 498-2103
Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com

_/s/ Sanford R. Denison_____
SANFORD R. DENISON