IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | |
|---|---|
| ROBERT (BOB) ROSS §<br>Plaintiff, §<br>§<br>§<br>§<br>§<br>§<br>§<br>V. §<br>§<br>ASSOCIATION OF PROFESSIONAL §<br>FLIGHT ATTENDANTS, §<br>MCGAUGHEY, REBER AND §<br>ASSOCIATES, INC., JULIE §<br>HEDRICK, ERIK HARRIS §<br>Plaintiff/Counter-Defendants. § | Case No. 4:22-CV-00343 |

**COUNTER-DEFENDANT ROBERT ROSS'S ANSWER TO
 COUNTER-PLAINTIFFS' COUNTER COMPLAINT**

**NOW COMES**, Plaintiff/Counter-Defendant, Robert (Bob) Ross, (hereinafter "Plaintiff") in the above-entitled and numbered cause, hereby appears and files in this Answer to Counter-Plaintiffs' Counter Complaint to Plaintiff's Amended Complaint.  The Union's Counter-Complaint was filed on March 8, 2023 (Doc. No. 79), and shows the Court:

**GENERAL DENIAL**

Plaintiff exercises his rights under Fed. R. Civ. Proc. 8(b)(3) of the law to file a general denial and require Defendant/Counter-Plaintiff, APFA (hereinafter Defendant) to prove its causes of action by clear and convincing evidence. Plaintiff therefore generally denies each and every, all and singular, the allegations contained in Defendant's Counter-Claims and all

**PLAINTIFF/COUNTER-DEFENDANT'S ORIGINAL ANSWER - Page 1 of 7**

subsequent counter-claims and amendments thereto, and requires Defendant to prove its cause of action before the Court, if Defendant can do so.

## SPECIFIC DENIAL

Pursuant to Fed. R. Civ. P. 8(b)(4), Plaintiff/Counter-Defendant denies all conditions precedent to the maintenance of Plaintiff's causes of action have occurred or been performed.

1. With regard to the allegations in Paragraph 1, Plaintiff admits that the jurisdiction is proper.

2. With regard to the allegations in Paragraph 2, Plaintiff admits these allegations.

3. With regard to the allegations in Paragraph 3, Plaintiff admits Plaintiff was an individual of APFA and held office of National President. Plaintiff denies allegations with respect of time period.

4. With regard to the allegations in Paragraph 4, Plaintiff neither admits nor deny these allegations as they are not an allegation of fact or law.

5. With regard to the allegations in Paragraph 5, Plaintiff admits only that the APFA Constitution and APFA Policy Manual exist, Plaintiff specifically denies all statements of facts and presumptions of law contained herein.

6. With regard to the allegations in Paragraph 6, Plaintiff specifically denies these allegations as untrue and leaves Defendant to their proof.

7. With regard to the allegations in Paragraph 7, Plaintiff specifically denies these allegations as untrue and leaves Defendant to their proof.

8. With regard to the allegations in Paragraph 8, Plaintiff specifically denies these allegations as untrue and leaves Defendant to their proof.

9. With regard to the allegations in Paragraph 9, Plaintiff specifically denies these allegations as untrue and leaves Defendant to their proof.

10. With regard to the allegations in Paragraph 10, Plaintiff specifically denies these allegations as untrue and leaves Defendant to their proof.

11. With regard to the allegations in Paragraph 11, Plaintiff specifically denies these allegations as untrue and leaves Defendant to their proof.

12. With regard to the allegations in Paragraph 12, Plaintiff specifically denies these allegations as untrue and leaves Defendant to their proof.

13. With regard to the allegations in Paragraph 13, Plaintiff specifically denies these allegations as untrue and leaves Defendant to their proof.

14. With regard to the allegations in Paragraph 14, Plaintiff specifically denies these allegations as untrue and leaves Defendant to their proof.

15. With regard to the allegations in Paragrap15, Plaintiff specifically denies these allegations as untrue and leaves Defendant to their proof.

16. With regard to the allegations in Paragraph 16, Plaintiff specifically denies these allegations as untrue and leaves Defendant to their proof.

17. With regard to the allegations in Paragraph 17, Plaintiff specifically denies these allegations as untrue and leaves Defendant to their proof.

18. With regard to the allegations in Paragraph 18, Plaintiff specifically denies these allegations as untrue and leaves Defendant to their proof.

19. With regard to the allegations in Paragraph 19, Plaintiff specifically denies these allegations as untrue and leaves Defendant to their proof.

20. With regard to the allegations in Paragraph 20, Plaintiff specifically denies these

allegations as untrue and leaves Defendant to their proof.

21. With regard to the allegations in Paragraph 21, Plaintiff specifically denies these allegations as untrue and leaves Defendant to their proof.

22. With regard to the allegations in Paragraph 22, Plaintiff specifically denies these allegations as untrue and leaves Defendant to their proof.

23. With regard to the allegations in Paragraph 23, Plaintiff specifically denies these allegations as untrue and leaves Defendant to their proof.

24. With regard to the allegations in Paragraph 24, Plaintiff specifically denies these allegations as untrue and leaves Defendant to their proof.

25. With regard to the allegations in Paragraph 25, Plaintiff specifically denies these allegations as untrue and leaves Defendant to their proof.

26. With regard to the allegations in Paragraph 26, Plaintiff specifically denies these allegations as untrue and leaves Defendant to their proof.

27. With regard to the allegations in Paragraph 27, Plaintiff admits only that the arbitrator issued a decision on March 19, 2022.  That decision speaks for itself as to the content and decisions contained therein.

28. With regard to the allegations in Paragraph 28, Plaintiff admits only that the arbitrator issued a decision and leaves that document to speak for itself.

29. With regard to the allegations in Paragraph 29, Plaintiff admits only that the arbitrator issued a decision and will allow the decision to speak for itself rather than interpret or address the appropriateness of this decision at this time.

30. With regard to the allegations in Paragraph 30, Plaintiff admits only that the arbitrator issued a decision and will allow the decision to speak for itself rather than interpret or

     address the appropriateness of this decision at this time.

31. With regard to the allegations in Paragraph 31, Plaintiff admits only that the arbitrator issued a decision.

32. With regard to the allegations in Paragraph 32, Plaintiff denies this allegation.

33. With regard to the allegations in Paragraph 33, Plaintiff denies this allegation and leaves the Defendant to their proof.

34. With regard to the allegations in Paragraph 34, Plaintiff denies this allegation.

35. With regard to the allegations in Paragraph 35, Plaintiff denies this allegation and leaves the Defendant to their proof.

## AFFIRMATIVE AND OTHER DEFENSES

Plaintiff asserts the following affirmative defenses and other defenses which, separately or in combination, would bar Defendant's right to recover, in whole or in part, the damages alleged in Defendant's Counter-claims pursuant to Federal Rule of Civil Procedure 8(c):

1. Defendant failed to state a claim against Plaintiff on which relief could be granted.

2. Defendant's claims are barred in whole or in part by payment, offset, and/or credit.

3. Defendant's claims are barred by the statute of limitations.

4. Additionally and/or in the alternative, and without waiving the foregoing and/or admitting any liability, Plaintiff asserts the affirmative defense of accord and satisfaction.

5. Additionally and/or in the alternative, and without waiving the foregoing and/or admitting any liability, Defendant asserts the affirmative defense of fraud.

6. Additionally and/or in the alternative, and without waiving the foregoing and/or admitting any liability, Defendant's recovery should be denied because Defendant does not have standing to bring this action.

7. Additionally and/or in the alternative, and without waiving the foregoing, if Defendant has suffered damages, which Plaintiff denies, it has failed to mitigate said damages.

8. Plaintiff asserts the affirmative defense of estoppel.

9. Plaintiff asserts the affirmative defense of laches.

10. Additionally and/or in the alternative, and without waiving the foregoing, Defendant's claims are barred, in whole or in part by the doctrine of unclean hands.

11. Plaintiff hereby gives notice that Plaintiff intends to rely upon such other defenses, denials, or cross and/or counter actions as may become available or known through discovery, investigation or otherwise, and hereby reserves the right to amend Plaintiff Answer to assert such matters.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby prays as follows:

1. For judgment of the Court that Plaintiff take nothing by these counter-claims, and that Plaintiff recover all costs of court;

2. That Plaintiff recover a judgment against Defendant, for court costs and all attorney's fees incurred in this counter-claim, and reasonable attorney's fees in the event of an appeal to the Texas Court of Appeals and reasonable attorney's fees in the event of an Appeal to the Texas Supreme Court; and

**PLAINTIFF/COUNTER-DEFENDANT'S ORIGINAL ANSWER - Page 6 of 7**

3. Such other and further relief, at law or in equity, to which Plaintiff may be justly entitled to receive.

Respectfully submitted,
K.D. PHILLIPS LAW FIRM, PLLC

By: /s/ Kerri Phillips
Kerri Phillips
Texas Bar No. 24065906
Phone: (940) 757-0333
Email: kerri@kdphillipslaw.com

6010 W. Spring Creek Parkway
Plano, Texas 75024
Fax: (940) 400-0089
For Service of Filings:
notice@kdphillipslaw.com

**ATTORNEY FOR
PLAINTIFF/COUNTER-DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on March 28, 2023, a true and correct copy of the foregoing instrument was served upon Plaintiff's attorney via e-filing manager and via email to Bill Osborne, Sandford Denison, and Michael Rake.

/S/ Kerri Phillips
Kerri Phillips

**PLAINTIFF/COUNTER-DEFENDANT'S ORIGINAL ANSWER - Page 7 of 7**