## TRANSITION AGREEMENT

This TRANSITION AGREEMENT (hereinafter referred to as the "Agreement") is entered into between President ROBERT ROSS (hereinafter referred to as "ROSS"), and the ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, through its Voting Board of Directors and on behalf of any and all of its officers, directors, employees, agents, members, and attorneys, in their official and individual capacities, together with their successors both jointly and severally (hereinafter collectively and individually referred to as "APFA").

WHEREAS, President ROSS and APFA, through its Voting Board of Directors, find it mutually beneficial and in the best interests of the membership to enter into this Transition Agreement; and

WHEREAS, President ROSS has previously announced his intention not to seek re-election for APFA President, and as such the parties have agreed on the terms of this Agreement.

NOW THEREFORE, In consideration of the mutual covenants contained in this Agreement, President ROSS and APFA (hereinafter collectively referred to as "the Parties"), intending to be legally bound, do hereby stipulate and agree as follows:

1. ROSS hereby voluntarily and irrevocably resigns from his position as the National President of APFA effective at the close of the 2018 APFA Convention, and agrees to announce his resignation by the close as well.

2. ROSS will have access through the close of business on March 9, 2018 to his APFA office, files, and computer to finalize his affairs. Starting upon the announcement of the resignation, all emails, telephonic calls, correspondence and affairs regarding or directed to the APFA National President shall be immediately routed to the successor APFA National President.

3. APFA agrees that ROSS will continue to receive from APFA his current full salary and benefits, including full insurance coverage, through July 31, 2018.

4. APFA agrees to pay ROSS all of his accrued and unused sick and accrued and unused vacation time, from April 1, 2016 through July 31, 2018.

5. APFA agrees to pay Ross, upon his request, a one-time lump sum in the total amount of ten thousand dollars ($10,000.00), which represents ROSS's moving expenses. ROSS shall present the moving expenses to APFA for

**Exhibit 1A**

payment through 2019.

6. APFA and ROSS will each prepare a communication regarding ROSS's resignation. APFA shall disseminate said communications simultaneously upon the announcement of the resignation. Each statement shall be mutually agreed upon by both Parties prior to its distribution. Further, the Parties will mutually agree on talking points that shall be used for responses to inquiries from APFA members, the press, and the general public for use, beginning with the announcement.

7. The Parties agree that the existence, terms, and content of this Agreement are completely confidential. ROSS agrees not to disclose the existence, terms, or content of this Agreement to any third party, except to his spouse, accountant, financial advisors, or attorney. APFA agrees not to disclose the existence, terms, or content of this Agreement, except to the signatories to this Agreement, and to any APFA officers, employees, accountants or attorneys who have an explicit need to know of this Agreement in order to effectuate its terms. The Parties shall be responsible for ensuring in writing that the confidentiality provisions of this Agreement are fully explained and adhered to by anyone to whom permitted disclosures are made pursuant to this paragraph. The Parties agree that they will respond to all inquiries regarding Ross' transition with APFA in accordance with the communications and talking points prepared pursuant to numbered paragraph 6 of this Agreement.

8. ROSS agrees not to make, orally or in writing, any statements disparaging APFA and/or the Board of Directors, whether or not such statements legally constitute libel or slander, and whether such statements are made to the media, to other individuals, or otherwise. Likewise, APFA's Board of Directors, and its officers, employees and agents who are aware of this Agreement pursuant to the confidentiality provisions of numbered paragraph 7 of this Agreement, agree not to make, orally or in writing, any statements disparaging ROSS or his immediate family, whether or not such statements legally constitute libel or slander, and whether such statements are made to the media, to other individuals, or otherwise.

**Exhibit 1A**

9. The current APFA National Vice-President will be included in all discussions with the APFA Board of Directors regarding the filling of the APFA National Vice-President position.

10. The Parties and signatories to this Agreement have carefully read and understand this Agreement and acknowledge that no party has made any representations other than those contained herein.

11. The Parties agree that this Agreement constitutes their final and complete understanding with respect to the subject matter hereof and supersedes all prior or contemporaneous negotiations, promises, agreements or representations concerning any matters directly, indirectly, or collaterally related to the subject matter of this Agreement. This Agreement may be executed in counterparts, each of which shall constitute an original, and all of which together shall constitute one and the same Agreement. Electronic and facsimile copies shall constitute originals for all purposes, including enforcement.

12. The Parties agree that this Agreement cannot be amended or modified except by express written consent of the Parties hereto.

13. The Parties agree to submit any and all disputes regarding the validity or enforcement of this Agreement to a mutually chosen arbitrator whose decision shall be binding on both Parties. The expenses of the arbitrator shall be borne by APFA. Venue shall be by agreement of the parties.

14. If any provision, or any part thereof, in this Agreement is found to be invalid, such determination shall not affect the validity of any other provision(s) or part(s) of this Agreement.

15. The terms and conditions of this Agreement shall be binding upon the Parties' successors and assigns.

IN WITNESS WHEREOF, APFA and President ROSS have executed this agreement in _CHARLOTTE, NC_ on the date(s) indicated below.

BY PRESIDENT ROBERT ROSS:

_____     _3/1/18_____
Robert Ross                         Date

**Exhibit 1A**

**BY APFA (THROUGH ITS VOTING BOARD OF DIRECTORS):**

| Signature | Date |
|---|---|
| Amy Milenkovic – BOS | 3-1-18 |
| Wanda Sarnacki – CLT | 3-1-2018 |
| Robert Valenta – DCA-AA | 3/1/18 |
| John Pennel – DCA-US | 3/1/18 |
| Maureen Walsh Martin – DFW | 3/1/18 |
| John Nikides – LAX | 3/1/18 |
| Raymond Lewis – LGA | 3/1/18 |
| Randy Trautman – MIA | 3/1/2018 |
| Susan Wroble – ORD | 3/1/18 |
| Kim Kaswinkel – PHL | 3/1/18 |
| Mischel Babi – PHX | 3/1/18 |
| Louise Sullivan – RDU | 3/1/18 |
| Jennifer Welpott – SFO | 3/1/18 |
| Matt Foust – STL | 3/1/18 |

**Exhibit 1A**