IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS FT. WORTH DIVISION

| | |
|---|---|
| ROBERT "BOB" ROSS<br>Plaintiff/Counterclaim Defendant<br><br><br>ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, MCGAUGHEY, REBER AND ASSOCIATES, INC., JULIE HEDRICK, ERIK HARRIS<br><br>Defendants/Counterclaim Plaintiff. | Case No. 4:22-CV-00343-Y |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND FOR JOINDER PURSUANT TO FED. R. CIV. P. 15(a)(2), 20(a)(1)**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Pursuant to Federal Rule[s] of Civil Procedure 15(a)(2), 20(a)(1), and local Rules 7.1, 7.2, 56.1 and 56.5. Plaintiff Ross, by and through the undersigned counsel, respectfully moves to join the following additional parties and claims asserted therein to the case before the court. Plaintiff filed its first amended complaint against Defendants for violations of LMRDA §411 among other federal and state claims on February 22, 2023 [Docket No. 75]. Defendants filed their answer and counterclaims against Plaintiff on March 8, 2023 [Docket No. 79]. As set forth more specifically, Plaintiff respectfully requests leave to file its second amended complaint and permissive joinder of three additional Defendants: Larry Salas, APFA National Vice-President, and Josh Black,

1

APFA National Secretary, and IMA Financial Group, Inc. which issued surety bonds for the Plaintiff, and for the APFA National Officers.

## Table of Contents

**TABLE OF AUTHORITIES** ............................................................................................... 2
   **Cases** ............................................................................................................................. 2
   **Statutes & Regulations** ................................................................................................ 2
   **Court Rules** ................................................................................................................. 3
I.    INTRODUCTION ................................................................................................... 3
II.   STATEMENT OF THE CASE ............................................................................... 5
III.  ARGUMENTS AND AUTHORITIES ................................................................... 8
  A.   Applicable Law .................................................................................................. 8
  B.  Request to Grant Plaintiff Leave to file Amended Complaint ............................ 9
IV.  Conclusion .............................................................................................................. 11

## TABLE OF AUTHORITIES

### Cases

*Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 2006)) ……………………….. 9

*New Hope Hosp., LLC v. EH Nat'l Bank* (N.D. Tex. 2016) ……………………….……. 9

*In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012). *Nova Cas. Co. v. Guzman* (N.D. Tex. 2021) ………………………………………………………………………………9

### Statutes & Regulations

29 U.S.C. § 158 ............................................................................................................... 5

29 U.S.C. §401 ................................................................................................................ 5

29 U.S.C. § 411 ............................................................................................................ 1,5

2

29 U.S.C. § 502(a)(5) ..........................................................................................................9, 10

## Court Rules

Fed. R. Civ. P. 12(b). ........................................................................................................... 9

Fed. R. Civ. P. 15(a) ............................................................................................................ 9

Fed. R. Civ. P. 15(a)(2). ................................................................................................. 1, 11

Fed R. Civ P. 20(a)(1) ) ................................................................................................ 1,8, 9, 11

Local Rule 7.1 ..................................................................................................................... 1

Local Rule 7.2 ..................................................................................................................... 1

Local Rule 56.1 ................................................................................................................... 1

Local Rule 56.5 ................................................................................................................... 1

### I. INTRODUCTION

Ross is a member in good standing of the APFA union and the Former National President. Plaintiff was charged with violations of the APFA Constitution and policy based primarily on alleged overpayments discovered by an accounting firm's review of the union's payments under Plaintiff's Transition Agreement. Plaintiff prepared and defended himself in the union's internal dispute procedure ("arbitration") wherein Plaintiff issued subpoenas for documentation and witness testimony from the union. The internal dispute procedures resulted in Plaintiff being disciplined by revoking his right to hold elected office, and fined. [PageID 35-58; Docket No.1-3]. Plaintiff was found to have violated his fiduciary duty, subsequently banned for life from

holding any union-elected position, terminated him as Board member and Base President, and disciplined in the amount of $52,340.79. to be paid to the union.[1]

Simultaneously, the National Officers continued to inform the APFA Leadership and others that Ross stole money. APFA asserted that Vargas and Ross conspired to be overpaid upon their exit in 2018. McGaughey, Reber and Associates, Inc. dba Diversified Credit Systems ("Diversified Credit Systems") collected on Plaintiff on the same alleged debt the union attempted to collect through its internal arbitration. Diversified filed a suit to and in its Original Complaint, it attached a never-before seen letter ("Confidential Memo") from the accounting review cited by Eric Harris ("Harris") the current National Treasurer, and others as the reason to bring disciplinary charges against Plaintiff.

The Confidential Memorandum states "Please note the Bob Ross confidential transition agreement states that he will be paid all of his accrued and unused sick and accrued and unused vacation time. This agreement doesn't specify that the payments be made in accordance with the policy manual guidelines. Consequently, these payments appear appropriate and in compliance with the transition agreement." [PageID 33-34; Docket No.1-2].

APFA's National Officers, Julie Hedrick, Erik Harris, Larry Salas, and Josh Black never turned over a copy of the Confidential Memorandum to the Board of Directors, the Executive Committee or to the Plaintiff during his internal union disciplinary hearing. [PageID, 1470-1484; Docket No. 56-1][2] He intentionally deceived and misrepresented the pertinent facts to acquire a

---

[1] The amount of the award was substantially increased in violation of the APFA Const. against Ex Parte Communications, as Plaintiff was never given any copies of the audit performed, and an opportunity to object or respond prior to the arbitrator amending his award. The court should note, this is despite requests made to Defendant's Counsel and the parties to the Arbitration for copies of the audit review and all documentation with no disclosure of these documents.

[2] Nena Martin was one of Vargas's union representatives in the Union Disciplinary Arbitration, and she testifies herein that she has never seen this Confidential Memorandum prior to disclosure on the date of signing the affidavit. This establishes the fact that the Confidential Memo was not produced during the Union Disciplinary Arbitration. Furthermore, Martin testifies that this document was not produced at the Executive Committee Hearing wherein

favorable arbitration award against Plaintiff. Plaintiff believes this is a result of his political opposition to an upcoming proposed merger between APFA and the Association of Flight Attendants (AFA). Plaintiff contends that withholding the Confidential Memorandum from the APFA Board of Directors, Executive Committee, and during his union disciplinary arbitration was a violation of, among other things, his right to a fair hearing under the Labor Management Reporting and Disclosure Act § 101(a)(5). It was also a breach of the APFA National Officers fiduciary duty to the Plaintiff.

## II.   STATEMENT OF THE CASE

Plaintiff, Robert "Bob" Ross ("Plaintiff") seeks damages alleging unlawful violations of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 411, *et seq.* ("LMRDA"), the Association of Professional Flight Attendants Union Constitution, and Breach of Fiduciary Duty as provided for under Texas Common Law by Defendants APFA, Julie Hedrick and Erik Harris ("hereinafter Defendants") along with current National Vice President Larry Salas and National Secretary Josh Black ("hereafter Proposed Joinder Defendants). APFA is a labor organization covered under the LMRDA, 29 U.S.C. §401 et seq, and 29 U.S.C. § 158, *et seq*. Plaintiff is a member in good standing of APFA as defined under the LMRDA and 29 U.S.C. § 158.

On or about January of 2016, the Plaintiff ran for office within the APFA local union elections. For clarification, Robert "Bob" Ross ("Ross) ran for National President Nena Martin ran for National Vice-President, and Eugenio Vargas ("Vargas") ran for National Treasurer.[3]

---

charges were heard and voted on by the Executive Committee referring the charges to an internal Union Disciplinary Arbitration. She was also a member of the APFA Board of Directors during the year of 2020 and testifies that the APFA Board of Director's was never given or informed about this document by Erik Harris, APFA National Treasurer.

[3] It should be noted that Chinery-Burns and Lee also filed charges against Nena Martin, the Vice-President during the Ross Administration, however as of October 14, 2022, the Arbitrator summarily dismissed all charges against Ms. Martin after finding that Chinery-Burns and Lee submitted false evidence to the APFA Executive Committee to procure a finding of validity, specificity, and timeliness.

Plaintiff was elected National President, Nena Martin elected Vice-President, and Eugenio Vargas Treasurer ("Ross Administration"). The Ross Administration opposed a merger of the union with AFA—another multi-airline flight attendants' union. This created two political factions within APFA competing for power: Pro-APFA/AFA and Anti-APFA/AFA. In 2020, the Hedrick Administration (a Pro-APFA/AFA Administration) was elected to the National Office. Thereafter, Plaintiff was charged, hearings held, and the union ultimately fined Plaintiff in a deliberate attempt to suppress his dissent of the Hedrick Administration and any proposed merger.[4] The Hedrick Administration—Erik Harris, National Treasurer—continually misrepresented to the APFA leadership that the APFA Accounting Firm conducted a review and determined Ross owed the union money for overpayments and refused to pay them back. He further stated that it was a coordinated conspiracy between Vargas and Ross to receive overpayments prior to their exit from office by miscalculating payments made to themselves. The Confidential Memo directly contradicts Harris's assertions, but this document was never turned over to APFA leadership, the Arbitrator conducting the union disciplinary hearings, nor the Plaintiff.

The Confidential Memorandum was received on October 22, 2020—only one month prior to Melissa Chinery-Burns and Sandra Lee filing charges against Plaintiff on November 24, 2020. [PageID, 1470-1484; Docket No. 56-1]. On December 1, 2020, the Executive Committee held a meeting, reviewed the charges against Plaintiff and voted that the charges were valid, specific, and timely. [PageID, 1485-1493; Docket No. 56-1]. The APFA Executive Committee recommended the charges proceed to a APFA Article VII Disciplinary Arbitration in which the Plaintiff subpoenaed documents and called witnesses in a two-day hearing. At the end of the Arbitration, Plaintiff's representatives drafted a brief and submitted it to the Article VII Arbitrator and

thereafter an award was issued. [PageID 35-58; Docket No.1-3]. Thereafter, the APFA Board of Directors voted and accepted the Arbitration Award and for the first time in APFA history, Plaintiff's Arbitration Award was made public and emailed notice was sent via a Presidential Letter to the entire union.

The charging parties pursued charges on behalf of the *Union*. It is the *Union* that collects the monies rendered under the Arbitration Award—the charging parties gain no monetary benefit from pursing charges. It is the *Union* that pays for the Disciplinary Hearing. It is the *Union* that conducts the Disciplinary Hearing, forwards all communications to and from the Arbitrator from the parties, chooses the Arbitrator, the location, time and date of the Disciplinary Hearing, controls and produces all documentation for the Disciplinary Hearing. It is the APFA National Treasurer that controls and maintains all records on behalf of the *Union*, thus must testify to the accuracy of the documents.

Melissa Chinery-Burns, on February 23, 2022, married the AFA General Counsel, Joe Burns (AFA is the union vying to merge with APFA). This was only weeks prior to the issuance of an award against Plaintiff. In attendance at the Chinery-Burns Wedding includes three of the National APFA officers (shown in the photographs of the wedding) International President of AFA, Sarah Nelson, and other key APFA Board of Directors. This clearly illustrates the connection between APFA leadership and the charging party against Plaintiff at the charging party's wedding only weeks prior to the issuance of the Arbitration Award.

APFA's Executive Committee voted—without knowledge as to the Confidential Memo—to proceed with APFA's disciplinary arbitration hearing against Plaintiff—this fact is not in dispute.[Docket No. 56-1, PAGEID 1485-1493] This denied Plaintiff a fair opportunity to review and contest the evidenceπ, to question accusers and witnesses, to object to unreliable and

7

inadmissible evidence, and to a fair opportunity to present his case. *The National Treasurer, Erik Harris, ("Harris") perpetuated the misrepresentation that APFA's accounting firm Woods, Stephens, and O'Neil, conducted a review of Ross's payments and discovered he and Vargas conspired to steal from the union and refused to pay back the money.* Consequently, the arbitration resulted in the union's favorable disciplinary award.

Plaintiff was not provided the safeguards against improper disciplinary action guaranteed under the LMRDA. Withholding documentation and misrepresenting the facts to APFA leadership to procure votes in favor of Disciplinary measures, levy fines, and sanction Plaintiff is an unconscionable violation to Plaintiff's right to a fair hearing and goes beyond any rational explanation that could meet a reasonableness standard. It rises to the level of breach of fiduciary duty to the Plaintiff. The result of this conduct is that Plaintiff has endured a Union Disciplinary Hearing, fined, suffered reputational damage, privacy violations, and suspension from holding any official APFA position for the remainder of his life. Plaintiff seeks to recover damages. Plaintiff undeniably suffered discipline at the hands of the union as the arbitration award prohibited his right to hold APFA office again and has fined Plaintiff for monetary damages.

### III.   ARGUMENTS AND AUTHORITIES

**A.     Applicable Law**
    a. Applicable law for joinder is best brought under Fed. R. Civ. P. Rule 20(a) for the current circumstances. Pursuant to Fed. R. Civ. P. Rule 20 (a), "persons may join in one action if: (1) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all plaintiffs will arise in the action." (Fed. R. Civ. P. 20(a)). This case raises issues about the LMRDA claims, defamation, intentional interference with a contract, and breach of fiduciary duty claims of Plaintiff's union National Officers against

8

Plaintiff.

    b.   Rule 20 permits the joinder of defendants if, among the other requirements, "any right to relief is asserted against them jointly, severally, or in the alternative . . . Rule 20(a)(2). . . . the fact that the defendants are independent actors does not preclude joinder as long as their actions are part of the same transaction, occurrence, or series of transactions or occurrences." *In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012). *Nova Cas. Co. v. Guzman* (N.D. Tex. 2021). Furthermore, the Northern District Federal Court held that ". . . an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder.' *Id*. (quoting *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 2006))." *New Hope Hosp., LLC v. EH Nat'l Bank* (N.D. Tex. 2016).

    c.   Pursuant to Fed. R. Civ. P. 15(a), a party may amend his pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b), whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that the court should freely give leave to amend when justice so requires. The Plaintiff hereby requests leave to amend his original complaint for the purpose of joining additional parties, on the basis that Plaintiff recently discovered new evidence.

**B. Request to Grant Plaintiff Leave to file Amended Complaint**

    The Plaintiff respectfully requests the Court to grant Plaintiff's motion to amend its complaint and allow him to join additional parties. The LMRDA § 502 provides:

> SEC. 502. (a) Every officer, agent, shop steward, or other representative or employee of any labor organization (other than a labor organization whose property and annual financial receipts do not

exceed $5,000 in value), or of a trust in which a labor organization is interested, who handles funds or other property thereof shall be bonded **to provide protection against loss by reason of acts of fraud or dishonesty on his part directly or through connivance with others.** The bond of each such person shall be fixed at the beginning of the organization's fiscal year and shall be in an amount not less than 10 per centum of the funds handled by him and his predecessor or predecessors, if any, during the preceding fiscal year, but in no case more than $500,000. If the labor organization or the trust in which a labor organization is interested does not have a preceding fiscal year, the amount of the bond shall be, in the case of a local labor organization, not less than $1,000, and in the case of any other labor organization or of a trust in which a labor organization is interested, not less than $10,000. Such bonds shall be individual or schedule in form and shall have a corporate surety company as surety thereon. Any person who is not covered by such bonds shall not be permitted to receive, handle, disburse, or otherwise exercise custody or control of the funds or other property of a labor organization or of a trust in which a labor organization is interested. No such bond shall be placed through an agent or broker or with a surety company in which any labor organization or any officer, agent, shop steward, or other representative of a labor organization has any direct or indirect interest. Such surety company shall be a corporate surety which holds a grant of authority from the Secretary of the Treasury under the Act of July 30, 1947 (6 U.S.C. 6-13), as an acceptable surety on Federal bonds: *Provided,* **That when in the opinion of the Secretary a labor organization has made other bonding arrangements which would provide the protection required by this section at comparable cost or less, he may exempt such labor organization from placing a bond through a surety company holding such grant of authority.**

(b) Any person who willfully violates this section shall be fined not more than $10,000 or imprisoned for not more than one year, or both.

Attached hereto and incorporated herein for all purposes and marked as <u>Exhibit A</u> is the Affidavit of Eugenio Vargas supporting the facts asserted herein. Vargas only recently discovered that IMA Financial Group, Inc. is the surety provider for all APFA's National Officers. (*See* Aff. Eugenio Vargas, 1-3, Ex. A). The fidelity bond covers actions of fraud, loss of funds due to theft, or breach of fiduciary duty. (29 U.S.C. § 502). Provided that both claims and counterclaims stand before the court covering claims that would qualify, it seems entirely appropriate to join the surety provider to the current pending action, as this provider is potentially liable on both sides of this cause of action, and likely has a vested interest in the resolution of these proceedings.

Plaintiff only recently discovered from additional union members that the insurance bonding company that issued a surety bond in compliance with LMRDA § 502 on behalf of all national officers of the Ross Administration (Robert "Bob" Ross, Eugenio Vargas, Nena Martin and Marcy Dunaway). (*See* Aff. Eugenio Vargas, 1-3, Ex. A).

Furthermore, Plaintiff recently discovered evidence that all four APFA National Officers had notice of the Confidential Memo in October of 2020. (*See* Aff. Eugenio Vargas, 1-3, Ex. A). All National Officers sit on the Executive Committee.  All National Officers hold a position on the Board of Directors.  All four National Officers were present when discussing these charges with both the Board of Directors and the Executive Committee members.  All four National Officers failed to disclose this document to the Board of Directors or the Executive Committee. (*See* Aff. Eugenio Vargas, 1-3, Ex. A). Consequently, these officers breached their fiduciary duty to Plaintiff by concealing exculpatory documentation for which they all received notice.

Plaintiff seeks the same damages, jointly and severally amongst all parties, including those Plaintiff seeks to join.  All actions and facts asserted against the APFA National Officers, Julie Hedrick and Eric Harris, are similar to those asserted against Larry Salas and Josh Black. All questions of law and fact are common to the Plaintiff as they are common to the two current National Officers who joined to the suit.  Therefore, it appears permissive joinder is appropriate under Fed. R. Civ. P. 20(a).

Considering that the pending actions and damages are sought to be held jointly and severely, the facts are the same, and all additional parties are proper to the current cause of action—it is proper to grant Plaintiff's Motion for Joinder and grant leave to amend the original complaint. The additional parties are likely to facilitate settlement due to the interest in the facts of this case, and its potential liability on either side of the claims pending before this court.  This request is made in accordance with the Federal Rules of Civil Procedure, *Rule 15(a)(2) and Rule 20(a)*.

### IV. Conclusion

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that the Court grant Plaintiff leave to amend its original complaint, and file a Second Amended Complaint.

Plaintiff requests such other and further relief to which he may be justly entitled to receive.

> Respectfully submitted,
>
> K.D. PHILLIPS LAW FIRM, PLLC
>
> By: /s/ Kerri Phillips
> Kerri Phillips
> Texas Bar No. 24065906
> Phone: (972) 327-5800
> Email: kerri@KDphillipslaw.com
> 6010 W. Spring Creek Parkway
> Plano, Texas 75024
> Fax: (940) 400-0089
> For Service of Filings:
> notice@KDphillipslaw.com
>
> **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

The Defendants' counsel has advised the undersigned that the Plaintiff is opposed to this motion.

## CERTIFICATE OF SERVICE

I certify that true and correct copy of this document was sent to all counsel of record, hereunder listed via ECF Filing on this the 14th day of April 2023.

William Osborne, Sanford Denison, Michael Rake

> /s/Kerri Phillips
> Kerri Phillips