**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT (BOB) ROSS, | § | |
| | § | |
| Plaintiff/Counterclaim Defendant, | § | Civil Action No. 4:22-cv-343-Y |
| | § | |
| v. | § | Judge Terry R. Means |
| | § | |
| ASSOCIATION OF PROFESSIONAL | § | |
| FLIGHT ATTENDANTS, *et al.*, | § | |
| | § | |
| Defendants/Counterclaim Plaintiff. | § | |

**APFA DEFENDANTS' RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR LEAVE TO FILE**
**SECOND AMENDED COMPLAINT AND FOR JOINDER**
**AND BRIEF IN SUPPORT**

JEFFREY A. BARTOS*
D.C. Bar No. 435832
ANTONIA BIRD*
D.C. Bar No. 1659149
Guerrieri, Bartos & Roma, PC
1900 M Street, N.W. Suite 700
Washington, DC 20036
Tele.: (202) 624-7400; Fax: (202) 624-7420
Email: jbartos@geclaw.com
      abird@geclaw.com

SANFORD R. DENISON
Tex. Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Ave., Suite 1403
Dallas, TX  75214
Tel.: (214) 637-0750; Fax.: (214) 637-0730
Email: denison@baabdenison.com

*Application for Admission
*Pro Hac Vice* Forthcoming

*Counsel for Defendant and Counterclaim Plaintiff*
*Association of Professional Flight Attendants, and*
*Defendants Julie Hedrick and Erik Harris*

Dated: May 5, 2023

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ...................................................... 1

ARGUMENT ...................................................................................................................... 4

   I.   Standard of Review ............................................................................................... 4

   II.  The Motion to Join IMA Financial Should be Denied as an Untimely Impleader. .............. 5

   III.  The Motion to Join APFA National Vice President Salas and National Secretary Black
       Should Be Denied as Futile. ........................................................................................ 6

     A.   There is No Individual Liability for Breach of the Duty of Fair Representation
         or the Claimed Breach of the APFA Constitution. ...................................................... 7

     B.   Plaintiff Does Not Allege a Cognizable Fiduciary Duty Claim Against Mr. Salas
         and Mr. Black. ............................................................................................................. 8

        1.   The Federal Fiduciary Duty is Owed to the Organization and Its Membership
            "As a Group," Not to Mr. Ross Personally. ............................................................. 9

        2.   Any State Law Fiduciary Duty Claim is Preempted. ............................................... 10

     C.   Plaintiff's Defamation Claim is Barred by the Statute of Limitations. ......................... 11

     D.   Plaintiff's Intentional Interference with a Contract Claim Fails because Mr. Salas
         and Mr. Black are Parties to the Contract. ................................................................. 13

     E.   Plaintiff's Intentional Infliction of Emotional Distress is Duplicative of His Other
         Allegations and is Not Cognizable. ............................................................................. 15

CONCLUSION ................................................................................................................. 17

# TABLE OF AUTHORITIES

**Cases**

*Adams-Lundy v. APFA,*
    731 F.2d 1154 (5th Cir. 1984) ........................................................................ 10

*Allis-Chalmers Corp. v. Leuck,*
    471 U.S. 202 (1985) ................................................................................... 6, 10

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ........................................................................................ 5

*Atkinson v. Sinclair Refining Co.,*
    370 U.S. 238 (1962) ........................................................................................ 8

*Complete Auto Transit, Inc. v. Reese,*
    451 U.S. 401 (1981) ................................................................................. 6, 7, 8

*Cooper v. TWA Airlines,*
    274 F. Supp. 2d 231 (E.D.N.Y. 2003) ............................................................ 11

*Crostley v. Lamar Cnty., Tex.,*
    717 F.3d 410 (5th Cir. 2013) ........................................................................ 13

*Cuba v. Pylant,*
    814 F.3d 701 (5th Cir. 2016) ........................................................................ 14

*Glassdoor, Inc. v. Andra Grp. LP,*
    575 S.W.3d 523 (Tex. 2019) .......................................................................... 12

*Gordon v. Neugebauer,*
    57 F. Supp. 3d 766 (N.D. Tex. 2014) .......................................................... 7, 16

*Hoffman v. Kramer,*
    362 F.3d 308 (5th Cir. 2004) .................................................................. 6, 9, 10

*Hoffman-La Roche Inc. v. Zeltwanger,*
    144 S.W.3d 438 (Tex. 2004) ................................................................ 7, 15, 16

*Holloway v. Skinner,*
    898 S.W.2d 793 (Tex. 1995) .......................................................................... 14

*Jones v. Dallas Cnty.,*
    47 F. Supp. 3d 469 (N.D. Tex. 2014) ............................................................ 17

*McCall v. Dallas Indep. Sch. Dist.,*
    169 F. Supp. 2d 627 (N.D. Tex. 2001) ........................................................ 7, 14

*Mornes v. Valdez*,
   414 F. Supp. 3d 888 (N.D. Tex. 2019) ................................................................ 5

*Nellis v. ALPA*,
   15 F.3d 50 (4th Cir. 1994) ................................................................................... 9

*Nellis v. ALPA*,
   815 F. Supp. 1522 (E.D. Va. 1993) ..................................................................... 9

*Nordsell v. GMAC Mortg., LLC*,
   774 F. Supp. 2d 823 (N.D. Tex. 2011) .............................................................. 16

*Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*,
   29 S.W.3d 74 (Tex. 2000)................................................................................... 14

*Stripling v. Jordan Prod. Co., LLC*,
   234 F.3d 863 (5th Cir. 2000) ............................................................................... 5

*United States v. Joe Grasso & Son, Inc.*,
   380 F.2d 749 (5th Cir. 1967) ............................................................................... 6

*Universal Commc'ns Corp. v. Burns*,
   449 F.2d 691 (5th Cir. 1971) ............................................................................... 7

*Vaca v. Sipes*,
   386 U.S. 171 (1967)........................................................................................ 6, 11

*Walker v. Beaumont Indep. Sch. Dist.*,
   938 F.3d 724 (5th Cir. 2019) ............................................................................... 5

*Wells v. Southern Airways, Inc.*,
   616 F.2d 107 (5th Cir. 1980) ....................................................................... 6, 7, 8

*Winzer v. Kaufman Cnty.*,
   916 F.3d 464 (5th Cir. 2019) ..................................................................... 7, 12, 13

**Statutes**

29 U.S.C. § 185.................................................................................... 6, 7, 8, 10

29 U.S.C. § 401................................................................................................... 2

29 U.S.C. § 501............................................................................................. 9, 10

**Other Authorities**

Tex. Civ. Prac. & Rem. Code § 16.002 .......................................................... 7, 12

**Rules**

Fed. R. Civ. P. 14 ................................................................................................................. 3, 5

Fed. R. Civ. P. 15 ................................................................................................................. 3, 4

Fed. R. Civ. P. 19 ................................................................................................................. 3, 5

Fed. R. Civ. P. 20 ........................................................................................................... 3, 4, 5, 6

## INTRODUCTION

The Association of Professional Flight Attendants ("APFA"), its National President, Julie Hedrick, and National Treasurer, Erik Harris (collectively, "the APFA Defendants"), hereby oppose Plaintiff's motion for leave to join additional parties to this action. Pl.'s Mot. for Leave, Doc. 88; Pl.'s Br. in Supp., Doc. 89. After more than a year of litigation, Plaintiff now proposes to add two additional APFA National Officers (Larry Salas and Joshua Black) as defendants, and to implead what he describes as a bonding company, IMA Financial Group ("IMA Financial"). Docs. 88-89. As discussed below, with respect to IMA Financial, this motion is untimely in violation of the Initial Scheduling Order, which set April 7, 2023 as the deadline to implead third parties. Doc. 77 at 2. With respect to Mr. Salas and Mr. Black, the motion is futile because the proposed pleading fails to state a claim against either individual. Plaintiff's transparently improper attempt to expand this litigation by adding unnecessary parties for the avowed purpose "to facilitate settlement" of his baseless claims, Doc. 89 at 11, should be rejected.

The APFA Defendants do not otherwise object to the motion to the extent that it seeks to amend the operative First Amended Complaint, Doc. 75, regarding the existing parties, but reserve their right to address these claims in due course under the Scheduling Order, Doc. 77, and Federal Rules.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an internal union arbitration which addressed charges of financial misconduct by Plaintiff Robert ("Bob") Ross during his truncated term as President of APFA. *See generally* Doc. 75 ¶¶ 28-29, 33; Doc. 88-7 at 1-3. Pursuant to the APFA Constitution, two rank-and-file union members filed internal charges against Mr. Ross alleging a range of financial misconduct from the time he took office in 2016 through his early departure in 2018. Doc. 88-1 ¶ 32; Doc. 88-7 at 1-3. A nationally respected arbitrator, Ruben R. Armandariz, served as the

1

impartial arbitrator in the hearing on these charges, and after an extensive hearing, concluded that Mr. Ross had in multiple respects "*intentionally and willfully* ignored the provisions of the APFA Policy Manual and … violated and abused his fiduciary duty entrusted to him by the APFA membership." Doc. 88-7 at 22 (emphasis in original). Among other things, Arbitrator Armandariz concluded that Mr. Ross had used APFA funds to "pa[y] for Ross's family vacation in the Grand Canyon;" purchase furniture for his own use; "rent[] cars for his personal use to commute to work;" and lease an apartment in violation of APFA policy. *Id.* at 14, 16, 22. Mr. Ross was also found to have "refused to repay APFA for an inappropriate overpayment … of $5,436.47," and failed to follow APFA procedures to contest the repayment demand. *Id.* at 22. Mr. Ross was ordered to repay APFA not only that $5,436.47, but also over $8,000 for leasing an apartment "where he had no intention of occupying," and an additional $3,600 in unauthorized expenditure for furniture, as well as other items. *Id.* at 23-24. Because of his breaches of fiduciary duty owed to his union, Mr. Ross was also barred from holding any positions in APFA. *Id.* at 24. Following an independent financial review ordered by Arbitrator Armendariz, he expanded the remedy to order the repayment of over $20,000 for "Inappropriate costs" charged to APFA for purposes of moving expenses, meals, personal items, and rental cars, among other things. Supp. Decision, Doc. 39-1 at 2; *see also* Order, Doc. 45 at 1 (taking judicial notice of the supplemental arbitral decision).

Plaintiff Ross failed to comply with the arbitration award, other than to step down from the one union position he was then holding. APFA Countercl., Doc. 79 ¶ 31 at 39. Instead, he has sued APFA and its National President and Treasurer claiming in the operative First Amended Complaint, Doc. 75, that the arbitration violated the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 401 *et seq.*; that the APFA Defendants breached the APFA

Constitution in connection with the arbitration, violated the Fair Credit Reporting Act, breached the "Transition Agreement" under which he had resigned from his position as President, and committed assorted state law torts involving the same underlying facts. Doc. 75 ¶¶ 36-59, 63-67. He seeks $1.8 million in compensatory damages, plus punitive damages. Doc. 75 at 22.

After ruling on various motions, this Court issued an Initial Scheduling Order which, among other things, directed the parties to engage in a formal settlement conference in March 2023. Doc. 77 at 1. The Scheduling Order also provided that the "parties must file any motions to implead third parties or to join additional parties pursuant to Fed. R. Civ. P. 14 or 19, respectively, no later than April 7, 2023." *Id.* at 2. Settlement was not reached, and on April 14, 2023, Plaintiff filed his Motion for Leave to File Second Amended Complaint and for Joinder Pursuant to Fed. R. Civ. P. 15(a) and 20(a). Doc. 88; *see also* Doc. 89. This proposed Second Amended Complaint would modify the claims against the existing APFA Defendants; add Mr. Salas and Mr. Black to the claims made against fellow APFA Officers Hedrick and Harris; and implead IMA Financial, which is alleged to "hold[] a surety bond for all APFA National Officers," Doc. 88-1 ¶ 10, and as the surety "provider is potentially liable on both sides of this cause of action." Doc. 89 at 10.

With respect to APFA Officers Salas and Black, Plaintiff proposes to assert the following claims: Breach of the APFA Constitution/Duty of Fair Representation (Doc. 88-1 ¶¶ 46-57); "Defamation, Intentional Interference with a Contract, and Breach of Fiduciary Duty" (*Id.* ¶¶ 70-82); and Intentional Infliction of Emotional Distress (*Id.* ¶¶ 89-92). Plaintiff Ross still seeks $1.8 million in compensatory damages as well as punitive damages. *Id.* at 27.[1]

---

[1]     Mr. Ross's other claims are not raised against Mr. Black or Mr. Salas. His claim under the Labor Management Reporting and Disclosure Act appears to be solely against the APFA as the organization, which he claims "fined, suspended and 'otherwise disciplined'

**ARGUMENT**

Plaintiff's motion to join new parties should be denied. With respect to IMA Financial, the motion was filed after the deadline set forth in the Initial Scheduling Order. Doc. 77 at 2. With respect to APFA Officers Salas and Black, amendment of the Complaint to include them would be futile since the proposed Second Amended Complaint fails to state any legally cognizable claims against them. As set forth below, as a matter of law there is no individual liability for Plaintiff's claims for Breach of the Union Constitution or Duty of Fair Representation. Moreover, Plaintiff has failed to allege, and could not allege, plausible claims for Defamation, Intentional Interference with a Contract, Breach of Fiduciary Duty, or Intentional Infliction of Emotional Distress. Plaintiff's misguided effort to multiply these proceedings is nothing but a transparent play to gain settlement leverage, Doc. 89 at 11, and should be denied.

## I.    Standard of Review

Federal Rule of Civil Procedure 20(a)(2) provides that defendants may be joined in an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." To seek such permissive joinder, plaintiffs must first obtain leave from the court to amend their complaint under Rule 15(a)(2). That Rule provides that a "court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend is not automatic, and in determining whether to grant or deny a motion to amend, the

---

Plaintiff through its Article VII Arbitration." Doc. 88-1 ¶ 41; *see also* Doc. 89 at 7 ("It is the *Union* that pays for the Disciplinary Hearing. It is the *Union* that conducts the Disciplinary Hearing." (emphasis in original)). In addition, his "Breach of Contract/Employment Contract" claim is also solely against APFA (Doc. 88-1 ¶¶ 58-68); his Fair Debt Collection Practices Act claim is against Diversified Credit Systems or its assignee (*Id.* ¶¶ 84-84); and his Fair Credit Reporting Act claim is against Diversified and APFA (*Id.* ¶¶ 87-88).

court may consider the futility of the amendment. *Mornes v. Valdez*, 414 F. Supp. 3d 888, 890-91 (N.D. Tex. 2019) ("[D]enial of a motion for leave to file an amended complaint is within the Court's discretion when the amendment would be futile."). "The 'futility standard' is 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" *Id.* at 891 (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000)).

Dismissal under Rule 12(b)(6) "is warranted if the complaint does not contain sufficient factual matter, accepted as true [and viewed in the light most favorable to the plaintiff], to 'state a claim to relief that is plausible on its face.'" *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734-35 (5th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## II.  The Motion to Join IMA Financial Should be Denied as an Untimely Impleader.

The Initial Scheduling Order set April 7, 2023 as the deadline to "file any motions to implead third parties or to join additional parties pursuant to Fed. R. Civ. P. 14 or 19, respectively." Doc. 77 at 2. Plaintiff's motion, filed on April 14, seeks to join IMA Financial as a party. But IMA Financial is not alleged to have violated any law or obligation. Rather, Plaintiff asserts only that IMA "holds a surety bond for all APFA National Officers," and that such bond "protect[]s any third party injured because of ... union officer's fraudulent conduct—*this includes the Plaintiff's conduct as well*. Currently, Plaintiff has sought to include and pursue all claims against the Bonding Company to ensure protecting the union." Doc. 88-1 ¶¶ 10, 80 (emphasis added).

While Plaintiff styles his motion to join IMA Financial as a motion for permissive joinder under Rule 20, that Rule is inapplicable here. Rule 20 applies to joinder of defendants only if

"any right to relief is asserted against them." Fed. R. Civ. P. 20(a)(2)(A). Plaintiff asserts no right to relief against IMA Financial, but instead seeks only to have IMA on hand to satisfy a bonding obligation in the event that he is held liable. This is, in substance, a motion to implead under Federal Rule of Civil Procedure 14. *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 752 (5th Cir. 1967) ("[I]mpleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim.").

Because the motion to join IMA Financial is, in substance, a motion to implead a third party, and because it was filed after the deadline for such motions and without any attempt to show good cause for delay, the APFA Defendants respectfully submit that this proposed joinder should not be allowed.

### III.   The Motion to Join APFA National Vice President Salas and National Secretary Black Should Be Denied as Futile.

Plaintiff also seeks to add two more APFA Officers, National Vice President Salas and National Secretary Black, to join the existing two APFA Officer Defendants in this case. This effort should be denied at the outset as futile. Plaintiff does not, and cannot, state claims against Mr. Salas and Mr. Black under any of his theories:

- **Duty of Fair Representation.** Plaintiff asserts a claim for breach of the duty of fair representation, but no such claim can ever be asserted against individual union officers as a matter of law. *Wells v. Southern Airways, Inc.*, 616 F.2d 107, 110 (5th Cir. 1980). To the extent Plaintiff also asserts a claim for breach of the APFA Constitution under 29 U.S.C. § 185, no money damages are available against union officers under this theory either. *Complete Auto Transit, Inc. v. Reese*, 451 U.S. 401, 415-17 (1981).

- **Fiduciary Duty.** Plaintiff asserts a claim for breach of fiduciary duty, but he seeks relief for his own benefit, and not on behalf of the union. The fiduciary duty he seeks to vindicate is owed only to the organization as a whole and not to individual members. *See Hoffman v. Kramer*, 362 F.3d 308, 316 (5th Cir. 2004). To the extent he asserts a claim under state law, it is preempted in light of his federal claims for breach of the duty of fair representation and/or breach of APFA's Constitution. *Vaca v. Sipes*, 386 U.S. 171, 188-92 (1967); *Allis-Chalmers Corp. v. Leuck*, 471 U.S. 202, 217-19 (1985).

6

- **Defamation.** Plaintiff's claim for defamation is based on conduct well outside Texas' one-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.002(a); *Winzer v. Kaufman Cnty.*, 916 F.3d 464, 471 (5th Cir. 2019).

- **Interference with Contract.** Plaintiff asserts a claim for intentional interference with a contract, but this claim fails because the parties he seeks to add are parties to the contract. *McCall v. Dallas Indep. Sch. Dist.*, 169 F. Supp. 2d 627, 638-39 (N.D. Tex. 2001). Plaintiff's recourse, if any, would be to arbitrate a claim for breach under the contract at issue, not for interference.

- **Emotional Distress.** Finally, Plaintiff asserts a claim of intentional infliction of emotional distress. But he fails to allege facts that would even remotely rise to a plausible claim that Mr. Salas or Mr. Black engaged in conduct so "extreme and outrageous as to go beyond all bounds of decency." *Gordon v. Neugebauer*, 57 F. Supp. 3d 766, 783 (N.D. Tex. 2014). In any event, his assertion of a variety of other claims arising out of the same conduct precludes bringing an IIED claim. *Hoffman-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).

We address each claim below.

### A.    There is No Individual Liability for Breach of the Duty of Fair Representation or the Claimed Breach of the APFA Constitution.

Plaintiff initially contended that the APFA Defendants had breached the APFA Constitution. Doc. 75 ¶¶ 42-47. In the proposed Second Amended Complaint, he "updates his causes of action to … assert a breach of duty of fair representation claim under 29 U.S.C. § 185." Doc. 88-1 ¶ 46. While it is presently unclear if he means to now assert a claim solely for breach of the duty of fair representation ("DFR"), or also a breach of the union constitution, the outcome with respect to Mr. Salas and Mr. Black is the same: under controlling federal law, there is no individual liability under either characterization. *Complete Auto Transit, Inc. v. Reese*, 451 U.S. 401, 415-17 (1981) (no individual liability under 29 U.S.C. § 185); *Wells v. Southern Airways, Inc.*, 616 F.2d 107, 110 (5th Cir. 1980) (duty of fair representation claims may only be made against the union, not its officers individually); *Universal Commc'ns Corp. v. Burns*, 449 F.2d 691, 693-94 (5th Cir. 1971) (section 185 "limits recovery to the Union as an entity and forbids the collection of damages from individual Union members"). "When Congress passed § 301 [of

the LMRA, 29 U.S.C. § 185], it declared its view that only the union was to be made to respond to union wrongs, and that the union members were not to be subject to levy." *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 247-48 (1962).[2]

Because there is no viable claim against individual union officers for either breach of the duty of fair representation, *Wells*, 616 F.2d at 110, or breach of the union constitution under 29 U.S.C. § 185, *Complete Auto Transit*, 451 U.S. at 415-17, Plaintiff's motion to join APFA Officers Salas and Black should be denied as futile.

**B.   Plaintiff Does Not Allege a Cognizable Fiduciary Duty Claim Against Mr. Salas and Mr. Black.**

Plaintiff also seeks to assert a claim for breach of fiduciary duty against Mr. Salas and Mr. Black. He contends that the officers owed him, personally, "a fiduciary duty as a member … within the union based on federal law and under the APFA Constitution," Doc. 88-1 ¶ 70, and that all of the National Officers breached this supposed duty by allegedly misrepresenting facts regarding his improper receipt of funds and by attempting to collect on that overpayment. *Id.* ¶¶ 71-73. This is not a legally cognizable claim.

---

[2]     This Court has noted that some Circuits have held that 29 U.S.C. § 185 does not bar "injunctive suits against individual defendants for violations of a union constitution." Order Partially Granting Mot. Dismiss Countercl., Doc. 72 at 4. Because Plaintiff has "update[d] his cause of action" to now be for breach of the DFR, Doc. 88-1 ¶ 46, that question need not be resolved here because there is *never* a basis to sue an individual union representative for breach of the DFR. *Wells*, 616 F.2d at 110. In any event, if Plaintiff makes a union constitution claim under § 185 against Mr. Salas and Mr. Black, that claim—unlike the APFA's Counterclaim which the Court was discussing—is for monetary damages. Plaintiff's Prayer for Relief includes a blanket request for "injunctive relief" for certain claims but does not specify what that would be regarding the APFA Constitution; indeed, all of the alleged violations occurred in the past and there is no request for prospective relief relating to this Count. *See* Doc. 88-1 at 27.

1.   **The Federal Fiduciary Duty is Owed to the Organization and Its Membership "As a Group," Not to Mr. Ross Personally.**

The first source of fiduciary duty referenced by Mr. Ross is "federal law," which must be 29 U.S.C. § 501 ("Fiduciary responsibility of officers of labor organizations"). Doc. 88-1 ¶ 70. Plaintiff appears to claim that the fiduciary duty created by this statute can be asserted in a common law breach of fiduciary duty claim. Doc. 88-1 ¶¶ 69-82. Leaving aside for the moment the question of whether this federal duty, which has its own unique federal enforcement procedure, can be enforced through a "common law" claim, the claim must fail because the federal fiduciary duty of union officers is not owed to individual union members, but is owed instead to the labor organization itself and its members "as a group." 29 U.S.C. § 501(a).

A plaintiff claiming breach of the duty created by federal law thus may only bring a claim on behalf of the union, not on behalf of himself. "[G]iven the derivative nature of the plaintiff's suit on behalf of the union," he cannot proceed without demonstrating that he "seeks remedies that would realistically benefit the union and/or its membership." *Hoffman v. Kramer*, 362 F.3d 308, 316 (5th Cir. 2004). Under the federal duty, "the individual member acts in a representative capacity for the benefit of the union and on behalf of the union. A plaintiff in a § 501(b) action cannot seek to recover damages personally, but must seek a remedy for the union as a whole." *Bldg. Material & Dump Truck Drivers, Loc. 420 v. Traweek*, 867 F.2d 500, 506 (9th Cir. 1989); *see also Nellis v. ALPA*, 815 F. Supp. 1522, 1541-42 (E.D. Va. 1993), *aff'd*, 15 F.3d 50, 51-52 (4th Cir. 1994). In short, there is no fiduciary duty owed to Mr. Ross in his individual capacity, he asserts no claim on behalf of either APFA or its members "as a group," and he seeks a remedy

solely personal to himself in the form of a $1.8 million payment, plus punitive damages. His attempt to make this claim against Mr. Salas and Mr. Black should be denied as futile.[3]

### 2.   Any State Law Fiduciary Duty Claim is Preempted.

To the extent Plaintiff seeks to derive a fiduciary duty on any state law ground, it is preempted by federal law. The second source of fiduciary duty referenced by Mr. Ross is "the APFA Constitution," Doc. 88-1 ¶ 70, which he alleges, and this Court has held is a contract governed by 29 U.S.C. § 185. Doc. 88-1 ¶ 46; Doc. 72 at 4. That document does not clearly define an independent fiduciary duty separate from the federal one already applicable to union officers, and it certainly contains no reference to a duty toward Mr. Ross individually. *See* Doc. 88-7 at 4 (quoting Article I, Section 7.E, which defines "Duty" to mean "an obligation of performance, care or observance which rests upon a person in any position or fiduciary capacity with or as a member of the APFA"). In any event, and dispositive of Plaintiff's claim under 29 U.S.C. § 185 against Mr. Salas and Mr. Black, state law claims like the one presented here requiring interpretation of the union's Constitution are preempted by federal law. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 217-18 (1985). Under 29 U.S.C. § 185, a claim for breach of fiduciary duty arising out of a covered contract may *only* be resolved by an arbitrator interpreting that document, as occurred in the arbitrations involving Mr. Vargas and Mr. Ross. *Allis-Chalmers*, 471 U.S. at 220 (noting that the "central tenet of federal labor-contract law under § 301 that it is the arbitrator, not the courts, who has the responsibility to interpret the labor contract in the first instance"); *see also Adams-Lundy v. APFA*, 731 F.2d 1154, 1160 (5th Cir. 1984) (internal APFA dispute must be arbitrated).

---

[3]   In addition, if he intends to assert a federal claim, he has failed to make the mandatory application for a finding of "good cause," without which he cannot proceed on such a claim against any defendant. *See* 29 U.S.C. § 501(b); *Hoffman*, 362 F.3d at 313, 323.

Mr. Ross elected not to pursue charges under the APFA Constitution against Mr. Salas or Mr. Black, and he cannot pursue them here. There is simply no federal jurisdiction for such claims against either Mr. Salas or Mr. Black (or, for that matter, any APFA Defendant) on this basis. The motion to join Mr. Salas and Mr. Black as Defendants on an asserted breach of the Constitution claim should be denied.

Independently, because Plaintiff also asserts a federal claim for breach of the duty of fair representation involving the same conduct, Doc. 88-1 ¶ 46, any state-law fiduciary duty claim would be preempted by that federal standard. *See Vaca v. Sipes*, 386 U.S. 171, 188-92 (1967) (DFR preempts state claims); *Cooper v. TWA Airlines*, 274 F. Supp. 2d 231, 248-49 (E.D.N.Y. 2003) (claim for "aiding and abetting" alleged breach of fiduciary duty by APFA was preempted because of pending claim for DFR breach).

Mr. Ross cannot make out a legally viable claim against either Mr. Salas or Mr. Black, and his motion to join them as Defendants should be denied.

**C.  Plaintiff's Defamation Claim is Barred by the Statute of Limitations.**

Plaintiff brings a defamation charge against Mr. Salas and Mr. Black, alleging that on or around October 27-28, 2020, Mr. Salas and/or Mr. Black misrepresented certain facts regarding his improper receipt of funds to the APFA Board of Directors ("BOD") and Executive Committee ("EC"). Doc. 88-1 ¶¶ 28-29, 71, 78-79. He generally asserts that they acted in bad faith and "with intent to injure and defame Plaintiff, injure his reputation, and remove him from his position within APFA leadership," which he claims caused him damages. Doc. 88-1 ¶¶ 74, 78-79, 82. Even aside from the lack of merit to this assertion, for present purposes Plaintiff's defamation claim as to Mr. Salas and Mr. Black is untimely and adding them as defendants would be futile.

Texas has a one-year statute of limitations for defamation. Tex. Civ. Prac. & Rem. Code § 16.002(a); *Glassdoor, Inc. v. Andra Grp. LP*, 575 S.W.3d 523, 527 (Tex. 2019). Typically, the cause of action accrues on the date the allegedly defamatory statement is published, but, when applying the discovery rule, a defamation claim does not accrue "until a claimant discovers or in the exercise of reasonable diligence should have discovered the injury and that it was likely caused by the wrongful acts of another." *Glassdoor*, 575 S.W.3d at 528, 530 (quotation and citation omitted). "At that point, limitations commences, even if the plaintiff does not know the exact identity of the wrongdoer." *Id.* at 530 (quotation, citation, and alterations omitted). "A district court does not abuse its discretion in denying leave where claims against new defendants are barred by the statute of limitations." *Winzer v. Kaufman Cnty.*, 916 F.3d 464, 471 (5th Cir. 2019).

Here, Plaintiff alleges that the claimed misrepresentations of Plaintiff's improper receipt of funds to the APFA BOD and EC occurred on or around October 27-28, 2020, Doc. 88-1 ¶¶ 28-30, making the proposed defamation claim against Mr. Salas and Mr. Black far beyond the statute of limitations. Plaintiff's Original Complaint, which was filed on April 20, 2022, used the same facts in his defamation claim against APFA Defendants, showing that he knew of these alleged misrepresentations by "APFA officers" more than one year ago, Doc. 1 ¶¶ 27-29, 85-89, and at the very latest by March 19, 2022, when the Arbitrator's award, from which his alleged injury stems, was issued. Doc. 88-7 at 24; *see* Doc. 88-1 ¶ 81 (claiming that being "barred from holding union leadership positions ever again" was injury due to defamation).[4] As the proposed Second Amended Complaint was filed on April 14, 2023, over a year after the statute of

---

[4]    Shortly after the Arbitrator's decision, Mr. Ross stepped down from his position on the APFA Board of Directors on March 21, 2022—also more than a year before filing the present motion. APFA Defs.' Countercl., Doc. 79 ¶¶ 6, 28 at 39.

limitations for defamation against Mr. Salas and Mr. Black had run, joining these individuals as defendants is futile and should be denied. *See Winzer*, 916 F.3d at 471 (affirming denial of leave to amend complaint to add defendants where plaintiff waited over nine months after the expiration of the statute of limitations to join the defendants); *Crostley v. Lamar Cnty., Tex.*, 717 F.3d 410, 418-19, 421-22 (5th Cir. 2013) (joining defendant would be futile because the statute of limitations had run and appellants knew of the defendant's identity as early as the original pleadings).

### D. Plaintiff's Intentional Interference with a Contract Claim Fails because Mr. Salas and Mr. Black are Parties to the Contract.

Plaintiff Ross also generally alleges that Mr. Salas and Mr. Black intentionally interfered with a contract, namely the Transition Agreement, which he contends caused him damages. Doc. 88-1 ¶¶ 76-79. The Transition Agreement set forth the terms of Mr. Ross's early departure as APFA President and was entered into between Mr. Ross and the APFA "on behalf of any and all of its officers, directors, employees, agents, members … in their official and individual capacities, together with their successors both jointly and severally," making Mr. Salas and Mr. Black parties to the Transition Agreement. Doc. 88-2 at 1. Without specifically naming either of them, Plaintiff vaguely asserts that Mr. Salas and Mr. Black "intentionally exposed Plaintiff's Transition Agreement with the APFA membership without Plaintiff's prior written authorization or approval," Doc. 88-1 ¶¶ 76-79, and that the "APFA National Officers granted [APFA members] Chinery-Burns and Lee access to Ross's confidential Transition Agreement, including financial documents that disclosed his personally identifiable information." Doc. 88-1 ¶ 19. Plaintiff asserts that this conduct amounts, by some logic, to a tortious interference with contract. Doc. 88-1 ¶¶ 76-79. The claim as raised against Mr. Salas and Mr. Black is futile as a matter of Texas law and leave to file it should be denied. The APFA Defendants will

13

demonstrate in a later filing why this claim fails as a matter of law as to the existing APFA Defendants as well.

Under Texas law, a plaintiff alleging tortious interference with a contract must prove that there was: "(1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss." *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). This cause of action is designed to apply to claims against a third person (who was not a party to the contract) "who wrongly induces another contracting party to breach the contract." *Holloway v. Skinner*, 898 S.W.2d 793, 794-95 (Tex. 1995). But Mr. Salas and Mr. Black are not such third parties—as APFA National Officers, Doc. 88-1 ¶¶ 8-9, they are identified as parties to the Transition Agreement, which by its terms is between Mr. Ross and APFA "on behalf of any and all of its officers, directors, employees, agents, members … in their official and individual capacities, together with their successors both jointly and severally." Doc. 88-2 at 1. Plaintiff's recourse for a violation is to claim breach of that agreement, not "interference" with it. *See, e.g.*, *McCall v. Dallas Indep. Sch. Dist*., 169 F. Supp. 2d 627, 638-39 (N.D. Tex. 2001) (tortious interference with contract claim deficient because defendant "was one of the parties to the contract in question"); *Cuba v. Pylant*, 814 F.3d 701, 717 (5th Cir. 2016) ("For a plaintiff to maintain a tortious interference claim, it must produce some evidence that the defendant knowingly induced one of the contracting parties to breach its obligations under a contract." (quotation and citation omitted)). Moreover, any claim for breach must, by the terms of the Transition Agreement, be raised in arbitration, not litigation. Doc. 88-2 ¶ 13.

14

**E.   Plaintiff's Intentional Infliction of Emotional Distress is Duplicative of His Other Allegations and is Not Cognizable.**

Plaintiff also seeks to add a charge of intentional infliction of emotional distress ("IIED") against the APFA Defendants along with proposed defendants Mr. Salas and Mr. Black. Doc. 88-1, ¶¶ 89-92. (This charge was included in the Original Complaint, Doc. 1, ¶¶ 81-84, and dropped in the First Amended Complaint, Doc. 75, before now being reasserted.) This claim, however, is an improper attempt to duplicate his other charges and does not fall within the extremely narrow purpose of IIED.

In Texas, IIED is "a 'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) (quotation and citation omitted). "Where the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available." *Id.* Thus, IIED has no application when, as here, alternative statutory or common-law remedies exist. *See id.* at 447-48.

Plaintiff makes numerous other claims based on the same facts as the alleged IIED. He asserts that "concealing the Confidential Memo and failing to correct the record when the facts reflected inaccuracies regarding the BOD findings" was "extreme and outrageous" causing him and his family extreme emotional distress. Doc. 88-1 ¶¶ 89-92. The same conduct is alleged as the basis for his breach of union constitution, DFR, defamation, intentional interference with a contract, and fiduciary duty charges against Mr. Salas and Mr. Black. Doc. 88-1 ¶¶ 45-57, 69-82; *compare id.* ¶¶ 90-91 (alleging that IIED is due to the withholding of the Confidential Memo and the misrepresentation of Plaintiff owing a debt under the Transaction Agreement), with *id.* ¶ 50 ("concealing the Confidential Memo"), and *id.* ¶ 52 ("misrepresenting the facts to Plaintiff and

the union BOD and EC to charge and collect monies and disparage Plaintiff"), and *id.* ¶ 71 ("failed to disclose documentation, and misrepresented the facts to Plaintiff, to the APFA BOD, and the APFA EC"). No IIED claim can be made. *See Nordsell v. GMAC Mortg., LLC*, 774 F. Supp. 2d 823, 825 (N.D. Tex. 2011) (dismissing Texas IIED claim because plaintiff's pleadings made it clear that his IIED claim was "based on the identical conduct that form[ed] the basis of his ADA claim").

Additionally, even if IIED could be asserted procedurally, Plaintiff fails to state a claim against Mr. Salas and Mr. Black substantively. To establish this claim, Plaintiff must show that: "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Hoffmann-La Roche*, 144 S.W.3d at 445. Dispositively here, he has not alleged, and could not allege "extreme and outrageous" conduct. "Extreme and outrageous conduct is conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quotations and citations omitted). Here, Plaintiff characterizes Mr. Salas and Mr. Black as having "acted intentionally or recklessly." But the conduct he points to is, allegedly, not disclosing the existence of a confidential memorandum, and not correcting the record regarding the BOD findings. Doc. 88-1 ¶¶ 89-92. Such alleged conduct, even taken as true, is not plausibly so "extreme and outrageous … as to go beyond all possible bounds of decency." *See Gordon v. Neugebauer*, 57 F. Supp. 3d 766, 783 (N.D. Tex. 2014) (dismissing IIED claim because plaintiff's allegation that notation in defendant's medical evaluation stating that plaintiff's denial of an action "was yet to be verified" failed to suggest facts that defendant "intentionally acted in a manner that was so extreme and outrageous as to go beyond all bounds

of decency"); *Jones v. Dallas Cnty.*, 47 F. Supp. 3d 469, 482 (N.D. Tex. 2014) (supervisor sending plaintiff "to Internal Affairs for investigation of a work-related issue, questioning him two days later regarding the same issue, and [] issuing a written reprimand when [plaintiff] left the meeting before he was excused [does not] constitute 'extreme and outrageous' conduct sufficient to establish IIED"). Because Plaintiff failed to adequately plead IIED as to Mr. Salas and Mr. Black, the motion to join them as defendants should be denied due to futility.

## CONCLUSION

For the foregoing reasons, the APFA Defendants respectfully request that Plaintiff's motion to join additional parties IMA Financial, Joshua Black, and Larry Salas be denied.

Date: May 5, 2023                    Respectfully Submitted,

                                      */s/ Sanford R. Denison*
                                     SANFORD R. DENISON
                                     Tex. Bar No. 05655560
                                     Baab & Denison, LLP
                                     6301 Gaston Ave., Suite 1403
                                     Dallas, TX  75214
                                     Tel.: (214) 637-0750; Fax.: (214) 637-0730
                                     Email: denison@baabdenison.com

                                     JEFFREY A. BARTOS*
                                     D.C. Bar No. 435832
                                     ANTONIA BIRD*
                                     D.C. Bar No. 1659149
                                     Guerrieri, Bartos & Roma, PC
                                     1900 M Street, N.W. Suite 700
                                     Washington, DC 20036
                                     Tele.: (202) 624-7400; Fax: (202) 624-7420
                                     Email: jbartos@geclaw.com
                                            abird@geclaw.com

*Application for Admission          *Counsel for Defendant and Counterclaim Plaintiff*
 *Pro Hac Vice* Forthcoming         *Association of Professional Flight Attendants, and*
                                    *Defendants Julie Hedrick and Erik Harris*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 5, 2023, a true and correct copy of the foregoing APFA Defendants'

Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint and

for Joinder and Brief in Support was served upon all persons who have requested notice and

service of pleadings in this case via the Court's ECF system.

KERRI PHILLIPS
K.D. Phillips Law Firm, PLLC
6010 W. Spring Creek Parkway
Plano, TX 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com

MICHAEL R RAKE
Michael R. Rake, Attorney at Law PO Box 1556
Lake Dallas, TX 75065
Tel.: (940) 498-2103
Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com

/s/ *Sanford R. Denison*
SANFORD R. DENISON