IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| **ROBERT (BOB) ROSS,**<br>**Plaintiff/Counterclaim Defendant** | § § § § § § § § § | |
| V. | § § | Case No. 4:22-CV-00343-Y |
| **ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, MCGAUGEY, REBER AND ASSOCIATES, INC. JULIE HEDRICK, ERIK HARRIS**<br>**Plaintiff, Counterclaim Plaintiff** | § § § § § § § § § | |

**REPLY TO RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND FOR JOINDER PURSUANT TO FED. R. CIV. P. 15(a) AND 20(a)**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**PLEASE TAKE NOTICE** Plaintiff/Counterclaim Defendant, Robert "Bob" Ross, by and through his undersigned counsel, respectfully files this Reply to Defendant's Response to Plaintiff's Motion for Leave to File a Second Amended Complaint and For Joinder. Plaintiff initiated this case to recover lost damages suffered from a union disciplinary award issued in an arbitration decision adverse to Plaintiff—a disciplinary hearing in which APFA National Officers withheld documents from and misrepresented pertinent and exculpatory information to the union governing bodies to achieve the votes needed to procure a disciplinary arbitration and an award against Plaintiff. Plaintiff filed this action alleging infringement of his right to a fair hearing under

LMRDA among other claims (Docket 01). The Union filed counterclaims asserting breach of fiduciary duty under LMRDA, as well as a claim under §301a of the LMRA for an injunction to enforce the union's constitutional arbitration award (Docket 08). Plaintiff filed a Motion for Leave to file a Second Amended Petition and Joinder of additional parties. (Docket 88). Defendant filed its response to the Motion for Leave to Amend and Motion for Joinder on May 5, 2023. (Docket 92). Now, Plaintiff comes before the court and asserts this Reply to Defendant's Response to Plaintiff's Motion to File a Second Amended Complaint and Joinder.

Plaintiff reaffirms that Defendants, Larry Salas and Josh Black are proper parties and requests this court to grant its Motion for Leave to file a Second Amended Complaint and Joinder.

I. APPLICABLE LAW

A. Pursuant to Fed. R. Civ. P. Rule 20 (a), "persons may join in one action if: (1) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all plaintiffs will arise in the action." (Fed. R. Civ. P. 20(a)). This case asserts claims against the union as well as the officers for multiple tort claims.

B. Rule 20 permits the joinder of defendants if, among the other requirements, "any right to relief is asserted against them jointly, severally, or in the alternative . . . Rule 20(a)(2). . . . the fact that the defendants are independent actors does not preclude joinder as long as their actions are part of the same transaction, occurrence, or series of transactions or occurrences." *In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012). *Nova Cas. Co. v. Guzman* (N.D. Tex. 2021). Furthermore, the Northern District Federal Court held that ". . . an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder.' *Id*. (quoting *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 2006))." *New Hope Hosp., LLC v. EH Nat'l Bank* (N.D. Tex. 2016).

C.     Pursuant to Fed. R. Civ. P. 15(a), a party may amend his pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b), whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that the court should freely give leave to amend when justice so requires.

**1. Defendant failed to disclose APFA's insurance and bonding company in bad faith.**

Though IMA Financial confirmed coverage of the Defendants and Plaintiff, Plaintiff recently discovered that IMA Financial is the insurance broker for APFA—not the insurer. Therefore, Plaintiff hereby notifies the court of this recent disclosure, and concedes IMA Financial is not the proper party to the action before this court.

APFA failed to disclose in any discovery to the Plaintiff the identity of the insurance carrier.  Defendants failed to disclose this information in its required Initial Disclosures, failed to ensure an S-1 filing is made with the Department of Labor indicating the amount and name of the surety bonding company (29 CFR § 409.2), objected to a subpoena for such information, and ignored Plaintiff's direct emails on point requesting this documentation—despite its duty to disclose any documents used to create the public LM-2 Report (29 U.S.C. 431(c)).

It is an undisputed fact that APFA is covered by liability insurance and its leadership is bonded per federal law. (29 U.S.C. 402(i)). Every union covered by the LMRDA is subject to the bonding requirements. (29 U.S.C. 502). "Every officer… who handles funds or property of a covered union or trust must be bonded, including: elected union officers." *Id.*  The officers stated under penalty of perjury in APFA's LM-2 Report that its leadership is bonded. (*See APFA Public*

*LM-2 Filing from 2017-2022).*[1]

Plaintiff was insured, not only through the APFA's professional liability insurance as a union officer, but APFA's officers are insured under a surety bond, including Plaintiff, who signed and paid for the surety bond personally.  APFA is insured for a variety of claims for purposes of protecting its membership's funds.  *See Id.*[2]  However, continued concealment of the insurance provider prevented notice to the insurance company, and exposed APFA's membership to the costs and potential losses from this suit.  APFA should be compelled to disclose this information to protect its membership from the losses suffered at the hands of this leadership.

Plaintiff contests Defendants' counsel's assertion that Plaintiff is trying to gain an advantageous position for settlement stated in their Response. (Docket No. 92, PAGEID 2070). The court should note:  the Ross Administration are the only party to offer settlement to date; the Ross Administration offered three options for settlement; two of the offers provided no monetary recovery by any party (not even for legal fees);  Defendants declined all three offers; Defendants made no counteroffers.  Defendants contend in its Settlement Conference Statement that it must pursue a court order enforcing this arbitration award on behalf of the charging party—Melissa Chinery-Burns—as she threatens to sue the union leadership in the event of settlement.  The court should further note that Melissa Chinery-Burns is married to the AFA General Counsel, Joe Burns (the attorney on loan from the competing union hired by APFA to negotiate its new collective bargaining agreement with American Airlines, Inc.).  These facts clearly illustrate the political motivations involved. Melissa Chinery-Burns controls the outcome of APFA's new collective

---

[1] Question 14, in APFA's LM-2 Filings can be found here:
https://olmsapps.dol.gov/query/orgReport.do?rptId=840723&rptForm=LM2Form;
https://olmsapps.dol.gov/query/orgReport.do?rptId=773865&rptForm=LM2Form;
https://olmsapps.dol.gov/query/orgReport.do?rptId=731533&rptForm=LM2Form;
https://olmsapps.dol.gov/query/orgReport.do?rptId=709508&rptForm=LM2Form;
https://olmsapps.dol.gov/query/orgReport.do?rptId=679829&rptForm=LM2Form;
https://olmsapps.dol.gov/query/orgReport.do?rptId=650505&rptForm=LM2Form.

[2] *See Id*. Question 14, p. 3 APFA LM-2 Filings.

bargaining agreement and has threatened to sue APFA leadership to date. Consequently, settlement is impossible until the court resolves APFA's claims against Plaintiff regardless of the merit to Plaintiff's claim. Until then, Melissa Chinery-Burns and AFA retain control over APFA, its leadership, and its Board of Directors.

**2. National union officers Larry Salas, the current National Vice-President, and Josh Black, the current National Secretary, are the proper parties to this suit because the same nexus of facts apply to these parties, their participation was only recently discovered, and damages are sought jointly and severally with all Defendants.**

First and foremost, the Court's order issued on February 22, 2023 as Docket No. 72 states that "it appears clear that the APFA's Constitution is a contract between labor organizations within the purview of LMRA section 301." Whether this is merely dicta, or a final and binding decision is unknown, however this fact is in direct opposition to the evidence available on the court record,[3] on public record[4], as well as in the APFA Constitution.[5] (APFA Const. Art. I, Sec. II; APFA Const. Art. XII, Sec 1).

Counsel for Defendants perpetuate this misrepresentation in direct violation of their ethical

---

[3] *See* Docket No. 33-13, PAGEID 442, APFA Hotline signed by President Julie Hedrick announcing the Ross and Vargas Arbitration Awards which states "As an independent union, we have no parent body to scrutinize our actions and must hold ourselves to the strictest standards."

[4] Note: Question 11b of APFA's LM-2 Filings. The last 6 years of APFA LM-2 filings can be found here:
https://olmsapps.dol.gov/query/orgReport.do?rptId=840723&rptForm=LM2Form;
https://olmsapps.dol.gov/query/orgReport.do?rptId=773865&rptForm=LM2Form;
https://olmsapps.dol.gov/query/orgReport.do?rptId=731533&rptForm=LM2Form;
https://olmsapps.dol.gov/query/orgReport.do?rptId=709508&rptForm=LM2Form;
https://olmsapps.dol.gov/query/orgReport.do?rptId=679829&rptForm=LM2Form;
https://olmsapps.dol.gov/query/orgReport.do?rptId=650505&rptForm=LM2Form.

[5] *See* Docket No. 33-11, PAGEID 381, APFA Const. Art. I, Sec. 2B, entitled, Objective of the APFA, states "To protect the individual and collective rights of the members of the APFA and to promote their professional interest and image." Indicating a contract between APFA and the membership, rather any dual union. *See also*, APFA Const. Art. XII, Sec. 1 "Any action to affiliate, merge or federate the APFA with any other labor organization. . . shall be subject to prior approval by: A. a two-thirds (2/3) majority of the Executive Committee, B. a two-thirds (2/3) majority of the Voting Board of Directors, and C. an affirmative vote by a majority of those active members in good standing who return valid ballots." Outlining what is required for the union to elect a dual union structure and merge with another Union—like AFA.

duty of candor before this court (*Rule 3.03 - Candor Toward the Tribunal*, Tex. R. Disc. Prof'l. Cond. 3.03). This court has been misled, again, and entered an order holding the union is a dual union. The consequence of finding this fact is that the breach of the union constitution falls under the purview of federal law for breach of duty of fair representation under 301 LMRA §185. Breach of duty of fair representation claims can only be asserted against the union itself, and the officers individual liability could be preempted. (*Lee v. Cytec Industries, Inc.*, 460 F.3d 673, 679-680 (5th Cir. 2006). Defendants' counsel continues to misrepresent the facts before this court with each assertion of a preemption defense on behalf of the union officers. Despite these misrepresentations, the argument that the union is liable, while the officers are not is one ripe for conflicts of interest dispute by the APFA membership.

Despite misleading this Court about the structure of APFA as a dual union, Plaintiff must amend its petition if the court rules the union is a dual union. If this is the case, Plaintiff's breach of union constitution claim must convert from a breach of contract claim to a 301 LMRA § 185 claim (breach of duty of fair representation) to ensure compliance with the applicable law on point. Therefore, in the interest of justice, Plaintiff must amend his petition to remain in compliance with the law, despite the overwhelming evidence to the contrary.[6] Whether Defendants' new counsel decides to correct this misrepresentation and disavow themselves of any unethical assertions and sanctionable offenses remains to be seen; however, until then, Plaintiff must proceed accordingly.

---

[6] The Court should note that the individual flight bases have no constitution, no financial documents, no individual membership, and have never filed any required reports with the U.S. Department of Labor. In fact, the San Francisco Base, in which Bob Ross was elected Base President, was recently closed without a vote by the membership, or any filing by APFA with the U.S. Department of Labor. American Airlines, Inc. closed the offices in this city for the airlines. The public announcement of American's office closing is public information: https://www.kron4.com/news/american-airlines-to-close-sfo-base-displacing-over-400-flight-attendants/#:~:text=The%20Flight%20Attendant%20base%20at,new%20home%20base%20or%20retire. If the bases were unions, American Airlines, Inc. is not able to dictate which unions do and do not exist—Defendants legal counsel are aware of these facts, yet clearly violated their ethical duties by perpetuating this lie before this court—a notable sanctionable offense—and continue to do so in their most recent pleading. Plaintiff reserves his right to file a motion for sanctions on this matter at this time.

In terms of the Defendants arguments regarding joinder of the additional officers, Defendants argue the validity of the claims asserted rather than whether Plaintiff has met the standard required for joinder and amendment of its complaint. The Court should take note that Defendants fail to deny any of the facts asserted by Plaintiff thus far. In fact, Defendants fail in their entirety to address the purpose behind the motion at issue (save joinder of the insurance company)—the joinder of the additional two union officers. Instead, Defendants argue whether the claims against the additional parties are valid. Defendants go so far as to assert the affirmative defenses, like statute of limitations or preemption, as though this was the appropriate pleading to address such issues. Defendant fails to address whether it is appropriate to join the two officers and amend the complaint, as that is the question before the court at this time. Defendants' arguments are better suited to a motion to dismiss, rather than to argue against joinder of the additional parties and if the claims should be overcome—the court should consider these questions after joining the two officers and allowing Defendants to file a motion to dismiss. At this time, the court should consider whether Plaintiff's claims hold no merit, but Defendant cannot argue the merit of the claims on a motion for joinder and amendment. Furthermore, considering Plaintiff may not assert new arguments against Defendants within a reply, Plaintiff will save these arguments for such time as the court is called to consider these questions—when the Defendants move this court to dismiss Plaintiff's claims.

It is appropriate to include the two additional officers based on the discovery of new evidence during the pending litigation as stated in the Vargas Affidavit attached to the original Motion for Joinder. The facts asserted are similar to those facts asserted against the other officers—as the officers conspired against Plaintiff for political purposes. The 5th Circuit has long held that:

> The Rules allow joinder in such a case as the present; indeed in order to prevent costly, slow multiplicitous litigation (with the danger of inconsistent results), they demand it. The Supreme Court has recently held that "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Har-Pen Truck Lines, Inc. v. Mills*, 378 F.2d 705 (5th Cir. 1967) (citing *United Mine Workers of America v. Gibbs*, 1966, 383 U.S. 715, 724, 86 S.Ct. 1130 1138, 16 L.Ed.2d 218, 227).

The claims asserted against the two additional national officers are similar to those asserted against the existing two national officers, therefore the nexus of events and claims are similar. The discovery of the new evidence necessitates Plaintiff should be entitled the opportunity to join the National Vice-President and the National Secretary to the lawsuit upon discovery that these two officers knew of the existence of the Confidential Memos as of October 2020. The Court should note, at no point did Defendant deny the fact that any of these officers knew of and received the Confidential Memo explaining that Plaintiff calculated and paid items properly under the Ross Transition Agreement. Consequently, for purposes of judicial efficiency, these two officers should be joined as appropriate parties to the pending action before this court.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant hereby prays for a judgment of the Court that:

(1) Larry Salas, and Josh Black are hereby joined as proper Defendants to the pending action before this Court;

(2) the Court grant Plaintiff leave to file its second amended complaint,

(3) the Court grant such other and further relief, at law or in equity, to which Defendant may be justly entitled to receive.

Respectfully submitted,

K.D. PHILLIPS LAW FIRM, PLLC

By: /s/ Kerri Phillips
Kerri Phillips
Texas Bar No. 24065906
Phone: (972) 327-5800
Email: kerri@KDphillipslaw.com

6010 W. Spring Creek Parkway
Plano, Texas 75024
Fax: (940) 400-0089
For Service of Filings:
notice@KDphillipslaw.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on May 19, 2023, a true and correct copy of the foregoing instrument was served upon Plaintiff's attorney via the e-file manager and email to denison@baabdenison.com, jbartos@geclaw.com, abird@geclaw.com and mrake1@mrakeattorney.com.

Respectfully submitted,
K.D. PHILLIPS LAW FIRM, PLLC

By:  /s/ Kerri Phillips
Kerri Phillips
Texas Bar No. 24065906
Phone: (972) 327-5800
Email: kerri@KDphillipslaw.com
5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Fax: (940) 400-0089
For Service of Filings:
notice@KDphillipslaw.com

**ATTORNEY FOR PLAINTIFF**

9