

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| | § | |
| ROBERT (BOB) ROSS, | § | |
| | § | Civil Action No. 4:22-cv-343-Y |
| Plaintiff/Counterclaim | § | |
| Defendant, | § | Judge Terry R. Means |
| | § | |
| v. | § | |
| | § | |
| ASSOCIATION OF PROFESSIONAL | § | |
| FLIGHT ATTENDANTS, *et al.*, | § | |
| | § | |
| Defendants/Counterclaim | | |
| Plaintiff. | | |

---

**APPENDIX IN SUPPORT OF PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL DEFENDANTS' PRODUCTION OF DOCUMENTS AND BRIEF IN SUPPORT**

---

Plaintiff Robert "Bob" Ross, pursuant to Local Rules 7.1(i) and § C of this Court's Case Management Requirements, submits this appendix of non-published cases cited in, and in support of PLAINTIFF'S SECOND MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS AND BRIEF IN SUPPORT:"

| Item | Description | Pgs. |
|:---:|:---:|:---:|
| 1 | Supporting Documents Referenced in Brief | 1-27 |
| | **NON-PUBLISHED CASES** | |
| 2 | Cantu v. TitleMax, Inc., 5:14-CV-628 (W.D. Tex. Oct. 9, 2015) | 28-37 |

Respectfully submitted,
K.D. PHILLIPS LAW FIRM, PLLC

By: /s/ Kerri Phillips

Kerri Phillips

Texas Bar No. 24065906

Phone: (972) 327-5800

Email: kerri@KDphillipslaw.com

6010 W. Spring Creek Parkway

Plano, Texas 75024

Fax: (940) 400-0089

For Service of Filings:

notice@KDphillipslaw.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that the true and correct copy of this document was sent to all counsel of record, hereunder listed via ECF Filing **on this the 5th  day of September 2023.**

/s/ Kerri Phillips

Kerri Phillips, Esq.

Jeffrey Bartos

Guerrieri, Bartos, & Roma, P.C.

1900 M Street, NW, Suite 700

Washington, DC 20036

Tel: (202) 624-7400; Fax: (202) 624-7420

Email: jbartos@geclaw.com

Charlette Matts

In-House Counsel for APFA

1004 West Euless Blvd

Euless, TX 76040

Tel: (682) 301-8454

Cmatts@apfa.org

James Sanford

4803 Gaston Avenue

Dallas, TX 75249-1020

Tel: (214) 800-5111; Fax: (214) 838-0001
Email jim@gillespiesanford.com
Email: joe@gillespiesanford.com


Michael Rake
PO Box 1556
Lake Dallas, TX 75065-1556
Tel: (940) 498-2103 Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Ross | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CAUSE NO. 4:22-cv-00343-Y |
| | § | |
| Association of Professional Flight Attendants et al | § | |
| Defendant. | § | |

### AFFIDAVIT OF SERVICE

"The following came to hand on **Oct 11, 2022, 12:00 pm**,

**NOTICE OF SUBPOENA, SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION,**

and was executed at **6300 Ridglea Pl Suite 318, Fort Worth, TX 76116** within the county of **Tarrant** at **10:26 AM** on **Thu, Oct 20 2022**, by delivering a true copy to the within named

**WOODS, STEPHENS & O'NEIL, LLP C/O HAL O'NEIL, C.P.A.**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **JOYCE P. JACKSON**, my date of birth is **06/01/1955**, and my address is **2933 Mayfair Ln, Lancaster, TX 75134**, and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Tarrant** County, State of **TX**, on **October 21, 2022**.

*Joyce Jackson*

_____

JOYCE P. JACKSON
Certification Number: PSC #12059
Certification Expiration: 06/30/2023

**APP 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FT. WORTH DIVISION

|  |  |  |
|---|---|---|
| | § | |
| **ROBERT (BOB) ROSS** | § | |
| **Plaintiff/Counterclaim-Defendant,** | § | |
| | § | |
| | § | |
| | § | |
| | § | **Case No. 4:22-CV-00343** |
| | § | |
| **V.** | § | |
| | § | |
| **ASSOCIATION OF PROFESSIONAL** | § | |
| **FLIGHT ATTENDANTS,** | § | |
| **MCGAUGHEY, REBER AND** | § | |
| **ASSOCIATES, INC., JULIE** | § | |
| **HEDRICK, ERIK HARRIS** | § | |
| **Defendants/Counterclaim-Plaintiffs.** | § | |

### FIRST AMENDED NOTICE OF SUBPOENA

PLEASE TAKE NOTICE pursuant to Federal Rule of Civil Procedure 45, that Plaintiff/Counterclaim-Defendant Robert (Bob) Ross intends to serve a Subpoena, in the form attached hereto, on Woods, Stephens & O'Neil, LLP on October 14, 2022 or as soon thereafter as service may be effectuated.

**APP 2**

Respectfully submitted,
K.D. PHILLIPS LAW FIRM, PLLC


By: /s/ Heather Abreu
      Heather Abreu
      Texas Bar No. 24122577
      Phone: (972) 327-5800
      Email: heather@KDphillipslaw.com

By: /s/ Kerri Phillips
      Kerri Phillips
      Texas Bar No. 24065906
      Phone: (972) 327-5800
      Email: kerri@KDphillipslaw.com

      5700 Tennyson Parkway, Suite 300
      Plano, Texas 75024
      Fax: (940) 400-0089
      For Service of Filings:
      notice@KDphillipslaw.com

      **ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

I certify that true and correct copy of this document was served to all counsels of record, hereunder listed by a manner authorized by Federal Rules of Civil Procedure Rule 5(b)(2) **on this the 14th day of October 2022.**


William Osborne
Sanford Denison
Michael Rake

                  /s/ *Kerri Phillips*
                  Kerri Phillips

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | |
|---|---|
| ROBERT (BOB) ROSS | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:22-cv-00343-Y |
| ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS ET AL., | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Woods, Stephens & O'Neil, LLP c/o Hal O'Neil, C.P.A.
Service of Process, Texas Secretary of State, James E. Rudder Building, 1019 Brazos, Room, 105, Austin, Texas 78701

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All materials including but not limited to correspondence, emails, calendar invites, text messages, phone records, reports, internal memoranda, personal notes, notations, work papers, drafts, and other writings, drawings, charts, photographs, computer printouts, spreadsheets, ledgers, graphics, analytics, and all other information kept by written, electronic, or other means relating to the parties in the above-entitled lawsuit and in relation to Association of Professional Flight Attendants, Eugenio Vargas, Nena Martin and Robert "Bob" Ross. Please deliver electronically when available.

| Place: 5700 Tennyson Parkway Suite 300 Plano, TX 75024 | Date and Time: November 18, 2022 at 5:00 p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date   10/14/2022

*CLERK OF COURT*

OR   *Kerri Phillips*

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Robert (Bob) Ross
_____ , who issues or requests this subpoena, are:

Kerri Phillips, 5700 Tennyson Parkway Suite 300 Plano, TX 75024; Kerri@KDphillipslaw.com (972) 327-5800

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**APP 4**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:22-cv-00343-Y

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**APP 5**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# BAAB & DENISON, L.L.P.

G. William Baab*
Sanford R. Denison*

**ATTORNEYS**
6301 GASTON AVE, STE 550
DALLAS, TEXAS 75214

*Board Certified
Labor and Employment Law
Texas Board of Legal Specialization

Tele: 214-637-0750 • Fax: 214-637-0730
denison@baabdenison.com



**Via U.S.P.S. Certified Mail r.r.r.**
**and**
**Via Email Attachment Addressed to**
Kerri@KDphillipslaw.com **and**
Heather@KDphillipslaw.com

November 3, 2022

Kerri Phillips
Heather Abreu
K.D. PHILLIPS LAW FIRM, PLLC
5700 Tennyson Parkway, Suite 300
Plano, Texas 75024

Re:   Ross v. Association of Professional Flight Attendants, *et al*.,
Civil Action No. 4:22-cv-00343-Y (U.S. Dist. Ct. N. D. Tex., Fort Worth Div.)

Dear Ms. Phillips and Ms. Abreu:

Pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, the Association of Professional Flight Attendants ("APFA") and Wood, Stephens & O'Neil, LLP c/o Hal O'Neil, C.P.A., serve the enclosed "**OBJECTION TO SUBPOENA**" on you as counsel of record for Robert Ross with regard to the subpoena served on Wood, Stephens & O'Neil, LLP c/o Hal O'Neil, C.P.A in connection with the above-referenced case to which APFA is a party and a person affected by the subpoena.

Sincerely,

SANFORD R. DENISON

SRD/dd
Enclosure

**APP 7**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ROBERT (BOB) ROSS,        §
                               §

    Plaintiff/Counterclaim Defendant,    §
                               §

v.                                   §       Civil Action No. 4:22-CV-00343-Y
                               §

ASSOCIATION OF PROFESSIONAL    §
FLIGHT ATTENDANTS, JULIE        §
HEDRICK, AND ERIK HARRIS,      §
                               §

    Defendants/Counterclaim Plaintiffs.    §

## OBJECTION TO SUBPOENA

Wood, Stephens & O'Neil, LLP ("Wood, Stephens & O'Neil and the Association of

Professional Flight Attendants ("APFA") hereby jointly serve the following objections pursuant

to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure (F.R.C..P.) to the subpoena issued to

and served on Wood, Stephens & O'Neil, LLP c/o Hal O'Neil, C.P.A. ("Wood, Stephens &

O'Neil in connection with the above-referenced case to which APFA is a party.

APFA is a person affected by the subpoena because the subpoena affects a personal right

of APFA or claim of privilege by APFA with respect to the materials subpoenaed. F.R.C.P.

45(d)(3)(B). This objection is timely as it is being served on counsel for Plaintiff Robert

(Bob) Ross ("Ross" or "Plaintiff") within 14 days after the subpoena was served on Wood,

Stephens & O'Neil on October 20, 2022 and before November 15, 2022, which is the time set for

compliance. F.R.C.P. 45 (d)(2)(b).

Pursuant to F.R.C.P. 45 (d)(2)(b)(i) and (ii) the "acts ... required" by the subpoena -- *i.e.*,

the production or inspection of the subpoenaed documents and materials -- shall not be made or

occur except upon Order of the District Court where compliance is required compelling

1

production or inspection of the subpoenaed documents and materials and only on such terms as directed by the Court in its Order, which Order shall further protect the person on whom the subpoena was served from significant expense resulting from compliance.

The subpoena was issued to Wood, Stephens & O'Neil, LLP, who are Certified Public Accountants that have provided certain financial accounting and auditing services to the APFA. In the course of performing such services Wood, Stephens & O'Neil may have prepared or be in possession of documents and materials relating to or in connection with the APFA which would appear to be within the scope of the subpoena. APFA is thus a party affected by the subpoena in that it seeks documents and materials relating to or in connection with the APFA, to wit:

> "All materials including but not limited to correspondence, emails, calendar invites, text messages, phone records, reports, internal memoranda, personal notes, notations, work papers, drafts, and other writings, drawings, charts, photographs, computer printouts, spreadsheets, ledgers, graphics, analytics, and all other information kept by written, electronic, or other means relating to the parties in the above-entitled lawsuit and in relation to Association of Professional Flight Attendants, Eugenio Vargas, Nena Martin and Robert "Bob" Ross. Please deliver electronically when available."

Wood, Stephens & O'Neil, LLP and APFA object to the subpoena pursuant to Rule 26(c), Rule 45(d)(2)(B), Rule 45(d)(3)(A) and Rule 45(e)(2) for the following reasons:

1.    The subpoena subjects Wood, Stephens & O'Neil to undue burden and expense in that it requests all documents and other described materials "relating to the parties in the above-entitled lawsuit, including APFA" and "in relation to Association of Professional Flight Attendants, Eugenio Vargas, Nena Martin and Robert "Bob" Ross" without limitation or qualification and without regard to how such documents or materials bear any relevance to any claim or defense of the parties in this litigation or to the specific charges against Ross which were at issue in and the subject of the Article VII charges filed against Ross and the proceedings and decisions by Arbitrator Armendariz at issue in this litigation. See Rule 45(d)(3)(A)(iv). *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir 2004); *Am. Fed'n of Musicians v. SKODAM Films, LLC*, 313 F.R.D. 39, 45 (N.D. Tex. 2015) (J. Horan); *Lopez v. Don Herring Ltd.*, 327 F.R.D 567, 575 (N.D. Tex. 2018) (J. Horan *CSS, Inc. v. Herrington*, 354 F.Supp.3d 702, 706-07 (N.D. Tex. 2017) (J. Horan); *Rotstain v. Trustmark Nat'l Bank*, Civil Action No. 309-CV-2384-N-BQ (N.D. Tex. Nov 06, 2020) (J. Bryant).

2

2.      The subpoena is facially overbroad and thus subjects Wood, Stephens & O'Neil to undue burden and expense in that it requests all documents and other described materials "relating to the parties in the above-entitled lawsuit," including APFA, and in relation to Association of Professional Flight Attendants, Eugenio Vargas, Nena Martin and Robert "Bob" Ross"," without limitation or qualification and without regard to whether those documents or materials relate to any claim or defense of the parties in the above referenced lawsuit or action, regardless of date, and which are not particularized in a manner which would allow a reasonable person to ascertain which documents or materials are required to be produced. See Rule 26(b)(1); *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir 2004); *Am. Fed'n of Musicians v. SKODAM Films, LLC*, 313 F.R.D. 39, 45 (N.D. Tex. 2015) (J. Horan); *Lopez v. Don Herring Ltd.*, 327 F.R.D 567, 575 (N.D. Tex. 2018) (J. Horan *CSS, Inc. v. Herrington*, 354 F.Supp.3d 702, 706-07 (N.D. Tex. 2017) (J. Horan); *Rotstain v. Trustmark Nat'l Bank*, Civil Action No. 309-CV-2384-N-BQ (N.D. Tex. Nov 06, 2020) (J. Bryant).

3.      The subpoena seeks documents and materials which are not relevant to any claim or defense of the parties in this litigation in that it requests all documents and other described materials "relating to the parties in the above-entitled lawsuit," including APFA, and "in relation to Association of Professional Flight Attendants, Eugenio Vargas, Nena Martin and Robert "Bob" Ross", without limitation or qualification and which are not relevant to the specific charges against Ross which were at issue in and the subject of the Article VII charges filed against Ross and the proceedings and decisions by Arbitrator Armendariz at issue in this litigation. See Rule 26(b)(1). *Daves v. Dallas Cty.*, 2020 U.S. Dist. LEXIS 206647 (N.D. Tex. 2020) (J. Godbey) at *7; Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011); *Feldman v. Stryker Corp.*, 2020 U.S. Dist LEXIS 264435 (N.D. Tex. 2020) at *2; *Hunsinger v. Alpha Cash Buyers*, LLC, Civil Action No. 321-CV-1598-D, 2022 U.S. Dist. LEXIS 69728 (N.D. Tex. April 15, 2022); *Lopez v. Don Herring Ltd.*, 327 F.R.D 567, 575 (N.D. Tex. 2018) (J. Horan); *Orchestratehr Inc. v. Trombetta*, 178 F.Supp.3d 476, 504-06 (N.D. Tex. 2016) (J. Horan).

4.      The subpoena seeks documents and materials which are not proportional in relation to the needs of the case, considering the importance of the issues at stake in this lawsuit, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the requested discovery when weighed its likely benefit, in that it requests documents and materials "relating to the parties in the above-entitled lawsuit," including APFA, and "in relation to Association of Professional Flight Attendants, Eugenio Vargas, Nena Martin and Robert "Bob" Ross", without limitation or qualification and which bear no relevance to any claim or defense of the parties in this litigation and which bear no relevance to the specific charges against Ross which were at issue in and the subject of the Article VII charges filed against Ross and the proceedings and decisions by Arbitrator Armendariz at issue in this litigation. See Rule 26(b)(1). *Orchestratehr Inc. v. Trombetta*, 178 F.Supp.3d 476, 504-06 (N.D. Tex. 2016) (J.Horan); *Humphries v Progressive Corp.*, No. 3-20-cv-548-X, U.S. Dist. Ct. N.D. Tex. (April 5, 2022) (J. Horan); *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, No. 314-cv-2498-B, 2016 WL 2609994 (N.D. Tex. May 6, 2016) (J. Horan).

3

**APP 10**

5.    The subpoena requests documents and other described materials which "relate to" and which are "in relation to" a person, entity, thing, process, or procedure, including APFA, without limitation or qualification, and, as such, is overbroad and unduly burdensome in that such a request is vague, ambiguous,  and imprecise and does not apprise the person to whom the request is made of the specific nature and scope of the particular documents and materials sought to be produced and provides no basis upon which what documents may or may not be responsive to the request can be reasonably determined. See Rule 26(b)(1); *Lopez v. Don Herring Ltd.*, 327 F.R.D 567, 575 (N.D. Tex. 2018) (J. Horan); *Humphries v Progressive Corp.*, No. 3-20-cv-548-X, U.S. Dist. Ct. N.D. Tex. (April 5, 2022)(J. Horan). See, e.g., *Contracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665-66 (D. Kan. 1999); *Doricent v. American Airlines, Inc.*, Civil Action No. 91-12084Y, 1993 WL 437670, *10 n. 5 (D. Mass. Oct. 19, 1993); *Commonwealth of Mass. v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989); *Western Resources, Inc. v. Union Pacific R.R. Co.*, Civil Action No. 00-2043-CM, 2002 WL 1822435, *1 (D. Kan. July 23, 2002); *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 60 (D.N.J. 1985).

6.    The subpoena seeks documents and other described materials from Wood, Stephens & O'Neil which are privileged and protected from disclosure in their capacity as Certified Public Accountants in the performance of their financial accounting and auditing services for the Association of Professional Flight Attendants ("APFA") and with reference, if any, to three named individuals. See Rule 45(d)(3)(A)(iii) and Rule 45(e)(2). By its terms the subpoena requests documents and other described materials "relating to the parties in the above-entitled lawsuit," including APFA, and "in relation to Association of Professional Flight Attendants, Eugenio Vargas, Nena Martin and Robert "Bob" Ross," without limitation, qualification, specification, or particularized description as to the nature of the documents and materials requested, other than any and all documents or materials in the possession, custody or control of the Wood, Stephens & O'Neil which are "in relation to" each named individual person and the APFA as an organization, separately, and without reference as to how the documents and materials requested bear any relevance to the above referenced lawsuit, and thus the subpoena would require production of any and all documents and materials relating to the confidential and privileged financial and tax accounting services which may have been performed on behalf of the three named individuals and literally all documents and materials which involve or reference in any way the APFA generated in the course of the Wood, Stephens & O'Neil's performance of accounting services for the APFA, many of which documents and materials are privileged and confidential and are protected from disclosure in accordance with standard accounting practices for Certified Public Accountants. Rule 45(d)(3)(A)(iii) and Rule 45(e)(2).

4

Dated:  November 3, 2022                   Respectfully submitted,


HAL O'NEIL, CPA
Wood, Stephens & O'Neil, L.L.P.
6300 Ridglea Place, Suite #150
Fort Worth, TX  76116
Firm tele. - 817-377-1700
Firm fax - 817-377-1870


SANFORD R. DENISON
Tex. Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Ave., Suite 550
Dallas, TX  75214
Tel.: (214) 637-0750; Fax.: (214) 637-0730
Email: denison@baabdenison.com

WILLIAM W. OSBORNE*
D.C. Bar No. 912089
Osborne Law Offices P.C.
5335 Wisconsin Avenue N.W., Suite 440
Washington, D.C. 20015
Tel.: (202) 243-3200; Fax: (202) 686-2977
Email: b.osborne@osbornelaw.com

*Counsel for Defendant Counterclaim Plaintiff*
*Association of Professional Flight Attendants, and*
*Defendants Julie Hedrick and Erik Harris*

*Admitted Pro Hac Vice

5

**APP 12**

## **CERTIFICATE OF SERVICE**

I certify that on this 26th day of November 3, 2022 a true and correct copy of the foregoing document was served on the below listed counsel of record for Plaintiff/Counterclaim Defendant Ross and on all other counsel of record in the above referenced case by a means permitted by Rule 5(b)(2) of the Federal Rules of Civil Procedure.

KERRI PHILLIPS
HEATHER ABREU
K.D. Phillips Law Firm, PLLC
5700 Tennyson Parkway, Suite 300
Plano, Texas 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
Email: Heather@KDphillipslaw.com

MICHAEL R RAKE
Michael R. Rake, Attorney at Law
PO Box 1556
Lake Dallas, TX 75065
Tel.: (940) 498-2103
Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com

SANFORD R. DENISON

6

**APP 13**

## Kerri Phillips

| | |
|---|---|
| **From:** | Kerri Phillips |
| **Sent:** | Wednesday, August 16, 2023 6:16 PM |
| **To:** | oneil@woodcpafirm.com |
| **Cc:** | Stephanie Lewis; Adam Phillips |
| **Subject:** | URGENT: please respond immediately; Ross v. APFA |
| **Attachments:** | Subpoena - Ross re Woods Stephens O'Neil re TXSOS.pdf; Affidavit of SOP - Wood Stephens O'Neil.pdf |

| **Tracking:** | **Recipient** | **Delivery** | **Read** |
|---|---|---|---|
| | oneil@woodcpafirm.com | | |
| | Stephanie Lewis | Delivered: 8/16/2023 6:16 PM | |
| | Adam Phillips | Delivered: 8/16/2023 6:16 PM | Read: 8/16/2023 6:17 PM |

Dear Mr. O'Neil,

As you may recall I served you a subpoena on October 20, 2022, requesting the following documents:

All materials including but not limited to correspondence, emails, calendar invites, text messages, phone records, reports, internal memoranda, personal notes, notations, work papers, drafts, and other writings), drawings, charts, photographs, computer printouts, spreadsheets, ledgers, graphics, analytics, and all other information kept by written, electronic, or other means relating to the parties in the above-entitled lawsuit and in relation to Eugenio Vargas, Nena Martin and Robert "Bob" Ross.on a USB portable thumb drive in pdf, .PST format. Word or Excel format where applicable.

To date, I have not received a response from you. I have held off on filing any motion to compel in observance of the objection regarding pending motions from the Defendants, however those motions have been resolved, mostly in our favor, and I now seek these documents in preparation of trial. I will need your compliance with this subpoena request as soon as possible. Please advise if you will comply with the subpoena as soon as possible.

Thank you,



**Kerri Phillips**
*KD Phillips Law Firm, PLLC*
**Phone:** 972-327-5800 ext. 1001
**Fax:** 940-400-0089
**Email:** Kerri@KDphillipslaw.com

6010 W. Spring Creek Parkway
Plano, TX 75024
**www.KDphillipslaw.com**

**IMPORTANT/CONFIDENTIAL:**

IMPORTANT \ CONFIDENTIAL: This message contains information from the law firm of KD Phillips Law Firm, PLLC that may be subject to the attorney-client privilege or work product doctrine, or may be otherwise confidential and exempt from disclosure under applicable law. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is this message intended to reflect an intention to make an agreement by electronic means. DO NOT COPY OR FORWARD TO UNAUTHORIZED PERSONS. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, copying or forwarding of this communication is strictly prohibited. Unauthorized interception of this message may be in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, et seq. If you have received this communication in error, please notify us immediately at our telephone number: (972) 327-5800

IRS Circular 230 Notice: Unless expressly stated otherwise in the foregoing message, and to ensure compliance with requirements imposed by the IRS, we inform you that any advice contained in this message (including any attachments) is not intended or written to be used, and may not be used by any person, for the purpose of (i) avoiding penalties imposed under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another person any transaction or matter addressed herein, within the meaning of IRS Circular 230.

**APP 14**

| From: | Jeff Bartos |
|---|---|
| To: | Kerri Phillips |
| Cc: | Charlette Matts; James Sanford; Joe Gillespie |
| Subject: | Vargas - Requests for Production to APFA |
| Date: | Friday, September 1, 2023 9:30:27 AM |
| Attachments: | APFA 1 -99 - Vargas 1st RFP #2 and 3.pdf |

Kerri,

Following up on our discussion and subsequent emails, attached please find documents numbered APFA1-99 which are responsive to items number 2 and 2 of Mr. Vargas's original Requests for Production.   APFA maintains its original objections to these requests.

The original Requests for Production also included a request for various insurance policies. These have all been produced to you by IMA in response to your subpoena to them.

Jeff

*Jeffrey A Bartos*
*Guerrieri Bartos & Roma PC*
*1900 M Street, NW*
*Suite 700*
*Washington, DC  20036*
*202-624-7400*

*www.geclaw.com*

| | |
|---|---|
| **From:** | Jeff Bartos |
| **To:** | Kerri Phillips |
| **Cc:** | James Sanford; Charlette Matts |
| **Subject:** | RE: Ross v. APFA et al; Vargas v. APFA et al |
| **Date:** | Wednesday, August 30, 2023 10:40:43 AM |
| **Attachments:** | image001.png |

Kerri,

Just following up on the discovery related questions in your email.

In relation to the outstanding Vargas RFP, we have agreed to produce APFA's documents related to Mr. O'Neil's evaluation of the overpayments made to Mr. Ross, Mr. Vargas, Ms. Martin and Ms. Dunaway, and I hope to have those to you by Friday of this week. Pursuant to your offer to narrow the scope of the RFP, we will also agree to provide the audit conducted just after Mr. Ross left office as well.

We do not withdraw our objections to the O'Neil subpoena as written. If you narrow the scope of the subpoena to track what you have offered with respect to the Vargas RFP, we may be able to resolve that dispute as well.

Jeff

---

**From:** Kerri Phillips <Kerri@KDphillipslaw.com>
**Sent:** Saturday, August 26, 2023 4:28 PM
**To:** Jeff Bartos <jbartos@geclaw.com>
**Cc:** James Sanford <jim@gillespiesanford.com>; Charlette Matts <cmatts@apfa.org>
**Subject:** RE: Ross v. APFA et al; Vargas v. APFA et al

Jeff,
1. Will you withdraw your objections on the Subpoena served to Hal O'Neal on the Ross case?
2. We are not amenable to Ms. Washington as a mediator. I've reached out to Ms. Fragnoli again as well as Sandra Lauro—another mediator with experience in labor and employment at Burdin Mediations. I'll advise as soon as I hear back from either one. The website is here.
3. Please advise on a date in which your client will produce the documents responsive to the Requests for Production Vargas. This is a pending matter that your clients have had well over a year now to address.
4. The first week is all Mr. Vargas can agree to due to family obligations. I'm not sure that the end of November makes much sense considering the holiday.

   I'm unsure that issues with the mediation necessitate another call. Let's first see whether I can get some dates for Ms. Fragnoli or Ms. Lauro.

Thank you,

**Kerri Phillips**
KD Phillips Law Firm, PLLC
**Phone:** 972-327-5800 ext. 1001
**Fax:** 940-400-0089
**Email:** Kerri@KDphillipslaw.com



6010 W. Spring Creek Parkway
Plano, TX 75024
**www.KDphillipslaw.com**

IMPORTANT/CONFIDENTIAL:

IMPORTANT \ CONFIDENTIAL:  This message contains information from the law firm of KD Phillips Law Firm, PLLC that may be subject to the attorney-client privilege or work product doctrine, or may be otherwise confidential and exempt from disclosure under applicable law.  Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is this message intended to reflect an intention to make an agreement by electronic means.  DO NOT COPY OR FORWARD TO UNAUTHORIZED PERSONS.  If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, copying or forwarding of this communication is strictly prohibited. Unauthorized interception of this message may be in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, et seq.  If you have received this communication in error, please notify us immediately at our telephone number:  (972) 327-5800

IRS Circular 230 Notice:  Unless expressly stated otherwise in the foregoing message, and to ensure compliance with requirements imposed by the IRS, we inform you that any advice contained in this message (including any attachments) is not intended or written to be used, and may not be used by any person, for the purpose of (i) avoiding penalties imposed under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another person any transaction or matter addressed herein, within the meaning of IRS Circular 230.

**From:** Jeff Bartos <jbartos@geclaw.com>
**Sent:** Friday, August 25, 2023 3:56 PM
**To:** Kerri Phillips <Kerri@KDphillipslaw.com>
**Cc:** James Sanford <jim@gillespiesanford.com>; Charlette Matts <cmatts@apfa.org>
**Subject:** Re: Ross v. APFA et al; Vargas v. APFA et al

Ms. Phillips,

Thank you again for the discussion on Wednesday.

Regarding the additional documents you have now produced, we will review and get back to you if there are any questions or issues on the scope of production. I can't agree without review that all issues raised by us have been resolved but do appreciate your effort to move this forward productively.

Regarding the APFA Defendants' production in response to Mr. Vargas's First Amended First Request for Production, we will review the scope of potentially responsive documents in light of your narrowed request and get back to you on the APFA Defendants' position.

Regarding mediation, I think a further conversation would be helpful. Do you have time to talk on Monday?  We are not amenable to Ms. Yurek as mediator. We should have a position regarding Ms. Fragnoli by Monday.  You mentioned having reached out to her; do you know for certain that she has available dates in November?  I would reiterate that we think our proposal of Ms. Washington should be seriously considered and that, according to her website at least, she has November dates.  I also have some concern that the first week of

November may not work for all of the Defendants, so I think a call between us would be helpful.

Thank you,

Jeff

---

**From:** Kerri Phillips <Kerri@KDphillipslaw.com>
**Sent:** Friday, August 25, 2023 2:07 AM
**To:** Jeff Bartos <jbartos@geclaw.com>
**Cc:** James Sanford <jim@gillespiesanford.com>; Charlette Matts <cmatts@apfa.org>
**Subject:** Ross v. APFA et al; Vargas v. APFA et al

Dear Mr. Bartos,

I'm writing to confirm our conversation yesterday, as I understand it. We addressed a number of issues on the table, and I want to make sure we have a clear understanding on all issues.

1. Discovery requests from Bob Ross and Eugenio Vargas – you inquired about damage documents in particular, but those requests for which you have not discovered documents and asked that I indicate which documents were responsive to the requests outlined in the letters attached hereto. As I informed you, it is my contention that FRCP 34 requires that I deliver all documents as maintained in the regular course of business, however in an effort to alleviate some of our discovery disputes I have updated the responses to your requests, and deposited all evidence folders as they stand today. Again, as we are clearly seeking out more information and documents I will be forced to supplement with responsive documents in the future, but as of now, you have all documents we have, as they are in our files. Your letter highlights concerns over the following requests made on Ross and Vargas cases:

   *Ross*

   a. Request 1: Ross_Evidence\011_Discovery Responses
   b. Requests 2 and 4: the clients have no documents to produce that are responsive to this request.
   c. Request 3: See Ross_Evidence\01_Email Correspondence
   d. Request 5: Ross_Evidence\011_Discovery Responses
   e. Request 6: Ross_Evidence\07_Damages
      i. the vacation payout documents
      ii. the Confidential Memo,
      iii. the Story of the Furniture,
      iv. Vargas's Affidavit
      v. Arbitration Transcripts
   f. Request 7: See the Martin Affidavit - Ross_Evidence\04_Affidavits
   g. Request 14: See: Ross_Evidence\010_AFA- APFA Statements
   h. Request 15: See: Ross_Evidence\010_AFA- APFA Statements
   i. Request 17: See Ross_Evidence\01_Email Correspondence
   j. Request 21: Ross_Evidence\03_APFA Hotlines & Public Statements
   k. Request 22: See: Ross_Evidence\07_Damages
   l. Request 23: Ross_Evidence\07_Damages

       i.   the vacation payout documents

      ii.   the Confidential Memo,

    iii.   the Story of the Furniture,

    iv.   Vargas's Affidavit

     v.   Arbitration Transcripts

m. Request 25: See Ross_Evidence\01_Email Correspondence

n. Request 26: Ross_Evidence\07_Damages

o. Request 27: Ross_Evidence\07_Damages

p. Request 28: Ross_Evidence\07_Damages

q. Request 29: Ross_Evidence\07_Damages

r. Request 30: Ross_Evidence\07_Damages

s. Request 31: Ross_Evidence\07_Damages

t. Request  32 and 33: Ross_Evidence\07_Damages

*Vargas*

a. Request 2: See: Ross_Evidence\010_AFA- APFA Statements

b. Request 3: See: Ross_Evidence\010_AFA- APFA Statements

c. Request 4 and 6:  None exist

d. Request 11-13: Vargas_Evidence\06_Excluded evidence from Arb; Vargas_Evidence\01_Arbitration

e. Request 15:  See Above Vargas_Evidence\06_Excluded evidence from Arb; Vargas_Evidence\03_Evidence of Misconduct

f. Request 16:  Vargas_Evidence\08_Public Statements - APFA Hotlines; Ross_Evidence\06_Ross Social Media Postings

g. Request 17-19: Ross_Evidence\06_Ross Social Media Postings; Ross_Evidence\01_Email Correspondence; Ross_Evidence\07_Damages; Vargas_Evidence\07_Damages

h. Request 14: Vargas_Evidence\06_Excluded evidence from Arb

I have updated the document request with these shared folders.  My sincerest hope is that this will allow a bit more cooperation between the parties going forward regarding discovery disputes.

2. Mediation – you requested that we find a mediator who has more experience to increase the potential for settlement at mediation.  I discussed it with my clients, and they are agreeable to the mediator we have proposed, Rachel Yurek, as well as Kathy Fragnoli with Burdin Mediations.  You also expressed concern over conducting a mediation in October rather than November for Mr. Vargas,  He is able to meet for a mediation the first week of November.   Please advise on how you'd like to proceed on this issue.

3. Confidentiality Order –you requested a confidentiality order in place prior to the production of documents.  I stated, again, that I found it difficult to address to this concern whilst misrepresentations from your predecessors maintain on record with this court.  It is my sincerest hope that you reconsider your approach and correct the record in accordance with your duty.

4. You discussed the outstanding discovery requests regarding Hal O'Neil on the Ross case as well as the requests on the Vargas case relating to the documents and communications requested in relation to the Ross Administration.  As you stated, you felt my requests for all documents and communications between APFA and Hal O'Neil regarding the Ross Administration was too broad.  I stated that our contention is that your clients conspired to misrepresent the facts in an effort to abridge my clients' rights as members in good standing.  You stated your concerns of private financial documents going back to 2016, and that you would limit the scope to the transmission

and communications regarding the Confidential Memo.   I offered to restrict it to only those documents and communications relating to the Ross Administration since 2018—after the Ross Administration left office, however you persist in your objection to the scope being too broad, and agree to only produce those documents pertinent to the Confidential Memo and its transmission.

In closing, I'd like to note that as discussed on the phone call; as of the date of this email, your clients have failed to turn over any documents requested whatsoever.  Your clients have objected to the subpoenas I issued for relevant documents in possession of the Arbitrator, the Accounting Firm, and the Insurance company thus far. Furthermore, your clients failed to turn over even a single document in the initial disclosures—including any of the 4 insurance policies currently in place.  Whereas my clients produced a number of documents within the initial filing, the initial disclosures, and now my clients have produced all documents in our possession to date.

It appears resolution has been reached on all issues outstanding—except for one.  The production of those documents and communications between Woods, Stephens and O'Neil accounting firm and any one of your clients.

Please advise if I have misunderstood anything we discussed.

Thank you,



**Kerri Phillips**
KD Phillips Law Firm, PLLC
**Phone:** 972-327-5800 ext. 1001
**Fax:** 940-400-0089
**Email:** Kerri@KDphillipslaw.com

6010 W. Spring Creek Parkway
Plano, TX 75024
**www.KDphillipslaw.com**

IMPORTANT/CONFIDENTIAL:

IMPORTANT \ CONFIDENTIAL:  This message contains information from the law firm of KD Phillips Law Firm, PLLC that may be subject to the attorney-client privilege or work product doctrine, or may be otherwise confidential and exempt from disclosure under applicable law.  Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is this message intended to reflect an intention to make an agreement by electronic means.  DO NOT COPY OR FORWARD TO UNAUTHORIZED PERSONS.  If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, copying or forwarding of this communication is strictly prohibited. Unauthorized interception of this message may be in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, et seq.  If you have received this communication in error, please notify us immediately at our telephone number:  (972) 327-5800

IRS Circular 230 Notice:  Unless expressly stated otherwise in the foregoing message, and to ensure compliance with requirements imposed by the IRS, we inform you that any advice contained in this message (including any attachments) is not intended or written to be used, and may not be used by any person, for the purpose of (i) avoiding penalties imposed under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another person any transaction or matter addressed herein, within the meaning of IRS Circular 230.

| | |
|---|---|
| **From:** | Jeff Bartos |
| **To:** | Kerri Phillips |
| **Cc:** | Charlette Matts; James Sanford; Stephanie Lewis; Adam Phillips; Hal O'Neil |
| **Subject:** | Re: Ross v. APFA; Vargas v. APFA -- Mediation and Discovery Issues |
| **Date:** | Friday, August 18, 2023 12:46:05 PM |
| **Attachments:** | image001.png |

Thanks Kerri - I will call you then.

Jeff

**From:** Kerri Phillips <Kerri@KDphillipslaw.com>
**Sent:** Friday, August 18, 2023 1:01 PM
**To:** Jeff Bartos <jbartos@geclaw.com>
**Cc:** Charlette Matts <cmatts@apfa.org>; James Sanford <jim@gillespiesanford.com>; Stephanie Lewis <Stephanie@KDphillipslaw.com>; Adam Phillips <Adam@KDphillipslaw.com>; Hal O'Neil <oneil@woodcpafirm.com>
**Subject:** RE: Ross v. APFA; Vargas v. APFA -- Mediation and Discovery Issues

Jeff,
We can speak on Wednesday at noon.  My extension is below.

Thank you,



**Kerri Phillips**

KD Phillips Law Firm, PLLC

**Phone:** 972-327-5800 ext. 1001
**Fax:** 940-400-0089
**Email:** Kerri@KDphillipslaw.com

6010 W. Spring Creek Parkway
Plano, TX 75024

**www.KDphillipslaw.com**

IMPORTANT/CONFIDENTIAL:

IMPORTANT \ CONFIDENTIAL:  This message contains information from the law firm of KD Phillips Law Firm, PLLC that may be subject to the attorney-client privilege or work product doctrine, or may be otherwise confidential and exempt from disclosure under applicable law.  Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is this message intended to reflect an intention to make an agreement by electronic means.  DO NOT COPY OR FORWARD TO UNAUTHORIZED PERSONS.  If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, copying or forwarding of this communication is strictly prohibited. Unauthorized interception of this message may be in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, et seq.  If you have received this communication in error, please notify us immediately at our telephone number:  (972) 327-5800

IRS Circular 230 Notice:  Unless expressly stated otherwise in the foregoing message, and to ensure compliance with requirements imposed by the IRS, we inform you that any advice contained in this message (including any attachments) is not intended or written to be used, and may not be used by any person, for the purpose of (i) avoiding penalties imposed under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another person any transaction or matter addressed herein, within the meaning of IRS Circular 230.

**From:** Jeff Bartos <jbartos@geclaw.com>
**Sent:** Friday, August 18, 2023 8:59 AM
**To:** Kerri Phillips <Kerri@KDphillipslaw.com>

**Cc:** Charlette Matts <cmatts@apfa.org>; James Sanford <jim@gillespiesanford.com>; Stephanie Lewis <Stephanie@KDphillipslaw.com>; Adam Phillips <Adam@KDphillipslaw.com>; Hal O'Neil <oneil@woodcpafirm.com>

**Subject:** Re: Ross v. APFA; Vargas v. APFA -- Mediation and Discovery Issues

Kerri,

Would you have time next week for a call regarding discovery issues?

I'd like to discuss what we are looking for in terms of your clients' document production, as well as the Request for Production in *Vargas* that you mention in your email here, and the subpoena you served on Wood, Stephens & O'Neil, LLP last year. Mr. O'Neil advised me of your email demanding immediate production. As you may recall, both Mr. O'Neil and APFA served objections to that subpoena in November 2022.  Given the overlap between the *Vargas* RFP and the O'Neil subpoena, I think it makes sense to discuss both at once and hopefully narrow or even eliminate any dispute.

I've copied Mr. O'Neil on this email as well.

In terms of a call next week, any day except Monday will work for me.

Thank you,

Jeff

---

**From:** Kerri Phillips <Kerri@KDphillipslaw.com>
**Sent:** Thursday, August 17, 2023 3:25 PM
**To:** Jeff Bartos <jbartos@geclaw.com>
**Cc:** Charlette Matts <cmatts@apfa.org>; James Sanford <jim@gillespiesanford.com>; Stephanie Lewis <Stephanie@KDphillipslaw.com>; Adam Phillips <Adam@KDphillipslaw.com>
**Subject:** RE: Ross v. APFA; Vargas v. APFA -- Mediation and Discovery Issues

Jeff,
You have what I have scanned and catalogued that  is responsive to your requests unless there's something I've overlooked.  If you seek something in particular you need to let me know and I'll track it down.  As soon as more comes in I'll bates number and drop them in the shared drive I used to drop the first round of responsive documents.

As to the original responses on Vargas, your client has had a year to gather them, review them, and either turn them over or work towards a settlement if they don't want to turn them over.  You need to let me know where your client stands on this issue.  I'll file a motion to compel next week.

Thank you,

**Kerri Phillips**



KD Phillips Law Firm, PLLC

**Phone:** 972-327-5800 ext. 1001
**Fax: 940**-400-0089
**Email:** Kerri@KDphillipslaw.com

6010 W. Spring Creek Parkway
Plano, TX 75024

**www.KDphillipslaw.com**

IMPORTANT/CONFIDENTIAL:

IMPORTANT \ CONFIDENTIAL:  This message contains information from the law firm of KD Phillips Law Firm, PLLC that may be subject to the attorney-client privilege or work product doctrine, or may be otherwise confidential and exempt from disclosure under applicable law.  Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is this message intended to reflect an intention to make an agreement by electronic means.  DO NOT COPY OR FORWARD TO UNAUTHORIZED PERSONS.  If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, copying or forwarding of this communication is strictly prohibited. Unauthorized interception of this message may be in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, et seq.  If you have received this communication in error, please notify us immediately at our telephone number:  (972) 327-5800

IRS Circular 230 Notice:  Unless expressly stated otherwise in the foregoing message, and to ensure compliance with requirements imposed by the IRS, we inform you that any advice contained in this message (including any attachments) is not intended or written to be used, and may not be used by any person, for the purpose of (i) avoiding penalties imposed under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another person any transaction or matter addressed herein, within the meaning of IRS Circular 230.

**From:** Jeff Bartos <jbartos@geclaw.com>
**Sent:** Tuesday, August 15, 2023 9:16 AM
**To:** Kerri Phillips <Kerri@KDphillipslaw.com>
**Cc:** Charlette Matts <cmatts@apfa.org>; James Sanford <jim@gillespiesanford.com>; Stephanie Lewis <Stephanie@KDphillipslaw.com>; Adam Phillips <Adam@KDphillipslaw.com>
**Subject:** Re: Ross v. APFA; Vargas v. APFA -- Mediation and Discovery Issues

Ms. Phillips,

Thank you for the response to my letters, and for the additional information you have provided.  (See App. Pgs. 2-3).

I will send you a separate email regarding mediation.  This email will address the discovery issues.

**Requests for Production.**

     1.     I understand your position is that all documents pertaining to the arbitrations; all communications among Mr. Ross, Mr. Vargas and Ms. Martin regarding the Transition Agreement; as well as documents received in response to subpoenas have been produced. Please let me know if my understanding is incorrect.

     2.     You suggest that APFA has access to all emails sent or received using your clients' *apfa.org* email addresses, and that therefore they are under no obligation to produce

such documents.   The possibility that APFA might be able to retrieve some documents does not relieve your clients (who have brought these suits to begin with) from their obligation to produce documents in their possession that are responsive to the APFA Defendants' Requests which relate to your clients' factual allegations and legal claims.   If your clients have responsive documents, they are not exempt from producing them simply because the Defendants might also be able to find them.  Please let me know if Mr. Ross and Mr. Vargas are withholding documents on this basis or not.

       3.      You ask that I elaborate if there are documents we seek in particular.  I refer you to the letters, which identify by request number the exact Requests for which no documents have been produced and which APFA could not be expected to have.  These are all documents which post-date the Ross/Vargas administration and include, among other things, all of the elements of claimed damages in this case. If no such documents exist, please advise with reference to the specific Request numbers.   If such documents exist, please produce them and identify by Bates-numbers which documents are responsive to each Request.

       4.      As a final matter regarding the Requests for Production, this is to reiterate that you should indicate for each Request the Bates-numbers of produced documents which are responsive to that particular Request. Conforming with this basic obligation will reduce the issues potentially in dispute and help both of us to efficiently resolve any issues.

**Responses to Plaintiff's Discovery.**

       1.      To my knowledge, your email of August 14 is the first communication to defense counsel regarding the responses to Mr. Vargas's Requests for Production from August 2022.  I will review the issues you raise and get back to you soon.

       2.      Regarding the third-party subpoenas you referenced, APFA does not withdraw its objections.

Thank you for your review and response to these issues,

Jeff

---

**From:** Kerri Phillips <Kerri@KDphillipslaw.com>
**Sent:** Monday, August 14, 2023 11:19 AM
**To:** Jeff Bartos <jbartos@geclaw.com>
**Cc:** Charlette Matts <cmatts@apfa.org>; James Sanford <jim@gillespiesanford.com>; Stephanie Lewis <Stephanie@KDphillipslaw.com>; Adam Phillips <Adam@KDphillipslaw.com>
**Subject:** RE: Ross v. APFA; Vargas v. APFA -- Mediation and Discovery Issues

Mr. Bartos, Ms. Matts, and Mr. Sanford,

I apologize for the delay in my response, but I do want to address your questions as to discovery requests and pose my own as well.  First, as to your claims that my objections are "meritless;" I would like to point out that your clients have failed to produce _any_ documents—neither within the initial disclosures  nor to our discovery requests made last July—not to mention your clients' objections to our third-party subpoenas to Woods, Stephens and O'Neil, LLP and Arbitrator Ruben Armendariz.  Consequently, your contentions may hold more merit if your clients attempted any cooperation in the process up to this point.

**Defendants' Requests for Discovery:** As to the documents served on you in response to the discovery requests, you have all documents responsive to your requests in my possession at this point.  My clients continue to accumulate documents, and as stated we will supplement in the future.  Also, many of the documents you seek simply don't exists, for example Nena Martin has provided that which was attached to her affidavit, and there are no documents relevant to communications regarding the Ross Transition Agreement.  I included all documents received in response to any subpoenas served thus far, however supplementation is a requirement to the subpoenas as well as our responses to your requests, as I'm sure you know.   If there are other documents responsive to your request that you seek, they are likely housed on the APFA servers.  The officers and union leadership all use apfa.org email addresses, as I'm sure you're aware, and those emails are housed on the APFA servers.

Furthermore, our objections are entirely valid.  Your client, in fact, possess **all** documents pertaining to the arbitration, those events preceding and following it, including communications between parties, and outside of those communications—no other documents have been recovered at this time.

If there are documents you seek in particular, please elaborate so I may be able to find them.   Is there something you seek or have evidence exists that we failed to turn over?  I'd appreciate knowing what specifically you are looking for.  Otherwise, the email addresses used by my clients while in office are housed on your client's servers, and that is most likely where you will need to seek this information.  If it is communications you seek, I imagine this is where you would find them.  Apart from that, you have all communications between the officers that I have related to these payments.  However, if your concern is the pending discovery deadlines, I can discuss with my clients whether they would be agreeable to an agreed motion to extend the scheduling order deadlines.  But as to those documents that your client possess—it is incumbent upon your client to conduct their review to find those documents, not mine.

Finally, as to the request for a stay, we withdraw any request or objection based on a demand for a stay to discovery.

**Plaintiff's Requests for Discovery and Withdraw of Objections to Subpoenas – Conference Requirement:** As to the discovery requests made to your clients inquiring as to the insurance

documents, and the communications about the Confidential Memo and any communications transmitting it to other union members, please advise whether your clients plan to produce _any_ documents.  As of now, our discovery requests were served over a year ago.  I will need to know whether your clients plan to produce _any_ documents, but in particular those relating to the Confidential Memo, as soon as possible.   Otherwise, my clients will be forced to file a motion to compel discovery.   As to the objections to our subpoena requests, I request that you withdraw your objections so that the pertinent documents in possession with Woods, Stephens, and O'Neil, LLP and Arbitrator Armendariz may be produced prior to trial.

**Mediation**: As to the mediation scheduling, I will need to contact my clients and discuss.  Currently they are both travelling out of the country working, but I will be in touch with them as soon as I can and discuss simultaneous mediations for the sake of efficiency.

I will also work to investigate and choose a mediator and get dates on which my clients would be agreeable to mediate these claims.  I will get back with you next week regarding the mediation.

In closing, I will ask you again whether you plan to rectify your clients' misrepresentations before this court or whether your client continues to assert that APFA is a dual union and the individual airline bases as local unions?

Please advise as soon as possible.



**Kerri Phillips**
KD Phillips Law Firm, PLLC

**Phone:** 972-327-5800 ext. 1001
**Fax:** 940-400-0089
**Email:** Kerri@KDphillipslaw.com

6010 W. Spring Creek Parkway
Plano, TX 75024

**www.KDphillipslaw.com**

IMPORTANT/CONFIDENTIAL:

IMPORTANT \ CONFIDENTIAL:  This message contains information from the law firm of KD Phillips Law Firm, PLLC that may be subject to the attorney-client privilege or work product doctrine, or may be otherwise confidential and exempt from disclosure under applicable law.  Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is this message intended to reflect an intention to make an agreement by electronic means.  DO NOT COPY OR FORWARD TO UNAUTHORIZED PERSONS.  If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, copying or forwarding of this communication is strictly prohibited.  Unauthorized interception of this message may be in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, et seq.  If you have received this communication in error, please notify us immediately at our telephone number:  (972) 327-5800

IRS Circular 230 Notice:  Unless expressly stated otherwise in the foregoing message, and to ensure compliance with requirements imposed by the IRS, we inform you that any advice contained in this message (including any attachments) is not intended or written to be used, and may not be used by any person, for the purpose of (i) avoiding penalties imposed under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another person any transaction or matter addressed herein, within the meaning of IRS Circular 230.

**From:** Jeff Bartos <jbartos@geclaw.com>
**Sent:** Friday, August 11, 2023 7:00 AM

**To:** Kerri Phillips <Kerri@KDphillipslaw.com>
**Cc:** Charlette Matts <cmatts@apfa.org>; James Sanford <jim@gillespiesanford.com>
**Subject:** Ross v. APFA; Vargas v. APFA -- Mediation

Ms. Phillips,

The Scheduling Orders in both cases require us to engage in mediation during the month of November, and to agree on a both a mediator and a mediation date by September 1, 2023.

In the interest of efficiency, I hope we can agree to engage in a single mediation for both cases, rather than two separate mediations.

On behalf of the Defendants, we suggest using one of the following neutrals, assuming they are available in November, and would appreciate your thoughts on this list.  We will of course consider any suggestions you may have as well.  Our suggestions are:

- Jeff Kaplan  (https://www.jamsadr.com/kaplan/)
- Cecilia Morgan (https://www.jamsadr.com/morgan/)
- Karen Washington (https://www.nadn.org/karen-washington)

If you could please let us know if any of these three is agreeable to you, or if you have any alternatives to suggest, we would appreciate it.

Thank you,

Jeff

*Jeffrey A Bartos*
*Guerrieri Bartos & Roma PC*
*1900 M Street, NW*
*Suite 700*
*Washington, DC  20036*
*202-624-7400*

www.geclaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREGORY CANTU and<br>JACQUELINE HOLMES,<br><br>   Plaintiffs,<br><br>v.<br><br>TITLEMAX, INC., TITLEMAX<br>HOLDINGS, LLC, TMX FINANCE,<br>LLC, TMX FINANCE HOLDINGS,<br>INC., TITLEMAX OF TEXAS, INC.,<br>and TITLEMAX FINANCE CORP.,<br><br>   Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 5:14-CV-628 RP |

## ORDER

Before the Court is Defendant TMX Finance, LLC's Objection, filed August 10, 2015 (Dkt. 79), to Magistrate Judge Henry Bemporad's Order, entered July 6, 2015 (Dkt. 63), compelling the partial disclosure of a purportedly privileged document known as "PRIV001."[1] Defendant also objects to the Magistrate Judge's Order, entered July 28, 2015 (Dkt. 76), denying Defendant's Motion for Reconsideration, filed July 20, 2015 (Dkt. 72). After a review of the entire file in this action, as well as an *in camera* review of PRIV001, the Court finds that the relevant portions of the document are not privileged. To the extent that PRIV001 ever was privileged, that privilege has been waived. Accordingly, Defendant's objection is overruled.

## BACKGROUND

Plaintiffs allege that Defendants accessed state motor vehicle records for the purpose of soliciting new title loan customers, in violation of the Drivers Privacy Protection Act, 18 U.S.C. §

---

[1] "PRIV001" is also known as "PRIV053." (*See* Def.'s Obj. 1 n.1, Dkt. 79.) The Court refers to the document here simply as "PRIV001."

1

2722. (Comp. 5, Dkt. 1.) On October 6, 2014, Defendant TMX Finance, LLC moved for dismissal, arguing that this Court lacks personal jurisdiction over it due to a lack of contacts with the forum state.[2] (Def.'s Mot. Dismiss, Dkt. 7.) The parties subsequently agreed to a limited period of jurisdictional discovery. (Joint Mot. Stay Briefing, Dkt. 19.) The objection before the Court now is the most recent chapter in a long and contentious quarrel over the sufficiency of the production provided in response to Plaintiffs' jurisdictional discovery requests.

### A.  Plaintiffs' First Motion to Compel Production of Documents *In Camera*

Pursuant to the agreement allowing for a period of jurisdictional discovery, Plaintiffs served three requests for production, requesting among other things any communications to or from Defendant relating to allegations that representatives of TitleMax entities were improperly accessing state motor vehicle records. (Plfs.' Mot. Compel Produc. Docs. In Camera 3-4, Dkt. 30.) After the deadline for production was twice extended, Defendant ultimately produced two documents totaling five pages. (*Id.* at 4.) Defendant also produced a privilege log listing fifty two documents. (*Id.* at 5.) Plaintiffs objected to numerous deficiencies in the privilege log, including a failure to identify the authors and recipients of documents. (*Id.*) In response, Defendant produced a second amended privilege log. (*Id.*)

On February 27, 2015, Plaintiffs filed a Motion to Compel Production of Documents *In Camera*. (*Id.*) Plaintiffs asked the Court to review the fifty two pages of documents listed in the second privilege log in order to determine whether some of the documents could be produced in a manner consistent with the evidentiary privileges invoked. (*Id.* at 6.) At a hearing on the motion, Plaintiffs revealed that they had discovered numerous responsive documents that were not listed on Defendant's privilege log. (Tr. Mot. Compel Produc. Docs. 5, Dkt. 49). Plaintiffs argued that Defendant's failure to clearly list these documents on the privilege log was

---

[2] Defendant TitleMax Finance Corp. also filed a motion to dismiss arguing a lack of personal jurisdiction. (Def.'s Mot. Dismiss, Dkt. 6.) That motion was granted and TitleMax Finance Corp. is no longer a party in the case. (Order, Dkt. 74.) Defendant TMX Finance, LLC's motion to dismiss was denied. (*Id.*)

sanctionable and that such behavior further warranted an *in camera* review of the documents that were listed. (*Id*.)

On, April 17, 2015, Magistrate Judge Bemporad granted the motion in part. (Order, Dkt. 41.) Defendant was ordered to produce a new privilege log that cured the objections raised by Plaintiffs and Plaintiffs were afforded an opportunity to file a renewed motion to compel. (*Id*.)

### B.  Plaintiffs' Second Motion to Compel Production of Documents *In Camera*

In response to the Court's April 17 order, Defendant produced a third amended privilege log. Subsequently, Plaintiffs filed a Second Motion to Compel Production of Documents *In Camera* (Dkt. 43). Plaintiffs alleged numerous deficiencies in the third privilege log and renewed their request that the Court review the fifty two purportedly privileged documents.

On June 3, 2015, after a hearing on the matter, Magistrate Judge Bemporad granted the motion in part and denied it in part. (Order, Dkt. 48.) Defendant was ordered to produce another privilege log remedying several of the defects raised in Plaintiffs' motion. Moreover, with regard to PRIV001 and any other document which identified an outside auditor as a recipient, Defendant was ordered to withdraw the document from the privilege log or submit a memorandum of law explaining why the document is privileged.

### C.  Supplemental Motion to Compel Production of Documents *In Camera*

In response to the Court's June 3 order, Defendant produced a fourth amended privilege log. Defendant also filed a memorandum of law in support of its assertion that PRIV001 is privileged. (Def.'s Mem. Law Supp. Privileged Docs., Dkt. 51). In that memorandum, Defendant argued the document is protected under the accountant-client privilege established by Tex. Occ. Code § 901.457(a). (*Id*.)

On June 16, 2015, Plaintiffs filed a Supplemental Motion to Compel Production of Documents *In Camera* (Dkt. 52). Plaintiffs argued that the fourth privilege log was not compliant

3

with the Court's June 3 order. They renewed their request for an *in camera* review of the purportedly privileged documents and asked the court for sanctions. Moreover, Plaintiffs moved the Court to order production of PRIV001. In response, Defendant produced a fifth amended privilege log. (Def.'s Resp. 1, Dkt. 58.) However, Defendant continued to maintain that PRIV001 was protected by the accountant-client privilege. (*Id.* at 2-3.)

A hearing was held on Plaintiffs' supplemental motion to compel on July 6, 2015. At the hearing, Magistrate Judge Bemporad granted the motion in part and denied it in part. Most pertinently, Defendant was ordered to produce a redacted copy of PRIV001. (Order, Dkt. 63.)

### D.  Motion for Reconsideration

On July 20, 2015, Defendant filed a Motion for Reconsideration (Dkt. 72), asking Magistrate Judge Bemporad to reconsider his July 6 order. While Defendant had originally defended withholding PRIV001 on the basis of accountant-client privilege, it now argued that the document was also protected by both the attorney-client and work product privileges. In response, Plaintiffs argued that neither privilege applied and to the extent that either did, Defendant waived the privilege by not asserting it earlier. On July 28, 2015, Magistrate Judge Bemporad denied Defendant's Motion for Reconsideration. (Order, Dkt. 76.)

### E.  PRIV001

PRIV001 is a letter from Vin Thomas to McGladrey LLP, dated March 20, 2014. Mr. Thomas was at the time general counsel for TMX Finance. McGladrey LLP is a third-party accounting firm by retained by TMX Finance. The letter was sent at the request of McGladrey LLP as part of a financial audit. It describes Mr. Thomas's assessment of the financial risk to the company posed by pending litigation.

Magistrate Judge Bemporad has ordered the majority of the letter to be redacted. (*See* Order, Dkt. 63.) The unredacted portion includes prefatory and conclusory paragraphs as well

as two paragraphs discussing a pending state court action between Wellshire Financial Services, LLC, doing business as LoanStar Title Loans, and TMX Finance. The first of those two paragraphs describes the nature of the plaintiff's allegations against TMX and the type of damages sought. The second paragraph provides Mr. Thomas's general assessment of the likelihood that the plaintiff will prevail. It also includes a brief description of internal research done by TMX with regard to the number of loans relevant to the allegations in the case.

**ANALYSIS**

The Court must now determine whether PRIV001 is privileged and if so whether that privilege has been waived. Defendant asserts that the document is protected by the work product, attorney-client, and accountant-client privileges. Plaintiffs claim that each type of privilege either does not exist, does not apply, or has been waived.

A magistrate judge's ruling on a non-dispositive motion may be set aside if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Accordingly, factual findings are reviewed under a clearly erroneous standard and legal conclusions are reviewed *de novo*. *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting *Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993)). Guided by this standard, the Court now examines whether PRIV001 falls within the scope of any of the privileges asserted.

**A. Work Product Privilege**

The work product doctrine protects from discovery materials prepared by an attorney in anticipation of litigation. Fed. R. Civ. P. 26(b)(3); *In re Grand Jury Proceedings*, 601 F.2d 162, 171 (5th Cir. 1979). "Determining whether a document is prepared in anticipation of litigation is a slippery task." *Clopton v. Animal Health Int'l, Inc.*, No. A-13-CV-205-LY, 2014 WL 6964537, at *2 (W.D. Tex. Dec. 8, 2014) (internal quotation marks omitted). "A document need not be generated in the course of an ongoing lawsuit to qualify for work product protection." *Id.*

5

However, "[m]aterials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by" the work product doctrine. Fed. R. Civ. P. 26(b)(3), advisory committee's note to 1970 amendment.

Courts apply different standards to determine whether a document is prepared in anticipation of litigation. *United States v. Deloitte LLP*, 610 F.3d 129, 136-37 (D.C. Cir. 2010) ("The courts are not unanimous on the proper test for determining whether a document was prepared 'in anticipation of litigation.'"). Some circuits require only that a document be prepared "because of" possible litigation in order to be eligible for protection. *See id.* (listing cases). The Fifth Circuit, however, requires that the "primary motivating purpose behind the creation of a document was to aid in possible future litigation." *In re Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000) (quoting *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981).

PRIV001 was prepared pursuant to the request of a third-party accounting firm that was examining Defendant's financial statements. It was not prepared with the purpose of aiding in any litigation. However, PRIV001 does include an attorney's impression as to the likelihood of success in a pending case, as well as a summary of research that speaks to the scope of potential liability. Accordingly, the question for the Court is whether documents or analyses that assess the business risk posed by litigation, and thus, are directed toward a business end are protected under the "primary motivating purpose" test. The Fifth Circuit has twice spoken to this issue.

First, in *United States v. El Paso Co.*, the Internal Revenue Service sought discovery of a document, known as a tax-pool analysis, that calculated El Paso Company's contingent tax liabilities. 682 F.2d 530 (5th Cir. 1982). The tax-pool analysis was created with the purpose of complying with federal securities laws. *Id.* at 534-35. The analysis is required in order to ensure that a taxpayer has set aside sufficient funds to cover liabilities that may arise if the taxpayer's tax returns are successfully challenged in court. *Id.* The Fifth Circuit recognized that the analysis

6

involved "weighing legal arguments, predicting the stance of the IRS, and forecasting the ultimate likelihood of sustaining El Paso's position in court." *Id.* at 543. Nonetheless, the court concluded that the analysis was not created in anticipation of litigation. "[T]he primary motivation [of the tax-pool analysis] is to anticipate, for financial reporting purposes, what the impact of litigation might be on the company's tax liability. El Paso thus creates the tax-pool analysis with an eye on its business needs, not on its legal ones." *Id.*

Second, in *United States v. Gulf Oil Corp.*, the Department of Energy sought production of Documents from Gulf Oil that had been prepared at the request of Arthur Young & Company, a third-party auditor. 760 F.2d 292 (Temp. Emer. Ct. App. 1985). The documents included "legal opinions concerning the financial implications of the declaratory judgment suit." *Id.* at 294. The Temporary Emergency Court of Appeals (standing in for the Fifth Circuit) held that the "documents do not constitute attorney work product because they were created primarily for the business purpose of compiling financial statements which would satisfy the requirements of the federal securities laws." *Id.* at 297.

In light of the Fifth Circuit precedent established in *El Paso* and *Gulf Oil*, the Court finds that the PRIV001 was not created with the "primary motivating purpose" of aiding litigation. PRIV001's function is tantamount to that of the tax-pool analysis in *El Paso* and the audit documents in *Gulf Oil*. All three documents "concoct[] theories about the results of possible litigation," however, "such analyses are not designed to prepare a specific case for trial or negotiation. Their sole function . . . is to back up a figure on a financial balance sheet." *El Paso Co.*, 682 F.2d at 544. Accordingly, PRIV001 does not enjoy work product protection.

Even if PRIV001 were protected work product, Defendant waived that protection by failing to assert it earlier in these proceedings. If a party fails to assert work product protection when a document is first withheld, then that protection may be waived. *Stoffels v. SBC Commc'ns, Inc.*, 263 F.R.D. 406, 412 (W.D. Tex. 2009) (citing FED. R. C. P. 26(b)(5)(A)). Defendant has now served Plaintiffs with five versions of its privilege log. (Plfs.' Resp. to Def.'s

Obj. 3, Dkt. 80.)  Not one asserted that PRIV001 was work product. (*Id.*) Moreover, Defendant did not assert work product protection in either of its first two opportunities to brief this issue. (Def.'s Mem. Law Supp. Privileged Docs., Dkt. 51; Def.'s Resp. Suppl. Mot. Compel, Dkt. 58.) In fact, when directly ordered to submit a memorandum of law explaining why PRIV001 is privileged, no mention of the work product doctrine was made. ((Def.'s Mem. Law Supp. Privileged Docs., Dkt. 51.) Defendant first asserted work product protection when it submitted its motion for reconsideration. (Def.'s Mot. Reconsideration, Dkt. 72.) Accordingly, Defendant has not expressly invoked the work product protection with regard to PRIV001 as required by Federal Rule of Civil Procedure 26(b)(5)(A).

### B.  Attorney-Client Privilege

"The attorney-client privilege prevents disclosure of communications between an attorney and client that were made while seeking or rendering legal services." *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003) (citing *Upjohn v. United States*, 449 U.S. 383, 389 (1981)). However, "a client's disclosure of confidential documents directly to a third party destroys confidentiality and attorney-client privilege protection for those documents." *Id.* at 134. Accordingly, disclosure of a document to an outside auditor destroys attorney-client privilege for that document. *United States v. El Paso Co.*, 682 F.2d 530, 540 (5th Cir. 1982) ("[D]isclosure of the . . . analysis to the auditors destroys confidentiality . . . . With the destruction of confidentiality goes as well the right to claim the attorney-client privilege."). Here, PRIV001 was sent from the general counsel to an outside auditor. Accordingly, the attorney-client privilege with regard to PRIV001 has been waived.

Defendant argues that the attorney-client privilege was not waived because the recipient of PRIV001 was entitled to obtain legal services on behalf of the client and, thus, was acting as the client's representative. In furtherance of that argument, Defendant cites Texas Rule of Evidence 503(a)(2), which defines a client's representative as "a person who has authority to obtain

professional service legal services for the client," and Texas Rule of Evidence 503(b), which extends the attorney-client privilege to communications between the client's lawyer and the client's representative. However, this is a federal question case because the only claim asserted by Plaintiffs is a violation of the federal DPPA statute. Federal law governs issues of privilege in federal question cases. *Doe v. City of San Antonio*, No. SA-14-cv-102-XR, 2014 U.S. Dist. LEXIS 161434, *3 (W.D. Tex. Nov. 17, 2014) (citing Fed. R. Evid. 501; *U.S. v. Zolin*, 491 U.S. 554, 562, (1989)). Accordingly, the Texas Rules of Evidence have no bearing on whether PRIV001 enjoys attorney-client privilege. There is no federal analog to Texas Rule of Evidence 503. Accordingly, even if the recipient of PRIV001 was authorized to obtain legal services on behalf of Defendant, there is no reason to believe that finding would disturb the conclusion that under federal law a client's disclosure of documents directly to an auditor or accountant destroys the attorney client privilege. Thus, PRIV001 is not protected by the attorney-client privilege.

### C.  Accountant-Client Privilege

Finally, Defendant asserts that PRIV001 is protected by the accountant-client privilege under state law. However, in Texas, accountant-client communications are confidential, but not privileged. *See In re Patel*, 218 S.W.3d 911, 920 n.6 (Tex. App.—Corpus Christi 2007, no pet.). Moreover, even if Defendant were correct in its reading of Texas law, this is a federal question case and, accordingly, federal privilege law governs. *See Doe v. City of San Antonio*, 2014 WL 6390890, at *1. There is no federal accountant-client privilege. *E.g.*, *Couch v. U.S.*, 409 U.S. 322, 335 (1973); *DAC Surgical Partners P.A. v. United Healthcare Servs., Inc.*, No. 4:11-CV-1355, 2014 WL 585750, at *4 (S.D. Tex. Feb. 14, 2014). Thus, PRIV001 is not protected by accountant-client privilege.

9

**CONCLUSION**

For the foregoing reasons, the Court finds that PRIV001, as redacted by the Magistrate Judge's July 6 order (Dkt. 63), is not privileged. Accordingly, Defendant's Objection, (Dkt. 79), is OVERRURLED. Defendant is ordered to provide Plaintiffs with a redacted copy of PRIV001 on or before October 23, 2015.

**SIGNED** on October 9, 2015.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

**APP 37**