# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS FORT WORTH DIVISION

| | |
|---|---|
| **ROBERT (BOB) ROSS,** § § § | |
| Plaintiff/Counterclaim Defendant, § § § | Civil Action No. 4:22-cv-343-Y |
| v. § § § | Judge Terry R. Means |
| **ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS,** *et al.*, § § § § | |
| Defendants/Counterclaim Plaintiff. § | |

## PLAINTIFF'S NOTICE OF OBJECTION TO NOTICE OF DEPOSITION OF ROBERT "BOB" ROSS AND MOTION TO EXTEND DEADLINES FOR DISCOVERY AND FILING OF DISPOSITIVE MOTIONS

TO THE UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiff, Robert "Bob" Ross (hereinafter sometimes either "Ross" or "Plaintiff'), and asks the Court to extend time for the discovery period, dispositive motions so that the parties can seek discovery and schedule depositions after the union's upcoming elections for National Officers, and in support thereof would respectfully state to the Court as follows:

### Introduction

1. The Plaintiff is Robert "Bob" Ross, former National President of the Association of Professional Flight Attendants, and a member in good standing. The Defendants are the Association of Professional Flight Attendants ("APFA"), Julie Hedrick ("Hedrick"), and Erik

1

       Harris (hereinafter all defendants collectively referred to as "Defendants").

2. Plaintiff filed his Original Complaint against Defendants on April 20, 2022. [Doc. 1]. Defendants filed an Answer and Original Counterclaim against Plaintiff on May 16, 2022. [Doc. 8].

3. Plaintiff's sought leave of Court to file his First Amended Complaint on November 9, 2022. [Doc. 55].

4. Defendants were granted leave to file an Answer and Counterclaim in response to Plaintiff's First Amended Complaint on or about February 22, 2023. [Doc. 74).

5. On September 1, 2023, Defendants served very limited responsive documents to Plaintiff's Subpoena served on Woods, Stephens, O'Neil, LLP.

6. On September 5, 2023, Plaintiff filed its Motion to Compel Discovery. [Doc. 113].

7. The Court entered an order to meet and confer between the Parties relating to Plaintiff's Motion to Compel on September 8, 2023. This order requires Plaintiff to file an Amended Motion to Compel on October 20, 2023 and Defendants to file a Response to Plaintiff's Amended Motion to Compel on November 13, 2023. [Doc. 116].

8. On September 13, 2023, Defendants conferenced about possible dates to conduct Depositions, however no resolution on the dates and manner of the Depositions were finalized.

9. On Friday, September 15, 2023, Defendants served their Notice of Deposition on Robert "Bob" Ross for an in-person deposition on October 25, 2023 at Gillespie Sandford LLP, 4803 Gaston Avenue, Dallas, Texas 75246.

10. The deadline to conclude discovery is October 31, 2023. [Doc. 11].

11. The deadline for all parties to file dispositive motions is December 15, 2023. [Doc. 11].

## Argument

12. Under Rule 6(b) the court may extend the time specified for a particular act that must be done for good cause upon request by a party before the deadline expires, or upon motion after the time has expired. (Fed. R. Civil. Proc. 6(b)).

13. During the course of discovery in this matter, Plaintiff uncovered facts that support additional claims for against two additional Defendants.

14. Josh Black, APFA National Secretary, and Larry Salas, APFA National Vice-President received a copy of the Confidential Memorandum delivered via email by APFA National Treasurer Erik Harris on October 22, 2020, which states that

> "Please note the Bob Ross confidential transition agreement states that he will be paid all of his accrued and unused sick, and accrued and unused vacation time. This agreement doesn't specify that the payments be made in accordance with the policy manual guidelines. Consequently, these payments appear appropriate and in compliance with the transition agreement."

15. On September 1, 2023, Plaintiff received 99 pages of heavily redacted discovery responses, which included an email communication between the National Officers, inside and outside counsel dated October 22,

3

2020 that transmitted the Confidential Memo from Woods, Stephens, and O'Neil, LLP.

16. The production of this email during the discovery process brings rise to additional claims for which Plaintiff will wish to seek additional discovery. The evidence establishes that Josh Black, National Secretary, and Larry Salas, National Vice-President received notice that the debt claims were not valid and Ross was paid correctly.

17. Furthermore, Plaintiff hereby objects to Defendants' Notice of Intent to take an in-person Deposition of Robert "Bob" Ross on October 25, 2023 as Plaintiff will be out of the country working for his employer, American Airlines, Inc. Due to the lack of any final decision about deposition dates and methods, he was unable to request adjustment in his schedule to accommodate Defendants' request prior to the closing of his schedule requests—12:00pm on September 15, 2023. Plaintiff believes he will be in Incheon, South Korea on the date of the deposition.

18. Plaintiff further objects to seeking this deposition while his Motion to Compel is pending before this Court, as Defendants failed to turn over a substantial amount of evidence to Plaintiff. Consequently, Plaintiff is prejudice in conducting depositions and therefore depositions are not appropriate on any parties until such time as Defendants documents have been produced.

19. Plaintiff further objects to Defendants' Deposition as Defendants

demand for this Deposition be taken in person, rather than virtually. Plaintiff lives in California, whereas the deposition is scheduled in Dallas, Texas. Additionally, Plaintiff's counsel notified Defendant's counsel that Plaintiff preferred to conduct depositions virtually due to his state of residence, as well as due to the undersigned counsel's familial health concerns.[1] Defendant's counsel refused to comply on this matter. Though this is a concern, Plaintiff will accommodate an in-person deposition if necessary, however if the purpose of a Deposition is to seek discoverable evidence from the parties, then a virtual attendance should not obstruct Defendant's ability to seek such information. Whereas it seems that Defendants' intend to utilize the deposition for purposes of abuse. The Union's upcoming elections for National Officers will begin in November and continue until elections are held in January.[2] Plaintiff believes Defendants seek the deposition

---

[1] The undersigned counsel's spouse suffers from Stage III Chronic Lymphocytic Leukemia/Small Cell Lymphoma – an incurable form of blood cancer that makes the patient at high-risk of a severe response to Coronovirus. Due to the updated strains of the virus and recent release of the updated Coronovirus vaccinations as of September 14, 2023, counsel's immediate family were directed to reduce as much exposure to the public as possible until the end of 2023.

[2] As previously noted to the Court, APFA continues to pursue Nena Martin and Marcy Dunaway by ordering an additional audit of their expenses within the last two months. These audits are based on a union member's request for the audits in October of 2022. The member who requested these audits is Melissa Chinery-Burns, the wife of AFA General Counsel, Joe Burns, from the competing union. APFA waited for almost a full year before conducting the audit of Nena Martin and Marcy Dunaway. APFA also waited out the discovery period before seeking to confer and ultimately demand depositions of Plaintiff, now noticed for the final week of the discovery period. Most notably, December is when new candidates, like Nena Martin, Robert "Bob" Ross, and Eugenio Vargas, will announce their intent to run for National Office next year. Elections are voted on throughout the month of January therefore, potential harm in stifling the free speech and the democratic election process within the union heavily outweighs the potential benefit of holding depositions within October of 2023. Rather extending the discovery period to accommodate the conflicts with discovery, and properly scheduling depositions after January seems the reasonable approach in the interest of preserving the integrity of the union's electoral process. Depositions should be scheduled in the month of February to avoid any possible effect on the democratic procedures within the union.

       in person and at this time for purposes of harming Plaintiff's political faction's reputation before elections occur. Meanwhile, Defendants fail to serve discovery responses and refuse to agree to any extension of the discovery period, after Plaintiff has produced all documents in its possession. Defendants seem intent on concealing all of their evidence and avoiding depositions, whilst forcing Plaintiff to be deposed after producing all documents in its possession, before Defendants even begin to cooperate with discovery procedures in any way. Plaintiff therefore contends that Defendants' conduct is abusive in that Defendants seek deposition testimony for purposes of affecting his political faction's reputation and stifling the democratic election process for National Officers of the union.

20. Finally, in addition to extending the discovery period, Plaintiff seeks extension of the dispositive motion deadline due to Defendant's lack of production of vitally important documentation.

## Conclusion

21. Based on the above, Plaintiff seeks leave for this Court to extend the deadlines for the discovery period and dispositive motions, so that the parties have adequate time to conduct discovery and depositions, and so that depositions can be scheduled so as not interfere with the union's election process.

**Prayer**

WHEREFORE, for these reasons, Plaintiff, Robert "Bob" Ross respectfully asks the Court to enter an order granting an extension of the discovery period, and the dispositive motions period, and sustaining Plaintiff's objection to Defendants notice of deposition and for such other and further relief, at law or in equity, to which Plaintiff, Robert "Bob" Ross, may show itself to be justly entitled.

Respectfully submitted,

By: /s/ Kerri Phillips
Kerri Phillips, Esq.
Texas Bar No. 24065906
Phone: (972) 327-5800
Email: kerri@kdphillipslaw.com
KD PHILLIPS LAW FIRM, PLLC
6010 West Spring Creek Parkway
Plano, Texas 75024
Fax: (940) 400-0089
For Service of Filings:
notice@kdphillipslaw.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I hereby certify that, in accordance with Fed. R. Civ. P. 37(a)(2)(B) and Local Rule 7.1(D), counsel for Defendants has in good faith conferred or attempted to confer with counsel for Defendants with regard to the foregoing Motion to Extend Time for Discovery and filing of Dispositive Motions without court action. Counsel for Diversified agrees with the filing of this Motion. However, Counsel for APFA, Hedrick, and Harris oppose the filing of this Motion.

By: /s/ Kerri Phillips
Kerri Phillips, Esq.

# CERTIFICATE OF SERVICE

    I certify that on this 19th day of September 2023, a true and correct copy of the foregoing document was served on the below listed counsel of record for Defendants by a means permitted by Rule 5(b)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.").

                                              By: /s/ Kerri Phillips
                                                     Kerri Phillips, Esq.

Jeffrey Bartos
Guerrieri, Bartos, & Roma, P.C.
1900 M Street, NW, Suite 700
Washington, DC 20036
Tel: (202) 624-7400; Fax: (202) 624-7420
Email: jbartos@geclaw.com


Charlette Matts
In-House Counsel for APFA
1004 West Euless Blvd
Euless, TX 76040
Tel: (682) 301-8454
Cmatts@apfa.org


James Sanford
4803 Gaston Avenue
Dallas, TX 75249-1020
Tel: (214) 800-5111; Fax: (214) 838-0001
Email jim@gillespiesanford.com
Email: joe@gillespiesanford.com


Michael Rake
PO Box 1556
Lake Dallas, TX 75065-1556
Tel: (940) 498-2103 Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com