## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT (BOB) ROSS, | § | |
| | § | |
| | § | |
| Plaintiff/Counterclaim | § | Civil Action No. 4:22-cv-343-Y |
| Defendant, | § | |
| v. | § | Judge Terry R. Means |
| | § | |
| ASSOCIATION OF PROFESSIONAL | § | |
| FLIGHT ATTENDANTS, *et al.*, | § | |
| | § | |
| Defendants/Counterclaim | § | |
| Plaintiff. | | |

### APFA DEFENDANTS' RESPONSE IN OPPOSITION
### TO MOTION TO EXTEND DEADLINES

Defendants the Association of Professional Flight Attendants ("APFA"), Julie Hedrick and Erik Harris (collectively, "the APFA Defendants") hereby oppose Plaintiff's Motion to Extend Deadlines, Doc. 120.  This is one of three recent motions by Plaintiff in the final six weeks of discovery seeking to modify the Scheduling Order issued in February 2023.  Plaintiff raises two primary grounds for the requested extension: (1) a claim that "newly discovered evidence" warrants an amendment of the pleadings and additional time for discovery; and (2) a claim that the existing discovery schedule might interfere with the APFA's upcoming union officer election.  Plaintiff also incorrectly asserts that Defendants have "conceal[ed] all their evidence" and "fail[ed] to serve discovery responses."  As we show below, Plaintiff's contentions in support of his motion have neither factual basis nor merit.  We respectfully submit that the motion should be denied.

**Procedural Background**

This Court issued a Scheduling Order on February 22, 2023.  Doc. 77.  Among other things, the Order allowed Plaintiff until April 7, 2023, to join additional parties, and until July 31, 2023, to amend his pleadings.  The Court ordered that "[t]he parties shall cease all discovery activity under the Federal Rules … on October 31, 2023", and file dispositive motions by December 15, 2023.  *Id.* at ECF 2.  The Court directed that "the parties and their counsel shall strictly comply with the terms of this … order."  *Id.* at ECF 3-4.

After the April 7, 2023, deadline, Plaintiff filed two motions for leave to join additional parties, both of which were denied. In both instances, Plaintiff sought to add APFA National Officers Josh Black and Larry Salas as defendants, and in both instances claimed a "recent[] discover[y]" that Mr. Black and Mr. Salas had received by email an accountant's memorandum which Plaintiff contends bears on his claim.  *See* Pls.' Br. Supp. Mot. For Leave to Amend, Doc. 89 at ECF 11 ("Plaintiff recently discovered evidence that all four APFA National Officers had notice of the Confidential Memo in October of 2020"); Pls.' Second Motion for Leave to File, Doc. 105 at ECF 2 (claiming "discover[y of] … new evidence on March 7, 2023, regarding notice of the Confidential Memo having been sent to all four National Officers.").

This Court denied both motions as untimely. Orders, Docs. 103 and 108.   The Court specifically noted Plaintiff's contention that Eugenio Vargas, who is represented by the same counsel as Mr. Ross in the parallel lawsuit in this Court, learned of Mr. Salas' and Mr. Black's receipt of the memo no later than April 7, 2023.  Doc. 108 n.1.

Meanwhile, each party has served and responded to written discovery, and the parties are in the process of supplementing discovery as well as addressing a Motion to Compel filed by

Plaintiff.  Defendants noticed Mr. Ross for deposition in late October, and Plaintiff has filed a Motion to Quash and for a Temporary Protective Order. The discovery motions have both been referred to Magistrate Judge Cureton. Docs. 116, 129.[1]

Plaintiff filed this Motion on September 19, 2023. The motion contends that on September 1, 2023, Ross "uncovered" evidence showing that Mr. Salas and Mr. Black had received the Confidential Memo.  Doc. 120 ¶¶ 13-15.  This new discovery, he claims, "brings rise to additional claims" and thus requires "additional discovery."  *Id.*, ¶ 16.

Plaintiff also contends that the existing Scheduling Order might interfere with the APFA's regularly scheduled National Officer election, which will take place in January 2024, and seeks an extension of the schedule so that no deposition will be taken until February next year. Plaintiff submitted no evidence in support of his clam that depositions in October 2023 would interfere with an election three months later, nor does he show how his deposition would impact his role in any election since, as he admits, he is barred from holding union office, *see* Doc. 75 ¶ 40.

## Argument

Defendants respectfully submit that neither rationale advanced in support of the motion has merit, and that Plaintiff's motion to extend the schedule by at least four months is unwarranted and should be denied.

1.    Plaintiff's first reason to extend the schedule is the alleged "discovery" of evidence regarding non-parties Josh Black and Larry Salas.  This is the third time Plaintiff has

---

[1] To the extent the present motion includes a "Notice of Objection" to Mr. Ross' deposition, and arguments regarding the propriety of his deposition at this time, the issues raised therein are also raised in the Motion to Quash his deposition which has been referred to Magistrate Judge Cureton. Defendants will address the issues regarding Mr. Ross' deposition in its response to that Motion to Quash rather than in this filing.

claimed to have just uncovered the same evidence, going back to at least April 2023. The Court has twice noted and rejected the earlier claimed "discovery" as grounds to file belated amendments to the pleadings, and this repeat effort, but now even farther removed from the original "discovery" - should likewise be denied.  (We note that the same alleged "discovery" is also the foundation for two other pending motions – again seeking leave to amend the Complaint – which have yet to be fully briefed, *see* Docs.125, 128).

       2.     Plaintiff's second reason to extend the schedule is to avoid interference with the APFA's National officer elections. Plaintiff submits no evidence supporting that contention, and instead describes in a lengthy footnote his allegations regarding audits of non-party former APFA National Officers and potential candidates for office, and the groundless surmise that civil discovery in a lawsuit *brought by Ross* would somehow "stifle free speech and the democratic process within the union."  Doc. 120 n.2.  There is no evidence to support that conclusion. Mr. Ross is barred from holding union office, and so can make no claim on his own behalf, nor does he even hint, much less prove, that taking his deposition in October would interfere with the candidacies of other people in January.  This objection is meritless.

       3.     Finally, Plaintiff wrongly suggest that Defendants have in some way "fail[ed] to serve discovery responses" and are "concealing all of their evidence and avoiding depositions, whilst forcing Plaintiff to be deposed," rendering their conduct "abusive."  Doc. 120 ¶ 19. These inflammatory accusations are utterly without basis or merit.  Between the *Ross* and *Vargas* companion cases, Defendants timely responded to 92 Requests for Admission and 30 Requests for Production, answered 60 Interrogatories, and produced in excess of 5000 pages of documents, which production is in the process of being supplemented. Defendants noticed Mr. Ross's deposition on a date initially agreed to by counsel but which counsel has now moved to

quash.  Defendants have not delayed the discovery process, but have instead attempted to move forward on a timely basis within the confines of the Court's Scheduling Order. Defendants are prepared to conclude discovery within the confines of that Order (subject to completing the already-requested depositions).

**Conclusion**

Defendants respectfully submit that Plaintiff's Motion to Extend should be denied.

Respectfully submitted,

  /s/ James D. Sanford
JAMES D. SANFORD
Tex. Bar No. 24051289
Gillespie Sanford LLP
4803 Gaston Ave.
Dallas, TX  75246
Tel.: (214) 800-5111; Fax.: (214) 838-0001
Email: jim@gillespiesanford.com

JEFFREY A. BARTOS (*pro hac vice*)
D.C. Bar No. 435832
Guerrieri, Bartos & Roma, PC
1900 M Street, N.W. Suite 700
Washington, DC 20036
Tel.: (202) 624-7400; Fax: (202) 624-7420
Email: jbartos@geclaw.com

*Counsel for Defendant and Counterclaim Plaintiff Association of Professional Flight Attendants, and Defendants Julie Hedrick and Erik Harris*

CHARLETTE L. MATTS (*pro hac vice*)
Tex. Bar No. 24133870
Association of Professional Flight Attendants
1004 W. Euless Blvd.
Euless, TX 76040
Tel.: (682) 301-8454
Email: Cmatts@apfa.org

*Counsel for Defendant and Counterclaim Plaintiff Association of Professional Flight Attendants*

## CERTIFICATE OF SERVICE

I certify that on October 10, 2023, I electronically submitted this document to the clerk of the court for the U.S. District for the Northern District of Texas using the court's electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the following individuals, who have consented to accept this Notices as service of this document by electronic means:

KERRI PHILLIPS
K.D. Phillips Law Firm, PLLC
6010 W. Spring Creek Parkway
Plano, TX 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
      notice@KDphillipslaw.com

MICHAEL R RAKE
Michael R. Rake, Attorney at Law
PO Box 1556
Lake Dallas, TX 75065
Tel.: (940) 498-2103
Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com

/s/ *James D. Sanford*
JAMES D. SANFORD

6