IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROBERT (BOB) ROSS, § § § Plaintiff/Counterclaim Defendant, § § v.   § § ASSOCIATION OF PROFESSIONAL § FLIGHT ATTENDANTS, *et al.*, § § Defendants/Counterclaim Plaintiff. § | Civil Action No. 4:22-cv-343-Y   Judge Terry R. Means |

## AMENDED ANSWER OF
## THE ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, JULIE HEDRICK AND ERIK HARRIS
and
## AMENDED COUNTERCLAIM OF APFA

Defendants the Association of Professional Flight Attendants ("APFA"), APFA National President Julie Hedrick and APFA National Treasurer Erik Harris (collectively herein, "Defendants") hereby Answer Plaintiff's Amended Complaint (doc. 75) and APFA asserts its Amended Counterclaim against Robert (Bob) Ross.

Pursuant to Rule 8, Fed. R. Civ. P., the APFA Defendants respond to the numbered paragraphs of the Amended Complaint as follows:

1.  Defendants admit that Plaintiff asserts claims under the cited federal law and various state laws, but deny that any "unlawful union practices", torts or other violations of law or contract occurred with regard to Mr. Ross as alleged in the Amended Complaint.

2.  Defendants admit that Plaintiff was elected APFA National President in 2016, and deny the remaining allegations of this paragraph.

3. Defendants admit that Plaintiff was employed with APFA in the state of Texas. Defendants lack knowledge sufficient to admit or deny the remaining allegations of this paragraph.

4. Defendants deny the allegations in the first sentence of this paragraph, and lack knowledge sufficient to admit or deny the remaining allegations of this paragraph.

5. Defendants admit that the APFA is a party to the Transition Agreement and that it can be served through its National President at APFA Headquarters. Defendants deny the remaining allegations of this paragraph.

6. Admitted.

7. Admitted.

8. Admitted, except to deny the legal conclusion that diversity of citizenship is present in this case.

9. Defendants admit that Plaintiff asserts claims under the cited statutes.

10. Defendants admit that Plaintiff seeks more than $75,000 in damages and that they conduct business in Texas; Defendants lack knowledge sufficient to admit or deny the remaining allegations of this paragraph.

11. Denied.

12. Defendants admit that Plaintiff was elected APFA National President in 2016, and deny the remaining allegations of this paragraph.

13. Defendants admit that Plaintiff agreed to resign at the APFA Annual Convention in 2018 but deny the remaining allegations in this paragraph.

14. Defendants admit that Plaintiff entered into a Transition Agreement with the APFA Board of Directors. Defendants deny the remaining allegations in this paragraph, including the characterization of the terms of that Agreement.

15. Defendants admit that Plaintiff was elected to the Board of Directors in 2021. Defendants deny the remaining allegations in this paragraph.

16. Defendants admit that, upon request under the APFA Constitution and federal law, it allowed APFA members to review union records pertaining to Mr. Ross and other former union officers and that those members exercised their right to bring internal union charges. Defendants deny the remining allegations in this paragraph.

17. Defendants admit that on November 24, 2020, Mr. Harris sent Mr. Ross a letter, and refer the Court to the document itself for its precise terms. Defendants deny the remaining allegations of this paragraph.

18. Defendants admit that Mr. Harris attached certain documents to his November 24, 2020, letter and refer the Court to the documents themselves for their precise terms. Defendants deny the remaining allegations of this paragraph.

19. Defendants admit that Plaintiff was overpaid $5436.67 and refer the Court to the underlying schedules for the calculation of that amount. Defendants deny the remaining allegations of this paragraph.

20. Defendants admit that Diversified filed suit against Ross to collect the debt of $5436.67, but deny the remaining allegations of this paragraph.

21. Defendants admit that Diversified filed suit against Ross to collect the debt of $5436.67, but deny the remaining allegations of this paragraph as well as the allegations in heading "D" above this paragraph.

22. Defendants admit that Diversified attached to its petition a memorandum from Wood, Stephens & O'Neil, LLP and refer the Court to that memorandum for a complete statement of its contents. Defendants deny the remaining allegations in this paragraph, including Plaintiff's characterization of the contents of that memorandum.

23. Denied.

24. Defendants lack knowledge sufficient to admit or deny the allegations in the first sentence of this paragraph. Defendants deny the allegations in the second sentence of this paragraph.

25. Denied.

26. Defendants admit that Plaintiffs submitted an affidavit signed by Nena Martin in this matter and refer the Court to that document for a full statement of its contents. Defendants admit that there was not a formal Board of Directors resolution pertaining to the overpayment to Ross during the October 27-28, 2020, meeting, but deny the remaining allegations of this paragraph.

27. Defendants admit that the Executive Committee met on December 1, 2020, and determined that the Article VII charges filed against Plaintiff were timely, specific and valid. Defendants admit that Ms. Martin attended that meeting and has signed an Affidavit regarding the meeting, and refer the Court to that document for a full statement of its contents. Defendants deny the remaining allegations of this paragraph.

28. Defendants admit that Article VII of the APFA Constitution describes the process for charges filed under that Article and refer the Court to that document for its complete contents. Defendants deny the remaining allegations of his paragraph.

29. Defendants admit that APFA members Chinery-Burns and Lee filed Article VII charges against Plaintiff and refer the Court to those charges for a complete statement of their contents. Defendants admit that the APFA Executive Committee met and voted that the charges were timely, specific and valid. Defendants deny the remining allegations of this paragraph.

30. Denied.

31. Defendants admit that the APFA Constitution contains rules regarding the timeliness of charges, and states that the Article VII arbitrator is empowered to make final and binding decision on the issue of timeliness among other things. Defendants also admit that Mr. Vargas was National Treasurer of APFA during Plaintiff's administration, but are without knowledge or information sufficient to admit or deny the truth of Mr. Vargas's stated beliefs regarding Plaintiff. Defendants deny the remaining allegations of this paragraph.

32. Denied.

33. Defendants admit that an arbitration award as issued on March 19, 2022, and refer the Court to the text of that award for an accurate description of the evidence relied upon by the Arbitrator. Defendants deny the remining allegations of this paragraph.

34. APFA denies the characterization of the Article VII Award containing the heading "F" preceding this paragraph. AFPA admits that during the Article VII process, Mr. Ross's representative moved the Arbitrator to reopen the hearing, and that the motion was denied. APFA admits that the Arbitrator thereafter issued his Award and refer the Court to the text of that document for its complete contents. Defendants deny the remaining allegations of this paragraph.

35. Denied.

36. Defendants incorporate by reference all preceding paragraphs.

37. This paragraph consists of conclusions of law to which no response is required.

38. Denied.

39. This paragraph consists of conclusions of law to which no response is required.

40. Defendants are without knowledge or information sufficient to admit or deny the truth of the first sentence of this paragraph. Defendants deny the allegations of the second and third sentences of this paragraph. Defendants admit that the Article VII arbitration resulted in an order that Plaintiff repay APFA for certain amounts and barred him from holding office in the union. Defendants deny the remaining allegations of this paragraph.

41. Defendants incorporate by reference all preceding paragraphs.

42. Admitted.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Defendants admit that the AFPA Constitution contains rules regarding the timeliness of charges, and states that the Article VII arbitrator is empowered to make final and binding decision on the issue of timeliness among other things. Defendants deny the remining allegations of this paragraph.

48. Defendants incorporate by reference all preceding paragraphs.

49. Defendants admit, on information and belief, that Diversified Credit notified a credit reporting agency that Plaintiff was in collections. APFA denies that it published information regarding Plaintiff to any credit reporting agency. Defendants are without knowledge or information sufficient to admit or deny the truth of the allegation regarding the second, third

and fourth sentences of this paragraph.  Defendants deny the remaining allegations of this paragraph.

50. Denied.

51. Defendants incorporate by reference all preceding paragraphs.

52. Defendants admit that Plaintiff was National President of APFA and that he, as well as the Board of Directors at the time, signed a Transition Agreement.  Whether and to what extent the Transition Agreement is "valid and binding" in all respects is a conclusion of law to which no response is required.

53. Defendants admit that Plaintiff was National President of APFA but are without knowledge sufficient to admit or deny what Plaintiff means by "these services".

54. Defendants are without knowledge sufficient to admit or deny what Plaintiff means by "these services".

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Defendants incorporate by reference all preceding paragraphs.

61. The allegations in this paragraph are not directed at any of the Defendants answering the Amended Complaint, and therefore a response is not required. To the extent a response is required, Defendants deny the allegations in this paragraph.

62. The allegations in this paragraph are not directed at any of the Defendants answering the Amended Complaint, and therefore a response is not required. To the extent a response is required, Defendants deny the allegations in this paragraph.

63. Defendants incorporate by reference all preceding paragraphs.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

Defendants further deny all allegations in the remaining unnumbered paragraphs of the Amended Complaint, and specifically deny that Plaintiff is entitled to any relief or judgment in his favor, or that he suffered any damages or other harm.

## AFFIRMATIVE DEFENSES

1. This Court lacks subject-matter jurisdiction over Plaintiff's claims.

2. The Amended Complaint fails to state a claim upon which relief may be granted.

3. The individual Defendants, elected union representatives, are not liable to Plaintiff for actions taken in their official capacity.

4. Plaintiff has failed to exhaust mandatory internal union remedies prior to or in lieu of filing suit.

5. Plaintiff's state-law claims are preempted by federal law.

6. Plaintiff's claims are barred by final and binding arbitration decisions.

7. Plaintiff's claim for injunctive relief is barred by the doctrine of unclean hands.

8. Plaintiff has failed to plead fraud with particularity.

9. Plaintiff did not rely on any alleged misrepresentations to his detriment.

10. Plaintiff failed to utilize mandatory arbitration for claims involving the Transition Agreement and / or the AFPA Constitution.

11. All statements alleged to be defamatory were either truthful and/or expressions of opinion, are subject to applicable privileges, and are not defamatory as a matter of law.

12. Plaintiff's challenge to the Article VII Arbitration is barred by the doctrine of waiver.

10. The Article VII Arbitration fully complied with the requirements of the Labor-Management Reporting and Disclosure Act.

## FIRST AMENDED COUNTERCLAIM

This First Amended Counterclaim is brought by the Association of Professional Flight Attendants ("APFA") pursuant to Section 501 of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 501, against Robert Ross for breach of the fiduciary duty he owed while serving as APFA President. APFA seeks to recover all amounts awarded by the arbitrator in a final and binding arbitration in which Mr. Ross was found to have improperly expended and received union funds in violation of his fiduciary duty. In addition, the APFA seeks its costs and attorney's fees incurred in bringing this action.

## JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367; and 29 U.S.C. § 501.

## PARTIES

2. The APFA is a labor organization which serves as the exclusive collective bargaining representative of the Flight Attendants employed by American Airlines, Inc.

3. Robert Ross is an APFA member who served as National President of APFA from April 2016 to March 2018.

ALLEGATIONS

4. The APFA represents over 25,000 Flight Attendants employed by American Airlines, throughout the United States, pursuant to the Railway Labor Act. The internal affairs of APFA are governed by the LMRDA, 29 USC § 401 et. seq., a written Constitution and Policy Manual, which are binding on the APFA, its officers and members.

5. Under federal law, union officers "hold positions of trust" and owe a fiduciary duty to the union and its membership as a group. That duty includes "the duty …, taking into account the special problems and functions of a labor organization, to hold its money … solely for the benefit of the organization and its members and to … expend the same in accordance with its constitution and bylaws." 29 U.S.C. § 501(a).

6. The APFA's Constitution, which Mr. Ross swore an oath to uphold, contains, in Article VII, a process for union members to challenge misconduct by elected officers as well as other union members. Among the grounds on which a member may file charges are "Theft or embezzlement of Association monies or property" and "Willful violation of an express Article of this Constitution, or of a proper and express written resolution or policy of the [APFA] Board of Directors or the Executive Committee."

7. To seek internal adjudication of such allegations, a member may file written charges against another member with the APFA, which filing triggers a series of steps including review by the APFA's Executive Committee for "timeliness, specificity and validity." Should the Executive Committee determine that these threshold elements are satisfied, the charges must then be forwarded to a neutral "Article VII Arbitrator." That Arbitrator "shall have power to resolve

Page 10

all charges referred to him/her," including the power to determine the timeliness and validity of charges, as well as to dismiss charges either upon motion or even without a hearing. The Arbitrator's decision is "final and binding upon the accused and the accuser." Art. VII, §§ 3, 6.

8. APFA's Policy Manual sets out in detail the procedures for Article VII arbitrations, and includes a requirement that parties exchange documents and witness lists in advance of the hearing; a provision for the subpoenaing of witness and documents "upon the request of any party;" and for the creation of a stenographic record of proceedings.

9. In November 2020, two rank-and-file APFA members, Melissa Chinery and Sandra Lee, filed Article VII charges against Mr. Ross, based on Mr. Ross's actions while serving as APFA President. The charges fell into eight categories and included "misuse of credit card"; improper billing for rental cars and meals; and improper receipt of overpayment for sick leave and vacation. The charges were found by the APFA Executive Committee to be "timely, specific and valid," and were therefore assigned to Article VII Arbitrator Ruben Armendariz. Mr. Armendariz is a distinguished Neutral with over two decades of experience as a labor arbitrator. He also sits on the prestigious Board of Governors of the National Academy of Arbitrators.

10. Arbitrator Armendariz held hearings on the charges against Mr. Ross over three days in 2021. Each side submitted documentary evidence and testimony, including three witnesses who testified on behalf of Mr. Ross. Each side submitted post-hearing briefs as well, after which the Arbitrator issued a 24-page written decision.

11. Arbitrator Armendariz concluded "that throughout this proceeding, Defendant Ross *intentionally and willfully* ignored the provisions of the APFA Policy Manual and thus, has violated and abused his fiduciary duty entrusted to him by the APFA membership. Ross's testimony was inconsistent and not forthright…. Defendant Ross has overwhelmingly violated

the APFA Policy Manual and APFA Constitution." The Arbitrator reviewed each charge, weighing the evidence in his written decision, and concluded, among other things, that Mr. Ross had "purchased meals and used the APFA credit card" for personal use; "violat[ed] the Policy Manual over the use of rental cars"; "abused his Fiduciary duty … by claiming mileage to and from his residence and parking his personal vehicle at the Sacramento Airport"; and refusing to repay "an inappropriate overpayment in the amount of $5,436.47" without following procedures to challenge an overpayment determination.

12. The Arbitrator ordered Mr. Ross to repay APFA approximately $17,000 and directed APFA to hire an auditor regarding Mr. Ross's claimed expenses, credit card usage, rental car usage, and mileage claims. The Arbitration order provided that "if the Independent Auditor determines any amounts are due from Ross, that will be the amount to be assessed or due for payment to APFA," and retained jurisdiction regarding remedy.

13. The Arbitrator also barred Mr. Ross from holding any office in APFA "for life."

13. APFA then retained a CPA firm to conduct a financial review of Mr. Ross's expenses and submitted their report to Arbitrator Armendariz, who subsequently issued a "Supplemental Decision and Remedy Modification" on August 24, 2022. Based on the CPA's report, the Arbitrator found that Mr. Ross was responsible for an additional $20,336.19 in inappropriate expenditures. In the "Remedy Modification" of that decision, Arbitrator Armendariz ordered Mr. Vargas to repay APFA that additional amount, plus the amount originally ordered, 50% of the Arbitrator's Fee and the Auditor's Invoices.

15. Mr. Ross has not repaid APFA the amounts awarded by Arbitrator Armendariz for the breach of his fiduciary duty to APFA and its members.

CLAIM FOR RELIEF

BREACH OF FIDUCIARY DUTY
29 U.S.C. § 501

16. The Labor-Management Reporting and Disclosure Act creates a federal fiduciary duty applicable to officers and other representatives of covered labor organizations, which includes the duty to hold the organization's "money and property solely for the benefit of the organization and its members and to manage … and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder." 29 U.S.C. § 501(a).

17. As National President of APFA, Mr. Ross held a position of trust and had a fiduciary duty to the union and its membership as whole under 29 U.S.C. § 501(a).

18. As found by Arbitrator Armendariz, Mr. Ross breached his fiduciary duty and failed to manage and expend APFA's money in accordance with its Constitution and Policy Manual. That decision is binding upon Mr. Ross. Mr. Ross breached his duty by, among other things: using the APFA credit card for personal expenses; claiming personal meals as business expenses for reimbursement; refusing to repay the overpayment of sick leave and vacation pay; and wasting APFA funds to lease an apartment lease which he had no intention of occupying. In so doing, Mr. Ross violated the fiduciary duty provisions of 29 U.S.C. § 501(a).

19. Mr. Ross's breach of duty also caused APFA to suffer additional costs in the form of the fees of the Article VII Arbitration and the expenses of the audit ordered by Arbitrator Armendariz. Mr. Ross was ordered to pay 50% of the Arbitrator's Fee and the Auditor's Invoices, which he has failed to do.

WHEREFORE, Counterclaim Plaintiff APFA prays that this Court provide the following relief:

1. Enter Judgment in favor of APFA declaring that Mr. Ross has violated his fiduciary duty in violation of 29 U.S.C. § 501;

2. Grant APFA injunctive relief requiring Mr. Ross to comply with the Arbitrator's Decision and Order and Supplemental Decision and Remedy Modification in all respects;

3. Enter Judgment in favor of APFA and against Mr. Ross in the full amount ordered by Arbitrator Armendariz in the Supplemental Decision and Remedy Modification, which is $62,558.75, plus interest.

4. Award APFA its reasonable attorneys' fees and costs incurred in this proceeding; and

5. Grant such other and further relief to which APFA may be entitled.

Dated:                                                          Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_/s/ James D. Sanford_
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　JAMES D. SANFORD
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Tex. Bar No. 24051289
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　JOSEPH H. GILLESPIE
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Tex. Bar No. 24036636
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Gillespie Sanford LLP
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　4803 Gaston Ave.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Dallas, TX  75246
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Tel.: (214) 800-5111; Fax.: (214) 838-0001
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Email: jim@gillespiesanford.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Email: joe@gillespiesanford.com

JEFFREY A. BARTOS (*pro hac vice*)
D.C. Bar No. 435832
Guerrieri, Bartos & Roma, PC
1900 M Street, N.W. Suite 700
Washington, DC 20036
Tel.: (202) 624-7400; Fax: (202) 624-7420
Email: jbartos@geclaw.com

*Counsel for Defendant and Counterclaim Plaintiff Association of Professional Flight Attendants, and Defendants Julie Hedrick and Erik Harris*

CHARLETTE L. MATTS (*pro hac vice*)
Tex. Bar No. 24133870
Association of Professional Flight Attendants
1004 W. Euless Blvd.
Euless, TX 76040
Tel.: (682) 301-8454
Email: Cmatts@apfa.org

*Counsel for Defendant and Counterclaim Plaintiff Association of Professional Flight Attendants*

**CERTIFICATE OF SERVICE**

I certify that on Wednesday, August 30, 2023, I electronically submitted this document to the clerk of the court for the U.S. District for the Northern District of Texas using the court's electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the following individuals, who have consented to accept this Notices as service of this document by electronic means:

KERRI PHILLIPS
K.D. Phillips Law Firm, PLLC
6010 W. Spring Creek Parkway
Plano, TX 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
         notice@KDphillipslaw.com

MICHAEL R RAKE
Michael R. Rake, Attorney at Law
PO Box 1556
Lake Dallas, TX 75065
Tel.: (940) 498-2103
Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com

                                                          */s/ James D. Sanford*
                                                          JAMES D. SANFORD