IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT (BOB) ROSS, | § § § | |
| Plaintiff/Counterclaim Defendant, | § § § | Civil Action No. 4:22-cv-343-Y |
| v. | § § | Judge Terry R. Means |
| ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, *et al.*, | § § § § | |
| Defendants/Counterclaim Plaintiff. | § | |

APFA DEFENDANTS' RESPONSE IN OPPOSITION
TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
AND FOR JOINDER

Defendants the Association of Professional Flight Attendants ("APFA"), Julie Hedrick and Erik Harris (collectively, "the APFA Defendants") hereby oppose Plaintiff's Motion to File Second Amended Complaint And For Joinder, Doc. 125.

This is Plaintiff's third nearly identical motion for leave to join new parties and amend his complaint, this time filed just over a month before the close of discovery and well past existing deadlines. Denying his most recent such motion, the Court held that "Plaintiff must first seek and obtain an extension of the scheduling order's deadline under Federal Rule of Civil Procedure 16(b)(4) before the Court will consider any new motion for leave to amend and join additional parties." Order, Doc. 108 at ECF 1. While Plaintiff sought such an extension on the same day as he filed the present motion, *see* Doc. 128, that Motion is contested, *see* APFA Defs.' Resp. in Opp., Doc. 132, and has not been granted.

Plaintiff seeks leave to amend at this late date because, he contends (once again), that he discovered "new evidence" supporting additional claims against additional parties on September 1, 2023. Mot. For Leave to File, Doc. 125 at ECF 2. But the so-called "new evidence" is the exact same evidence cited by Plaintiff in his prior unsuccessful motions to amend his Complaint beginning almost six months ago. *See* Pl.'s Br. Supp. Mot. Join., Doc. 86-7 at ECF 10-11 (filed on April 8, 2023, and claiming to have "recently discovered" the very same evidence). On August 1, 2023, denying the second belated motion for leave to amend, this Court admonished Plaintiff for his failure "to address when plaintiff … should have learned with the exercise of due diligence[] that these two additional parties might be named as additional defendants." Order, Doc. 108 at ECF 1 n.1. Plaintiff's current motion likewise fails to address this issue and should also be denied, both for undue delay and for prejudice to the APFA Defendants. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007).[1]

## Procedural Background

This Court issued a Scheduling Order on February 22, 2023. Doc. 77. Among other things, the Order allowed Plaintiff until April 7, 2023, to join additional parties, and until July 31, 2023, to amend his pleadings. The Court directed that "the parties and their counsel shall strictly comply with the terms of this … order." *Id.* at ECF 2-4.

---

[1] In response to Plaintiff's first motion for leave to amend, the APFA Defendants demonstrated why the new claims against new parties would be futile. *See* Doc. 92. Because, as we show herein, Plaintiff's belated third effort to amend without a modification of the Scheduling Order is patently improper, in the interest of judicial and party economy we have not restated those arguments here. However, should the Court amend the Scheduling Order and entertain the filing of Plaintiffs' motion for leave to file an amended complaint, Defendants respectfully request the opportunity to address futility in a subsequent brief.

After the April 7, 2023, deadline, Plaintiff filed two motions for leave to join additional parties, both of which were denied. In both instances, Plaintiff sought to add APFA National Officers Josh Black and Larry Salas as defendants, and in both instances claimed a "recent[] discover[y]" that Mr. Black and Mr. Salas had received by email an accountant's memorandum which Plaintiff contends bears on his claims.  *See* Pl.'s Br. Supp. Mot. For Leave to File Second Amend. Compl., Doc. 89 at ECF 11 ("Plaintiff recently discovered evidence that all four APFA National Officers had notice of the Confidential Memo in October of 2020"); Pl.'s Second Motion for Leave to File Second Amend. Compl., Doc. 105 at ECF 2 (claiming "discover[y of] … new evidence on March 7, 2023 regarding notice of the Confidential Memo having been sent to all four National Officers").

This Court denied both motions as untimely. Orders, Docs. 103 and 108.  When Plaintiff first sought to join additional parties back in April 2023, he contended that he had only "recently discovered" evidence that Mr. Salas and Mr. Black had received the so-called "Confidential Memorandum," which was the basis for joining them.  That motion was filed seven days *after* the deadline to join new parties. Denying the motion, the Court held that "Plaintiff has wholly failed to adequately explain this seven-day delay, which is not particularly surprising given that he has known of similar claims against [the original defendants] … for some time."  Order, Doc. 103 at ECF 2.  The Court further observed that Plaintiff had not shown that either he or Eugenio Vargas (plaintiff in the parallel action in this Court) had "show[n] that they were diligent in their efforts to discover this information … or that they immediately sought leave to join parties upon discovery of the information." *Id.* n.2.

Plaintiffs again sought leave to amend on July 31, 2023.  Doc. 105. That motion likewise sought to join Mr. Salas and Mr. Black, and as the Court noted, again provided as the "sole basis

3

for amendment" the claim that Mr. Vargas had discovered on April 7, 2023, the "new evidence" regarding Mr. Salas and Mr. Black.  *See* Order, Doc. 108 at ECF 1 n.1. The Court denied that motion as untimely and ordered that "Plaintiff must first seek and obtain an extension of the scheduling order's deadline under Federal Rule of Civil Procedure 16(b)(4) before the Court will consider any new motion for leave to amend and join additional parties." *Id.* at ECF 1.

Plaintiff waited almost two months and then filed two motions on September 27, 2023: the present motion for leave to amend his complaint, and a motion under Rule 16 to amend the scheduling order to permit such a filing, Doc. 128.  In both motions, he contends that on September 1, 2023, he uncovered evidence showing that Mr. Salas and Mr. Black had received the Confidential Memo.  Doc. 125 at ECF 2; Doc. 128 ¶¶ 13-17.  This is the same evidence cited in the prior motions to amend.  *See*  Pl.'s Br. Supp. Mot. Join., Doc. 86-7 at ECF 10-11 (filed on April 8, 2023, and claiming to have "recently discovered" the very same evidence.).  The Court's August 1, 2023 order denying the second motion for leave to amend and join new parties pointed to Plaintiff's failure to address his due diligence (or explain his lack of diligence). Order, Doc. 108 at ECF 1 n.1.  Plaintiff's current motion, filed almost two months later, likewise fails to address this issue.   Nor does Plaintiff address the issue of prejudice to the Defendants.

## Argument

Plaintiff's repetitive and belated effort to amend his complaint, now based on grounds this Court has twice rejected months ago, should be denied.

First, the motion should be denied because it is untimely under the Scheduling Order (under which new parties had to be added by early April 2023, and the pleadings amended by late July 2023), and Plaintiff has not obtained an amendment to that Order.  As the Court

4

previously held, obtaining such an amendment is a condition precedent to consideration of a motion for leave to amend.  Doc. 108 at 1.

Second, even if the Court were to extend the deadline in the Scheduling Order, the present motion should be denied because it is untimely under Rule 15 and amendment at this late date would be prejudicial to the APFA Defendants, as well as the proposed two additional defendants.

Rule 15(a), Fed. R. Civ. P., does provide that leave to amend "shall be freely given when justice so requires."  But such leave "is by no means automatic."  *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992), *on reh'g en banc*, 37 F.3d 1069 (5th Cir. 1994).  The Court is well within its discretion to deny leave to amend based on

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

*Foman v. Davis,* 371 U.S. at 182.  In evaluating "undue delay," "the district court may consider that the moving party failed to take advantage of earlier opportunities to amend." *Lozano*, 489 F.3d at 644. And "although Rule 15(a) contains no time limit for permissive amendment," in cases of significant delay, "the plaintiff must meet the burden of showing that the delay was due to oversight, inadvertence, or excusable neglect."  *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992) (internal quotation marks and citations omitted).

Plaintiff has unduly delayed filing the present motion.  Plaintiff has, by his own admission, known of the underlying facts upon which the proposed amendment is based for well over five months.  Two months before the present motion was filed, this Court specifically alerted Plaintiff to his need to demonstrate diligence in attempting to add claims against Mr. Salas and Mr. Black based on the evidence at issue here, *see* Order, Doc. 103 at ECF 2.  Plaintiff

did not do so in either of his earlier motions, and does not credibly do so here – he claims to have discovered "new evidence" on September 1, 2023, but this is the same "new evidence" he says he had in April 2023, and which was the basis for his rejected motions filed in July and August. Plaintiff had ample earlier opportunities to amend, which he failed to properly act upon. Plaintiff was not diligent in seeking to amend his Complaint, and, based on the record of these proceedings, cannot show that his delay was due to "oversight, inadvertence, or excusable neglect," *Whitaker*, 963 F.2d at 836.

Regardless of whether Plaintiff has a "dilatory motive" under *Foman*, granting the motion would no doubt have a dilatory effect: discovery is about to close, and Plaintiff has filed several motions seeking to extend all deadlines to some indefinite point in 2024. Adding new claims and new parties at this late date would likely require the extension of deadlines well beyond even the time frame currently proposed by Plaintiff.

Granting the motion would also prejudice the AFPA Defendants. Discovery in this case closes on October 31, 2023. Adding new parties would prolong discovery and postpone final resolution of this matter, including resolution of the pending counterclaims which seek to recover tens of thousands of dollars of union funds which Mr. Ross has been found, in a final and binding arbitration, to have improperly received in violation of his fiduciary duty. Amendment would also prejudice the proposed additional defendants, who are APFA National Officers, by belatedly dragging them into this time-consuming litigation.

## Conclusion

Plaintiff unduly delayed filing the present motion, and a grant of leave to amend would prejudice Defendants. Accordingly, Defendants respectfully submit that Plaintiff's Motion for Leave to File A Second Amended Complaint should be denied.

Respectfully submitted,

   /s/ James D. Sanford
JAMES D. SANFORD
Tex. Bar No. 24051289
Gillespie Sanford LLP
4803 Gaston Ave.
Dallas, TX  75246
Tel.: (214) 800-5111; Fax.: (214) 838-0001
Email: jim@gillespiesanford.com

JEFFREY A. BARTOS (*pro hac vice*)
D.C. Bar No. 435832
Guerrieri, Bartos & Roma, PC
1900 M Street, N.W. Suite 700
Washington, DC 20036
Tel.: (202) 624-7400; Fax: (202) 624-7420
Email: jbartos@geclaw.com

*Counsel for Defendant and Counterclaim Plaintiff Association of Professional Flight Attendants, and Defendants Julie Hedrick and Erik Harris*

CHARLETTE L. MATTS (*pro hac vice*)
Tex. Bar No. 24133870
Association of Professional Flight Attendants
1004 W. Euless Blvd.
Euless, TX 76040
Tel.: (682) 301-8454
Email: Cmatts@apfa.org

*Counsel for Defendant and Counterclaim Plaintiff Association of Professional Flight Attendants*

## CERTIFICATE OF SERVICE

I certify that on October 18, 2023, I electronically submitted this document to the clerk of the court for the U.S. District for the Northern District of Texas using the court's electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the

following individuals, who have consented to accept this Notices as service of this document by electronic means:

KERRI PHILLIPS
K.D. Phillips Law Firm, PLLC
6010 W. Spring Creek Parkway
Plano, TX 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
       notice@KDphillipslaw.com

MICHAEL R RAKE
Michael R. Rake, Attorney at Law
PO Box 1556
Lake Dallas, TX 75065
Tel.: (940) 498-2103
Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com

/s/ *James D. Sanford*
JAMES D. SANFORD