IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS FORT WORTH DIVISION

| | |
|---|---|
| ROBERT "BOB" ROSS,<br><br>    Plaintiff/Counterclaim<br>    Defendant,<br><br>v.<br><br>ASSOCIATION OF PROFESSIONAL<br>FLIGHT ATTENDANTS, *et al.*,<br><br>    Defendants/Counterclaim<br>    Plaintiff. | Civil Action No. 4:22-cv-343-Y<br><br>Judge Terry R. Means |

**PLAINTIFF'S BRIEF IN SUPPORT OF SECOND MOTION TO COMPEL
DEFENDANTS' PRODUCTION OF DOCUMENTS**

Now comes the Plaintiff, ROBERT "BOB" ROSS (hereinafter "Plaintiff" or "ROSS"), by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 26, 34, 37, and Local Rules 5.2, 7.1, 7.2, 56.1, 56.3, 56.6 and files his Brief in Support of his Second Motion to Compel Defendants Responses and Production of Documents from ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS (hereinafter "APFA" or the "Union"), Julie Hedrick ("Hedrick") and Erik Harris ("Harris") (hereinafter collectively referred to as "Defendants"). Specifically, Defendants failed to provide responses to Plaintiff's discovery requests served on August 14, 2023. Despite conferral with Defendants, as detailed below, Plaintiff moves the Court to demand Defendant to withdraw their objections to Plaintiff's discovery requests and compel their responses and production of those documents in Defendants' possession or subject to Defendants' control that are responsive to Plaintiff's First Request for Production served upon Defendant. In support thereof, Plaintiff states the following:

# Contents

Table of Authorities ..................................................................................................................2
Introduction and Rule 37(a) Certificate of Conference..............................................................4
Background.................................................................................................................................4
Argument and Authorities. .........................................................................................................8
    Defendant Failed to Answer Requests for Production and Has Otherwise Failed to Show How Plaintiff's Request is Not Relevant or Otherwise Objectionable ............................................11
CONCLUSION.........................................................................................................................14
    Local Rule 7.1(b) Conferral and Certificate of Conference ....................................................15

# Table of Authorities

**Authorities**

| | |
|---|---|
| Dennis v. U.S., 3:16-cv-3148-G-BN (N.D. Tex. Oct. 23, 2017) | 9 |
| McGowan v. SMU, 3:18-CV-141-N (N. D. Tex. May 6, 2020) | 9, 10, 11, 12 |
| McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482 (5th Cir. 1990) | 9 |
| OrthoAccel Tech., Inc. v. Propel Orthodontics, LLC, 4:16-cv-00350-ALM (E.D. Tex. Apr. 4, 2017) | 9. 11. 12 |

**Court Rules**

| | |
|---|---|
| Fed. R. Civ. P. 26(b) | 1, 9 |
| Fed. R. Civ. P. 34 | 1, 9, 10 |
| Fed. R. Civ. P. 34(a) | 1, 9 |
| Fed. R. Civ. P. 37 | 4, 9, 10 |
| Fed. R. Civ. P. 37(a)(3)(B) | 1, 10 |
| L.R. 5.2 | 1 |

L.R. 7.1                                                                                                          1

L.R. 7.2                                                                                                          1

L.R. 56.1                                                                                                         1

L.R. 56.3                                                                                                         1

L.R. 56.6                                                                                                         1

## Introduction and Rule 37(a) Certificate of Conference

The subject matter of this motion relates to a long-existing attempt by Plaintiff to obtain discovery from Defendant. This motion is expressly brought pursuant to Rule 37 as well as the Court's inherent powers. Notice of this motion is being served on Plaintiff's counsel as noted below. The undersigned hereby certifies that he has conferred with counsel for Defendants, most recently on October 26, 2023 in good faith and that every effort has been made to obtain the discovery that forms the basis of this motion without the need for court intervention.

## Background

In his Complaint, Plaintiff alleges claims of labor management violations, breach of the union constitution, and breach of fiduciary duty among others. Plaintiff was charged by his union and subjected to a disciplinary arbitration hearing that subsequently resulted in an award to the union for $62,558.75. During the review of the charges by the APFA Board of Directors, and the APFA Executive Committee documents pertinent to the allegations against him were withheld from the APFA leadership. During the disciplinary arbitration, Defendants intimidated witnesses and withheld exculpatory documents, including a confidential memorandum dated October 22, 2020 from an accounting firm—Woods, Stephens, & O'Neil, L.L.P.—that confirmed Plaintiff did not violate policy by overpaying Robert "Bob" Ross ("Confidential Memo"). The Confidential Memo stated *"these payments appear appropriate and in compliance with the transition agreement."* (Doc. 1-2, PAGEID 33). Plaintiff asserts that this conduct was the result of his political affiliation while in office as National President from April 1, 2016 to March 1, 2018 [*See* Doc. 1, 75]. The Ross Administration affiliates with a political group within the union in opposition to the political group currently in power. Plaintiff asserts that Defendants' conduct resulted in an unlawful discipline designed to obstruct his free speech and association rights within the union. Furthermore, the conduct breached the APFA Constitution, and the Union and National

Officers fiduciary duty owed to him as a member of the union in good standing. At issue in this Motion are Defendants' objections to Requests for Production ("Discovery Requests"). Plaintiff's Discovery Requests are attached hereto in Plaintiff's Appendix for reference. (Appendix pp. 2-33). Defendant's Responses and Objections are attached herein in Plaintiff's Appendix for reference. (Appendix pp. 35-56).

On August 13, 2023, Plaintiff served his First Requests for Production on Defendants. (See App. Pgs. 24-33). On September 13, 2023, Defendants' Counsel, produced his responses to Plaintiff's First Requests for Production. (*See* App. Pgs. 51-56). In their responses, Defendants raised several objections to each and every Requests for Production, however withheld a substantial number of documents, failed to provide a privilege log, and improperly objected based on obscurity, relevancy, vagueness, and overly-broad requests being made.

On September 13, 2023 stated that he would get back with Plaintiff regarding discovery issues and other matters and would supplement the production with additional documents. (*See* App. Pg. 67). Subsequently, on September 14, 2023, Plaintiff's Counsel emailed Defendants' Counsel regarding the discovery disputes and objections. (*See* App. Pgs. 57-58). On a call on September 15, 2023, Plaintiff's counsel and Defendant's counsel discussed these ongoing discovery issues, and Defendants' counsel promised more discovery production was allegedly forthcoming. However, Defendants' counsel has failed to deliver adequate, complete, and full discovery responses to date  Following multiple exchanges Defendants counsel attempted to supplement his document discovery with documents that essentially provided nothing—in essence virtually no communication documents were turned over particular for the officers. Plaintiff's counsel emailed a second time on September 20, 2023 and again on September 22, 2023 and Defendants' counsel replied again on September 23, 2023 stating he, again, would supplement discovery documents. (*See* App. Pg. 86-99).

5

On October 12, 2023 and October 15, 2023 Defendants' counsel, supplemented with additional documents, and again no communications sufficient to the requests made were produced by Defendants' counsel, multiple documents were duplicates of others either Plaintiff produced or Defendant previously produced, or heavily redacted documents. (*See* App. Pgs. 100-101). On October 12, 2023 and October 15, 2023, Plaintiff's Counsel responded to Defendants' Counsel delivery of his discovery by informing him that it continued to woefully lack any substantive communications and withheld many communications Plaintiff sought to be turned over. (*See* App. Pgs. 100-103). On October 20, 2023 Defendants' counsel reproduced re-number documents he had previously served on Plaintiff and Plaintiff's Counsel responded requesting the documents be produced in a PST format. (*See* App. Pgs. 114-116).

On October 25, 2023, Defendants' counsel stated that he consulted with APFA's IT Department and had been informed that it would be unduly burdensome to produce documents in a PST format as APFA does not maintain its documents in this format. (See App. Pgs. 113-114). PST is a Personal Storage Table file—invented and used by Microsoft for archiving documents and emails into and out of any Microsoft Program.[1] APFA utilizes Microsoft Office 365 Elite E3 Licensing plan for all company emails, remote desktops, calendaring events, and all union business as seen according to the limited documents produced in discovery. (See App. Pgs. 111-116). All Microsoft Office 365 programs can export data into a PST format—in particular Microsoft Outlook.[2]

Typical e-discovery methodology for an entity or business records custodian begins with recovering the archived data from various data sources, i.e. email, laptops, home computers,

---

[1] https://support.microsoft.com/en-us/office/introduction-to-outlook-data-files-pst-and-ost-222eaf92-a995-45d9-bde2-f331f60e2790
[2] https://support.microsoft.com/en-us/office/introduction-to-outlook-data-files-pst-and-ost-222eaf92-a995-45d9-bde2-f331f60e2790

cellular phones, etc. One must first search and gather all relevant documents and evidence, then review it to properly produce discovery. Then the data is sorted and filtered based on the relevant search terms based on the pending litigation. If you are addressing discovery on a large scale in which a business records custodian or entity must produce discovery documents for multiple people across the entity, typically discovery techniques require a data download of the archived or recovery of data and then importing it into an e-Discovery program which allows for systematic detection of duplications, privilege, and thereafter allows marking the documents for purposes of relevancy, and pertinent topics for a more efficient review by counsel. Microsoft 365 Enterprise E3 accounts have access to Microsoft Purview's premium e-Discovery software.[3] This program easily allows one to conduct a search of documents and easily export relevant documents based on the person, the keyword search terms, and/or the dates for purposes of compliance with Discovery during litigation.[4] Consequently, Defendants' Counsel lacks any valid reason not to comply with Plaintiffs PST format request as it is not unduly burdensome or in any way costly.

In terms of Plaintiff's document production, no documents have been produced in response to Requests for Production 4, 6, 8, and 9. Only a limited number of documents were produced in response to Requests for Production 1, 3, 7, 10, 11, and 14. Furthermore, virtually no email exchanges or communications of any kind were produced. Those that were produced were not in their original true and correct form. Notably missing from these communications are any emails from the National Officers, Julie Hedrick, Josh Black, Larry Salas, and Erik Harris, or any communications with Joe Burns—Melissa Chinery's (the charging party against the Plaintiff) spouse. Plaintiff seeks an order compelling all relevant documentation and communications in relation to the National Officers, the APFA Board of Directors, the APFA Executive Committee,

---

[3] https://www.microsoft.com/en-us/microsoft-365/enterprise/office365-plans-and-pricing
[4] https://learn.microsoft.com/en-us/purview/ediscovery

Joe Burns, Melissa Chinery-Burns, Sandra Lee regarding Requests for Production 1, 3, 4, 6, 7, 8, 9, 10, 11 and 14.

While the parties were able to confer, no resolution has been reached as to Defendants' lack of any adequate production of documents. In essence, Defendants continues to say it is seeking additional documents and then delivers either the same documents, heavily redacted documents without any claim of privilege, the exact same documents Plaintiff produced, or partial communications. But, nonetheless he continues to fail to produce virtually any communications with APFA leadership. Regarding Defendants' concerns, Plaintiff produced all documents in Plaintiff's counsel's possession. An exact copy of Plaintiff's Counsel's evidence folder has been shared and made available via a Google Shared Drive for Defendants continued access. Yet, Defendants—the custodian of records for APFA—failed to produce adequate communications and documentation in any usable format for litigation purposes. Those limited documents that were produced were heavily redacted or altered emails, and yet Defendants continue to withhold a substantial number of documents from production. No privilege log has been produced regarding documents being withheld or redacted, and yet multiple documents that Plaintiff has turned over have not been produced in their original form. Plaintiff's requests are proportional to the needs of this case and if not provided will leave him unable to adequately prepare for trial. Plaintiff will undoubtedly be prejudiced if Defendants are allowed to circumvent standard procedural requirements, production, and disclosure of documents, and entitled to maintain a complete disregard of the procedural laws, and authority of this Court.

**Argument and Authorities**

The Federal Rules of Civil Procedure allow the parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

of the case." Fed. R. Civ. P. 26(b)(1); McGowan v. SMU, 3:18-CV-141-N (N. D. Tex. May 6, 2020) at *2. (*See* App. Pgs. 141). A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." FED. R. CIV. P. 34(a).   The Federal Rules of Civil Procedure further provide for a proportionality standard for discovery. Fed. R. Civ. P. 26(b)(1); Dennis v. U.S., 3:16-cv-3148-G-BN (N.D. Tex. Oct. 23, 2017) (*See* App. Pgs. 118-139).; OrthoAccel Techn., Inc. v. Propel Orthodontics, LLC, 4:16-cv-00350-ALM (E.D. Tex. Apr. 4, 2017) at *5. (*See* App. Pg. 150).  The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirement. McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990). "A district court has wide discretion to supervise discovery and must limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, or if the burden or expense of the proposed discovery outweighs its potential benefit." See FED. R. CIV. P. 26(b)(2)(C). McGowan at 2. (*See* App. Pg. 141).

    Furthermore, the Federal Rule of Civil Procedure 37 provides in part:

> (a) MOTION FOR AN ORDER COMPELLING DISCLOSURE OR DISCOVERY.
>
> (1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or   discovery in an effort to obtain it without court action.
>
> …
>
> (3) *Specific Motions.*
>
> (B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

9

>   …
>
>   (iii) a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.

Federal Rule of Civil Procedure 37 provides an avenue for any party seeking disclosure of documents to compel that disclosure with an order. Fed. R. Civ. P. 37(a)(3)(B); McGowan at *2. (*See* App. Pg. 141). The Fifth Circuit provides that once a party, in the instant matter the Plaintiff, meets its burden to show the information sought is relevant or will lead to the discovery of admissible evidence the burden then shifts back to the opposing party to show why the requested information is irrelevant or show that it fails the proportionality requirement. McGowan at *2. (*See* App. Pg. 141). Courts interpret relevance broadly—meaning that the evidence and information sought does not need to prove or disprove a claim, moreover the evidence or information sought does not even need to have a strong probative force to be relevant. *Id.* at 3. (*See* App. Pg. 142). Finally, when ruling on discovery matters under Fed. R. Civ. P. 37 the court should look to balance the need for Plaintiff's request against the harm, prejudice, and burden to Defendant. *Id.* (*See* App. Pg. 141).

Here, the information sought in Requests for Production No. 1, 3, 4, 6, 7, 8, 9, 10, 11 and 14 are relevant and Plaintiff has met his burden of showing that the information sought meets this standard. The documents and communications all contemplate the Ross Administration, the Arbitration Disciplinary hearings, the political factions currently in dispute, and the communications surrounding those events and the possible merger between AFA and APFA. All requests focus on the communications between the key leadership with APFA currently and focus on the disciplinary hearings with the Ross Administration, as well as the counterclaim filed against Melissa Chinery-Burns and Sandra Lee by Nena Martin, as well as communications between the Board of Directors and the Charging parties—Melissa Chinery-Burns. All of these

communications are relevant and well within the scope of discoverable information. Furthermore, no privilege log has been produced, so assertion of attorney or work-produce privilege cannot be asserted.

## A. Defendants Failed to Show How Plaintiff's Request is Not Relevant or Otherwise Objectionable

In Ortho-Accel, the plaintiff requested financial records to aid in its damages claim and calculations. The defendant objected asserting the requested information "contain sales information for other products in Propel's [defendant] line that are not the subject of this litigation." The court was not convinced. It held that the plaintiff in this case should not be deprived of information because the defendant sold multiple products which were listed in its financials records. (OrthoAccel, at *5). (*See* App. Pg. 150). Additionally, the court held in OrthoAccel plaintiff's request were not unduly burdensome or duplicative. (Id.).

In McGowan the court found that defendant's request for access to plaintiff's multiple accounts on social media accounts was appropriate. (McGowan at 4, and 5). (*See* App. Pg. 144-145). The court however, clarified that the defendant's access was not "unlimited" as unlimited access is too broad. (Id. at 5). *See* App. Pg. 144).

In the matter before this Court, Request for Production No. 1, 3, 4, 6, 7, 8, 9, 10, 11 and 14 requests documents, and communications between the APFA leadership and/or third parties. The documents and communications between APFA leadership and third parties all covered the Ross Administration—that being Robert "Bob" Ross, Nena Martin, Marcy Dunaway, or Eugenio Vargas—and only those third parties varied depending on the numbered Request for Production. Thus, those documents and communications within the scope of these requests would include any between APFA leadership (1) Melissa Chinery-Burns or Sandra Lee; (2) Diversified; (3) Arbitrator Armendariz; or (4) any APFA members. Plaintiff also requested those documents and

11

communications between and among APFA leadership which discussed (5) the Ross Transition Agreement (6) The Ross Administration, including a ban from holding office; (7) a merger between AFA and APFA; (8) Charges against Chinery-Burns and/or Lee brought by Nena Martin in October of 2022; (9) Hal O'Neil's audit of the Ross Administration; (10) Article VII of the APFA Constitution. (*See* App. Pgs. 24-33).

Similar to *Propel Orthodontics,* here, Defendant should *not* be permitted to withhold information or documentation responsive of Request for Production No. 1, 3, 4, 6, 7, 8, 9, 10, 11 and 14 simply because Defendants assert that the requests are overly broad, vague, or ambiguous. Any internal communication regarding the Ross Administration since the day Mr. Ross took office is within the scope of discoverable information. Not only is the objection improper as boilerplate, but also improper based on the proportional needs of Plaintiff's access to evidence that is relevant and proportional to the needs of his case. Communications about the Ross Administration between and among AFPA officials, and internal and outside counsel is pertinent. Further, it is not privileged as Mr. Vargas and Mr. Ross are dues-paying members and any counsel working on behalf of APFA is being paid with their union dues, thus there is mutual representation of the parties. Margot Nikitas participated in the arbitration at issue for the parties, therefore she cannot assert attorney-client privilege. Finally, the counsel hired by APFA were not hired for the purposes of pursuit of the Ross Administration and their alleged infractions, rather at the time Margot Nikitas represented flight attendants in arbitrations conducted under the collective bargaining agreement with American Airlines, Inc. on behalf of APFA[5]. Despite this fact no privilege log has been produced.

Additionally, and like McGowan here, Plaintiff is not requesting unlimited access to Defendant's records, he is simply requesting Defendants produce all communications and

---

[5] Note: Arbitrations conducted under a Collective Bargaining Agreement ("CBA") with American Airlines, Inc. pertained to infractions of an employee for specific conduct violations, as opposed to the arbitration/disciplinary hearing conducted by APFA against its membership.

documents about the Ross Administration under which he served the union—those who were ultimately charged and disciplined by the union for similar conduct. Plaintiff's request is narrowed to a specific time frame as that since this administration was in office in particular as they only came to office April 1, 2020.  Further, the subject-matter related is well defined, and the parties within APFA pertinent to the request are also well-defined—this is hardly an unfettered or unlimited request.  By limiting the request to those communications serving in the Ross Administration, it defines the scope as those documents and communications after April 1, 2020 to current, and those documents and communications discussing the Ross Administration or to those topics between the union leadership.  These documents would be discussing any matters related to only Robert "Bob" Ross, Eugenio Vargas, Nena Martin, and Marcy Dunaway.  The scope and definition clearly limit the request in this manner.

      As discussed above, Plaintiff has met his burden to show how the requested documents are relevant and proportional. To date, Defendant failed to provide all requested documents or otherwise explain via specific objections how Request for Production No. 1, 3, 4, 6, 7, 8, 9, 10, 11 and 14  are overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden and how the requested information fails the proportionality calculation. Defendants continue to withhold, redact, and alter documents pertinent to the matters before this court, and relevant to Plaintiff's Requests for Production.  Thus, Defendants should be compelled to respond and produce documents responsive to Request for Production No. 1, 3, 4, 6, 7, 8, 9, 10, 11 and 14.

## CONCLUSION

Plaintiff is entitled to a response as to Requests for Production No. 1, 3, 4, 6, 7, 8, 9, 10, 11 and 14. The responsive documents are both relevant and proportional. He will be prejudiced if Defendants documents are withheld. The information requested in Request for Production No. 1, 3, 4, 6, 7, 8, 9, 10, 11 and 14 sought to prove Defendants' pattern and practice of discriminatory behavior, specifically as it relates to the Ross Administration, to establish the causal elements of Plaintiff's claims, and properly depose and potentially impeach witnesses. There are no other means for Plaintiff to obtain the information requested in Requests for Production No. 1, 3, 4, 6, 7, 8, 9, 10, 11 and 14 as that documentation is solely in Defendant's possession, custody, and control. Despite Plaintiff's repeated attempts to resolve the discovery deficiency as to Requests for Production No. 1, 3, 4, 6, 7, 8, 9, 10, 11 and 14 without Court intervention, those attempts have proven unsuccessful. Based on the foregoing, Plaintiff requests that this Honorable Court grant Plaintiff's Motion to Compel Defendant to produce documentation responsive of Requests for Production No. 1, 3, 4, 6, 7, 8, 9, 10, 11 and 14

Respectfully submitted,

By: /s/ Kerri Phillips
Kerri Phillips, Esq.
Texas Bar No. 24065906
Phone: (972) 327-5800
Email: kerri@kdphillipslaw.com
KD PHILLIPS LAW FIRM, PLLC
6010 West Spring Creek Parkway
Plano, Texas 75024
Fax: (940) 400-0089
For Service of Filings:
notice@kdphillipslaw.com

**ATTORNEY FOR PLAINTIFF**

## Local Rule 7.1(b) Conferral and Certificate of Conference

      Pursuant to Local Rule 7.1(b) I hereby certify that counsel for the movant has conferred with Defendant in a good faith effort to resolve the issues raised herein. Plaintiff's counsel conferred with Defendants' counsel on via email on September 14, 2023, September 15, 2023 via telephone call, September 20, 2023, September 22, 2023, September 23, 2023, October 12, 2023, October 15, 2023, October 19, 2023, October 20, 2023, October 21, 2023, October 25, 2023.  A telephone call was held on September 15, 2023 wherein the concerns and objections were discuss, in particular.  Defendants continues to delay, then produce documents Plaintiff produced, or previously produced documents Defendants produced, or substantially redacted documents, but in essence fails to conduct any meaningful review, search and recovery of the APFA server. Defendants fail to produce any adequate communications or documentation in response to Plaintiff's requests.  As of the date of filing this Motion, Plaintiffs served extremely limited responses. Counsel conferred and they are opposed to the Motion.


Date: October 27, 2023

                                                          By:  /S/ Kerri Phillips
                                                               Kerri Phillips

## CERTIFICATE OF SERVICE

      I certify that on October  27, 2023 a true and correct copy of the above was served on Defendants' attorneys, via the e-filing manager.


                                                           /S/ Kerri Phillips
                                                           Kerri Phillips


Jeffrey Bartos
Guerrieri, Bartos, & Roma, P.C.
1900 M Street, NW, Suite 700
Washington, DC 20036
Tel: (202) 624-7400; Fax: (202) 624-7420
Email: jbartos@geclaw.com

Charlette Matts
In-House Counsel for APFA
1004 West Euless Blvd
Euless, TX 76040
Tel: (682) 301-8454
Cmatts@apfa.org

James Sanford
4803 Gaston Avenue
Dallas, TX 75249-1020
Tel: (214) 800-5111;
Fax: (214) 838-0001
Email jim@gillespiesanford.com
Email: joe@gillespiesanford.com



Michael Rake
Michael R. Rake, Attorney at Law PO Box 1556
Lake Dallas, TX 75065 Tel.: (940) 498-2103
Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com