IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROBERT (BOB) ROSS, § | |
| § | |
| Plaintiff/Counterclaim Defendant, § | Civil Action No. 4:22-cv-343-Y |
| § | |
| v. § | Judge Terry R. Means |
| § | |
| ASSOCIATION OF PROFESSIONAL § | |
| FLIGHT ATTENDANTS, *et al.*, § | |
| § | |
| Defendants/Counterclaim Plaintiff. § | |

**APFA DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER
AND BRIEF IN SUPPORT**

Defendants the Association of Professional Flight Attendants ("APFA"), Julie Hedrick and Erik Harris (collectively, "the APFA Defendants") hereby move the Court to amend the Initial Scheduling Order, Doc. 77, solely to extend the fast-approaching deadline for pretrial and dispositive motions. The APFA Defendants do not seek to amend the Initial Scheduling Order in any other respect. The basis for this request is that Plaintiffs Ross and, from the companion *Vargas* case, Eugenio Vargas have stymied the APFA Defendants' attempts to depose them. The Plaintiff's motion to quash his Notice of Deposition is pending before the Court and referred to Magistrate Judge Cureton. The APFA Defendants therefore seek to extend the dispositive motion deadline to a date 45 days after the two Noticed depositions have been taken.

Counsel for the APFA Defendants has conferred with counsel for the other parties in this action. Plaintiffs' counsel does not agree to this motion unless the APFA Defendants agree to a general extension of discovery and other deadlines as requested in Plaintiffs' pending Notice of Objection and Motion to Extend Deadlines, Doc. 120, and Motion to Quash, Doc. 121. Counsel

for Defendant McGaughey, Reber and Associates, Inc. has stated that he does not oppose the APFA Defendants' requested relief.

This motion has become necessary because the APFA Defendants have been prevented from taking the deposition of Plaintiff during the discovery period and will not be able to complete this essential final component of discovery until, by any reasonable measure, after the existing dispositive motion deadline of December 15, 2023.

The Initial Scheduling Order set October 31, 2023, as the close of discovery. Doc. 77 at 2. In August 2023, the APFA Defendants counsel began the process of finding mutually agreeable dates for the depositions of Plaintiff Ross and Eugenio Vargas, who is the Plaintiff in the related case of *Vargas v. APFA*, No. 4:22-cv-00430-Y. The APFA Defendants proposed eight days in October for those depositions. Appx. 4 (email J. Bartos to K. Phillips, 8/31/23). Plaintiff's counsel responded on September 6, 2023, that she had "inquired with my clients about the week of October 24-26," Appx. 3 (email K Phillips to J. Bartos, 9/6/23), and later confirmed that "My clients are available for depositions on those dates you requested, October 24-26, [but only] virtually," Appx. 1 (email K. Phillips to J. Bartos, 9/12/23). On September 15, 2023, the APFA issued Notices of Deposition for those dates, indicating in-person depositions, but stating that APFA was "amenable to making any arrangement needed for your participation by remote means, but do need to have the witnesses present in person." Appx. 5-9 (email J. Bartos to K. Phillips, 9/15/23, with attached Notices of Deposition).

On September 19, 2023, Plaintiff filed a "Notice of Objection … and Motion to Extend Deadlines," in which he contended that he was no longer available in late October due to his anticipated work schedule, and sought an indefinite extension of the discovery period for all purposes, Doc. 120 at ¶¶ 17-21. That motion is pending. Plaintiff then filed a "Motion to Quash

Defendant's Notice to Take Deposition" and sought a "Temporary Protective Order" postponing the Noticed deposition until after January 2024. Doc. 121. He again asserted that he could not be deposed on the Noticed date because he was scheduled to be working. *Id.*, ¶ 6.[1] This Court referred that latter motion to Magistrate Judge Cureton. Doc. 129. Under that referral Order, the parties were directed to confer by no later than November 3, 2023. The AFPA Defendants again proposed deposition dates—this time seeking agreement to take Mr. Ross' deposition in December, which would avoid the asserted scheduling conflict—but Plaintiff has refused to agree to *any* dates for the Noticed depositions absent a general extension of the discovery period. Appx. 10-11 (emails J. Bartos and K. Phillips, November 2, 7, and 8, 2023). The APFA Defendants' opposition to that Motion to Quash is due on November 30, 2023. Doc. 129.

The current state of the schedule is thus as follows: the discovery deadline of October 31, 2023, remains in effect, although subject to Plaintiff's pending motions to extend (one of which, associated with the Motion to Quash, has been referred to Magistrate Judge Cureton); Plaintiff refused to appear for his deposition in October as Noticed, or even in December, and his counsel insists he will not appear unless his motion to extend discovery generally is granted (or, presumably, unless he is ordered to in connection with his pending Motion to Quash); and yet dispositive motions are due on December 15, 2023.

Plaintiff Ross filed this lawsuit against the APFA Defendants. The APFA Defendants have a right to depose Plaintiff Ross and timely attempted to exercise that right. *See* Fed. R. Civ. P. 30(a)(1)("[a] party may, by oral questions, depose any person, ***including a party,*** without leave of court ….")(emphasis added)). In order to determine if there are material facts in dispute which

---

[1] The APFA Defendants will address, in response to the Motion to Quash, how Mr. Ross himself voluntarily selected the schedule which created a conflict with his deposition date, and could have easily changed his schedule even after it was set.

3

would impact summary judgment, and to present such a motion based on a completed evidentiary record after the close of discovery, the APFA Defendants need to take Mr. Ross' deposition (and Mr. Vargas' deposition in the companion case).  As described above, they have been prevented from doing so until a ruling is issued on the Motion to Quash and the parties are able schedule the depositions.  In this context, the APFA Defendants have no choice but to seek a limited amendment to the Scheduling Order to extend the dispositive motion deadline.  The APFA Defendants do not seek any other amendment to the Scheduling Order, but seek only to be able to complete the depositions which they noticed back in September 2023 before they file for summary judgment or other pretrial relief.

Under the current Scheduling Order, the dispositive motion deadline is 45 days after the close of discovery.  Since Mr. Ross and Mr. Vargas have formally moved to delay their depositions, the APFA Defendants seek a new pretrial and dispositive motion deadline of 45 days after the completion of the Noticed depositions of Mr. Ross and Mr. Vargas following resolution of the Motions to Quash.

Dated:  November 9, 2023                        Respectfully Submitted,

  /s/ James D. Sanford
JAMES D. SANFORD
Tex. Bar No. 24051289
Gillespie Sanford LLP
4803 Gaston Ave.
Dallas, TX  75246
Tel.: (214) 800-5111; Fax.: (214) 838-0001
Email: jim@gillespiesanford.com

JEFFREY A. BARTOS (*pro hac vice*)
D.C. Bar No. 435832
Guerrieri, Bartos & Roma, PC
1900 M Street, N.W. Suite 700
Washington, DC 20036

Tel.: (202) 624-7400; Fax: (202) 624-7420
Email: jbartos@geclaw.com
abird@geclaw.com

*Counsel for Defendant and Counterclaim Plaintiff Association of Professional Flight Attendants, and Defendants Julie Hedrick and Erik Harris*

CHARLETTE L. MATTS (*pro hac vice*)
Tex. Bar No. 24133870
Association of Professional Flight Attendants
1004 W. Euless Blvd.
Euless, TX 76040
Tel.: (682) 301-8454
Email: Cmatts@apfa.org

*Counsel for Defendant and Counterclaim Plaintiff Association of Professional Flight Attendants*

## CERTIFICATE OF CONFERENCE

I certify that on November 7, 2023, I spoke with Michael Rake, counsel for Defendant McGaughey, Reber and Associates, Inc., who stated that he does not oppose the relief requested herein. I further certify that in an exchange of emails between November 2 and November 8, 2023, I conferred with Plaintiff's counsel Kerri Phillips regarding the requested relief. Plaintiff's counsel would not agree to the relief requested unless the APFA Defendants agreed to a general extension of discovery and other deadlines as requested in Plaintiffs' pending motions.

/s/ *Jeffrey A. Bartos*

## CERTIFICATE OF SERVICE

I certify that on November 9, 2023, I electronically submitted this document to the clerk of the court for the U.S. District for the Northern District of Texas using the court's electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the following individuals, who have consented to accept this Notices as service of this document by electronic means:

KERRI PHILLIPS
K.D. Phillips Law Firm, PLLC
6010 W. Spring Creek Parkway
Plano, TX 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
       notice@KDphillipslaw.com

MICHAEL R RAKE
Michael R. Rake, Attorney at Law
PO Box 1556
Lake Dallas, TX 75065
Tel.: (940) 498-2103
Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com

/s/ *James D. Sanford*
JAMES D. SANFORD