IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT (BOB) ROSS, | § | |
| | § | |
| Plaintiff/Counterclaim Defendant, | § | Civil Action No. 4:22-cv-343-Y |
| | § | |
| v. | § | Judge Terry R. Means |
| | § | |
| ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, *et al.*, | § | |
| | § | |
| Defendants/Counterclaim Plaintiff. | § | |

**DEFENDANT, MCGAUGHEY, REBER AND ASSOCIATES, INC., D/B/A DIVERSIFIED CREDIT SYSTEMS (DIVERSIFIED) RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34, Fed. R. Civ. P., Defendant, McGaughey, Reber and Associates, Inc. d/b/a Diversified Credit Systems (Diversified) hereby supplements its Response to Plaintiff's Request for Production of Documents.

Now comes the Defendant, McGaughey, Reber and Associates, Inc., D/B/A Diversified Credit Systems (Diversified) and files its response to Plaintiff's Motion to Compel Documents. Diversified opposes Plaintiff's Motion to Compel Production of Documents which was served on Defendant, Diversified on October 30, 2023.

Defendant, Diversified, would show that Plaintiff's Request for Production was served on September 14, 2023. Defendant responded on October 16, 2023 and produced Plaintiff's requested documents that were not Attorney/Client Privileged on that date. (see Appendix pages 4-31)

Defendant provided Plaintiff a "privilege log" of the documents not produced. (See Appendix Pages 2-4) All of the documents not produced were within the Attorney/Client Privilege or a result of Attorney work product.

Plaintiff's arguments that Plaintiff will not be able to effectively prove his claims at trial has no merit.  Defendant's withheld documents, for the most part, where correspondence between Defendant's own Attorney working on behalf of Defendant, A.P.F. A. and Defendant, A. P. F. A.'s other Attorneys, or between Defendant and its Attorney who was also representing A.P. F. A. in its collection suit against Plaintiff Ross.  Defendant's objection to producing those documents withheld should be sustained and Plaintiff's Motion to Compel Denied.

**TABLE OF CONTENTS**

FACTUAL AND PROCEDURAL BACKGROUND ..................................................................3

ARGUMENT: THE MOTION TO COMPEL SHOULD BE DENIED
COMMON INTEREST DOCTORINE  …………………………………………………….3-5

ARGUMENT: PLAINTIFF HAS NOT MET HIS BURDEN ………………………………... 5

ARGUMENT: PLAINTIFF'S CLAIMS REGARDING TIMELINES FOR PRIVILAGE. DEFENDANT'S COMMUNICATION WERE AFTER DEFENDANT, DIVERSIFIED WAS RETAINED TO COLLECT PLAINTIFF'S DEBT……………………………………5-6

3-CONCLUSION………………………………………………………………………........... 6

**TABLE OF AUTHORITIES**

**Cases**    **Page**

| Cases | Page |
|---|---|
| *United States v. Brown*, H-17-567-1, 2023 WL 5939892, *5 (S.D.Tex. Sept. 12, 2023) | 4 |
| *Hill v. Hunt*, 07-cv-02020, 2008 WL 4108120, *7 (N.D.Tex. Sept. 4, 2008): | 4 |
| *Wilson P. Abraham Const. Corp. v. Armco Steel Corp.*, 559 F.2d 250, 253 (5th Cir. 1977) | 4 |

Samsung Electronics America, Inc. v. Chung.325F.D.R. 578, 594 (N.D. Tex. 2017)     5

Arcuri v. Trump Taj Mahal Assocs., 154 F.R.D. 97,109 (D.N.J.1994)     6

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant, Diversified was retained to collect a commercial debt arising from a dispute between Plaintiff, Ross and Defendant, A. P. F. A. That dispute had been on going for a significant period of time and involved Plaintiff's employment with A. P. F. A. and some of its members. Defendant, Diversified was only hired to collect the debt verified by A. P. F. A. All communication and documents between Defendant, Diversified and Defendant A. P. F. A. were directly related to the debt set forth by A. P. F. A. A more detailed version of the dispute between Plaintiff, Ross and the other Defendants (except Diversified) is available in the pleading, briefs and arguments of the other parties.

## ARGUMENT THE MOTION TO COMPEL SHOULD BE DENIED

## COMMON INTEREST DOCTORINE

Plaintiff's motion should be denied. Defendant, Diversified did produce those documents responsive to Plaintiff's Request, accept those documents between the Attorneys representing the Defendant Parties and each other or Defendant, Diversified.

Defendants and their Attorneys, to the extent Defendant Diversified was involved in the case against Defendant Ross, were in the common interest of the Defendant Parties. The Fifth Circuit Court of Appeals and the Northern District of Texas has applied the common interest privilege doctrine in regard to situations when the Parties have a common interest. In that regards are the following cases:

*United States v. Brown*, H-17-567-1, 2023 WL 5939892, *5 (S. D. Tex. Sept. 12, 2023)

The common interest or joint defense privilege is an exception to the general rule that no privilege attaches to communications that are made in the presence of or disclosed to a third party. *In re Auclair*, 961 F.2d [65] at 69-71 [5th Cir. 1992] (holding that the joint defense or common interest privilege preserved the attorney-client privilege against waiver in the context of a group with common legal interests). *The common interest exception applies to co-defendants or potential co-defendants and their counsel.*  *See In re Santa Fe International Corp.*, 272 F.3d 705, 710 (5th Cir. 2001). The Fifth Circuit requires there to be some "palpable threat of litigation at the time of the communication" in order for the common legal interest extension of the attorney-client privilege to apply. *Id*. at 711.

*Hill v. Hunt*, 07-cv-02020, 2008 WL 4108120, *7 (N.D.Tex. Sept. 4, 2008):

Courts have found privilege exists where a confidential communication is made to a third party if that party "has a common legal interest with respect to the subject matter of the communication." *Aiken v. Tex. Farm Bureau Mut. Ins. Co.,* 151 F.R.D. 621, 623 (E.D.Tex.1993). *The Fifth Circuit has stated that two types of communications are protected under the "common legal interest" doctrine, commonly called the joint-defense privilege: (1) communications between co-defendants in actual litigation and their counsel,* *
(2) communications between potential co-defendants and their counsel. *In re Sante Fe Int'l Corp.,* 272 F.3d 705, 710 (5th Cir.2001); *see also FTC v. Think All Pub., LLC,* No. 4:07-CV-011, 2008 WL 687456 at *1 (E.D. Tex. Mar. 11, 2008) (noting that common interest doctrine is also referred to as joint defense doctrine); *U.S. v. Impasto,* No. 05-325, 2007 WL 2463310 at *4 (E.D. LA. Aug.28, 2007); *Killebrew v. City of Greenwood, Miss.,* No. 4:95-CV-355, 1997 WL 208140 at *2 (N.D.Miss. Apr. 11, 1997).

*Wilson P. Abraham Const. Corp. v. Armco Steel Corp.*, 559 F.2d 250, 253 (5th Cir. 1977):

The case before us, however, presents somewhat of a twist to the usual attorney-client controversy … The defendants here contend that in a case alleging conspiracy, such as the case at bar, the defendants have a right to consult together about the case, and that all information derived by any of the counsel from such consultation is necessarily privileged. The defendants persuasively argue that in a joint defense of a conspiracy charge, the counsel of each defendant is, in effect, the counsel of all for the purposes of invoking the attorney-client privilege in order to shield mutually shared confidences. *We agree, and hold that when information is exchanged between various co-defendants and their attorneys that this exchange is not made for the purpose of allowing unlimited publication and use, but rather, the exchange is made for the limited purpose of assisting in their common cause*  In such a situation, an attorney who is the recipient of such information breaches his fiduciary duty if he later, in his representation of another client, is able to use this information to the detriment of one of the co-defendants

*Emphasis added

## PLAINTIFF'S BURDEN

Plaintiff is required to *"specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute … and must include a concise discussion of the facts and authority that support the motion as to each discovery request in dispute."* Samsung Electronics America, Inc. v. Chung, 325 F.R.D. 578, 594 (N.D. Tex. 2017). Plaintiff has failed to meet his burden in this regard by failing to provide the required specific and individual identity of each discovery request and the nature of the dispute regarding each request.

## PLAINTIFF'S CLAIMS REGARDING TIMELINES FOR PRIVILEGE

Plaintiff claims that communications that pre-date the current lawsuit can't be covered by any joint defense privilege because Diversified and AFPA were not co-defendants until the lawsuit was filed. All communications between Defendant Diversified, its Attorney and Defendant APFA were from the period when APFA retained Diversified to collect a debt on its behalf. The Suit Authorization letter (Appendix page 1) was dated July 8th, 2021 and all documents and communications between Defendants Attorneys that are claimed as "Attorney/Client Privileged" were after that date.

Plaintiff also alleges that there can be no privilege to any communications between Defendant's Attorney (Michael Rake) and Margot Nikitas, because Nikitas was in-house lawyer for APFA and Ross was a member. However, this was at the point in time when APFA was initiating a suit against Ross to collect his debt and APFA and Ross were adverse parties at that point. In that regard, union members do not get access to all communications by in-

house union counsel. *See Arcuri v. Trump Taj Mahal Assocs*., 154 F.R.D. 97, 109 (D.N.J. 1994).

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant "Diversified" prays as follows:

1. Plaintiff's Motion to Compel Production of Documents be Denied.
2. Respondent be awarded such other and further relief legal or equitable which Respondent may show itself justly entitle to receive.

REPECTFULLY SUBMITTED:

*/S/ Michael R. Rake*

_____
**Michael R. Rake, Attorney at Law**
**SB # 16487600**
P.O. Box 1556
Lake Dallas, TX 75065
Tel. & Fax: 940-498-2103
E-mail: mrake1@mrakeattorney.com

*Counsel for Defendant, McGaughey, Reber, and Associates, Inc., d/b/a Diversified Credit Systems*

Dated: November 27, 2023

## CERTIFICATE OF SERVICE

I Certify that on November 27, 2023 a true and correct copy of the forgoing instrument was served upon Plaintiff's attorney, Kerri Phillips, via e-mail to Kerri Phillips/kerri@KDphillipslaw.com.

*/S/ Michael R. Rake*

_____
**Michael R. Rake, Attorney at Law**

Copies by file manager to:

JAMES D. SANFORD
Tex. Bar No. 24051289 Gillespie Sanford LLP 4803 Gaston Ave.
Dallas, TX  75246
Tel.: (214) 800-5111; Fax.: (214) 838-0001
Email: jim@gillespiesanford.com


JEFFREY A. BARTOS (*pro hac vice*)
D.C. Bar No. 435832
Guerrieri, Bartos & Roma, PC
1900 M Street, N.W. Suite 700
Washington, DC 20036
Tel.: (202) 624-7400; Fax: (202) 624-7420
Email: jbartos@geclaw.com
  *Counsel for Wood, Stephens & O'Neil, LLP,*
*Association of Professional Flight Attendants, Julie Hedrick and Erik Harris*


CHARLETTE L. MATTS (*pro hac vice*)
Tex. Bar No. 24133870
 Association of Professional Flight Attendants
1004 W. Euless Blvd.
 Euless, TX 76040
Tel.: (682) 301-8454
Email: Cmatts@apfa.org
*Counsel for Defendant and Counterclaim*
*Plaintiff Association of Professional Flight Attendants*