**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT (BOB) ROSS, | § | |
|     Plaintiff/Counterclaim Defendant, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:22-cv-343-Y |
| ASSOCIATION OF PROFESSIONAL | § | Consolidated with 4:22-CV-430-Y |
| FLIGHT ATTENDANTS, *et al.*, | § | |
|     Defendants/Counterclaim Plaintiffs, | § | Judge Terry R. Means |
| | § | |
| AND | § | |
| | § | |
| EUGENIO VARGAS, | § | |
|     Plaintiff/Counterclaim Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| ASSOCIATION OF PROFESSIONAL | § | |
| FLIGHT ATTENDANTS, *et al.*, | § | |
|     Defendants/Counterclaim Plaintiffs. | § | |

**APFA DEFENDANTS' MOTION FOR RULES 30(d) AND 37(b) SANCTIONS**
**AND BRIEF IN SUPPORT**

JEFFREY A. BARTOS (pro hac vice)
D.C. Bar No. 435832
Guerrieri, Bartos & Roma, PC
1900 M Street, N.W. Suite 700
Washington, DC 20036
Tel.: (202) 624-7400; Fax: (202) 624-7420
Email: jbartos@geclaw.com

JAMES D. SANFORD
Tex. Bar No. 24051289
Gillespie Sanford LLP
4803 Gaston Ave.
Dallas, TX 75246
Tel.: (214) 800-5111; Fax.: (214) 838-0001
Email: jim@gillespiesanford.com

*Counsel for the APFA Defendants*

CHARLETTE L. BRODERICK (pro hac vice)
Tex. Bar No. 24133870
Association of Professional Flight Attendants
1004 W. Euless Blvd.
Euless, TX 76040
Tel.: (682) 301-8454
Email: Cbroderick@apfa.org

*Counsel for APFA*

Dated:  February 16, 2024

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS……………………………………………………………..………i

TABLE OF AUTHORITIES……………………………………………………...……ii

INTRODUCTORY STATEMENT……………………………………………………..1

FACTUAL AND PROCEDURAL BACKGROUND…………………………...……..3

ARGUMENT………………………………………………………………..…….8

RELIEF REQUESTED……………………………………………………………..12

# TABLE OF AUTHORITIES

**Cases**                                                                                       **Page**

*Carter v. Burlington Northern Santa, LLC*,
    15-cv-366, 2016 WL 3388707 (N.D. Tex. Feb. 8, 2016)…………………………...……..8

*Certain Underwriters at Lloyds London v. Corp. Pines Realty Corp.*,
    355 Fed. App'x 778 (5th Cir. 2009)……………………………………………………3

*Day v. Allstate Ins. Co.*,
    788 F.2d 1110 (5th Cir. 1986)………………………………………….…………………9

*Dondi Prop. Corp. v. Commerce Sav. and Loan Ass'n*,
    121 F.R.D. 284 (N.D. Tex. 1988)……………………………………………………………3

*Farnsworth v. Procter & Gamble Co.*,
    758 F.2d 1545 (11th Cir. 1985)………………………………………………………8

*Lincoln Gen. Ins. Co. v. Maxwell*,
    16-CV-03198, 2018 WL 4610533 (N.D. Tex. Sept. 26, 2018)…………..…..…..……10, 12

*Murillo Modular Group, Ltd. v. Sullivan*,
    13-cv-3020, 2016 WL 6139096 (N.D. Tex. Oct. 20, 2016)…………………...……..8

*Nieman v. Hale*,
    12-cv-2433, 2014 WL 4375669 (N.D. Tex. Sept. 4, 2014)………………………..9

*Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*,
    685 F.3d 486 (5th Cir. 2012)…………………………………...…………………..2, 9

*VirnetX Inc. v. Cisco Sys., Inc.*,
    10-cv-417, 2012 WL 7997962 (E.D. Tex. Aug. 8, 2012)………………….…………8

*Whalen v. Roe*,
    429 U.S. 589 (1977)………………………………………………………10 n.8

## INTRODUCTORY STATEMENT

The Association of Professional Flight Attendants ("APFA"), its President Julie Hedrick, and Treasurer Erik Harris, hereby move, pursuant to Rules 30(d) and 37(b), Fed. R. Civ. P., for sanctions against Plaintiffs in these consolidated actions based on disruptive conduct during, and premature termination of, their depositions which were properly noticed and ordered by this Court.[1]

It is with considerable reluctance that the APFA Defendants file this motion given the already abundant discovery disputes that have burdened the Court in this action, but Plaintiffs' conduct here has been so egregious as to violate fundamental norms of orderly Federal procedure. Plaintiffs recalcitrant and obstructive conduct both before and during depositions has imposed undue costs on the APFA Defendants and – without the relief requested herein – will impair the APFA Defendants' ability to move for, and oppose, summary judgment.[2] Plaintiffs' delay and disruption tactics are particularly harmful to Defendants since the March 29, 2024, deadline for dispositive motions is now looming. The APFA Defendants do not seek to further extend that deadline, but instead seek limited relief which will preclude Plaintiffs from benefiting from the refusal to sit for full depositions as ordered.

As set forth more fully below, Plaintiffs were ordered to appear for depositions on the agreed dates of February 1 and 2, 2024. However, their conduct and the conduct of their counsel during the depositions "imped[ed], delay[ed], [and] frustrat[ed] the fair examination of the

---

[1]     Subsequent to the depositions, the Court ordered cases 4:22-cv-340-Y and 4:22-cv-430-Y consolidated on February 12, 2024. Doc. 204 (Ross); Doc. 195 (Vargas).

[2]     Plaintiffs filed motions for partial summary judgment on January 8 and 9, 2024, and to which Defendants had been preparing oppositions due March 29, 2024. Although the Court unfiled Plaintiffs' motions on February 13 (Doc. 203 (Ross); Doc. 194 (Vargas)), Plaintiff could re-file at any time.

deponent[s]" in violation of Fed. R. Civ. P. 30(b)(2), and their unilateral premature termination of their depositions constituted an effective refusal to obey the order to appear for deposition on the noticed dates. This disruption included:

- Obstructing the deposition questioning in both cases, including improper instructions by Plaintiffs' counsel to her clients not to answer questions regarding documents Plaintiffs filed in support of summary judgment; and unwarranted and repetitive frivolous objections which disrupted and delayed questioning as well as Plaintiffs evasive responses to even straightforward foundational questions (83 objections during Mr. Ross' deposition, and 47 in Mr. Vargas');

- Repeated and lengthy delays and breaks in the deposition of Mr. Ross resulting in less than three-and-a-half hours of examination on the record, coupled with an adamant refusal to appear the next day to complete the deposition in the time allotted; and

- The abrupt termination of Mr. Vargas' deposition by counsel after only 58 minutes of being on the record.

We respectfully submit that these are only the most recent episodes in a well-documented sequence of efforts to delay and postpone depositions, which now clearly warrant judicial intervention. Accordingly, pursuant to Rules 30(b)(2) and 37(b)(2)(A)(ii), Fed R. Civ. P., as well as the Court's inherent authority, the APFA Defendants respectfully move for an order in these consolidated cases which provides the following relief:

a) Barring the submission of Declarations or Affidavits from Mr. Ross and Mr. Vargas, as well as reliance on previously-filed Declarations or Affidavits from either Plaintiff, in connection with any motion for summary judgment filed in these cases;

b) Permitting the APFA Defendants to complete the depositions of Mr. Ross and Mr. Vargas in the event that any issues in the case proceed to trial after resolution of summary judgment motions; and

c) Awarding the APFA Defendants the costs and fees in connection with the two depositions and for the preparation and filing of this motion.

Such focused and limited relief is commensurate with the nature of the Rule violations, *see Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.,* 685 F.3d 486, 488, 491 (5th Cir. 2012); *Certain Underwriters at Lloyds London v. Corp. Pines Realty Corp.*, 355 Fed. App'x 778, 780

(5th Cir. 2009), and would vindicate the Court's "inherent power to regulate the administration of justice," *Dondi Prop. Corp. v. Commerce Sav. and Loan Ass'n*, 121 F.R.D. 284, 287 (N.D. Tex. 1988).

## FACTUAL AND PROCEDURAL BACKGROUND

The APFA Defendants have been attempting to depose Plaintiffs Ross and Vargas for months. The depositions were initially noticed for October 25 and 26, 2023, but were postponed after Plaintiff moved to quash the deposition notices and to extend the deadlines for filing dispositive motions, in part based on pending motions to compel production of documents. Doc. 120 (Ross); Doc. 117 (Vargas). This Court granted that relief in part, extending the discovery deadline to February 29, 2024, and setting a March 29, 2024, deadline for dispositive motions. Doc. 155 (Ross); Doc. 150 (Vargas). In that Order, the Court observed that "It appears clear … that the parties will need additional time to complete discovery and file dispositive motions until after the magistrate judge rules on the pending discovery motions." *Ibid.*

The APFA Defendants then issued amended Notices of Deposition for January 10, 2024 (for Mr. Ross) and January 11, 2024 (for Mr. Vargas). Plaintiff promptly moved to quash those deposition notices as well. Doc. 176 (Ross); Doc. 169 (Vargas). Plaintiff "ask[ed] that the court Quash the pending Notice of Deposition of Plaintiff and allow depositions to take place during February of 2024." Doc. 176 ¶ 8 (Ross); Doc. 169 ¶ 8 (Vargas).

Magistrate Juge Cureton held a hearing on all pending discovery motions on December 26, 2023. At the hearing, after discussion regarding the need of defense counsel to depose Plaintiffs no later than early February, Plaintiffs' counsel agreed to depositions of her clients on

3

February 1 and 2, 2024, and Magistrate Judge Cureton ordered that the depositions take place on the agreed-upon dates. Doc. 187 (Ross); Doc. 178 (Vargas).[3]

Defendants then issued notices of deposition for the agreed-upon and ordered dates. Appx. 1-2 (Notice of Ross Deposition), 3-4 (Notice of Vargas Deposition). After the notices were issued, Plaintiffs filed motions for partial summary judgement under seal, relying heavily on their own affidavits. Defendants sought an extension of time to oppose summary judgment in order to take Plaintiffs' depositions, and this Court found good cause and granted the motions. Doc. 193 (Ross); Doc. 184 (Vargas).

The depositions were noticed for a hotel conference room near the Dallas-Fort Worth International Airport, to commence at 10:00 a.m. on February 1 for Mr. Ross, and 10:00 a.m. on February 2 for Mr. Vargas. Mr. Ross and his counsel were at the designated location by 10:00 a.m., but refused to proceed, claiming for the first time that the hotel was not a "neutral" location because several APFA representatives were staying there on other business (Appx. 7 (Tr. 6:5-14)), and further objected to the presence of all four APFA National Officers in the deposition, despite the fact that APFA is a party. After much discussion, APFA agreed, as an accommodation, that two Officers would absent themselves from the deposition. Plaintiffs' counsel agreed and the examination finally began at 11:17 a.m. Appx. 6 (Tr. 5:1-6), Appx. 7 (Tr. 7:18-25).[4]

Questioning was interrupted by frequent breaks requested by Plaintiff, such that by 5:00 p.m., the time on record was a mere 3 hour and 25 minutes, Appx. 30 (Tr. 163), at which time

---

[3]     The Court's December 26, 2023 Order stated: "Defendants shall issue a new notice of deposition for February 1-2, 2024". Doc. 187 (Ross); Doc. 178 (Vargas).

[4]     Excerpts of the two deposition transcripts, with redactions for testimony describing medical records, are included in the appendix.  Full transcripts can of course be provided should the Court deem that helpful.  In addition, a video file of Mr. Vargas' deposition will be submitted to the Court.

Plaintiffs' counsel became unavailable. During that time of questioning, Plaintiffs' counsel repeatedly interfered with questioning through improper objections based on frivolous grounds including hearsay, leading questions, relevance, and even complaining about the subject matter of the questioning.[5] The deposition index reflects a total of 83 objections during the short time of the deposition. Appx. 30 (Excerpt of Ross Deposition Tr. Index). In addition, when counsel sought to question Mr. Ross regarding his own statements referenced in medical records he had submitted in support of summary judgment, his attorney directed him not to answer based on what she called "medical privilege". Appx. 26-27 (Tr. 149:20-150:16); Appx. 27 (Tr. 151:19-152:12); Appx. 27-28 (Tr. 153:3-156:5).

| Mr. Bartos: | Does that [statement in the medical record] accurately reflect your self-understanding? |
| Ms. Phillips: | Objection; obscure, form…. Medically privileged; objection. Bob, you don't have to answer that. |
| Mr. Bartos: | Are you directing him not to answer? |
| Ms. Phillips: | I'm directing him not to answer. |
| Mr. Bartos: | So just to be clear, you've submitted about a hundred pages of medical records. And your position is I'm not allowed to ask questions about them? |
| Ms. Phillips: | You can compel it if you want it. |

Appx. 27-28 (Tr. 153:10-154:10).

---

[5]        Hearsay objections were made at Appx. 9 (Tr. 22:2-3; 23:13-19; 24:3-25); Appx. 12 (Tr. 36:5-11); Appx. 15 (Tr. 47:18-22); Appx. 17 (Tr. 54:10-12); Appx. 18 (Tr. 58:4-7); Appx. 19 (Tr. 63:6-22; 64:19-20); Appx. 25-26 (Tr. 145:21-146:10); Appx. 26 (Tr. 148:17-22); Objections to the subject matter of the questioning were made at: Appx. 10 (Tr. 29:17-22); Appx. 11(Tr. 33:6-13); Appx. 20 (Tr. 66:3-8); Objections to relevance were made at Appx. 24 (Tr. 135:15-136:22); and objections to supposedly "leading" questions were made at Appx. 14 (Tr. 29:18-20, 44:11-13, 45:1-3), Appx. 15 (Tr. 46:4-6; 46:14-18; 49:3-6), Appx. 16 (Tr. 50:3-5, 51:16-21); Appx. 17 (Tr. 55:3-4; 55:10-11); Appx. 20 (Tr. 66:22-25, 68:23-25); Appx. 21 (Tr. 91:1-4); Appx. 24 (Tr. 137:14-17).

Ross was also repeatedly evasive in the extreme, for instance in claiming he was unable to attest to whether signatures he was shown were his or not (Appx. 14 (Tr. 45:18-25), Appx. 17 (Tr. 54:1-6)), claiming he was unable to confirm if documents he produced in discovery had been in his possession (Appx. 17 (Tr. 54:7-16)), and claiming to be unable to recognize that an affidavit filed in Court was in fact his affidavit (Appx. 24 (Tr. 134:21-25, 135:1-4)).

When Plaintiffs' counsel announced that she had to leave the deposition at 5:00 p.m., defense counsel requested that the deposition be continued to the next day and be completed before beginning Mr. Vargas' deposition. Plaintiffs' counsel refused, stating that "you need to re-notice and give 5 days' notice" for completion of the deposition; that continuing the deposition would conflict with the scheduled deposition of Mr. Vargas; and that "Mr. Ross has his work schedule." Appx. 29 (Tr. 159:12-159:25).[6] (Mr. Ross' American Airlines work schedule reflects that he was not scheduled to work on February 2.)

Mr. Ross failed to appear for completion of his deposition the next day and we were constrained to begin Mr. Vargas' deposition. However, Plaintiffs' counsel's conduct was even more combative and disruptive than the day before. In less than an hour of questioning, counsel lodged 47 objections, Appx. 42 (Excerpt of Vargas Deposition Tr. Index), again repeating improper objections that questions to an adverse party were "leading" or involved hearsay, and otherwise suggesting answers to her client.[7] And after Mr. Vargas and his counsel conferred

---

[6]     Plaintiffs' Counsel sought to take breaks approximately every 30 minutes, and despite also starting nearly an hour late and taking a 72 minute lunch break, then had to leave at 5:00 p.m. Appx. 19 (Tr. 62:1-8); Appx. 22 (Tr. 94:8-12). With regard to some of the breaks, when advised that Mr. Ross may need to stand periodically due to a prior injury, counsel suggested he could simply stand as needed so the deposition could proceed efficiently. Appx. 23 (Tr. 112:16-113:2).

[7]     Objections based on "leading" are found at Appx. 34 (Tr. 26:10-11, 27:2-3, 27:13-14, 27:21-22, 28:24); Appx. 35 (Tr. 32:4-24, 33:8); hearsay objections are at Appx. 34 (Tr. 29:11-12, 29:17-30:5). Statements interfering with questions and suggesting answers to Mr. Vargas are

regarding his answer to a particular question, his counsel repeatedly interrupted questions in an effort to suggest answers or change the line of questioning. Appx. 36 (Tr. 37:18-21); Appx. 37 (Tr. 38:22-39:4); Appx. 38 (Tr. 42:22-43:13).

Defense counsel repeatedly requested an end to the interruptions, and pointed out that Plaintiffs' counsel would have ample opportunity to ask her own questions, *e.g.* Appx. 38 (Tr. 43:1-13), but rather than waiting her turn, after an extended disruption shown on Transcript pages 42-50, Plaintiffs' counsel abruptly stopped the deposition: "I'm going to stop the deposition at this point because I think that you are creating a circumstance that is hostile at this point. This is not the way to conduct a deposition." Appx. 39 (Tr. 46:16-19) *see also* Appx. 39 (Tr. 49:12-21) ("I am going to end this if you don't allow him to clarify his testimony.... If you don't, we're done."); Appx. 40 (Tr. 50:4-10) ("We're done. Let's go .... I object to this entire situation."). Mr. Vargas and his counsel left the deposition at 11:47 a.m., after less than an hour of actual questioning. Appx. 40 (Tr. 50:5-18).[8]

Thereafter, Plaintiffs preemptively filed for sanctions against APFA Defendants, based on wholly unfounded allegations that Plaintiffs were "intimidated" during their questioning, and seeking entry of summary judgment in their favor. Doc. (197) (Ross); Doc. 188 (Vargas).

---

found at Appx. 36 (Tr. 36:16-37:4). In an attempt to justify her intrusive conduct as an intermediary, Plaintiffs' counsel even resorted to claiming just prior to terminating the deposition that Vargas (who she represented as himself being "employed at American Airlines as a translator,") needed "a translator here" so he could "understand the words fully." Appx. 38 (Tr. 44:12-18). That issue had not been raised at any time in this matter, much less in connection with depositions.

[8]     Because the written transcript does not capture the tenor of this exchange, the APFA Defendants have submitted the recorded videorecording of Mr. Vargas' deposition. The portion transcribed at pages 42-50 begins at minute 54:33 of the video.

**ARGUMENT**

The APFA Defendants have a basic right to depose Plaintiffs Ross and Vargas and have

repeatedly and diligently attempted to exercise that right. *See* Fed. R. Civ. P. 30(a)(1)("[a] party

may, by oral questions, depose any person, *including a party*, without leave of court ….")

(emphasis added)). Plaintiffs chose to bring this action, and Defendants are entitled to complete

discovery in an orderly fashion and to file a dispositive motion. *See Farnsworth v. Procter &*

*Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) ("trial preparation and defense … are

important interests, and great care must be taken to avoid their unnecessary infringement").

Fed. R. Civ. P. 30(d)(2) provides that "[t]he court may impose an appropriate sanction –

including the reasonable expenses and attorney's fees incurred by any party – on a person who

impedes, delays, or frustrates the fair examination of the deponent." "The meaning of

'appropriate sanction' in Rule 30(d)(2) has been broadly interpreted as the full scope of sanctions

available under rule 30(d)(2) is not expressly described in the text of the rule." *Carter v.*

*Burlington Northern Santa, LLC*, 15-cv-366, 2016 WL 3388707, n.2 (N.D. Tex. Feb. 8, 2016)

(internal citation omitted); see also *Murillo Modular Group, Ltd. v. Sullivan*, 13-cv-3020, 2016

WL 6139096,*7 (N.D. Tex. Oct. 20, 2016) ("Many courts have construed Rule 30(d)(2) to apply

to circumstances where a party's conduct at a deposition warranted remedial action.") (internal

citation omitted).

Sanctionable conduct thereunder includes violations of Rule 30(c)(2), which provides

that when an objection is made "the examination still proceeds … subject to any objection …

[and that counsel] may instruct a deponent not to answer only when necessary to preserve a

privilege, to enforce a limitation ordered by the court, or to present a motion under Rule

30(d)(3)". Rule 30 "places strict limits on when an attorney may instruct a deponent not to

answer a question […]. The underlying purpose of a deposition is to find out what a witness saw, heard, or did – what the witness thinks …. There is no proper need for the witness's own lawyer to act as intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness to formulate answers." *VirnetX Inc. v. Cisco Sys., Inc.*, 10-cv-417, 2012 WL 7997962, *3 (E.D. Tex. Aug. 8, 2012) (internal citations and quotations omitted). "Merely disagreeing with a particular line of questioning is not justification to shut down the deposition." *Id.*; *see also Nieman v. Hale*, 12-cv-2433, 2014 WL 4375669 (N.D. Tex. Sept. 4, 2014) (Court *sua sponte* ordered defendant to show cause why he should not be sanctioned under Rule 30(d)(2), including paying costs of plaintiff's travel to deposition, for conduct that impeded, delayed, or frustrated the examination and included unilaterally terminating the deposition after only 70 minutes).

Similarly, Fed. R. Civ. P. 37(b)(2)(A) provides that "[i]f a party … fails to obey an order to provide or permit discovery … the court where the action is pending may issue further just orders [including]: … (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(C) further provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Such monetary sanctions "serve the dual function of reimbursing the moving party and deterring the violator of the discovery orders (as well as other potential violators)." *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986). District Courts thus have broad discretion to "fashion remedies suited to the misconduct." *Smith & Fuller, P.A.*, 685 F.3d at 488.

This Court's Order of December 26, 2023, provided that "Defendants shall issue a new notice of deposition for February 1-2, 2024." Doc. 187 at ECF 2 (Ross); Doc. 178 at ECF 2 (Vargas).[9] This Court has deemed its discovery orders violated and has imposed sanctions in the form of striking pleadings where, despite attending a deposition as ordered by the Court, the deponent provided testimony that was "evasive, combative, and misleading." *Lincoln Gen. Ins. Co. v. Maxwell*, 16-CV-03198, 2018 WL 4610533, *1-3 (N.D. Tex. Sept. 26, 2018).

Here, the APFA Defendants initially noticed Plaintiffs Ross and Vargas for depositions to be held in October 2023, but Plaintiffs repeatedly failed to agree to dates offered until ordered to attend the February 1st and 2nd deposition dates by the Court's December 26, 2023 Order. Doc. 187 (Ross); Doc. 178 (Vargas). Despite Ross and Vargas each appearing at their depositions, counsel for APFA was able to conduct only very limited examinations, especially for Vargas, and neither deposition was completed.

On both dates Plaintiffs manifestly and willfully "imped[ed], delay[ed], [and] frustrate[d]" their depositions in a manner prohibited by Rule 30(b)(2). On February 1, the deposition of Ross involved a late start due to Plaintiff's reluctance to begin, streams of baseless objections, frequent breaks coupled with a refusal to allow the deposition to continue, and a lack of forthright responses.[10] Plaintiff's misconduct during the deposition was then compounded by Ross' refusal to return the following day to continue the examination.

---

[9]     While the letter of the December 26, 2023 Order was directed at APFA Defendants to issue new deposition notices, the reciprocal responsibility of Plaintiffs was to both attend and meaningfully participate in the depositions.

[10]     Counsel's numerous claims of "medical privileged information and conversations," *e.g.*, Appx. 27 (Tr. 150:13-20, 152:2-9); Appx. 28 (Tr. 155:2-11), are without foundation as there is no such federal physician-patient privilege, *Whalen v. Roe*, 429 U.S. 589, 602 n.28 (1977), and Plaintiffs put their medical condition at issue and submitted medical records into the docket in support of summary judgment. Plaintiff would have waived any such privilege when he filed over a hundred pages of medical records in affirmative support of his

On February 2, the deposition of Vargas involved similar continual baseless objections, a lack of forthright responses, and a failure to reach completion when Plaintiff unilaterally terminated examination mid-questioning and left the location.

Plaintiffs' conduct during both depositions, as well as Ross' failure to return the next day to complete his deposition and Vargas' sudden inexcusable termination of his deposition, was deliberate, unjustified under any Rule or Order, and exemplary of the precise conduct sanctionable under Rules 30(d)(2) and 37(b)(2)(A).[11] Defendants' counsel travelled round-trip from Washington, D.C. to Dallas, Texas, but was able to conduct only 4 hours and 25 minutes of total actual examination (3 hours 25 minutes for Ross and 58 minutes for Vargas) due to Plaintiffs' misconduct and despite being entitled to seven hours per deposition under Fed. R. Civ. P. 30(d)(1). Dispositive motions are currently due March 29, 2024, and the APFA Defendants are now faced with the prospect of having to support such motions, and oppose Plaintiffs' own motions for summary judgment, without having had an ability to complete the depositions of either Plaintiff. As demonstrated above, there was great reluctance by Plaintiffs to testify about the most fundamental facts of the case during the depositions, including Ross' refusal to acknowledge his own signature. Plaintiffs have engaged in a pattern of delay tactics and obstruction designed to frustrate Defendants' efforts to file a dispositive motion.

---

motion for partial summary judgment and claimed damages based on those records. Docs. 190-5, 190-6 (now unfiled per Doc. 203 Order).

[11] Defendants do not seek to punish Mr. Ross for his need to address any physical limitation on sitting for an extended period, nor for counsel's need to attend to family obligations. But they do seek to vindicate their right to take full discovery in the cases brought by Mr. Ross and Mr. Vargas, free from the disruption and interference which occurred.

## RELIEF REQUESTED

Rather than seek to further prolong these proceedings, the APFA Defendants seek as their primary relief an Order barring the submission of Declarations or Affidavits from Mr. Ross and Mr. Vargas, as well as reliance on any previously-filed Declarations or Affidavits from either Plaintiff, in connection with any motion for summary judgment filed in these cases. Such relief is calibrated to remedy the specific violations here and is well within the Court's authority to grant. *See* Rule 37(b)(2)(A)(ii) (appropriate sanction includes "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"); *see also Lincoln Gen. Ins. Co.*, 16-CV-03198, 2018 WL 4610533, *4 (striking pleadings where deponent was evasive, combative, and misleading).[12]

The APFA Defendants also seek their costs and fees arising from the improper obstruction and termination of the depositions, including the costs of bringing this motion, the costs for APFA's counsel's travel from Washington, D.C. to Dallas, Texas, and such other sanctions as will adequately penalize Plaintiffs and their counsel and deter them others from engaging in similar conduct as the Court may deem appropriate.

Dated: February 16, 2024                         Respectfully submitted,

                                                 /s/     James D. Sanford
                                                 JAMES D. SANFORD
                                                 Tex. Bar No. 24051289
                                                 Gillespie Sanford LLP
                                                 4803 Gaston Ave.
                                                 Dallas, TX 75246

---

[12]     The APFA Defendants also request an order permitting Defendants to complete the depositions of Mr. Ross and Mr. Vargas in the event that any issues in the case proceed to trial after resolution of summary judgment motions. In such event, defendants also seeks costs and fees for any continued depositions, including those for APFA counsel's return travel from Washington, D.C. to Dallas, Texas if needed.

Tel.: (214) 800-5111; Fax.: (214) 838-0001
Email: jim@gillespiesanford.com

JEFFREY A. BARTOS (pro hac vice)
D.C. Bar No. 435832
Guerrieri, Bartos & Roma, PC
1900 M Street, N.W. Suite 700
Washington, DC 20036
Tel.: (202) 624-7400; Fax: (202) 624-7420
Email: jbartos@geclaw.com


*Counsel for the APFA Defendants*

CHARLETTE L. BRODERICK (pro hac vice)
Tex. Bar No. 24133870
Association of Professional Flight Attendants
1004 W. Euless Blvd.
Euless, TX 76040
Tel.: (682) 301-8454
Email: Cbroderick@apfa.org


*Counsel for APFA*

13

## CERTIFICATE OF CONFERENCE

I certify that on February 8, 2024, counsel for the APFA Defendants conferred with Kerri Phillips, counsel for Plaintiff, by telephone regarding this motion. Ms. Phillips indicated that Plaintiffs will oppose this motion.

 /s/ *Jeffrey A. Bartos*
JEFFREY A. BARTOS

## CERTIFICATE OF SERVICE

I certify that on February 16, 2024, I electronically submitted this document to the clerk of the court for the U.S. District for the Northern District of Texas using the court's electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the following individuals, who have consented to accept this Notices as service of this document by electronic means:

KERRI PHILLIPS
K.D. Phillips Law Firm, PLLC
6010 W. Spring Creek Parkway
Plano, TX 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
notice@KDphillipslaw.com

MICHAEL R RAKE
Michael R. Rake, Attorney at Law
PO Box 1556
Lake Dallas, TX 75065
Tel.: (940) 498-2103
Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com

 /s/    *James D. Sanford*
JAMES D. SANFORD

14