# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| ROBERT (BOB) ROSS, § <br> Plaintiff/Counterclaim Defendant, § <br> § <br> v. § <br> § <br> ASSOCIATION OF PROFESSIONAL § <br> FLIGHT ATTENDANTS, *et al.*, § <br> Defendants/Counterclaim Plaintiffs, § <br> § <br> AND § <br> § <br> EUGENIO VARGAS, § <br> Plaintiff/Counterclaim Defendant, § <br> § <br> v. § <br> § <br> ASSOCIATION OF PROFESSIONAL § <br> FLIGHT ATTENDANTS, *et al.*, § <br> Defendants/Counterclaim Plaintiffs. § | Civil Action No. 4:22-cv-343-Y <br> Consolidated with 4:22-CV-430-Y <br><br> Judge Terry R. Means |

## THE APFA DEFENDANTS' RESPONSE
## IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS

The Association of Professional Flight Attendants ("APFA"), its National President Julie Hedrick and its National Treasurer Erik Harris (collectively, "the APFA Defendants") hereby oppose Plaintiffs' Motion for Sanctions (*Ross* Dkt. 197; *Vargas* Dkt. 188).[1] Because the two Motions are identical, and in light of the Order consolidating these matters, the APFA Defendants file a single response to both Motions.

---

[1] It is unclear to the APFA Defendants if these motions, which were improperly filed under seal, are still pending in light of the Court's Orders striking motions which had been filed under seal, and Plaintiffs' withdrawal of motions which were not sealed. *See Ross* Docs. 200 (Order) and 199 (Notice of Withdrawal); *Vargas* Docs 190 (Order) and 191 (Notice of Withdrawal). Nonetheless, this Response is filed because these motions are still shown as active on the Court's docket.

**FACTUAL AND PROCEDURAL BACKGROUND**

Magistrate Judge Cureton held a hearing on a number of Plaintiffs' motions to compel on December 26, 2023 (The transcript of that hearing has been filed as pages 26-81 of the Plaintiffs' Appendix in support of these Motions). As is relevant here, the parties agreed and Magistrate Judge Cureton ordered that Plaintiffs' depositions would take place on February 1 and 2, 2024. Pls.' Appx. 77 (Tr. 52); Dkt. 187 (Ross) (Order, 12/26/23); Dkt. 178 (Vargas) (Order, 12/26/23). In addition, Magistrate Judge Cureton ordered the APFA Defendants to produce certain documents regarding another former officer of the union, Nena Martin, and to "go back and double-check" for certain emails, which were "all to be produced after a suitable confidentiality agreement is reached by the parties." Pls.' Appx. 65:11-16; *see also* Dkt. 187 (Order, 12/26/23) (setting deadline for production).

Shortly after the hearing, APFA counsel provided Plaintiffs' counsel with a proposed Confidentiality Agreement, as directed by Magistrate Judge Cureton. Appx. 1 (Email, 1/3/24). Defense counsel followed up on January 11, 2024, and Plaintiffs' counsel responded that she "should have something for you next week." Pls.' Appx. 12-13. Further emails and exchanges of position on, and drafts of, a confidentiality order, failed to produce an agreed order, and the parties eventually sought the assistance of Magistrate Judge Cureton. Pls.' Appx. 1-10. After a teleconference and further emails, on February 13, 2024, the parties agreed to the terms of an interim confidentiality agreement, and the APFA Defendants produced over 2600 pages pursuant to that agreement that same day. Appx. 8 (email with document production).[2]

---

[2] The APFA Defendants continue to take their discovery obligations seriously, and are continuing to meet their duty to supplement discovery responses.

Defendants began the depositions of Mr. Ross and Mr. Vargas on February 1 and 2, respectively. As described in the Defendants' pending motion for sanctions, those depositions were prematurely terminated by Plaintiffs. *See* Dkt. 205 (Defs.' Mot. Sanctions) (Ross).

On the first business day after the aborted Vargas deposition, and while the parties were in the process of negotiating an interim confidentiality agreement, Plaintiffs filed the motions at issue here. Plaintiffs' Motions are premised on two grounds: *first*, they claim that the APFA Defendants violated the Court's Order of December 26, 2023, with regard to the production of additional documents; and *second*, that the APFA Defendants engaged in "abusive and harassing" conduct toward "Plaintiffs and their Counsel" in connection with the depositions of Mr. Ross and Mr. Vargas on February 1 and 2, 2024. With regard to the production of documents, Plaintiffs contend that APFA "stall[ed] any final agreement to an agreed confidentiality order" and "refused all offers to enter into an interim confidentiality agreement." Dkt. 197 ¶ 16 (Ross). With regard to the depositions, Plaintiffs take particular exception to the deposition location, a hotel conference room near DFW International Airport, and contend that "APFA conspired to deceive the Plaintiffs and their counsel to hold the depositions" at that location, in an "abusive use of gamesmanship that resulted in … duress and intimidation." Dkt. 197 ¶ 18 (Ross). For relief, Plaintiffs ask the Court to grant their then-pending motions for summary judgment (which have since been unfiled), and for attorneys' fees in connection with their motions. Dkt. 197, ¶¶ 20-21 (Ross).

## ARGUMENT

Plaintiffs' Motions are without basis in fact or law, and should be denied. With respect to document production, the record shows that the APFA Defendants took the initiative to reach agreement on confidentiality to permit production of documents, and once that was

3

accomplished, promptly produced them, with no prejudice to Plaintiffs. Regarding the depositions, Plaintiffs provide no factual support for their contentions, and the transcripts of the depositions themselves (filed in connection with the Defendants' pending motion), belie Plaintiffs' characterization of events.

### A. The APFA Defendants Complied With the Court's Directive Regarding the Document Production Order.

The APFA Defendants fully and in good faith complied with the directive of Magistrate Judge Cureton, that the documents be "produced after a suitable confidentiality agreement is reached by the parties." Pls.' Appx. 65:11-16. Defendants proposed the terms of an agreement on January 3, 2024, based on a draft which had been proposed back in May 2023. Appx. 1 (emails). The APFA Defendants have remained willing to join Plaintiffs in seeking appropriate confidentiality protections to facilitate discovery. But Plaintiffs were unwilling to even confer over the issue from May 2023 until the December 26, 2023 hearing with the Magistrate Judge.

On January 16, Plaintiffs first suggested a few changes, and the parties then agreed to consult the Magistrate Judge to assist in resolving the issue. Further emails in which each side addressed their concerns ensued, and a conference call with the Magistrate Judge was held on February 2, 2024, followed by further email correspondence regarding the content of a potential confidentiality agreement. On February 12, 2024, Plaintiffs' counsel indicated that she would withdraw this sanctions motion if the parties' agreed to confidentiality and the APFA Defendants produced "the outstanding discovery". Appx. 5 (Feb. 12, 2024, 6:05 p.m. email). The parties then agreed to interim confidentiality terms on February 13, 2024, and the APFA Defendants produced over 2,600 pages the same day. Pls.' Appx. 1-13; Appx. 8.[3]

---

[3] Defendants anticipate supplementing their production this week.

4

The record thus reflects the Defendants doing exactly what the Federal Rules and this Court require of them – engaging in good faith efforts to resolve disputes, reaching agreement, and then acting on that agreement. Plaintiffs' sanctions motion, filed while the parties were in the midst of the discussions which led to agreement, should be denied.

Plaintiffs appear to also complain about APFA's discovery responses earlier in the case, s*ee* Dkt. 197 ¶ 16 (Ross), but fail to mention that their multiple motions to compel were addressed and denied, with one exception, by Magistrate Judge Cureton in his Order of December 26, 2023. Likewise, Plaintiffs' suggestion that APFA has in any way attempted to "delay the Court's resolution of these claims," *ibid.*, is utterly belied by the record.

### B.  The Depositions Were Properly Noticed and Conducted.

Plaintiffs also take issue with, and seek sanctions for, the fact that depositions were conducted at a hotel conference room, rather than defense counsel's office.

The APFA Defendants served amended notices for the Ross and Vargas depositions on January 5, 2024. Dkt. 206 at Appx. 1-4 (Ross). The amended notices specified the location as the "Springhill Suites – DFW Airport South/Centreport" and listed the address. Plaintiffs neither objected nor sought protection from the deposition over the next three weeks. Plaintiffs' failure to object to the deposition location, alone, should defeat that portion of the sanctions request.

Further, Plaintiffs incorrectly contend, without any factual support or basis, that "the hotel [was] reserved and filled with APFA . . . leadership," and that two National Officers "lurked nearby in doorways and throughout the hotel" during the depositions. Dkt. 197 ¶¶ 10-11 (Ross). Plaintiffs also contend, again without evidence, that "APFA, Julie Hedrick's and Erik Harris' conduct prior to and throughout the depositions … were abusive and harassing to both Plaintiffs and their Counsel." *Id.*, ¶ 10. The failure of Plaintiffs to produce any evidence

5

supporting these inflammatory charges should be sufficient to deny their motions; however, should a review of the record be helpful in addressing this issue, Defendants respectfully refer to the Court to the transcripts of both depositions, which have been filed in support of the APFA's motion for sanctions. There is no factual or legal basis for sanctions against the APFA Defendants in connection with their attempts to depose Mr. Ross and Mr. Vargas.

## CONCLUSION

The APFA Defendants respectfully submit that Plaintiffs' Motions should be denied.

Dated: February 26, 2024

Respectfully submitted,

 /s/ *James D. Sanford*
JAMES D. SANFORD
Tex. Bar No. 24051289
Gillespie Sanford LLP
4803 Gaston Ave.
Dallas, TX 75246
Tel.: (214) 800-5111; Fax.: (214) 838-0001
Email: jim@gillespiesanford.com

JEFFREY A. BARTOS (pro hac vice)
D.C. Bar No. 435832
Guerrieri, Bartos & Roma, PC
1900 M Street, N.W. Suite 700
Washington, DC 20036
Tel.: (202) 624-7400; Fax: (202) 624-7420
Email: jbartos@geclaw.com

*Counsel for the APFA Defendants*

CHARLETTE L. BRODERICK (pro hac vice)
Tex. Bar No. 24133870
Association of Professional Flight Attendants
1004 W. Euless Blvd.
Euless, TX 76040
Tel.: (682) 301-8454
Email: Cbroderick@apfa.org

*Counsel for APFA*

**CERTIFICATE OF SERVICE**

I certify that on February 26, 2024, a true and correct copy of the foregoing document was served upon all persons who have requested notice and service of pleadings in this case via the Court's ECF system.

KERRI PHILLIPS
K.D. Phillips Law Firm, PLLC
6010 W. Spring Creek Parkway
Plano, TX 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
notice@KDphillipslaw.com

MICHAEL R RAKE
Michael R. Rake, Attorney at Law
PO Box 1556
Lake Dallas, TX 75065
Tel.: (940) 498-2103
Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com

                                                   */s/ James D. Sanford*
                                                   JAMES D. SANFORD