**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| § | |
| ROBERT "BOB" ROSS AND EUGENIO§ VARGAS | Civil Action No. 4:22-cv-343-Y |
| § | |
| Plaintiffs/Counterclaim Defendants, § | Consolidated with |
| § | Civil Action No. 4:22-cv-430-Y |
| v. § | |
| § | Judge Terry R. Means |
| ASSOCIATION   OF   PROFESSIONAL§ FLIGHT ATTENDANTS, *et al.*, § | |
| § | |
| Defendants/Counterclaim Plaintiffs. | |

---

**PLAINTIFFS' APPENDIX TO MOTION FOR SANCTIONS AND BRIEF IN SUPPORT**

Plaintiffs Robert (Bob) Ross and Eugenio Vargas pursuant to Local Rules 7.1(i), and § C of this Court's Case Management Requirements, submits this appendix of documents, and in support of PLAINTIFFS' APPENDIX TO MOTION FOR SANCTIONS AND BRIEF IN SUPPORT:"

| Item | Description | Pgs. |
|:---:|:---|:---:|
| 1 | Subpoena for National Officers Credit Card Statements, Receipts and Expenses | 1-2 |
| 2 | Guerrieri, Bartos & Roma, P.C. to Chinery-Burns & Lee | 3-4 |
| 3 | APFA Defendants' Privilege Log | 5-14 |
| 4 | Declaration of Kerri Phillips | 15-16 |
| 5 | Emails To and From Kit Gomez Alba and Josh Black-APFA National Secretary – Re-Open Ross Article VII Hearing | 17-21 |
| 6 | APFA Produced Emails from Josh Black - REDACTIONS | 22-24 |
| | **NON-PUBLISHED CASES** | |
| 5 | Lincoln Gen. Ins. Co. v Maxwell, CV-NO.3:16-CV-3198-B (N.D. Tex. Sep 26, 2018) | 25-31 |

Respectfully submitted,
K.D. PHILLIPS LAW FIRM, PLLC

By:  /s/  Kerri  Phillips
       Kerri Phillips
       Texas  Bar  No.  24065906
       Phone: (972) 327-5800
       Email: kerri@KDphillipslaw.com
       6010 W. Spring Creek Parkway
       Plano, Texas 75024
       Fax: (940) 400-0089
       **ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that the true and correct copy of this document was sent to all counsel of record, hereunder listed via ECF Filing **on this the 29th  day of February  2024.**

/s/  Kerri Phillips
Kerri Phillips, Esq.

## SUBPOENA FOR DOCUMENTATION

In the Matter of:

Melissa Chinery /Sandra Lee

and

Nena Martin

BEFORE ARTICLE VII ARBITRATOR

HON. RUBEN ARMENDARIZ

TO: APFA Treasurer, Erik Harris

You are hereby commanded to present the following documents to the charged party in the above titled action, Nena Martin, as soon as practicable:

1. Exit package for Robert Ross in its entirety including all payments including signature page

2. December 9, 2013, APFA Equity Payout amount for all four (4) National Officers

3. APFA Credit Card Statements/Receipts for the Bassani administration, including all 4 National Officers for their entire term.

Signed: _____   ·   Date: 08/14/2021
        HON. RUBEN ARMENDARIZ

Requested by:

Nena Martin

**APPENDIX 1**

APFA VII.-008273

## SUBPOENA FOR DOCUMENTATION

In the Matter of:

Melissa Chinery and Sandra Lee

and

Nena Martin

TO: APFA Treasurer, Erik Harris

You are hereby commanded to present the following documents to the charged party in the above titled action, Nena Martin, as soon as practicable:

1. 2008 Laura Glading Administration Credit Card Statements and receipts for Food and Beverage for Four (4) Year term

2. 2012 Laura Glading Administration Credit Card Statements and receipts for Food and Beverage for Four (4) Year term

3. 2016 Bob Ross Administration Credit Card Statements and receipts for Food and Beverage for entire Two (2) year Three (3) month term

4. 2020 Julie Hedrick Administration Credit Card Statements and receipts for Food and Beverage for entire term beginning April 2020 to present

Please scan and email these documents to the parties.

Please Respond in writing if these documents do not exist or have been disposed of.

Signed: _Ruben Armendariz_                Date: _08/17/2021_

HON. RUBEN ARMENDARIZ

Requested by: Nena Martin

**APPENDIX 2**

# GUERRIERI, BARTOS & ROMA, P.C.

1900 M STREET, N.W.
SUITE 700
WASHINGTON, D.C. 20036-3518

(202) 624-7400
FACSIMILE: (202) 624-7420

WWW.GECLAW.COM

JOSEPH GUERRIERI, JR.
JEFFREY A. BARTOS
ELIZABETH A. ROMA
JOHN J. GRUNERT
ANTONIA BIRD
MEGAN E. HAVERN

December 16, 2022

*Via Email*

Melissa Chinery-Burns
*melchinery@aol.com*

Sandra Lee
*Sel27995@gmail.com*

Re:     LMRDA § 501 Demand Letters

Dear Ms. Chinery-Burns and Ms. Lee:

This firm has been retained by the Association of Professional Flight Attendants ("APFA") in connection with the emails that you sent to the National Officers on November 9, 2022; to the Board of Directors and the National President on November 14, 2022; and to the Ad Hoc Executive Committee members on December 8, 2022, regarding fiduciary duty issues (hereinafter referred to as the "Demand Letters"). Your Demand Letters detail concerns of potential breaches of fiduciary duty under the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 501, and demand action to uncover and cure those alleged violations.[1]

The APFA has reviewed and discussed your Demand Letters and has decided to take certain actions in response, which are discussed herein.

Your Demand Letters ask for "immediate action to recover monies owed APFA and to provide an accounting," in connection with actions by certain former APFA officers, and to take appropriate legal action based on the findings of such a financial review. As an initial matter, and as you are aware, APFA is currently suing Bob Ross and Eugenio Vargas in federal court for breach of fiduciary duty, and seeking, among other things, complete compensation for all

---

[1]     Your Demand Letters and subsequent communications appear to express the view that it is inappropriate for the APFA as an organization to expend funds in addressing the concerns outlined in your Letters. At this stage, however, it is fully appropriate for APFA to use its funds to investigate the allegations in your Demand Letters and to take appropriate action. *See* 29 U.S.C. § 501(b). Indeed, your Letters demand that the Union expend funds to conduct audits, prepare an accounting, and, if necessary, initiate legal actions to recover funds **APPENDIX B**

December 16, 2022
Chinery-Burns & Lee

amounts that they owe to the APFA, as determined in their respective arbitration awards. A state court action was filed to collect funds as well.

Your Demand Letters also address the past conduct of former APFA officers Nena Martin and Marcy Dunaway and the disposition of certain furniture. Notwithstanding the recent outcome of the Article VII arbitration in which Arbitrator Armendariz dismissed your claims against Ms. Martin, APFA has decided to conduct a thorough financial review of Ms. Martin's and Ms. Dunaway's credit card usage. That review will also include an analysis of the furniture issue you raise. When that review is complete, APFA is committed to taking appropriate action based on the results of the financial review.

The APFA takes fiduciary duties seriously and appreciates your vigorous advocacy on behalf of the Union and its membership, as particularly exemplified by the Ross and Vargas arbitration awards. With the additional steps Union leadership has undertaken, APFA is confident that all past compliance issues can be addressed, and that current and future practices will fully conform with both federal fiduciary standards and APFA's Constitution and Policy Manual.

Your Demand Letters suggest you may take legal action against the recipients of your Letters. In light of the steps being undertaken, I trust you will conclude that such action would be entirely inappropriate and unfounded under LMRDA Section 501 or otherwise. However, should you nonetheless decide to take any legal action regarding these matters, please have your counsel contact me first and, in any event, include this letter along with your initial filing to accurately reflect APFA's position.

Sincerely,

Jeffrey A. Bartos

Counsel for APFA


cc:    APFA National Officers
       APFA Board of Directors
       APFA Ad Hoc Executive Committee Members
       Alyssa Urban, APFA Staff Attorney
       Michelle Hussar, OLMS District Director

**APPENDIX 4**

Updated 02-26-24

| # | AUTHOR | RECIPIENT | CC | DATE(S) | DOCUMENT TYPE | PRIVILEGE |
|---|--------|-----------|-----|---------|---------------|-----------|
| 1. | Julie Hedrick | Charlette Matts | | 04/03/2023 | Email | Attorney client privilege |
| 2. | Julie Hedrick | Officers, Charlette Matts | | 04/16/2023 | Email | Attorney client privilege |
| 3. | Osborne Law Offices | Julie Hedrick, Joshua Black | | 03/01/2021 | Memorandum | Attorney client privilege |
| 4. | Julie Hedrick<br><br>Margot Nikitas | Charlette Matts<br><br>Officers | | 03/31/2023<br><br>01/27/2022 | Email | Attorney client privilege |
| 5. | Julie Hedrick | Charlette Matts, Officers | | 03/31/2023 | Email | Attorney client privilege |
| 6. | Margot Nikitas | Officers, Legal Department | | 07/11/2022 | Memorandum | Attorney client privilege |
| 7. | Alyssa Urban<br><br>Marcus Gluth | Marcus Gluth<br><br>Alyssa Urban | | 12/08/2022<br><br>12/08/2022 | Email | Attorney client privilege |
| 8. | Joshua Black<br><br>Bill Osborne<br><br>Joshua Black | Bill Osborne<br><br>Joshua Black<br><br>Bill Osborne | National President<br><br><br>National President | 07/14/2020<br><br>07/14/2020<br><br>07/14/2020 | Email | Attorney client privilege |
| 9. | Susannah Bender<br><br><br>Lori Bassani | Lori Bassani<br><br><br>Susannah Bender | Mark Richard; Kathleen Phillips | 08/14/2019<br><br><br>08/14/2019 | Email | Attorney client privilege |

**APPENDIX 5**

Updated 02-26-24

| | | | | | | |
|---|---|---|---|---|---|---|
| 10. | Margot Nikitas<br><br>National President | Julie Hedrick<br><br>Margot Nikitas | Mark Littleton; Officers | 06/09/2022<br><br>06/06/2022 | Email | Attorney client privilege |
| 11. | Julie Hedrick | Jeff Bartos | | 12/14/2022 | Email | Attorney client privilege |
| 12. | Julie Hedrick | Bill Osborne | Joshua Black | 07/13/2020 | Email | Attorney client privilege |
| 13. | Bill Osborne<br><br>Julie Hedrick | National President<br><br>Bill Osborne | Joshua Black<br><br>Joshua Black | 07/14/2020<br><br>07/13/2020 | Email | Attorney client privilege |
| 14. | Susannah Bender | Lori Bassani | Mark Richard; Kathleen Phillips | 07/19/2019 | Email | Attorney client privilege |
| 15. | Margot Nikitas | Base Presidents; Officers | | 03/25/2022 | Email | Attorney client privilege |
| 16. | Margot Nikitas<br><br>Margot Nikitas | Michael Rake<br><br>Michael Rake | | 01/21/2022 | Email | Attorney client privilege |
| 17. | Margot Nikitas<br><br>Julie Hedrick<br><br>Erik Harris<br><br>Josh Back | APFA Officers<br><br>Margot Nikitas; APFA Officers | | 01/27/2022 - 01/28/2022 | Email | Attorney client privilege |
| 18. | Margot Nikitas | Michael Rake | Tom Reber; Mike McGaughey | 01/21/2022 -02/14/2022 | Email | Attorney client privilege |
| 19. | Bill Osborne | Joshua Black | | 08/07/2020 | Email | Attorney client privilege |
| 20. | Bill Osborne | Julie Hedrick; Joshua Black; Margot Nikitas | | 08/06/2020 | Email | Attorney client privilege |

**APPENDIX 6**

**APFA Defendants' Privilege Log**

Case 4:22-cv-00343-Y   Document 217   Filed 02/29/24   Page 9 of 33   PageID 5008

*Ross v. APFA*, No. 4:22cv343 (N.D. Tex.)
*Vargas v. APFA*, No. 4:22cv430 (N.D. Tex.)

Updated 02-26-24

| | | | | | | |
|---|---|---|---|---|---|---|
| 21. | Margot Nikitas | Michael Rake | Tom Reber; Mike McGaughey | 01/21/2022 - 02/14/2022 | Email | Attorney client privilege |
| 22. | Margot Nikitas | Michael Rake | Tom Reber; Mike McGaughey | 03/22/2022 -04/20/2022 | Email | Attorney client privilege |
| 23. | Margot Nikitas | Michael Rake | Tom Reber; Mike McGaughey | 03/22/2022- 04/25/2022 | Email | Attorney client privilege |
| 24. | Margot Nikitas<br><br>Tom Reber | Tom Reber<br><br>Erik Harris | Margot Nikitas | 01/21/2022<br><br>01/21/2022 | Email | Attorney client privilege |
| 25. | Tom Reber | Erik Harris | Margot Nikitas | 01/07/2022- 01/11/2022 | Email | Attorney client privilege |
| 26. | Tom Reber | Erik Harris | Margot Nikitas | 11/16/2021- 12/08/2021 | Email | Attorney client privilege |
| 27. | Tom Reber | Erik Harris | Margot Nikitas | 10/29/2021 -11/02/2021 | Email | Attorney client privilege |
| 28. | Erik Harris | Tom Reber | Margot Nikitas | 08/23/2021- 08/24/2021 | Email | Attorney client privilege |
| 29. | Margot Nikitas | Officers | Officers | 01/27/2022 | Email | Attorney client privilege |
| 30.9 | Mark Richard | Margot Nikitas | Officers | 08/28/2020 | Email | Attorney client privilege |
| 31. | Margot Nikitas | Board of Directors | Officers | 11/11/2020 | Email | Attorney client privilege |
| 32.1 | Margot Nikitas | Board of Directors | Officers | 11/11/2020 | Email | Attorney client privilege |
| 33. | Margot Nikitas | Board of Directors | Officers | 11/11/2020 | Email | Attorney client privilege |
| 34. | Margot Nikitas | Board of Directors | Officers | 11/11/2020 | Email | Attorney client privilege |
| 35. | Bill Osborne | Julie Hedrick, Joshua Black | Margot Nikitas | 08/06/2020 | Email | Attorney client privilege |
| 36. | Margot Nikitas | Officers | | 01/27/2022 - 01/28/022 | Email | Attorney client privilege |
| 37. | Margot Nikitas | Officers. Bill Osborne, Sanford Denison | Paul Hartshorn Jr. | 06/03/2022 | Email and attachment | Attorney client privilege, Work product privilege |

**APPENDIX 7**

*Ross v. APFA*, No. 4:22cv343 (N.D. Tex.)
*Vargas v. APFA*, No. 4:22cv430 (N.D. Tex.)

Updated 02-26-24

| | | | | | | |
|---|---|---|---|---|---|---|
| 38. | Sanford Denison | Julie Hedrick | Officers, Alyssa Urban, Bill Osborne | 10/25/2022 | Email and attachment | Attorney client privilege, Work product privilege |
| 39. | Margot Nikitas | Sanford Denison, Charlette Matts | | 04/18/2022 - 02/28/2023 | Email | Attorney client privilege |
| 40. | Joshua Black | Officers, Margot Nikitas, Bill Orborne | | 11/01/2021 | Email | Attorney client privilege |
| 41. | Julie Hedrick | Officers, Charlette Matts | | 03/31/2023 | Email | Attorney client privilege |
| 42. | Joshua Black | Officers, Margot Nikitas, Bill Osborne | | 11/01/2021 | Email | Attorney client privilege |
| 43. | Joshua Black | Officers, Margot Nikitas | | 02/18/2022 | Email | Attorney client privilege |
| 44. | Joshua Black | Officers, Margot Nikitas | | 12/18/2021 | Email | Attorney client privilege |
| 45. | Joshua Black | Officers, Margot Nikitas | | 02/18/2022 | Email | Attorney client privilege |
| 46. | Alyssa Urban | Erik Harris | | 08/10/2022 | Email | Attorney client privilege |
| 47. | Alyssa Urban | Sanford Denison, Officers | | 08/11/2022 | Email | Attorney client privilege |
| 48. | Bill Osborne | Margot Nikitas, Officers | Julie Hedrick, Joshua Black | 02/07/2022 | Email | Attorney client privilege |
| 49. | Margot Nikitas | Officers | | 02/07/2022 | Email and attachment | Attorney client privilege, Work product privilege |
| 50. | Joshua Black | Bill Osborne | Officers, Margot Nikitas | 12/01/2020 | Email | Attorney client privilege |
| 51. | Joshua Black | Officers, Margot Nikitas, Bill Osborne | | 02/18/2022 | Email | Attorney client privilege |
| 52. | Joshua Black | Officers, Margot Nikitas | | 02/18/2022 | Email | Attorney client privilege |
| 53. | Margot Nikitas | Officers | | 04/22/2022 | Email | Attorney client privilege |
| 54. | Margot Nikitas  Julie Hedrick | Officers, Margot Nikitas | | 01/27/2022- 01/28/2022 | Email | Attorney client privilege |

**APPENDIX 8**

APFA Defendants' Privilege Log

Case 4:22-cv-00343-Y    Document 217    Filed 02/29/24    Page 11 of 33    PageID 5010

*Ross v. APFA*, No. 4:22cv343 (N.D. Tex.)
*Vargas v. APFA*, No. 4:22cv430 (N.D. Tex.)

Updated 02-26-24

| | | | | | | |
|---|---|---|---|---|---|---|
| | Erik Harris<br><br>Joshua Black | | | | | |
| 55. | Joshua Black<br><br>Margot Nikitas | Margot Nikitas, Officers | | 05/10/2021 | Email | Attorney client privilege |
| 56. | Joshua Black<br><br>Bill Osborne<br><br>Sanford Denison<br><br>Julie Hedrick | Officers, Sanford Denison, Bill Osborne, Alyssa Urban | | 09/07/2022 | Email | Attorney client privilege |
| 57. | Margot Nikitas | Officers | | 05/16/2022 | Email | Attorney client privilege |
| 58. | Erik Harris | Officers | | 09/16/2021 | Email | Attorney client privilege |
| 59. | Julie Hedrick | Officers, Charlette Matts | | 06/05/2023 | Email | Attorney client privilege |
| 60. | Article VII | Officers, Jeff Bartos | | 12/23/2022 | Email | Attorney client privilege |
| 61. | Margot Nikitas, Julie Hedrick, Erik Harris, Joshua Black | Officers, Margot Nikitas | | 03/02/2022 | Email and attachment | Attorney client privilege, Work product privilege |
| 62. | Margot Nikitas | Officers | | 03/07/2022-03/16/2022 | Email and attachment | Attorney client privilege, Work product privilege |
| 63. | Margot Nikitas | Officers | | 03/18/2022 | Email | Attorney client privilege |
| 64. | Margot Nikitas | Erik Harris, Joshua Black, Officers | Robert Norvell | 06/01/2021 - 06/14/2021 | Email | Attorney client privilege |
| 65. | Joshua Black | Margot Nikitas | Officers | 02/03/2022 | Email | Attorney client privilege |
| 66. | Joshua Black | Officers, Alyssa Urban, Charlette Matts | | 02/27/2023 | Email | Attorney client privilege |

**APPENDIX 9**

**APFA Defendants' Privilege Log**

Case 4:22-cv-00343-Y   Document 217   Filed 02/29/24   Page 12 of 33   PageID 5011

*Ross v. APFA*, No. 4:22cv343 (N.D. Tex.)
*Vargas v. APFA*, No. 4:22cv430 (N.D. Tex.)

Updated 02-26-24

| | | | | | | |
|---|---|---|---|---|---|---|
| 67. | Margot Nikitas | Bill Osborne, Officers | | 03/22/2022 | Email | Attorney client privilege |
| 68. | Margot Niktias | Officers | Charlette Matts | 04/19/2022 -02/28/2023 | Email | Attorney client privilege |
| 69. | Alyssa Urban | Officers | | 02/28/2028-08/01/2022 | Email | Attorney client privilege |
| 70. | Joshua Black<br><br>Bill Osborne<br><br>Sanford Denison | Officers | Alyssa Urban, Charlette Matts | 02/27/23 - 02/28/23 | Email | Attorney client privilege |
| 71. | Bill Osborne<br><br>Mark Richard | Officers | Bill Osborne | 06/11/2020 | Email | Attorney client privilege |
| 72. | Joshua Black | Officers, Base Presidents | | 06/23/2020 | Email | Attorney client privilege |
| 73. | Bill Osborne<br><br>Joshua Black | Officers, Bill Osborne | | 06/20/2020-06/23/2020 | Email | Attorney client privilege |
| 74. | Bill Osborne<br><br>Joshua Black | Julie Hedrick, Joshua Black, Bill Osborne | | 07/14/2020 | Email | Attorney client privilege |
| 75. | Bill Osborne | Joshua Black, Julie Hedrick, Margot Nikitas, Bill Osborne | | 08/03/2020-08/04/2020 | Email | Attorney client privilege |
| 76. | Bill Osborne<br><br>Joshua Black | Joshua Black, Julie Hedrick, Margot Nikitas, Bill Osborne | | | Email | Attorney client privilege |
| 77. | Bill Osborne | Joshua Black | | 08/07/2020 | Email | Attorney client privilege |
| 78. | Julie Hedrick<br><br>Bill Osborne<br><br>Joshua Black | Officers, Margot Nikitas | | 08/08/2020-08/09/2020 | Email | Attorney client privilege |
| 79. | Margot Nikitas | Officers | | 10/02/2020 | Email | Attorney client privilege |
| 80. | Bill Osborne | Margot Nikitas, Julie Hedrick, Joshua Black | | 10/05/2020 | Email | Attorney client privilege |

**APPENDIX 10**

**APFA Defendants' Privilege Log**

Case 4:22-cv-00343-Y   Document 217   Filed 02/29/24   Page 13 of 33   PageID 5012

*Ross v. APFA*, No. 4:22cv343 (N.D. Tex.)
*Vargas v. APFA*, No. 4:22cv430 (N.D. Tex.)

Updated 02-26-24

| | | | | | | |
|---|---|---|---|---|---|---|
| 81. | Bill Osborne | Julie Hedrick, Joshua Black | | 02/28/2021 | Email | Attorney client privilege |
| 82. | Margot Nikitas | Officers | | 06/01/2021- 06/04/2021 | Email | Attorney client privilege |
| 83. | Joshua Black Margot Nikitas | Officers, Margot Nikitas | | 09/09/2021- 09/12/2021 | Email | Attorney client privilege |
| 84. | Bill Osborne | Joshua Black, Julie Hedrick, Erik Harris, Margot Nikitas | | 09/17/2021 | Email | Attorney client privilege |
| 85. | Bill Osborne Joshua Black | Bill Osborne, Joshua Black | | 09/22/2021- 09/23/2021 | Email | Attorney client privilege |
| 86. | Bill Osborne Margot Nikitas | Officers, Margot Nikitas | | 05/11/2021- 11/16/2021 | Email | Attorney client privilege |
| 87. | Bill Osborne | Julie Hedrick, Joshua Black, Margot Nikitas | | 03/17/2022 | Email | Attorney client privilege |
| 88. | Erik Harris | Officers, Margot Nikitas | | 05/03/2022 | Email | Attorney client privilege |
| 89. | Bill Osborne Joshua Black Sanford Denison | Joshua Black, Sanford Denison, Julie Hedrick, Alyssa Urban, Bill Osborne | | 09/07/2022 | Email | Attorney client privilege |
| 90. | Joshua Black | Officers, Bill Osborne, Margot Nikitas | | 10/20/2021- 11/01/2021 | Email | Attorney client privilege |
| 91. | Article VII | Officers, Jeff Bartos | | 12/21/2022 | Email | Attorney client privilege |
| 92. | Joshua Black | Officers, Margot Nikitas, Bill Osborne | | 11/01/2021 | Email | Attorney client privilege |
| 93. | Joshua Black | Officers, Margot Nikitas, Bill Osborne | | 11/01/2021 | Email | Attorney client privilege |
| 94. | Erik Harris | Officers, Margot Nikitas, Bill Osborne | | 10/22/2020 | Email | Attorney client privilege |
| 95. | Joshaua Black | Bill Osborne | | 09/17/2021 | Email | Attorney client privilege |

**APPENDIX 11**

**APFA Defendants' Privilege Log**

Case 4:22-cv-00343-Y   Document 217   Filed 02/29/24   Page 14 of 33   PageID 5013

*Ross v. APFA*, No. 4:22cv343 (N.D. Tex.)
*Vargas v. APFA*, No. 4:22cv430 (N.D. Tex.)

Updated 02-26-24

| | | | | | | |
|---|---|---|---|---|---|---|
| 96. | Bill Osborne<br><br>Mark Richard | Bill Osborne | | 06/11/2020-07/13/2020 | Email | Attorney client privilege |
| 97. | Margot Nikitas<br><br>Erik Harris | Officers, Margot Nikitas | | 08/07/2020-08/17/2020 | Email | Attorney client privilege |
| 98. | Margot Nikitas<br><br>Erik Harris | Officers, Bill Osborne, Margot Nikitas | | 08/25/2020 - 08/27/2020 | Email | Attorney client privilege |
| 99. | Bill Osborne<br><br>Mark Richard | Bill Osborne | | 06/11/2020-07/13/2020 | Email | Attorney client privilege |
| 100. | Julie Hedrick | Charlette Matts | Officers | 04/03/23 | Email | Attorney client privilege |
| 101. | Julie Hedrick<br><br>Jeff Bartos | Officers | | 12/27/2022 | Email | Attorney client privilege |
| 102. | Article VII | Officers, Jeff Bartos | | 12/21/2022 | Email | Attorney client privilege |
| 103. | Article VII | Officers, Jeff Bartos | | 12/23/2022 | Email | Attorney client privilege |
| 104. | Article VII | Officers, Margot Nikitas | | 04/19/2022 | Email | Attorney client privilege |
| 105. | Joshua Black<br><br>Margot Nikitas | Margot Nikitas, Officers | | 09/09/2021 - 09/12/2021 | Email | Attorney client privilege |
| 106. | Erik Harris<br><br>Margot Nikitas | Margot Nikitas, Officers | | 04/20/2022 - 05/03/2022 | Email | Attorney client privilege |
| 107. | Julie Hedrick | Charlette Matts | | 12/14/2023 | Email | Attorney client privilege |
| 108. | Julie Hedrick<br><br>Margot Nikitas<br><br>Bill Osborne | Charlette Matts, Margot Nikitas, Bill Osborne | Officers | 08/05/2020-12/14/2023 | Email | Attorney client privilege |
| 109. | Julie Hedrick<br><br>Article VII | Charlette Matts, Officers, Bill Osborne, Margot Nikitas | | 04/27/2022 - 12/14/2023 | Email | Attorney client privilege |

**APPENDIX 12**

Updated 02-26-24

| | | | | | | |
|---|---|---|---|---|---|---|
| 110. | Julie Hedrick<br><br>Bill Osborne | Charlette Matts, Margot Nikitas, Sanford Denison | Julie Hedrick, Joshua Black, Erik Harris | 04/26/2022-12/14/2023 | Email | Attorney client privilege |
| 111. | Julie Hedrick<br><br>Bill Osborne | Charlette Matts, Margot Nikitas, Sanford Denison, Julie Hedrick, Erik Harris, Joshua Black | Bill Osborne | 04/26/2022-12/14/2023 | Email | Attorney client privilege |
| 112. | Julie Hedrick<br><br>Margot Nikitas | Charlette Matts, Officers | | 04/26/2022-12/14/2023 | Email | Attorney client privilege |
| 113. | Julie Hedrick<br><br>Margot Nikitas<br><br>Erik Harris | Charlette Matts, Officers, Margot Nikitas | | 04/27/2022-12/14/2023 | Email | Attorney client privilege |
| 114. | Julie Hedrick<br><br>Margot Nikitas<br><br>Bill Osborne<br><br>Joshua Black | Charlette Matts, Bill Osborne, Article VII, Officers, Margot Nikitas | | 04/27/2022 -12/14/2023 | Email | Attorney client privilege |
| 115. | Julie Hedrick<br><br>Bill Osborne | Charlette Matts, Margot Nikitas, Officers, Article VII | Sanford Denison | 04/27/2022-12/24/2023 | Email | Attorney client privilege |
| 116. | Julie Hedrick<br><br>Article VII | Charlette Matts, Officers, Margot Nikitas, Bill Osborne, Article VII | | 04/28/2022-12/14/2023 | Email | Attorney client privilege |
| 117. | Julie Hedrick<br><br>Article VII | Charlette Matts, Officers, Bill Osborne, Margot Nikitas | | 04/29/2022 -12/14/2023 | Email | Attorney client privilege |

**APPENDIX 13**

Updated 02-26-24

| | | | | | | |
|---|---|---|---|---|---|---|
| 118. | Julie Hedrick | Alyssa Urban | | 11/14/2022 | Email | Attorney client privilege |
| 119. | Jeff Bartos | John Grunert | Charlette Matts | 01/31/2024 | Email | Attorney client privilege |
| 120. | Alyssa Urban<br><br>Erik Harris | Jeff Bartos, Alyssa Urban | | 12/09/2022 | Email | Attorney client privilege |
| 121. | Julie Hedrick | Jeff Bartos | | 12/15/2022 | Email | Attorney client privilege |
| 122. | Article VII | Officers, Jeff Bartos | | 12/23/2022 | Email | Attorney client privilege |
| 123. | Jeff Bartos | John Grunert | Charlette Matts | 01/31/2024 | Email | Attorney client privilege |
| 124. | Article VII | Officers, Jeff Bartos | | 12/21/2022 | Email | Attorney client privilege |
| 125. | Joshua Black | Jeff Bartos | | 01/08/2023 | Email | Attorney client privilege |
| 126. | Margot Nikitas | Erik Harris, Joshua Black | | 08/25/2021 | Email | Attorney client privilege |
| 127. | Margot Nikitas | Joshua Black | | 08/24/2021-08/25/2021 | Email | Attorney client privilege |
| 128. | Margot Nikitas | Joshua Black | | 08/24/2021-08/25/2021 | Email | Attorney client privilege |

# APPENDIX 14

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

**ROBERT "BOB" ROSS AND EUGENIO VARGAS**

       **Plaintiffs/Counterclaim Defendants,**

**v.**

**ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS,** *et al.,*

       **Defendants/Counterclaim Plaintiffs.**

**Civil Action No. 4:22-cv-343-Y**

**Consolidated with**
**Civil Action No. 4:22-cv-430-Y**

**Judge Terry R. Means**

---

## DECLARATION OF KERRI PHILIPS ON DISCOVERY

Pursuant to 28 U.S.C. § 1746, I, Kerri Phillips, declare:

1. "I am over 18 years of age and licensed to practice law in the State of Texas. I have never been convicted of any felony or other crime involving moral turpitude. I am fully competent to make this declaration.

2. I have personal knowledge of the facts set forth in this declaration and the facts are true and correct.

3. I am the Counsel of Record for the Plaintiffs, Robert "Bob" Ross and Eugenio Vargas in the pending actions before the United State Federal District Court in the above-entitled and numbered causes of actions. I am familiar with the documents produced to the Plaintiffs in these pending cases by the Defendants APFA, Julie Hedrick and Erik Harris.

4. After a full review of the documents served on the Plaintiffs by Defendants as of February 28, 2024, a substantial number of documents have not been produced evidencing the audits of Marcy Dunaway or Nena Martin—this includes the audit reports conducted in August of 2023, the documents used to perform the audit, communications with the APFA Board of Directors and/or Executive Committee members, discussing the scope, the cost, documents authorizing the audits, the costs, the auditors engagement agreement, the invoices, communications to the affected members, and emails forwarding the audit reports to any leaders.

**APPENDIX 15**

5.      Additionally, documentation of the bills for the Hedrick Administration have not been produced to the Plaintiffs by the Defendants. This includes any bills or expenses for the credit card statements, food costs, alcohol costs, legal costs, costs of improvements or remodeling, hotel costs, or otherwise reimbursable expenses provided to Nena Martin in her Article VII Arbitration.

6.      Attached is a true and correct copy of an email communication I received from Robert "Bob" Ross on April 13, 2022 forwarding an email from his union representative, Kit Gomez-Alba, on February 28, 2022 and February 27, 2022  to the Josh Black, APFA National Secretary, asking to reopen his Arbitration Hearing due to discovery of new evidence.

7.      Attached is also a true and correct copy of an email communication from Kit Gomez-Alba I received on February 29, 2024 forwarding the only response she received from Josh Black, APFA secretary confirming that he communicated her letter requesting to reopen the Disciplinary Arbitration Hearing due to discovery of new evidence on February 28, 2022.

I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** on this 2 9 t h of February 2024.

_____
Kerri Phillips

**APPENDIX 16**

**Kerri Phillips**

---

| | |
|---|---|
| **From:** | 1rross <sup>Redacted by Plaintiff</sup> |
| **Sent:** | Wednesday, April 13, 2022 1:00 PM |
| **To:** | Kerri Phillips |
| **Subject:** | FW: Letter |
| **Attachments:** | Oct. 22. 2020 Audit Bob Ross.pdf; Bob Ross Letter to Arbitrator Feb 26 1d 1 1 1 1(1).docx |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

---

**From:** Kit Gomez Alba Redacted by Plaintiff
**Sent:** Monday, February 28, 2022 8:39 AM
**To:** secretary Redacted by Plaintiff
**Cc:** 1Rross Redacted by Plaintiff
**Subject:** Fwd: Letter

I sent the following email last night at 6:53 p.m. It is after 10:30 A.M. in Euless and i haven't received a confirmation email with a time-stamp stating that it was forwarded to the Arbitrator. We require confirmation from you that it was sent either last night or this morning.
Kit Gomez Alba
Co-representative for Bob Ross

---------- Forwarded message ---------
**From:** **Kit Gomez Alba** Redacted by Plaintiff
**Date:** Sun, Feb 27, 2022 at 6:53 PM
**Subject:** Letter
**To:** <secretary Redacted by Plaintiff
**Cc:** 1Rross Redacted by Plaintiff


Dear Josh:
Please forward this letter immediately to the Arbitrator.
Thank you.
Kit Gomez Alba
Co-counsel for Bob Ross

**APPENDIX 17**

February 26, 2022

Dear Arbitrator Armenderiz:

We apologize for bothering you after submission of our final post-closing brief, however vital information came to our attention and we thought it prudent for you to have in your possession while considering this matter. Attached is a document that Mr. Ross received in the mail on February 11, 2022 related to a separate legal matter. His legal counsel considered it confidential and only gave us permission to release it to you today. This document was attached to a separate Tarrant County court filing, referred to as Exhibit B, called "Confidential Memorandum" dated October 22, 2020. It appears to have been drafted and issued by the accounting firm Wood, Stephens & O'Neill, LLP. This is an independent accounting firm with long history of working with APFA. This "Confidential Memorandum" was directed to the APFA Board of Directors and the APFA Executive Committee and states the following:

**"To prepare an overpayment schedule of the accrued and unused sick, and accrued and unused vacation time payments made to Bob Ross in 2018, *similar* to the overpayment schedules we prepared previously for the other three officers. Please see the enclosed schedules B and C for each officer. These overpayment schedules for the other officers were previously provided to the Board of Directors. Please note the Bob Ross confidential transition agreement states that he will be paid all his accrued and unused sick, and accrued and unused vacation time. *This agreement doesn't specify that the payments be made in accordance with the policy manual guidelines. Consequently, these payments appear appropriate and in compliance with the transition agreement.* This agreement also specifies reimbursement payments to him of up to $10,000 in actual moving expenses. His moving expense reimbursement payments did not exceed this amount."**

We need to make you aware of this document since Mr. Ross was never given a copy of this in the document dump delivered to us by APFA just before arbitration hearing.

We believe this document may have been intentionally withheld due to the nature of its content and the fact it is exculpatory with regard to the calculation Ross' sick and vacation pay as well as his moving expenses under his transition agreement.

The intended recipients of this document were the APFA Board of Directors and Executive Committee. We have confirmed the intended recipients were in fact, never shown this document. Had the Executive Committee been given this document for review, this would have had significant impact when they were considering the validity of the charges against Mr. Ross. To have withheld a document from its intended recipients (the governing body) is indicative of nefarious behavior within APFA

Had this document been properly disseminated, it's existence would have been known and could have been used in Mr. Ross' defense at the hearing. It has only surfaced due to being obtained in the separate legal issue.

**APPENDIX 18**

We therefore request that this document be included for your review under the APFA Policy Manual Section 17.Q, which allows for consideration of additional documentation, information and testimony after the closing of a hearing upon "showing good cause." The relevant language from the Policy Manual is as follows:

**"Section 17.Q: REOPENING THE HEARING**

**1. At any time prior to the issuance of the Arbitrator's decision, a hearing may be**

**reopened.**

**a. A hearing may be reopened only upon the showing of good cause."**

Good Cause clearly exists, as this clarifying document was withheld despite its exculpatory nature. It is reasonable to assume that it was withheld because of its content. It should not escape your notice that this document was something Mr. Ross should have been made aware of this internal matter.

Furthermore, we now must question whether Ms. Chinery and Ms. Lee were made aware of this document by Mr. Black who was one of the recipients. We must also question the impartiality of Mr. Black and other APFA National officers as they recently attended the wedding of Ms. Chinery in Hawaii to one of APFA's attorneys. We await your response to these matters and request that no award is rendered without consideration of this important document. We are enclosing the document for your review and entered into the record.

If you have any questions, please feel free to contact us.

Sincerely,

/s/ Kit Gomez Alba

sable227^Redacted by Plaintiff

Co-counsel for Robert Ross

Cc: Robert Ross

   Gina Guidry

Attachment: October 22, 2020 Audit

**APPENDIX 19**

# Wood, Stephens & O'Neil, L.L.P.
## Certified Public Accountants

6300 Ridglea Place, Suite 318
Fort Worth, TX 76116
Tele. 817-377-1700
Fax 817-377-1870

---

## CONFIDENTIAL MEMORANDUM

MEMO TO:        APFA Board of Directors and the Executive Committee

FROM:           Hal O'Neil, CPA, Pam Bush
SUBJECT:        Review of officer disbursements and the Bob Ross transition agreement
DATE:           October 22, 2020


The current APFA officers, in consultation with the APFA staff attorney and outside counsel, requested that our firm review specific former officer expense reimbursements and payroll disbursements, as well as the payments arising from the Bob Ross confidential transition agreement. This informal engagement is substantially less in scope than an audit engagement, the objective of which would be the expression of an opinion regarding these specific disbursements. Accordingly, we do not express an opinion or any form of assurance regarding these disbursements. Our task under this informal engagement, was as follows:

1. To review the backup for the former officers' salary disbursement amounts from 2016 - 2018 and to determine these base salaries were calculated correctly and in compliance with the guidelines and pay rates stipulated in the APFA policy manual. Please see the enclosed schedule A for each officer.

2. To prepare an overpayment schedule of the accrued and unused sick, and accrued and unused vacation time payments made to Bob Ross in 2018, similar to the overpayment schedules we prepared previously for the other three officers. Please see the enclosed schedules B and C for each officer. These overpayment schedules for the other officers were previously provided to the Board of Directors. Please note the Bob Ross confidential transition agreement states that he will be paid all of his accrued and unused sick, and accrued and unused vacation time. This agreement doesn't specify that the payments be made in accordance with the policy manual guidelines. Consequently, these payments appear appropriate and in compliance with the transition agreement. This agreement also specifies reimbursement payments to him of up to $10,000 in actual moving expenses. His moving expense reimbursement payments did not exceed this amount.

3. To assist the APFA accounting department staff in reviewing and organizing the various requested documents, as set forth in the flight attendants Chinery and Lee financial document request.

Please contact us should the Board of Directors or the Executive Committee have questions regarding our limited engagement.

Sincerely,

*Hal O'Neil, CPA*

**APPENDIX 20**

EXHIBIT
_____
_____

**Kerri Phillips**

| | |
|---|---|
| **From:** | Kit Gomez Alba <sable227 Redacted by Plaintiff |
| **Sent:** | Thursday, February 29, 2024 11:08 AM |
| **To:** | Kerri Phillips |
| **Subject:** | Fwd: Letter |

---------- Forwarded message ---------
From: **National Secretary** <secretary Redacted by Plaintiff
Date: Mon, Feb 28, 2022 at 9:56 AM
Subject: Re: Letter
To: Kit Gomez Alba <sable227 Redacted by Plaintiff
Cc: 1Rross <1rross Redacted by Plaintiff

Sent on

---

**From:** Kit Gomez Alba <sable227 Redacted by Plaintiff
**Date:** Sunday, February 27, 2022 at 8:54 PM
**To:** National Secretary <secretary Redacted by Plaintiff
**Cc:** 1Rross <1rross Redacted by Plaintiff
**Subject:** Letter

Dear Josh:

Please forward this letter immediately to the Arbitrator.

Thank you.

Kit Gomez Alba

Co-counsel for Bob Ross

# APPENDIX 21

1

**From:** Kit Gomez Alba <sable227@ <sup>Redacted by Plaintiff</sup>
**Date:** Monday, February 28, 2022 at 10:39
**To:** National Secretary <secretary<sup>Redacted by Plaintiff</sup>
**Cc:** 1Rross <1rross@c<sup>Redacted by Plaintiff</sup>
**Subject:** Fwd: Letter

I sent the following email last night at 6:53 p.m. It is after 10:30 A.M. in Euless and i haven't received a confirmation email with a time-stamp stating that it was forwarded to the Arbitrator. We require confirmation from you that it was sent either last night or this morning.
Kit Gomez Alba
Co-representative for Bob Ross

---------- Forwarded message ---------
From: **Kit Gomez Alba** <sable227<sup>Redacted by Plaintiff</sup>
Date: Sun, Feb 27, 2022 at 6:53 PM
Subject: Letter
To: <secretary<sup>Redacted by Plaintiff</sup>
Cc: 1Rross <1rross<sup>Redacted by Plaintiff</sup>

Dear Josh:
Please forward this letter immediately to the Arbitrator.
Thank you.
Kit Gomez Alba
Co-counsel for Bob Ross

**APPENDIX 22**

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

APFA VII.-003523



**APPENDIX 23**

APFA VII.-003528



**From:** Kit Gomez Alba <u>sable227</u><sup>fRedacted by Plaintiff</sup>
**Date:** Sunday, February 27, 2022 at 8:54 PM
**To:** National Secretary <<u>secretary</u><sup>Redacted by Plaintiff</sup>
**Cc:** 1Rross <<u>1rross</u> Redacted by Plaintiff
**Subject:** Letter

Dear Josh:
Please forward this letter immediately to the Arbitrator.
Thank you.
Kit Gomez Alba
Co-counsel for Bob Ross

**APPENDIX 24**

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

APFA VII.-003529

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINCOLN GENERAL INSURANCE COMPANY (IN LIQUIDATION), | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:16-CV-03198-B |
| JAMES THORNTON MAXWELL | § § § | |
| Defendant. | § § | |

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Magistrate Judge Rebecca Rutherford's Findings, Conclusions, and

Recommendation (Doc. 253) on Plaintiff Lincoln General Insurance Company's Motion to Enforce

Court's Order and for Sanctions Against James T. Maxwell (Doc. 246) and Defendant James

Thornton Maxwell's Objections to Findings, Conclusions, and Recommendation of the United States

Magistrate Judge (Doc. 256). Before Defendant James Thornton Maxwell's, a/k/a Jim Maxwell,

objections were filed, this Court entered its Order Adopting Findings, Conclusions, and

Recommendation of the United States Magistrate Judge (Doc. 255) on September 20, 2018. One

day later, on September 21, 2018, Maxwell filed his objections. Pursuant to Federal Rule of Civil

Procedure 6(d), Maxwell had an additional three days to file his objections to the Findings,

Conclusions, and Recommendations of the United States Magistrate Judge because he was served

via certified mail. Thus, on September 21, 2018 Maxwell's objections were timely.

- 1 -

**APPENDIX 25**

The Court will therefore **VACATE** its September 20, 2018 Order Adopting Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 255) and conduct a *de novo* review of the pleadings, files, and record in the case pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), as well as the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and Defendant Jim Maxwell's Objections thereto.

## I.

## BACKGROUND

The issue before the Court relates to Defendant Jim Maxwell's abusive and dilatory conduct during post-judgment discovery proceedings. The Court tried this case in 2013, which resulted in a $16.5 million judgment in favor of Plaintiff. *See Lincoln General Insurance Co. v. U.S. Auto Insurance Services Inc., et al.*, No. 3:10–CV–2307–B (N.D. Tex. Jan. 25, 2017) (Doc. 170). On November 15, 2016, after a lengthy appeals process, the Court determined it was appropriate to sever the remaining claims against Defendants. Doc. 227, Order on Severance. Pursuant to that Order, this civil case (No. 3:16–CV–3198) was opened against Defendant James ("Jim") Maxwell. *Id.* In that order, this Court also granted Plaintiff "the right to fully pursue discovery concerning the financial and personal assets of Doug Maxwell and Jim Maxwell in the severed case." *Id.* at 2.

After the severance order, Plaintiff served Defendant Jim Maxwell with a Notice of Oral and Video Deposition and a Subpoena *Duces Tecum*. Doc. 229, Pl.'s Mot. to Compel, 4. On March 23, 2017, Plaintiff took Maxwell's deposition, but Maxwell provided only limited responsive documents and refused to answer numerous questions. *Id.* On June 6, 2017, Plaintiff moved the Court to compel Maxwell to respond to the document requests and retake Maxwell's deposition. *Id.* Plaintiff also

**APPENDIX 26**

requested sanctions. *Id.* On July 5, 2017, this Court referred Plaintiff's motion to United States Magistrate Judge Paul D. Stickney. Doc. 230, Order Referring Mot. After conducting a hearing on this motion, Judge Stickney granted the Plaintiff's motion on October 17, 2017. Doc. 241, Order ("Judge Stickney's Order"). Judge Stickney's Order required Maxwell to produce a number of documents related to his financial status, and appear at another deposition where he was required to answer questions completely and honestly. *Id.* Importantly, the Order also specifically warned Maxwell: "Further abuse by Respondent [Maxwell] will result in sanctions and the striking of his pleadings." *Id.* at 2.

However, despite Judge Stickney's clear admonition, Maxwell still refused to comply. Plaintiff noticed a second deposition, pursuant to Judge Stickney's Order, on November 16, 2017. Doc. 246, Pl.'s Mot. to Enforce Court's Order, 2. While Maxwell did appear for the deposition, he failed to produce documents that were responsive to the straightforward terms set out in Judge Stickney's Order. *See* Doc. 253, Findings, Conclusions, and Recommendation of the United States Magistrate Judge, 8–9. Additionally, Plaintiff characterized Maxwell's testimony during the deposition as "evasive, combative, and misleading." *Id.* at 9–10.

On August 31, 2018, based on Maxwell's abusive behavior at the deposition and disregard for document requests, Judge Rutherford found that Maxwell "willfully ignored the Court's warning and did not correct his behavior when he had the opportunity." *Id.* Further, Judge Rutherford found that Maxwell demonstrated a pattern of "contumacious conduct" towards his discovery obligations and this Court's orders without any justifiable excuse. *Id.* at 10–11. Judge Rutherford then, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), recommended that this Court order the sanction

**APPENDIX 27**

Judge Stickney originally warned of in the October 17, 2017 Order—the striking of Maxwell's pleadings—because "no lesser sanction would be sufficient to deter Respondent's behavior." *Id.* at 11. Judge Rutherford also recommended that Maxwell pay Plaintiff's reasonable attorneys' fees and costs incurred in bringing its Motion to Enforce Court's Order and for Sanctions under Federal Rule of Civil Procedure 27(b)(2)(A).

## II.

### ANALYSIS

After conducting a *de novo* review of the motions, responses, files, and records in this case, as well as the Findings, Conclusions, and Recommendation of United States Magistrate Judge Rutherford and Defendant Maxwell's Objections, the Court is of the opinion that the Findings, Conclusions, and Recommendation are correct. A district court "has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Pressey v. Patterson*, 898 F.3d 1018, 1021 (5th Cir. 1990). However, typically, to impose the severest of remedies under Rule 37(b)—*e.g.*, striking pleadings, entering default judgment, or dismissing the action with prejudice—a party's violation of a discovery order must be committed willfully or in bad faith. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012); *Plasticsource Workers Comm. v. Coburn*, 283 F. App'x 181, 184 (5th Cir. 2008) (affirming default judgment under Rule 37(b) based on willful violation of discovery order). Additionally, the district court should find that "a lesser sanction [under Rule 37(b)] would not substantially achieve the desired deterrent effect." *Coburn*, 283 F. App'x at 184 (citing *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998)).

Here, this Court agrees with Magistrate Judge Rutherford's findings and application of the

**APPENDIX 28**

law. Based on the unambiguous requirements and warnings in Judge Stickney's Order, Judge Rutherford had ample evidence to conclude that Maxwell behaved willfully when he violated that Order. Further, with good reason, Judge Rutherford concluded that Maxwell's "pattern of contumacious conduct" in these proceedings indicated that "no lesser sanction" would be "sufficient to deter" Maxwell. Doc. 253, Findings, Conclusions, and Recommendation, 10–11.

From his Objections, the Court is able to discern two specific objections that Maxwell has raised in response to Judge Rutherford's Findings, Conclusions, and Recommendation: (1) that this Court should have ordered a protective order based on counsel for Plaintiff's discovery requests; and (2) that his discovery productions are, in fact, responsive to Judge Stickney's Order.

First, Maxwell argues that both his Motion to Dismiss or for Protective Order (Doc. 235) and Plaintiff Lincoln General Insurance Company's Response (Doc. 236) "have been ignored by the Court without comment" and that he is entitled to a protective order based on the "oppression and undue burden" caused by Plaintiff's discovery requests. *See* Doc. 256, Maxwell's Objs., 2–3. To start, Maxwell was put on notice that "a party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made." Doc. 253, Findings, Conclusions, and Recommendations, 12. Thus, Maxwell's first objection is unrelated to Magistrate Judge Rutherford's Findings, Conclusions, and Recommendation and can be overruled on that ground alone. However, the Court will note on January 9, 2018, Magistrate Judge Stickney denied his motion after full briefing and a hearing because, in large part, Maxwell's Motion to Dismiss was a "reiteration of his Response to Plaintiff's Motion to Compel." Doc. 245, Order Denying Mot. to Dismiss or for Protective Order, 2. Thus, Maxwell's Motion to Dismiss was considered and

**APPENDIX 29**

subsequently denied after a hearing and full consideration by Magistrate Judge Stickney. Maxwell's first objection is overruled.

Next, Maxwell argues again, as he has in previous motions (*See* Doc. 247, Def.'s Resp. to Pla.'s Mot. to Enforce Court's Order and for Sanctions, 3–5 and Doc. 249, Def.'s Mot. to Quash, 1–2), that his previous production is sufficiently responsive to Judge Stickney's Order on October 17, 2017. Doc. 256, Def.'s Objs., 4–5. Maxwell claims the flash drive he produced covers the items Judge Stickney ordered him to produce, except for documents that were previously produced or that do not exist. *Id.* However, of the 360 pages of documents produced in the flash drive, 323 were banking documents related Sante Fe Insurance Company in 2010, which were "marginally relevant" to the items he was ordered to produced. Doc. 248, Pl.'s Reply in Support of Mot. To Enforce, 3–4. Further, of the remaining 37 pages, it appears that only a few of these were new and responsive documents. *Id.* (noting that his 2016 tax returns and some K-1's related to Neutron Depot were new documents). Thus, the Court finds that Maxwell's objection that he produced all the requested items in Judge Stickney's Order "to the maximum extent possible" baseless. Maxwell's behavior and testimony at his November 16, 2017 deposition further undercut his assertions that he has fully complied with this Court's orders.[1] The Court overrules this objection as well.

It is therefore **ORDERED** that the Findings, Conclusions, and Recommendation of the

---

[1] *See* Doc. 246-2, Def.'s Oral Depo., 7–8 (testifying he produced most of the documents from his file cabinet and that they were mostly reproduction); *Id.* at 8–9 (testifying the only third party he requested documents from was his son-in-law, but he did not inform him or any other party of Judge Stickney's Order); *Id.* at 18–19, (testifying he made no effort to obtain documents related to money transfers to his family or regarding the Maxwell Family Trust, which were both items covered in Judge Stickney's Order); *Id.* at 22 (testifying that in regard to corporate and financial documents he was ordered to produced, he attempted to obtain them by logging in to his account online, and when that failed, he never contacted the bank or made any additional effort to obtain them).

**APPENDIX 30**

United States Magistrate Judge (Doc. 253) are **ADOPTED,** and Plaintiff Lincoln General Insurance Company's Motion to Enforce Court's Order and for Sanctions Against James T. Maxwell (Doc. 246) is **GRANTED**. Defendant James Thornton Maxwell's Objections to Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. 256) are **OVERRULED**. This Court's September 20, 2018 Order Adopting Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. 255) is **VACATED**.

Accordingly, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), the Court **ORDERS** Defendant James Thornton Maxwell's pleadings related to Plaintiff's remaining claims against him be struck from the record. Thus, Maxwell's Answer found at *Lincoln General Insurance Co. v. U.S. Auto Insurance Servs. Inc., et al.*, No. 3:10–CV–2307–B (N.D. Tex. Sept. 20, 2011) (Doc. 68) is hereby **STRUCK** from the record. The Court also **ORDERS** under Federal Rule of Civil Procedure 37(b)(2)(C) that Maxwell pay Plaintiff's reasonable attorneys' fees and costs incurred in bringing this motion. Finally, Plaintiff Lincoln is **ORDERED** to file an application for attorneys' fees and costs, accompanied by supporting evidence establishing the reasonable amount to be awarded under Rule 37(b)(2)(C) no later than **October 10, 2018, fourteen days** after the entry of this order.

SO ORDERED.

SEPTEMBER 26, 2018.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 7 -

**APPENDIX 31**