IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROBERT (BOB) ROSS,<br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>ASSOCIATION OF PROFESSIONAL<br>FLIGHT ATTENDANTS, *et al.*,<br>Defendants/Counterclaim Plaintiffs,<br><br>AND<br><br>EUGENIO VARGAS,<br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>ASSOCIATION OF PROFESSIONAL<br>FLIGHT ATTENDANTS, *et al.*,<br>Defendants/Counterclaim Plaintiffs. | Civil Action No. 4:22-cv-343-Y<br>Consolidated with 4:22-CV-430-Y<br><br>Judge Terry R. Means |

MOTION OF APFA DEFENDANTS
FOR EXTENSION OF TIME FOR SUMMARY JUDGMENT BRIEFING
AND BRIEF IN SUPPORT

Defendants the Association of Professional Flight Attendants ("APFA"), its National President Julie Hedrick and National Treasurer Erik Harris (collectively "the APFA Defendants") hereby move, pursuant to Local Civil Rule 7.1, for an extension of time until April 26, 2024, to file their Motion for Summary Judgment. Defendants do *not* seek any extension of the discovery period or any other case deadlines.[1]

---

[1] For the reasons set forth herein, should Plaintiffs re-file their summary judgment motion prior to the requested motion deadline, the APFA Defendants would seek an order providing that the response deadline be the later of April 26, 2024, or the time provided for a response under the Local Rules.

The requested extension is necessary in light of the substantial delay, caused by Plaintiffs, in the APFA Defendants' ability to complete the depositions of Plaintiffs, as described in the recent Order of Magistrate Judge Cureton granting Defendants Motion for Sanctions, Doc. 219. Pursuant to that Order, the Plaintiffs have been compelled to appear for the completion of their depositions, which will be accomplished by March 15, leaving insufficient time for Defendants to receive full deposition transcripts and properly brief the dispositive motions by the existing March 29 deadline just two weeks later.

## PROCEDURAL BACKGROUND

As the recent docket illustrates, the APFA Defendants have been seeking to depose Plaintiffs since October 2023. Faced with a variety of motions which had been referred to Magistrate Judge Cureton, this Court ruled, on November 15, 2023, that "It appears clear to the Court that the parties will need additional time to complete discovery and file dispositive motions after the magistrate judge rules on the pending discovery motions." Doc. 155. As is relevant here, this Court extended the deadline to complete discovery until February 29, 2024; and set a March 29, 2024, deadline for filing dispositive motions. *Ibid.*

After a hearing, Magistrate Judge Cureton ordered the depositions of Mr. Ross and Mr. Vargas to take place on February 1 and 2, 2024. This would have provided ample time from the completion of depositions to the filing of summary judgment. And after Plaintiffs moved for summary judgment in early January, the Court extended the Defendants' deadline to respond until March 29, Doc. 193, based on Defendants' stated need to complete the depositions which had been noticed for early February, Doc. 191.

Unfortunately, as described in detail in Magistrate Judge Cureton's Order granting Defendants' Motion for Sanctions, the depositions of Plaintiffs were not completed as scheduled

2

on February 1-2, 2024, due to conduct by Plaintiffs' counsel which "unjustifiably impeded, delayed, and frustrated Defendants' attempts to take" both depositions. Doc. 219 at 18 (Ross), 19 (Vargas). Magistrate Judge Cureton ordered, *inter alia*, that "Ross and Vargas be made available for the completion of their respective depositions on or before March 15, 2024." *Id.* at 23.[2]

That Order was issued on Friday, March 1, 2024. That same day Plaintiffs filed a Motion for Leave to Seal certain documents in connection with a proposed Motion for Partial Summary Judgment, Docs. 220, 220-1. That Motion was unfiled by the Court, Doc. 222, but presumably the summary judgment motion will be refiled shortly.

Shortly after the Sanctions Order, counsel conferred and agreed, based on schedules of witnesses and counsel, that Mr. Vargas' deposition will be completed on Friday, March 8, and that Mr. Ross' deposition will be completed on Friday, March 15, 45 days after these depositions would have been completed had no sanctionable conduct occurred and just 14 days before the dispositive motion deadline.[3]

---

[2]  To preserve the existing schedule, Defendants sought an order precluding Ross and Vargas from relying on affidavits in connection with summary judgment, and preserving Defendants right to take depositions, if needed, *after* a ruling on dispositive motions. Doc. 205 at ECF pages 15 and 15 n.12. Magistrate Judge Cureton ordered the depositions be completed prior to summary judgment, but did not (and had not been asked to) make any adjustment to the dispositive motion deadline.

[3]  Mr. Vargas's deposition has been completed on March 8 without further incident, and Defendants assume that there will be no further disruptions or delays in Mr. Ross's deposition. We do note that Magistrate Judge Cureton has ordered Plaintiffs' counsel to provide chambers with the full transcripts of the Court Ordered Depositions for the Court's review. Doc. 219 at 24. The extended deadline will enable the Defendants to timely seek further relief prior to summary judgment briefing should it become necessary.

ARGUMENT

Defendants respectfully submit that a moderate extension of the deadlines to file their own dispositive motion is necessary and appropriate, and would not unduly delay this litigation or prejudice any party.

As the above illustrates, while Defendants would have had nearly 60 days from the end of Plaintiffs' depositions until filing their own summary judgment briefing, they will now have just 14 days, and less time than that between receipt of the transcripts and the briefing date. This dramatically compressed schedule for the filing of dispositive motion briefs is prejudicial to Defendants. Significantly, this compressed schedule is not due to dilatory behavior by Defendants, but has been caused solely by the Plaintiffs' conduct which led to the March 1 Sanctions Order.

Accordingly, Defendants must now seek a modest extension, based on their thwarted attempt to complete the early February depositions of Plaintiffs, and the extremely compressed time now between the scheduled completions dates and the deadline to file for summary judgment (and to oppose Plaintiffs' summary judgment motion if refiled). Defendants respectfully submit that the same good cause which the Court found when it originally extended Defendants' time to respond to Plaintiffs' prior summary judgment motion, Order, Doc. 193, exists here. An extension of the deadline so that the APFA Defendants may move for summary judgment on or before April 26, 2024, would allow adequate time for the completion of depositions, production of transcripts and production of any documents identified in those depositions. This extension would allow the APFA Defendants to present the issues for potentially dispositive rulings in an orderly manner without prejudice to any party. Moreover,

this modest extension will not unduly delay the trial since the Court has not yet set this case for trial or scheduled a trial setting conference.

This requested extension is also consistent with how the Court has addressed scheduling in this case. The original Scheduling Order in this matter provided for 45 days from completion of discovery until the filing of dispositive motions. Doc. 77 (Ross) at 2. As the litigation unfolded, and largely in light of unresolved discovery disputes, this Court extended the dispositive motion deadline to March 29, 2024, which, pursuant to the same order, was 30 days after the close of discovery. Doc. 155 (Ross). And when Plaintiffs filed for summary judgment before their deposition could be taken, the Court extended the Defendants time to respond. Doc. 193 (Ross). The requested extension here, of less than 30 days from the existing deadline and less than 45 days after the completion of the final deposition, would be consistent with these rulings and, we respectfully submit, is amply warranted here.

Respectfully submitted,

/s/ *James D. Sanford*
JAMES D. SANFORD
Tex. Bar No. 24051289
Gillespie Sanford LLP
4803 Gaston Ave.
Dallas, TX 75246
Tel.: (214) 800-5111; Fax.: (214) 838-0001
Email: jim@gillespiesanford.com

JEFFREY A. BARTOS (pro hac vice)
D.C. Bar No. 435832
Guerrieri, Bartos & Roma, PC
1900 M Street, N.W. Suite 700
Washington, DC 20036
Tel.: (202) 624-7400; Fax: (202) 624-7420
Email: jbartos@geclaw.com

*Counsel for the APFA Defendants*

CHARLETTE L. BRODERICK
(pro hac vice)
Tex. Bar No. 24133870
Association of Professional Flight Attendants
1004 W. Euless Blvd.
Euless, TX 76040
Tel.: (682) 301-8454
Email: cbroderick@apfa.org

*Counsel for APFA*

## CERTIFICATE OF CONFERENCE

I certify that on March 8, 2024, counsel for the APFA Defendants conferred with Kerri Phillips, counsel for Plaintiff, by email regarding this motion. Ms. Phillips indicated that Plaintiffs oppose this motion. On this same date, I conferred with Michael R. Rake, counsel for Defendant Diversified, who stated that Diversified supports the relief requested.

/s/ *Jeffrey A. Bartos*
JEFFREY A. BARTOS

## CERTIFICATE OF SERVICE

I certify that on March 8, 2024, I electronically submitted this document to the clerk of the court for the U.S. District for the Northern District of Texas using the court's electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the following individuals, who have consented to accept this Notices as service of this document by electronic means:

KERRI PHILLIPS
K.D. Phillips Law Firm, PLLC
6010 W. Spring Creek Parkway

6

Plano, TX 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
         notice@KDphillipslaw.com

MICHAEL R RAKE
Michael R. Rake, Attorney at Law
PO Box 1556
Lake Dallas, TX 75065
Tel.: (940) 498-2103
Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com

                                                            */s/ James D. Sanford*
                                                            JAMES D. SANFORD