IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT (BOB) ROSS, | § | |
| Plaintiff/Counterclaim Defendant, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:22-cv-343-Y |
| ASSOCIATION OF PROFESSIONAL | § | Consolidated with 4:22-cv-430-Y |
| FLIGHT ATTENDANTS, *et al.*, | § | |
| Defendants/Counterclaim Plaintiffs, | § | Judge Terry R. Means |
| | § | |
| AND | § | |
| | § | |
| EUGENIO VARGAS, | § | |
| Plaintiff/Counterclaim Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| ASSOCIATION OF PROFESSIONAL | § | |
| FLIGHT ATTENDANTS, *et al.*, | § | |
| Defendants/Counterclaim Plaintiffs. | § | |

**THE APFA DEFENDANTS' RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS**

The Association of Professional Flight Attendants ("APFA"), its National President Julie

Hedrick and its National Treasurer Erik Harris (collectively, "the APFA Defendants") hereby

oppose Plaintiffs' Motion for Sanctions. Doc. 216.  As set forth below, the Motion should be

denied because the APFA Defendants have fully complied with this Court's Order and their

obligations under the Federal Rules of Civil Procedure.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 26, 2023, Magistrate Judge Cureton held a hearing addressing a number of

Plaintiffs' motions to compel.  As is relevant here, during the hearing, the Court engaged with

counsel on the subject of certain requests pertaining to former APFA officer Nena Martin.

Referring specifically to Plaintiff Ross's Second Motion to Compel, the Court identified the

document requests at issue as requests 1, 3, 4, and 6-11.  Appx. 3 (Tr. 19:6-9). Request 8

involved communications among certain people "discussing the Martin Article VII Arbitration,"

and Request 9 involved communications "discussing Nena Martin's charges against Melissa

Chinery-Burns."  Appx. 9-10. When asked by the Court about the relevance of documents

concerning Ms. Martin, Plaintiffs' counsel hypothesized that the internal union charges against

Martin were "part of a plot to attack … their administration," Appx.4 (Tr. 32), and that the "three

separate arbitration hearings" were thus all relevant to the claims herein, Appx.5 (Tr. 34:4-25);

*see also* Appx. 6 (Tr. 37:3-20). The Court concluded, based on those representations, that these

requests concerning Ms. Martin "could [] potentially lead to relevant evidence", and ordered the

defendants to produce documents responsive to the requests at issue. Appx. 6 (Tr. 37:22-23).[1]

The Court denied nearly all of the relief requested, but, as is relevant here, granted Mr.

Ross's motion "with regard to responsive documents related to Nena Martin." Doc. 187 (Order,

12/26/23).  The Court also ordered the APFA Defendants to "redouble their efforts" to find and

produce additional documents sent to or from Julie Hedrick. The Court set a deadline of January

25, 2024, for the production of documents, with the understanding that a confidentiality

agreement would be in place by that date. *Id.; see also* Doc.  219 (Order) at ECF 5 (discussing

confidentiality agreement issue).

Following the Court's Order, the APFA undertook to identify documents which had been

ordered to be produced.  Counsel for APFA led a process to locate the documents responsive to

---

[1]     Mr. Ross's Requests for Production included a separate Request for "All
documents produced to any party … in connection with [the] … Martin Article VII Arbitration."
Appx. 11 (Request 13).  Defendants' response objecting to that Request was not at issue in the
Motion to Compel and was not discussed in the hearing either. *See* Pl.'s' Br. Supp. 2d Mot.
Compel, Doc. 141, at 10-14 (identifying requests at issue);  Pl.'s' Reply, Doc. 173, at 4 (same);
Appx. 3 (Tr. 19:6-9).

Ross Requests 8 and 9, and to ensure that all responsive emails to or from Julie Hedrick, regardless of email address, were produced. This process resulted in the production of a substantial number of documents concerning Ms. Martin, as well as a limited number of documents regarding Ms. Hedrick (reflecting the fact that the prior production had been thorough).  Appx. 13-14 (Broderick Decl.), ¶¶ 2-5.

However, as the Court is aware, the parties did not agree upon confidentiality terms by January 25, and therefore APFA did not produce further documents by that date. As explained by the Court in its Order of March 1, 2024, the delay in production was "largely a result of Phillips' unwillingness to enter into a basic confidentiality agreement." Doc. 219 at ECF 6. Ultimately, an interim confidentiality agreement was reached on February 13, 2024, and the APFA Defendants produced over 2,600 pages pursuant to that agreement that same day. The APFA subsequently supplemented its production pursuant to its obligations under the Federal Rules.

Plaintiffs' counsel did not raise any specific issues regarding the APFA's document production, nor attempt to confer regarding any perceived deficiencies. Instead on February 21, 2024, counsel sent an email announcing that she would be "refiling our motion for sanctions as your document production and updated privilege log fails to comply with the court's orders to produce documents." Appx. 17.  In response to a request for explanation regarding the sufficiency of the production, counsel declined on the ground that "The number of documents and communications missing … are too numerous to itemize out" but otherwise offered no evidence or explanation for what she perceived as missing.  Appx. 16-17.   One week later, Plaintiffs filed the motion for sanctions.

Plaintiff seeks sanctions based on "Defendants continued and ongoing misconduct," involving "rising hostilities … [and] abuse." Doc. 216 at ECF p. 5, ¶ 5.  Plaintiffs assert broadly

that APFA has engaged in "Insurance Violations," *id.*, at ECF 5-7, did not comply with the

Court's Order of December 26, 2023, regarding document production, *id.*, at ECF p. 8-12, ¶ 4-

12, and engaged in "Deposition Abuse," *id.*, at ECF p. 12-13, ¶¶ 13-16.  For relief, Plaintiffs (in

their Proposed Order) seek partial summary judgment in their favor "by default."  Plaintiffs also

seek attorney's fees "for the pursuit and filing of [Mr. Vargas'] motions to compel," Doc. 216 ¶¶

24-25.  Plaintiffs do not, however, have a summary judgment motion on file, and Mr. Vargas'

motion to compel (Doc. 139 in his case prior to consolidation) was denied.  *See* Doc. 187

(Order).

## ARGUMENT

Plaintiffs' Motion should be denied.  The claims of "deposition abuse" and delay have all

been considered and soundly rejected.  *See* Order Granting Defs.' Mot. Sanctions, Doc. 219, at 4-

21.  The claims of "insurance violations," and supposed "ongoing hostilities" among the parties –

none of which have any basis in documented fact – are as immaterial as they are unsupported,

and need not be addressed here.  And the claims that the APFA Defendants in any way did not

comply with the Court's December 26 Order are without merit. The APFA Defendants produced

the documents ordered by the Court and made appropriate redactions based on attorney-client

privilege. Plaintiffs complain that two categories of documents concerning Nena Martin were not

produced, but those categories were not the subject of the Court's Order. And the responsive

documents from Ms. Hedrick's emails were searched for and produced.

Defendants emphasize, as a threshold matter, that Plaintiffs made no effort whatsoever to

confer regarding the issues of document production, redaction and privilege they now raise in the

first, which is itself grounds to deny the motion with respect to discovery.  *Greinstein v. Granite

Servs. Int'l, Inc.*, No. 2:18-CV-208-Z-BR, 2020 WL 10934898, at *4 (N.D. Tex. Aug. 25, 2020)

(denying motion for failing to properly confer; "[w]hen the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere") (Appx. 23); *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 400 (S.D. Tex. 2012) (collecting cases; "Plaintiff's single letter unilaterally identifying flaws in Defendant's discovery responses and setting an arbitrary response deadline for Defendant … does not equate to a good faith conferral or attempt to confer.").  In any event, as we demonstrate below, Plaintiffs request for any relief involving the discovery responses is without merit.

> A.      **The APFA Defendants Complied With the Court's Order.**

Plaintiffs seek sanctions based on Defendants' alleged failure to produce three categories of documents: (a) documents that were allegedly previously provided to Ms. Martin in connection with her APFA Article VII disciplinary hearings, (b) documents related to audits of Ms. Martin and another former officer, Marcy Dunaway; and (c) emails to or from Defendant Julie Hedrick. Doc. 216 at ECF 8-9.  This effort is misguided: the identified categories of Martin documents had not been ordered to be produced; and Ms. Hedrick's emails were thoroughly searched and responsive documents produced.

1.      As noted above, the issue before the Court regarding Ms. Martin involved Plaintiffs requests for communications among various APFA representatives "discussing the Martin Article VII Arbitration," or "discussing Nena Martin's charges against Melissas Chinery-Burns."  APFA searched for and produced documents responding to these requests.  *See* Appx. 13 (Broderick Decl.) ¶¶ 3-4.  These requests did not seek documents produced to Ms. Martin in response to a subpoena in her Article VII case, nor subsequent audits of Ms. Martin or Ms. Dunaway.  The former category of documents may have been responsive to Ross Document Request 13, to which the APFA Defendants had objected, but Plaintiff never sought to compel

production of those responses, nor did the Court so order.  The latter set of documents were not the subject of any discovery request, much less a Court order.[2]

2.    With respect to the Order that APFA "redouble its effort" to find responsive documents in Ms. Hedrick's email, the APFA did exactly what the Court ordered. Under supervision of counsel, Ms. Hedrick's email addresses were searched again to see if any responsive documents may not have been produced.  A handful of emails were found, many of which were duplicates of emails already produced from other sources, and these were then provided to Plaintiffs.  Appx. 14 (Broderick Decl.) ¶ 5.  The APFA complied with the Court's Order in this regard as well.

Accordingly, Plaintiffs' motion for sanctions based on the content of the APFA's document production should be denied.

B.    **The APFA Defendants Appropriately Redacted Documents.**

Plaintiffs claim that some of Defendants' documents were "redacted without explanation [and] … not listed on the privilege log, *as far as may be determined*." Doc. 216 at ECF 9 (emphasis added). These claims are based on mistaken presumptions, again due to Plaintiffs' failure to confer with Defendants' counsel, and are belied by the record.

---

[2]    Moreover, while the premise of Plaintiffs' Motion To Compel regarding Ms. Martin involved the theory that she was charged unfairly by the same APFA member who charged Plaintiffs, and thus arguably sought information which might shed light on the fairness of the charges against Plaintiffs, the motion for sanctions focuses on evidence regarding the financial practices of the current union administration – which has not been the subject of discovery, much less any motion practice or order. *See* Doc. 216 at ECF page 8, ¶ 5 (complaining that "No credit card statements, or receipts have been produced for … the Hedrick Administration").

Plaintiffs identify two pages, reproduced as their Appendix pages 22 and 23 (numbered APFA VII. 003523 and 003528 in APFA's production, respectively), which they claim are improperly redacted and absent from the privilege log. Both claims are erroneous.

Appendix page 22 (APFA VII.-003523) is listed in the privilege log as item No. 66. This redacted document is a February 27, 2023, email from National Secretary Joshua Black to the APFA National Officers and APFA in-house counsel Alyssa Urban and Charlette Broderick (née Matts). As a communication with counsel, the redacted document is subject to attorney client privilege.

Appendix page 23 (APFA VII.-003528) is also listed in the privilege log, as item No. 69. This redacted document is an email from APFA in-house counsel Alyssa Urban to the APFA National Officers, sent on August 1, 2022, and which forwards two prior emails among APFA in-house counsel Margot Nikitas and Alyssa Urban, APFA outside counsel Bill Osborne and Sanford Denison, and the National Officers, from February 28 and August 1, 2022, as well as an unredacted email from Kit Gomez Alba to National Secretary Joshua Black from February 27, 2022. Again, as a communication with counsel, this redacted document is also subject to attorney client privilege.

Plaintiffs' claims regarding redactions are mistaken.

**C.      The APFA Defendants Claimed No Improper Privilege.**

Plaintiffs next claim that "APFA lists communications between APFA and the Article VII Arbitrator as privileged communications" (Doc. 216 at ECF 11), that such communications should not be privileged, and that therefore Defendants are failing to produce responsive documents. Plaintiffs again misperceive the facts.

The APFA Defendants have not asserted a privilege as to communications with Article VII Arbitrator Armendariz. While Plaintiffs assert that Defendants include such communications in the privilege log, they identify no specific entries and the log itself does not list Arbitrator Armendariz as the author or recipient of any document for which a privilege is asserted.

Plaintiffs' Appendix pages 5-14, which is the February 26, 2024, version of APFA's privilege log, highlights entries listing "Article VII" as an author or recipient. Defendants infer that these are the privilege log entries which Plaintiffs contest. If so, Plaintiffs err in surmising that the designation "Article VII" refers to the Arbitrator. To the contrary, "Article VII" in the log refers to the email address "ArticleVII@apfa.org", which is an email account maintained by the APFA National Secretary to handle correspondence concerning Article VII arbitrations. All privilege log entries marking "Article VII" emails as privileged also indicate as an author or recipient one or more of the following attorneys – Jeffrey Bartos, Margot Nikitas, Charlette Matts, and Bill Osborne. These documents were all properly withheld as protected by attorney client privilege.

Plaintiffs' misreading of the production could have been remedied, and party and judicial resources conserved, had they conferred with counsel rather than sought judicial intervention in the first instance. The claim for sanctions should be rejected.

### D.    The Depositions Were Properly Conducted.

Plaintiffs also seek sanctions arising out of the February depositions of Mr. Ross and Mr. Vargas. Doc. 216 at ECF 12-13. Their contentions in this regard were thoroughly examined and rejected in the Court's Order granting Defendants' Motion for Sanctions. Doc. 219.[3] Plaintiffs

---

[3]    The Court found that Plaintiffs' counsel engaged in "combative and disruptive conduct" which "impeded, delayed, and frustrated" the depositions (*id*. at 18, 23), and which stood in contrast with the "restraint" of defense counsel. *Id*. at 19 n.16. The Court's findings on

raise no issues not already resolved by that Order, and the claim for sanctions on this basis

should be rejected.

## CONCLUSION

The APFA Defendants respectfully submit that Plaintiffs' Motion for Sanctions should be

denied.

Dated: March <u>21</u> , 2024                                        Respectfully submitted,

                                                                            _/s/ James D. Sanford_
                                                                            JAMES D. SANFORD
                                                                            Tex. Bar No. 24051289
                                                                            Gillespie Sanford LLP
                                                                            4803 Gaston Ave.
                                                                            Dallas, TX 75246
                                                                            Tel.: (214) 800-5111; Fax.: (214) 838-0001
                                                                            Email: jim@gillespiesanford.com

                                                                            JEFFREY A. BARTOS (pro hac vice)
                                                                            D.C. Bar No. 435832
                                                                            Guerrieri, Bartos & Roma, PC
                                                                            1900 M Street, N.W. Suite 700
                                                                            Washington, DC 20036
                                                                            Tel.: (202) 624-7400; Fax: (202) 624-7420
                                                                            Email: jbartos@geclaw.com

                                                                            *Counsel for the APFA Defendants*

                                                                            CHARLETTE L. BRODERICK (pro hac vice)
                                                                            Tex. Bar No. 24133870
                                                                            Association of Professional Flight Attendants
                                                                            1004 W. Euless Blvd.
                                                                            Euless, TX 76040
                                                                            Tel.: (682) 301-8454
                                                                            Email: Cbroderick@apfa.org

                                                                            *Counsel for APFA*

---

other specific issues included that the hotel conference room was an appropriate location (*id*. at 11), that the number of APFA representatives present was reasonable (*id*. at 10-11), and that defense counsel properly conducted the questioning of Mr. Vargas. *Id*. at 21-22.

## CERTIFICATE OF SERVICE

I certify that on March  21 , 2024, a true and correct copy of the foregoing document was

served upon all persons who have requested notice and service of pleadings in this case via the

Court's ECF system.

KERRI PHILLIPS
K.D. Phillips Law Firm, PLLC
6010 W. Spring Creek Parkway
Plano, TX 75024
Phone: (972) 327-5800
Fax: (940) 400-0089
Email: kerri@KDphillipslaw.com
notice@KDphillipslaw.com

MICHAEL R RAKE
Michael R. Rake, Attorney at Law
PO Box 1556
Lake Dallas, TX 75065
Tel.: (940) 498-2103
Fax: (940) 498-2103
Email: mrake1@mrakeattorney.com

 /s/      James D. Sanford
JAMES D. SANFORD