IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROBERT (BOB) ROSS, § § | |
| V. § § | CIVIL ACTION NO. 4:22-CV-343-Y (Consolidated w/ 4:22-CV-430-Y) |
| ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, et al., § § § | |
| EUGENIO VARGAS, § § | |
| V. § § | |
| ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS, et al., § § | |

## ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS

Pending before the Court is Plaintiffs' Motion for Sanctions [doc. 216]. Having carefully considered the motion, response, and the evidence presented, the Court concludes that Plaintiffs' motion should be **DENIED**.

### I.  LEGAL STANDARD

A court may sanction parties and their attorneys under the court's inherent powers. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44. "In order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in 'bad faith.'" *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995) (quoting *Resolution Trust Corp. v. Bright*, 6 F.3d 336, 340 (5th Cir. 1993)); *see Toon v. Wackenhut Corrs. Corp.*, 250 F.3d 950, 952 (5th Cir. 2001). "Courts have the authority to make credibility determinations to resolve whether such misconduct has occurred." *Howard v. State Farm Lloyds*, No. H-04-0352, 2005 WL 2600442, at *9 (S.D. Tex. Oct. 13, 2005). A primary purpose in imposing sanctions is to deter "frivolous litigation and abusive tactics." *Howard*, 2005

1

WL 2600442, at *9. The sanction imposed must be the least severe sanction adequate to achieve the purpose for which it is imposed. *Id.*

Ordinarily, a court should rely on sanctioning power granted by rule or statute, rather than imposing sanctions under its inherent powers. *Id.* at 50; *Allstate Ins. Co. v. Mader*, 201 F. App'x. 261, 265 (5th Cir. 2006). There are several rules in the Federal Rules of Civil Procedure ("FRCP") that authorize the issuance of sanctions and are applicable in this case. As relevant here, FRCP 37 "empowers the district court to compel compliance with Federal discovery procedures through a broad choice of remedies and penalties." *Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171, 1172 (5th Cir. 1977). Specifically, FRCP 37(b)(2)(A) allows a range of sanctions when a party fails to obey a court order to provide or permit discovery, including "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." FRCP 37(b)(2)(A)(i). Further, the court pursuant to FRCP 37(b)(2)(C), must "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances made an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

## II.  ANALYSIS

In their motion, Plaintiffs argue that the Court should sanction Defendants under Rule 37(b)[1] for: (1) insurance violations; (2) improperly delaying the production of documents beyond the Court ordered deadline; (3) withholding responsive documents related to Nina Martin; (4)

---

[1] Plaintiffs also move under Local Rule 7.1 and 7.2. This further adds to the confusion of the Court as neither of these rules laws the predict for the sanctions requested by Plaintiffs. Local Rule 7.2 addresses the formatting requirements for briefs filed with the Court as well as the filing of Amicus Briefs. Local Rule 7.1 addresses the required conference before filing certain motions as well as the requirements and time constraints of motion practice.

The Court notes that the email exchange between Plaintiffs' counsel and Defendants' counsel was wholly insufficient to satisfy the Court's conference requirements. Plaintiffs' counsel, despite multiple requests to do so, would not identify what she felt Defendants had failed to do and simply stated that she was filing her motion for sanctions and would consider the email their conference.

withholding responsive documents related to Julie Hedrick; (5) improperly redacting documents; (6) improperly claiming privilege; and (7) actions taken during Plaintiffs' depositions.[2] (*See generally* Plaintiffs' Motion for Sanctions ("Mot.")). Plaintiffs request that the Court grant their motion for sanctions against Defendants "by granting Plaintiff[s'] SEALED Motion for Summary Judgment." (Mot. at 14–15). In the alternative, Plaintiffs request that the Court grant them attorney's fees for the motions to compel filed in Vargas' case prior to consolidation.

The Court is perplexed by the relief requested by Plaintiffs as there is no Motion for Summary Judgment on file in this case, nor was there one on file at the time this motion was filed. If Plaintiffs intended for their motion for sanctions to also serve as a motion for summary judgment, it is wholly insufficient as there is no legal argument in support of such a motion. (*See generally* Mot.). Moving beyond the confusing nature of Plaintiffs' requested relief, even if there was a motion for summary judgment before the Court, what Plaintiffs request is not the type of relief which can be granted under Rule 37(b), nor any other rule that the Court is aware of.[3] Furthermore, the alternative relief requested—the granting of attorney's fees for the motions to compel in Vargas' case—has already been denied by this Court. (*See* ECF 187). Therefore, the Court need not reach the merits of the motion as the relief requested by Plaintiffs is improper. Accordingly, Plaintiffs' Motion for Sanctions [doc. 216] is **DENIED**.

SIGNED March 22, 2024.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

---

[2] A large portion of Plaintiffs' arguments have already been addressed and rejected by this Court. (*See* ECFs 187, 219).

[3] Under Rule 37(b)(2)(A)(vi), Plaintiffs can request that a default judgment be entered, however that is different in kind than the Court granting a separate, and not even filed, motion.

3