IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT (BOB) ROSS, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-CV-343-Y |
| | § | (Consolidated w/ 4:22-CV-430-Y) |
| ASSOCIATION OF PROFESSIONAL | § | |
| FLIGHT ATTENDANTS, et al., | § | |
| | § | |
| EUGENIO VARGAS, | § | |
| | § | |
| V. | § | |
| | § | |
| ASSOCIATION OF PROFESSIONAL | § | |
| FLIGHT ATTENDANTS, et al., | § | |

## ORDER GRANTING DEFENDANTS' APPLICATION FOR ATTORNEY'S FEES

Pending before the Court is Defendants' Application for Attorney's Fees [doc. 228].

Having carefully considered the motion and the evidence presented, the Court concludes that

Defendants' motion should be **GRANTED**.

On March 1, 2024, this Court granted Defendants' Motion for Sanctions [doc. 219].

Specifically, *inter alia*, the Court ordered:

1. Phillips shall pay Defendants' reasonable costs and attorney's fees for the February

   1–2, 2024 depositions, filing of this motion, and depositions ordered herein ("Court

   Ordered Depositions"); and

2. Defendants shall file with the Court an itemized and detailed list for their reasonable
   costs and attorney's fees, no later than seven days after the completion of the Court
   Ordered Depositions. Plaintiffs shall have seven days to file any objections to the
   reasonableness of those costs and attorney's fees submitted by Defendants.

   (ECF 219 at 23).

In compliance with the Court's order, Defendants filed their application for attorney's fees,

on March 22, 2024, requesting that the Court grant them $19,420.00 in reasonable attorney's fees

and $8,283.30 in costs. (ECF 228). Plaintiffs' seven-day objection period has run, and they did not file any objections to Defendants' requested fees or costs. Therefore, the Court will review the requested fees and costs in compliance with current Fifth Circuit precedent.

In the Fifth Circuit, the "lodestar" method is used to calculate attorney's fees for purposes of fee awards. *Tollett v. City of Kemah*, 285 F.3d 357, 367–68 (5th Cir. 2002); *McAfee v. Schneider Nat'l Carriers, Inc.*, No. 3:14-CV-1500-P, 2015 WL 9319178, at *2 (N.D. Tex. Dec. 23, 2015). In calculating a lodestar, the number of hours reasonably expended are multiplied by an appropriate hourly rate in the community for such work. *Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003) (citing *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999)). The Court then considers whether the lodestar figure should be adjusted upward or downward based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), overruled on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989). *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). "The lodestar, however, is presumptively reasonable and should be modified only in exceptional cases." *Watkins*, 7 F.3d at 457; *see Black v. SettlePou, P.C.*, 732 F.3d 492, 496 (5th Cir. 2013).

Defendants' requested costs and fees are as follows:

1. Reporter, February 1-2, 2024, depositions: $2268.50;

2. Reporter, Court Ordered Deposition of Mr. Vargas: $964.50;

3. Videographer, February 1-2, 2024, depositions: $1525.00;

4. Videographer, Court Ordered Depositions: $1295.00;

5. Deposition location, February 1-2, 2024, depositions: $1280.00;

6. Reasonable travel expenses for counsel, February 1-2, 2024, depositions: $950.30;

7. [Attorney's fees for the] Filling [sic] of Defendants' motion: $13,198.75;

8. [Attorney's fees for the] February 1-2, 2024, deposition: $3555.00;

2

9. [Attorney's fees for the] Court Ordered Depositions: $2666.25.

(ECF 228 at 2–3).

As a preliminary matter, Defendants' requested costs all comply with this Court's order and are hereby **GRANTED**. Turning now to attorney's fees, Defendants' application and appendix in support reveal that Defendants' counsel billed a total of $19,420.00 for four days of depositions and the relevant motion for sanctions. (ECFs 228, 229). The record also reflects that Defendants' counsel billed at a rate between $350.00 and $395.00 which is reasonable in this district. *See, e.g., Cloud v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*, No. 3:20-cv-1277-S, 2022 WL 2805527 at *13 (N.D. Tex. July 18, 2022). The Court finds that, pursuant to the loadstar method, the number of hours billed, and the billing rate are reasonable. Additionally, having considered the *Johnson* factors, the Court finds that the lodestar does not require any modification.[1] Accordingly, the Court finds that Defendants' application is **GRANTED** with regard to their attorney's fees.

---

[1] Specifically, the Court notes the following: (1) the time and labor required is proportional to the number of hours expended and the hourly rates charged by Defendants' counsel; (2) the issues involved were neither novel nor particularly difficult and did not require, based on the reasonable hourly rate requested and the amount of hours expended, a modification; (3) the hourly rate and amount of hours expended was reasonable in light of the novelty and difficulty of the discovery and sanction issues involved; (4) Defendants' counsel was precluded from doing other work, which was taken into consideration in the number of hours expended and the hourly rate; (5) Defendants' counsel sought a reasonable and customary fee based upon their skill, experience, and reputation; (6) the fee sought appears to be a fixed fee billed by Defendants' counsel to Defendants; (7) the number of hours expended and hourly fee charged was reasonable in light of the time limitations imposed by the Court; (8) the number of hours expended and hourly fee charged was reasonable based on the fact that Defendants were successful in pursuing their motion against Plaintiffs and based upon the type of case involved; (9) Defendants' counsel has considerable experience, a good reputation, and a successful law practice as evidenced by the exhibits submitted to the Court; (10) this case is not particularly undesirable and, thus, no upward modification is required; (11) there is no information regarding the length of Defendants' counsel's relationship with Plaintiff; and (12) the amount of attorneys' fees awarded is not excessive based on awards in similar cases.

3

## CONCLUSION

Based on the foregoing, the Court finds that Defendants' Application should be **GRANTED**. The Court finds that Defendants are entitled to **$19,420.00** in reasonable attorney's fees and **$8,283.30** in costs.

It is therefore **ORDERED** that Plaintiffs' counsel shall pay Defendants **$19,420.00** in reasonable attorney's fees and **$8,283.30** in costs for a total of **$27,703.30**. Payment is due **within 30 days of the date of this order** unless the parties and counsel agree to a different payment schedule.

**IT IS SO ORDERED**

SIGNED April 2, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE