1. Provide payback of accrued vacation allowance to be taken in corresponding consecutive vacation days in a block(s) that is seniority respective at his/her domicile per Article 6.1 of the AA/APFA Collective Bargaining Agreement, within 13 months following the end of the applicable term; or

2. The APFA will provide the departing National Officer with the appropriate Flight Attendant vacation by means of cash reimbursement at a rate prorated on the National Officers annual salary for the period of APFA vacation allowance owed less applicable state and federal taxes.

Plaintiff argued that Defendant Ross was paid 14 days of vacation for fiscal year 2017 which ran from April 2016 and through March 2017. Ross used four vacation days and was entitled to be paid out 14 of the remaining 31 days. Ross was paid that amount in 2017. In fiscal year 2018 Ross was entitled to be paid out an additional 14 vacation days as he used 6 days and should have received the maximum 14 days. Ross was also entitled to his end of term vacation which provides that he can receive vacation he would have accrued during present and previous year. For bidding purposes as a Flight Attendant, he should have received 35 days of vacation.  So, the total amount Ross should have received in 2018 was 49 days which would have been 35 days for the end of term and 14 days maximum payout for fiscal year 2018. This is on top of the 14 days Ross already received for fiscal year 2018.

Plaintiff additionally argued that Ross received 101.44 days paid out in the amount of $38,574.68. Part of this payment includes the inflated pay which is the subject of a separate violation. Ross was overpaid 52.44 hours of vacation.

Defendant Ross argued the Ross TA is controlling. Defendant Ross would be paid any and all accrued and unused sick and vacation from April 1, 2016 – July 31, 2018. The calculation of the unused days was to be paid as though Ross was able to use any of those days while in office as President for his remaining 5 months had he not resigned. There was no agreement that these days were not to be paid per Policy as the Charging Party insists. An investigation into the payout of the Sick and Vacation days paid, brought about by the Charging Party's allegations, revealed Ross was not properly paid all of his accrued and unused Sick days from April 1, 2016 – July 31, 2018. Ross earned and did not use 18 Sick days in each of the fiscal years April 2016-March 2017 and April 2017-March 2018. Ross was only paid Per Policy 6.B.3.d Offset/Loss of Sick Time, of 12 days for each fiscal year. The additional 12 days, (6) days Apr. 2016-2017 and (6) days Apr. 2017-2018 have still not been acknowledged or paid to Ross in accordance with the Ross TA. The value of these lost Sick days, depending on the calculation used, is in excess of $3400 is still owed to Ross.

The arbitrator finds that MEA and SAF is guaranteed to the National Officers to compensate them for not working as a Flight Attendant.  The TA provides for "Full Salary" including benefits.  While one can argue that MEA and SAF is a guaranteed benefit, the Policy Manual states it is not wages or benefits but rather are expenses as stated in Section 5 of the Policy Manual. The TA does not mention MEA and SAF as a benefit but the purpose of providing a guaranteed MEA and SAF to the National Officers so they would not suffer monetarily. MEA and

**APPENDIX 134**

SAF is a guaranteed expense to be paid monthly to the National Officers. If Defendant Ross did not receive the MEA and SAF that he was guaranteed as a National Officer, it would then be reasonable to assume that he would suffer monetarily. The TA states he will continue to receive his current full salary and benefits. The language regarding benefits in Section 6 of the Policy Manual and expenses in Section 5 of the Policy Manual is clear and unambiguous. However, if the BOD enters into a TA with an employee to pay his full salary for an additional 5 months without working then the TA language would be in conflict with the language over expenses (guaranteed MEA and SAF for National Officers) in Section 5 of the Policy Manual. During these five months of the TA that Defendant Ross was paid his full salary, no evidence was introduced that Defendant Ross worked as a Flight Attendant while receiving guaranteed MEA and SAF. Under normal circumstances, expenses are listed in box 1 of a W-2 but they are not considered wages or salary. It is therefore, the Opinion of this arbitrator the intent of the TA reached between Attorney Mark Richards, Robert Ross and the 2018 BOD was for the purpose of maintaining the "status quo ante" for Defendant Ross. Thus, it would be reasonable to conclude Defendant Ross received MEA and SAF for the months of March through July 2018 as a guaranteed expense benefit. However, it should be noted that MEA and SAF are expenses and are not to be included in or considered with his full salary for use in the payout determination of accrued sick and vacation leave. For these reasons, the arbitrator is of the Opinion this charge over MEA and SAF should be dismissed.

With respect to sick and vacation payout, the APFA Board of Directors has determined that Defendant Ross was overpaid in the amount of $5,436.47 in 2018. "The Board's finding was based on the results of a review from an independent accounting firm which determined that the formula used to determine the daily rate for your sick and vacation payout was incorrect." Record evidence revealed National Treasurer Vasquez admitted he had changed the formula without the approval of the BOD or the EC.

Moreover, it is the arbitrator's understanding that Defendant Ross has refused to repay $5,436.47 to APFA and is presently in litigation to recoup the money owed to APFA. The arbitrator finds this is very troublesome in view of the fact that he is a standing Board member and the other National Officers have acknowledged the computation of their debt and has either paid their debt in full or have arranged to pay off their debt. As National President, Defendant Ross was elected to a position of trust with the responsibility of protecting APFA assets. Ross has a Fiduciary duty to the membership of the APFA and this arbitrator finds that he has abused this trust.

It is therefore arbitrator's Opinion, Defendant Ross has failed and abused his Fiduciary Duty. The non-payment of these monies reveals Defendant Ross is not accepting this responsibility. Thus, it is this arbitrator's Opinion that Defendant Ross should be and is hereby Ordered to immediately repay the APFA $5,436.47.

**Leasing an Apartment at the Bear Creek Complex**

The APFA provides National Officers two choices for relocating to the Dallas metroplex. They can either accept a corporate apartment or they can accept the relocation moving expense entitling them up to $10,000 in moving expenses. But they are required to select their choice before they move. Here, the record evidence revealed Defendant Ross accepted both choices. Plaintiff argued that Defendant Ross leased an apartment at the Bear Creek Complex on June 1, 2016.

Defendant Ross testified and denied leasing an apartment at the Bear Creek Complex but after Plaintiff showed him documentation, Defendant Ross then admitted that he had leased the apartment at the Bear Creek Complex for one year to be paid by APFA.

On Defendant Ross's weekly report, he claimed that he was house hunting on June 7 and 8, 2016. Defendant Ross explained that his children's school in California ended in June 2016. Kim Ross, packed household items into pods without furniture because their furniture was too large for the South Lake home and was delivered in August 2016. Defendant Ross decided to order furniture from Ashley furniture and ordered $3,637.00 worth of furniture on August 13, 2016 with the APFA credit card. Defendant Ross denied that he had ordered the furniture for his residence, that it was ordered for the corporate apartment because it had no furniture. Documentation was presented to Defendant Ross revealing he had the furniture delivered to the South Lake residence on August 18 and 25, 2016. Thus, Defendant Ross chose both options for his own personal benefit and was not looking out for APFA's benefit. He also acquired APFA furniture to be moved to his his residence per Mike Trapp's testimony when he was not entitled to do so. As a result of his actions, the corporate apartment he leased for his own personal benefit at the Bear Creek Complex cost APFA $8,106.13 which is an unnecessary expense for the APFA.

Thus, it is the arbitrator's Opinion, that Defendant Ross abused his Fiduciary duty to the membership of the APFA and should be assessed the cost of leasing that apartment in the amount of $8,106.13.

**Conclusion:**

The arbitrator finds that throughout this proceeding, Defendant Ross *intentionally and willfully* ignored the provisions of the APFA Policy Manual and thus, has violated and abused his fiduciary duty entrusted to him by the APFA membership. Ross's testimony was inconsistent and not forthright. Because Ross abused his position of trust as well as his fiduciary duty to the membership of the APFA, he can no longer hold a position of trust with the APFA. Moreover, Article VII, Section 1 of the APFA Constitution provides that:

1. Any member is subject to fine, suspension or expulsion, or suspension from or removal from office, for any of the following acts:

……

F. Willful violation of an express Article of this Constitution, or of a proper and express written resolution or policy of the Board of Directors or the Executive Committee;

Here, Defendant Ross has overwhelmingly violated the APFA Policy Manual and APFA Constitution. Ross has refused to repay APFA for an inappropriate overpayment in the amount of $5,436.47. The Union has been forced to put the matter in collections after Ross refused and is now forced to commence a lawsuit against Ross. The policy manual has a procedure for APFA representatives to follow if they disagree with the determination on any expenses which is to appeal to the APFA Executive Board and Board of Directors per Section 5.B. Ignoring the Board of Directors is not an option, especially *for a sitting Board member*. John Nikides testified that Ross's refusal to repay APFA as a sitting Board member undermines the Union, and the memberships faith in its officers.

**APPENDIX 136**

Plaintiff argued that Defendant Ross should be expelled from membership. It is the Opinion of this arbitrator that Defendant Ross should be prohibited from serving in any official position for life within the APFA organization that is set forth and included in the APFA Constitution and Policy Manual that is covered or identified. Additionally, if Ross currently holds any official position presently, he is to resign said position. This is to bar Ross from any official position for life other than that of member.

### REMEDY

1. The APFA will hire an Independent Forensic Auditor to audit Robert Ross' weekly reports, monthly reports and APFA credit card charges from April 1, 2016 through July, 2018 and perform the following tasks:

Specifically:

   a. The Auditor shall inspect the receipts for the Ross family vacation taken in the Grand Canyon in August 2016. Ross claimed all of hotel stays, meals and mileage charges as relocation moving expenses when some are for a personal vacation. Please determine what costs should not have been claimed as relocation moving expenses. Ross is liable for the excess cost and is hereby Ordered to repay APFA for all inappropriate charges!

   b. The Auditor shall inspect Ross' APFA credit card usage for personal and group meals and purchases for personal items such as tools, toiletries, bath towels, and candy from April 1, 2016 through July 2018 and determine the cost of all inappropriate charges. If no documentation was provided to support each purchase was a union related business cost, then Ross is liable for all inappropriate charges and is hereby Ordered to repay the APFA for all inappropriate charges!

   c. The Auditor shall inspect all of Ross' rental car usage from April 1, 2016 through October 16, 2016 and determine if these rentals were for union related business. the entire cost for. APFA paid for the rental cars but there should be documentation to show if it was for union related business. If not, Ross is to be assessed the cost of the rental cars during the above period and is hereby Ordered to repay APFA for inappropriate rental car usage!

   d. The Auditor shall inspect all of Ross' claimed mileage from the Sacramento Airport to his residence (42 miles) and return (42 miles) as well as all monthly parking of his personal car. He claimed $105.00 per month from April 1, 2016 through July 2016 to park his car at the Sacramento airport. Ross is to be assessed the mileage and monthly parking he claimed and Ross is hereby Ordered to repay APFA for all of these inappropriate charges!

2. Ross is hereby Ordered to immediately repay the APFA $5,436.47 per the finding of the APFA Board of Directors. An independent accounting firm determined the formula used to determine the daily rate assessed for sick and vacation payout was incorrect.

3. Ross is hereby Ordered to repay the APFA $8,106.13 for leasing an apartment at the Bear Creek Complex where he had no intention of occupying.

4. Ross is hereby fined and Ordered to repay the APFA for all of the Arbitrator's Fee for this arbitration.

**APPENDIX 137**

5. Ross is hereby ordered to repay the APFA the full cost of hiring the Independent Forensic Auditor.

6. Ross is hereby Ordered to repay $3,637.00 to the APFA for all of the furniture he had purchased and delivered to his residence located in South Lake, Texas.

7. Ross is prohibited from serving in any official position within the APFA organization that is set forth and included in the APFA Constitution and Policy Manual that is covered or identified. If Ross currently holds any official position presently, he is to resign said position. This is to bar Ross from any official position for life other than that of member.

8. The APFA if it hasn't done so, must create a separate body of trained forensic accountants to oversee the annual audit and to create procedures and recommendations to preclude fraud for the BOD's review and action to be included within the Policy Manual. National Officers or Officers who have the authority to extend APFA to credit or use of an APFA credit card must be held economically responsible. The language created must be very clear and unambiguous. Training over the LMRDA must be a requirement for all National Officers or any person who can extend APFA to credit and whom is given an APFA credit card. These individuals must sign a document declaring and attesting that they have read and understand their responsibilities in using an APFA credit card or extending credit to the APFA for rental cars, apartments, etc., and that negligence will not be tolerated and will be dealt with severe penalties.

9. The arbitrator shall retain jurisdiction over any issue involving this remedy only. Moreover, if the Independent Auditor determines any monies are due from Ross, that will be the amount to be assessed or due for repayment to the APFA. The APFA shall either Order said repayment from Ross or submit the Independent Auditors findings to have this arbitrator issue a Supplemental Decision and Remedy.

**AWARD**

The grievance is sustained in part and denied in part.

**Issued in San Antonio, Texas the 19th day of March, 2021.**

Ruben R. Armendariz, Arbitrator

**APPENDIX 138**

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
FT.WORTH DIVISION

|  |  |
|---|---|
| Plaintiff, | § |
|  | § |
|  | § |
|  | § |
|  | § |
|  | § |
|  | § |
| V. | § |
|  | § |
| DIVERSIFIED CREDIT SYSTEMS, | § |
| ASSOCIATION OF PROFESSIONAL | § |
| FLIGHT ATTENDANTS, JULIE |  |
| HEDRICK, ERIK HARRIS, |  |
| Defendants. |  |

AFFIDAVIT OF EUGENIO VARGAS IN SUPPORT OF PLAINTIFF'S
ORIGINAL PETITION AND MOTION TO VACATE

BEFORE ME, the undersigned authority, on this day personally appeared Eugenio

Vargus, who being by me first duly sworn, did state:

1.    "I am employed as a Flight Attendant working with American Airlines,

Inc. and I served as the National Treasurer for the Association of

Professional Flight Attendants ("APFA"), from April 1, 2016 to July 1,

2018.  I have personal knowledge of the fact, I am 21 years or older and

of sound mind to make these statements.

a.  During my administration of my duties as National Treasurer, it was

my responsibility to review all incoming charges, expenses and

receipts of the APFA National President.  It was my responsibility to

raise any concern and forward any charge or receipt with which I

questioned as to whether it was a valid business-related expense,

1 of 2

**APPENDIX 139**

back to the individual for a more detailed explanation prior to granting approval or denial.

b.  At that time I served with Robert "Bob" Ross ("Ross") as the National President of APFA.  Any charges made by Ross, that I questioned were cleared and all questions rectified. Any of Ross's union credit card charges, expenses and receipts that I reviewed and approved were in compliance with APFA policy at the time of approval.

c.  Charges made by Robert "Bob" Ross never gave rise to any suspicion of theft, misappropriation, or breach of his fiduciary duty, or conduct unbecoming an APFA officer whatsoever.

d.  On or about May 25, 2018, I had a conversation with Robert (Bob) Ross regarding any outstanding charges that should be repaid to APFA.  I informed him the charges made for his furniture for the APFA apartment should be repaid.  He authorized me to contact APFA payroll and have the expenses of $3637.92 - $331.28 (deduction for returned furniture) deducted from his payroll, which I sent an email to payroll to have these funds deducted.

FURTHER AFFIANT SAYETH N●T.

_____

**Eugenio Vargus**

Eugenio Vargas who produced Texas drivers license as identification

**APPENDIX 140**

SWORN AND SUBSCRIBED TO before me on this <u>17th</u> day of April, 2022.



Notary Public, State of Texas
Remote Online Notary Public
State of Texas, Jefferson County

ECHANDA MANETTE GOODMAN
Notary ID #132642149
My Commission Expires
August 25, 2024

KBA online using audio video communication

**APPENDIX 141**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION**

| | | |
|---|---|---|
| **ROBERT "BOB" ROSS** | § | |
| **Plaintiff/Counterclaim Defendant** | § | |
| | § | **Case No. 4:22-CV-00343-Y** |
| | § | |
| | § | |
| **ASSOCIATION OF** | § | |
| **PROFESSIONAL FLIGHT** | § | |
| **ATTENDANTS, MCGAUGHEY,** | § | |
| **REBER AND ASSOCIATES, INC.,** | § | |
| **JULIE HEDRICK, ERIK HARRIS,** | § | |
| **LARRY SALAS, JOSH BLACK** | § | |
| **Defendants/Counterclaim Plaintiff.** | § | |
| | § | |
| **EUGENIO VARGAS** | § | |
| **Plaintiff/Counterclaim Defendant** | § | |
| | § | **Case No. 4:22-CV-00430-Y** |
| | § | |
| | § | |
| **ASSOCIATION OF** | § | |
| **PROFESSIONAL FLIGHT** | § | |
| **ATTENDANTS, JULIE HEDRICK,** | § | |
| **ERIK HARRIS, LARRY SALAS,** | § | |
| **JOSH BLACK** | | |
| **Defendants/Counterclaim Plaintiff.** | § | |
| | § | |

---

**AFFIDAVIT OF HEIDI MORGAN**

---

BEFORE ME, the undersigned authority, on this day personally appeared Heidi Morgan, who being by me first duly sworn, did state:

1.  "I am employed as a flight attendant working with American Airlines, Inc. since 1986, and I am currently serving as APFA Miami Base Vice-President. I have personal knowledge of the facts contained herein, I am 21 years or older and of sound mind to make these statements.

**APPENDIX 142**

a. In 2021, I participated as a representative for Eugenio Vargas' in his APFA disciplinary arbitration hearing brought on behalf of the union by Melissa Chinery-Burns and Sandra Lee. I further participated as a representative for Nena Martin in her APFA disciplinary arbitration hearing brought on behalf of the union by Melissa Chinery-Burns and Sandra Lee. The charges sought disciplinary measures against Eugenio Vargas and Nena Martin for their participation in the alleged overpayment of Robert "Bob" Ross under his Transition Agreement among other charges.

b. Whilst serving as representative to Nena Martin, I served Erik Harris, APFA National Treasurer and APFA custodian of record, with a signed subpoena making the following requests:

"1.    Any and all communication between Hal O'Neil, CPA from Certified Public Accountants Firm Wood, Stephens & O'Neil, L.L.P. and APFA regarding the Ross Transition Agreement.

2.    Any and all internal APFA emails which distributed the communications between Hal O'Neil and APFA to the designated parties." ("Confidential Memo Subpoena").

c. The initial subpoena was served on April, 20, 2022. It is standard for document production to be served in APFA's Digify Software Program within two to four days from the date reflected on the signed subpoena.

d. An email was deposited into APFA's Digify Software Program dated April 20, 2022, wherein Erik Harris forwarded to Margot Nikitas and the four National

**APPENDIX 143**

Officers an email exchange between Hal O'Neil and Erik Harris to schedule a meeting for discussion and review of the Ross Transition Agreement.  A true and correct copy of this email is attached hereto and marked as <u>Exhibit B-1.</u>

e.  No documents transmitting the Confidential Memo were produced before May 3, 2022.  A true and correct copy of email exchanges made regarding Nena Martin's Arbitration Hearing are attached hereto and marked as <u>Exhibit B-2</u>.

f.  On or about May 3, 2022, I spoke with Erik Harris on a telephone conversation about the failure to produce the internal emails distributing the Confidential Memo.  Erik Harris informed me that he received the Confidential Memo Email from Hal O'Neil on October 22, 2020, and that upon its receipt on October 22, 2020, Mr. Harris immediately forwarded the Confidential Memo Email to Julie Hedrick, AFPA National President, Josh Black, AFPA National Secretary, Larry Salas, AFPA National Vice-President ("APFA National Officers") Margot Nikitas, AFPA General Counsel, and William Osborne, APFA Outside Counsel.

g.  In this May 3, 2022 conversation, Erik Harris also stated that upon receipt of the Confidential Memo Subpoena Mr. Harris resent the Confidential Memo Email to the APFA National Officers and to Nikitas on April 20, 2022.  Mr. Harris further stated that in response to the request for email distribution of the Confidential Memo, Nikitas advised Mr. Harris not to produce any internal emails.  Mr. Harris stated that he followed Nikitas's legal advice on this matter.

h.  In this May 3, 2022 conversation, Erik Harris further stated that he did not disclose the Confidential Memo to the APFA Board of Directors and the APFA

Executive Committee, revealing only the spreadsheet attachments, because he did not believe the Confidential Memo was relevant to the charges against Ross and Vargas.

i.   I discovered on the evening of May 3, 2022 that an email dated for April 20, 2022 ("April 20, 2022 Email") was deposited into APFA's Digify Software program responsive to the Confidential Memo Subpoena. This email shows that Mr. Harris received an email from Hal O'Neil dated October 22, 2020 containing the Confidential Memo ("Confidential Memo Email").  Mr. Harris forwarded the Confidential Memo Email to Julie Hedrick, AFPA National President, Josh Black, AFPA National Secretary, Larry Salas, AFPA National Vice-President, Margot Nikitas, AFPA General Counsel on April 20, 2022.  A true and correct copy of the April 20, 2022 email is attached hereto and marked as Exhibit B-3.

j.   On or about October 11, 2022, I was served with a subpoena by Robert "Bob" Ross on his pending case numbered 22-CV-00343 pending before the Northern Texas Federal District Court, wherein Ross sought any documents in my possession related to the disciplinary arbitration hearings against Robert "Bob" Ross, Eugenio Vargas, or Nena Martin.  In response to the subpoena request, I delivered a true and correct copy of the April 20, 2022 email exchange, and email exchange between Hal O'Neil and Erik Harris.

**APPENDIX 145**

FURTHER AFFIANT SAYETH NOT.

_Heidi Morgan_
_____
Heidi Morgan

State of Florida
County of Palm Beach

    SWORN AND SUBSCRIBED TO before me on this  31  day of July 2023.



                                                      Darien Hernandez
_____
Notary Public, State of Florida

This notarial act was an online notarization
produced a Florida Driver License

**Margot Nikitas**

| | |
|---|---|
| **From:** | Erik Harris |
| **Sent:** | Wednesday, April 20, 2022 6:19 PM |
| **To:** | Margot Nikitas; Officers |
| **Subject:** | FW: Meeting next week? |

--
# Erik Harris *Pronouns: he, him, his*
National Treasurer
**Association of Professional Flight Attendants**
Office 817.████████ | Email eharris████████
*The content of this email is intended solely for the recipient(s).*
*It is not to be shared, forwarded or posted without the author's written consent.*



> **From:** Hal O'Neil <oneil████████
> **Date:** Monday, September 14, 2020 at 1:26 PM
> **To:** Erik Harris <eharris████████
> **Cc:** Chris Thedford <cthedford@ ████████ Pam Bush <pbush ████████
> **Subject:** Re: Meeting next week?
>
> Erik, Chris.......Pam and I can meet this Thursday around 9:00 AM at your office to go over the Bob Ross document list.   Is this OK?

Thanks, Hal

_____
Hal O'Neil, CPA
Wood, Stephens & O'Neil, L.L.P.
6300 Ridglea Place, Suite #318
Fort Worth, TX  76116

███████████████████████████

*Important/confidential: This communication and any files or documents attached to it are intended only for the use of the person(s) or entity to which it is addressed; consequently, it may contain information which is privileged and confidential.  If you are not the intended recipient(s) of this communication, you are hereby notified that the copying, distribution or other use of this communication is strictly prohibited.  If you have received this communication by mistake, please notify the sender immediately by electronic mail and destroy all forms of this communication (electronic or paper).  Thank you.*
_____
*Any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, by the recipient for the purpose of avoiding tax penalties that may be imposed or promoting, marketing or recommending to another party any transaction or tax-related matter(s).*

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

APPENDIX 147

On Thu, Sep 10, 2020 at 12:46 PM Erik Harris <eharris█████████ wrote:

Hey Hal-

My apologies. I'm finally getting a chance to catchup on emails.

Yes, Thursday the 17th will work for us. I will be on vacation, however, the other officers will be available.

Thanks,

Erik

--

# Erik Harris

National Treasurer

## Association of Professional Flight Attendants

Office ████████ | Email treasurer████████

*The content of this email is intended solely for the recipient(s).*

*It is not to be shared, forwarded or posted without the author's written consent.*

**From:** "oneil@████████ <oneil████████
**Date:** Wednesday, September 9, 2020 at 3:46 PM
**To:** Erik Harris <eharris█████
**Cc:** Chris Thedford <cthedford@████ Pam Bush <pbush@w██████
**Subject:** Meeting next week?

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

**APPENDIX 148**

Erik........Last week I responded to your email regarding our review of the Bob Ross documents.  Pam and I can come out to your office on Thursday morning the 17th to meet with you, Chris and hopefully Margot before we begin this process.  I just want to make sure all of us are in agreement of what needs to be completed before Sept.24th.  Will that morning work for you?

Hal O'Neil, CPA
Wood, Stephens & O'Neil, L.L.P.
6300 Ridglea Place, Suite #318
Fort Worth, TX  76116

*Important/confidential: This communication and any files or documents attached to it are intended only for the use of the person(s) or entity to which it is addressed; consequently, it may contain information which is privileged and confidential.  If you are not the intended recipient(s) of this communication, you are hereby notified that the copying, distribution or other use of this communication is strictly prohibited.  If you have received this communication by mistake, please notify the sender immediately by electronic mail and destroy all forms of this communication (electronic or paper).  Thank you.*

*Any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, by the recipient for the purpose of avoiding tax penalties that may be imposed or promoting, marketing or recommending to another party any transaction or tax-related matter(s).*

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

APPENDIX 149

**From:** Heidi Kidwell
**Sent:** Tuesday, April 19, 2022 6:27 PM
**To:** ArticleVII; Nena Martin
**Subject:** FW: Chinery-Lee v. Martin-- Subpoenas

Josh,

Please forward to the Arbitrator immediately.

Heidi

Arbitrator Armendariz,

After extensive discussions if Chinery and Lee  care to dismiss all charges then we will withdraw our subpoena  requests, but otherwise, the documents are pertinent to our defense in its totality and are absolutely necessary.  Furthermore, as stated earlier denial of them would place any award issued by the arbitrator into question under article 9 section 10 of the FAA to vacate an award.

In addition, Section 102 gives Nena Martin the right to sue for violation of Section 29 U.S.C.  411. Ms Nikitas should be reminded that there are criminal and civil penalties for violations of this statute.  The Pennsylvania Bar will also be noticed of her infringement of a members bill of rights.

Margot Nikitas works for Nena Martin as much as she does Chinery and Lee and we demand the same consideration, frankly, more so because we should have complete access to all documents needed to exonerate Nena Martin.

This attempt to stifle a members access to information that is pertinent to her case is illegal.

Heidi Morgan
For
Nena Martin

**From:** Heidi Kidwell <heidimorgan65███████>
**Date:** April 19, 2022 at 5:25:22 PM EDT
**To:** ArticleVII <ArticleVII@████████ Nena Martin <nenarott██████>
**Subject: RE: Chinery-Lee v. Martin-- Subpoenas**


Josh,

Please send to the Arbitrator immediately.

Heidi

Arbitrator Armendariz,

The requested documents are absolutely necessary for the totality of our case. They are clarifying documents and we are renewing our request for the subpoenaed items.  To withhold this information from us would be a refusal to provide evidence pertinent and material to the controversy.

Ms. Nikites is showing complete partiality and bias to the charging party. Ms. Martin has rights under the Federal Arbitration Act that must not be violated or this award could end up in Federal Court due to the prejudice being exhibited when denying our request.

APFA has no right to determine the relevance of our requested documents.

We are renewing our request for these documents.

Heidi Morgan
For
Nena Martin

Sent from Mail for Windows

**From:** ArticleVII
**Sent:** Tuesday, April 19, 2022 4:39 PM
**To:** Heidi Kidwell; Nena Martin
**Subject:** FW: Chinery-Lee v. Martin-- Subpoenas


**From:** Margot Nikitas <MNikitas█████████
**Date:** Tuesday, April 19, 2022 at 2:49 PM
**To:** ArticleVII <ArticleVII███████
**Subject:** Chinery-Lee v. Martin-- Subpoenas

Hi Josh,

Please send this email to the Arbitrator with a copy to all parties and their representatives.

Thanks,
Margot

Arbitrator Armendariz,

APFA is in receipt of your email dated April 18, 2022, stating: "Inform Erik Harris to provide the requested documents per the subpoena's request." As such, APFA will provide electronic copies of the requested documents and there is no need for a conference call to discuss this matter. We are working now to provide all of the requested documents.

APFA also is in receipt of the Charging Parties' email dated April 18, 2022, stating in part: "In light of the decisions in the cases of Chinery/Lee vs Ross and Chinery/Lee vs Vargas, we are withdrawing the portion of our charges related to Nena Martin's failure to properly administrate the exit package provided to

**APPENDIX 151**

Bob Ross." Since this claim has been withdrawn, any subpoenaed documents related to the Bob Ross Transition Agreement are unrelated and irrelevant to this proceeding and will not be provided.

Finally, APFA respectfully requests that the Arbitrator signed the attached revised protective order necessary to protect confidential APFA financial records produced in this proceeding. The revised order clarifies that documents are to be returned or permanently deleted within 7 days of the submission of post-hearing briefs.

Thank you,
Margot

Margot A. Nikitas *Pronouns*: *she, her, hers*
General Counsel
Association of Professional Flight Attendants
1004 W. Euless Boulevard
Euless, TX 76040
███████████████

www.apfa.org

**Confidentiality Notice:** The content of this email message is intended for the confidential use of the intended recipient only. The information may be privileged, confidential and protected from disclosure. Recipients should not file copies of this email with publicly accessible records. If you are not the intended recipient, you have received this email in error, and any further review, dissemination, distribution, copying or forwarding of this email is strictly prohibited. If you received this email in error, please notify me immediately at 817.540.0108 ext. 8108 or by return email and then delete this email in its entirety. Thank you.

**From:** ArticleVII <ArticleVII██████████
**Date:** April 27, 2022 at 10:02:13 AM EDT
**To:** Heidi Kidwell <heidimorgan65███████████ Nena Martin <nenarott████████
**Subject: Fwd: Subpoena for documentation**

---

**From:** Ruben Armendariz <arbruben@███████████
**Sent:** Wednesday, April 27, 2022 8:38:23 AM
**To:** ArticleVII <ArticleVII█████████
**Subject:** Re: Subpoena for documentation

Josh and Margot,

Please provide the information requested to Ms. Morgan. If you don't have the info, please state why you don't have the info!

Sent from my iPhone
Ruben R. Armendariz, Arbitrator
Member: National Academy of Arbitrators

████████████████████████

arbruben████████████

On Apr 27, 2022, at 8:20 AM, ArticleVII <ArticleVII██████████ wrote:

---

**From:** Heidi Kidwell <heidimorgan65███████████
**Sent:** Wednesday, April 27, 2022 5:08:43 AM
**To:** Erik Harris <eharris@██████████>; ArticleVII <ArticleVII@██████████ Nena Martin <nenarott████████
**Subject:** FW: FW: Subpoena for documentation

Josh,

This communication is both for Treasurer Erik Harris and the Arbitrator. I am copying in Erik and request you immediately forward to Arbitrator Armendariz.

Heidi

Erik,

On 4/20/22 we requested 2 simple things by legally signed subpoena from our Arbitrator. Today, 4/27/2, one week later, we have yet to receive those documents which must still be exchanged. This is not acceptable.

**APPENDIX 153**

I would like some simple answers. Do you have these documents prepared to send? If so, why haven't you sent them? Has anyone told you not to release these documents per the subpoena? If so, who?

For your information Section 10 of the Federal Arbitration Act outlines grounds by which an Award can be vacated. Where there was corruption, fraud or undue means. If there is evident partiality, refusing to hear evidence pertinent and material to the controversy or any other misbehavior by which the rights of any party have been prejudiced.

In all of these situations your department would be a named party in refusing to provide documents which were to be released to us.  Your department has a duty to fulfill the signed subpoenas and if you are being given legal advice to NOT provide them we demand to know so the Arbitrator knows exactly what we are dealing with.

We request an answer today, 4/27/22.  If you do not expeditiously provide these documents we will consider requesting a delay in hearing which will need to be granted per the F.A.A. because we can show sufficient cause by presenting the APFAs refusal to provide subpoenaed documents which are pertinent and material to the controversy.

Thank you,

Heidi Morgan
For
Nena Martin

Sent from Mail for Windows

**From:** ArticleVII
**Sent:** Tuesday, April 26, 2022 7:07 PM
**To:** Heidi Kidwell; Nena Martin
**Subject:** FW: FW: Subpoena for documentation


**From:** Ruben Armendariz <arbruben █████████>
**Date:** Tuesday, April 26, 2022 at 10:21 AM
**To:** ArticleVII <ArticleVII█████████>
**Subject:** Re: FW: Subpoena for documentation

Josh,

Please forward to Margot to respond to Ms. Morgan.

On Tue, Apr 26, 2022 at 9:40 AM ArticleVII <ArticleVII@███████ wrote:

**From:** Heidi Kidwell <heidimorgan65 ███████████>
**Date:** Monday, April 25, 2022 at 9:21 PM
**To:** Erik Harris <eharris@ ███████ National Treasurer <treasurer@ ███████ ArticleVII
<ArticleVII@ ███████ >, Nena Martin <nenarott ███████
**Subject:** FW: Subpoena for documentation

Josh ,

Please forward our communication with APFA National Treasurer Erik Harris to Arbitrator Armendariz.

Heidi



Erik,

As you can see below, 6 days ago we sent you a signed subpoena request for documents pertinent to our case.  As of the date and time of this email we have yet to receive the requested documents.

Those documents were commanded by the sitting Arbitrator to be presented to us. Per the Federal Arbitration Act refusing to hear evidence pertinent and material to the controversy; or any misbehavior by which the rights of the party have been prejudiced can cause an award to be vacated.  It is our belief your department and/or APFA Legal Counsel is withholding these documents from us intentionally and thereby violating a legal subpoena.

We demand this subpoena request be fulfilled immediately, explanation be given as to why there has been a delay and immediate intervention by Arbitrator Armendariz to ensure we receive the subpoenaed document and   the process has integrity as is legally required by the F.A.A.

Heidi Morgan
FOR
Nena Martin


Sent from Mail for Windows

**From:** Heidi J. Morgan
**Sent:** Wednesday, April 20, 2022 6:53 PM
**To:** National Treasurer; nena martin
**Subject:** Subpoena for documentation


Erik,

Please find the attached & signed subpoena for documentation.

Heidi Morgan
For
Nena Martin

**From:** ArticleVII <ArticleVI███████████
**Date:** April 18, 2022 at 5:27:49 PM EDT
**To:** Nena Martin <nenarott███████ Heidi Kidwell <heidimorgan65█████████
**Subject:** FW: Chinery-Lee v. Martin Subpoenas

**From:** Margot Nikitas <MNikitas███████████
**Date:** Monday, April 18, 2022 at 4:04 PM
**To:** ArticleVII <ArticleVII███████████
**Subject:** Chinery-Lee v. Martin Subpoenas

Josh,

Please send this email to the Arbitrator and parties.

Thanks,
Margot

Arbitrator Armendariz,

APFA would like to hold a conference call as soon as possible to discuss the subpoenas duces tecum issued to APFA in this matter. Please let us know your availability this week.

Thank you,
Margot Nikitas

Margot A. Nikitas *Pronouns: she, her, hers*
General Counsel
Association of Professional Flight Attendants
1004 W. Euless Boulevard
Euless, TX 76040

1

**Exhibit B-2**                                    **APPENDIX 157**

**Confidentiality Notice:** The content of this email message is intended for the confidential use of the intended recipient only. The information may be privileged, confidential and protected from disclosure. Recipients should not file copies of this email with publicly accessible records. If you are not the intended recipient, you have received this email in error, and any further review, dissemination, distribution, copying or forwarding of this email is strictly prohibited. If you received this email in error, please notify me immediately at 817.540.0108 ext. 8108 or by return email and then delete this email in its entirety. Thank you.

**Exhibit B-2**                                                              **APPENDIX 158**

**From:** Heidi Kidwell
**Sent:** Tuesday, April 19, 2022 6:27 PM
**To:** ArticleVII; Nena Martin
**Subject:** FW: Chinery-Lee v. Martin-- Subpoenas

Josh,

Please forward to the Arbitrator immediately.

Heidi

Arbitrator Armendariz,

After extensive discussions if Chinery and Lee  care to dismiss all charges then we will withdraw our subpoena  requests, but otherwise, the documents are pertinent to our defense in its totality and are absolutely necessary.  Furthermore, as stated earlier denial of them would place any award issued by the arbitrator into question under article 9 section 10 of the FAA to vacate an award.

In addition, Section 102 gives Nena Martin the right to sue for violation of Section 29 U.S.C.  411. Ms Nikitas should be reminded that there are criminal and civil penalties for violations of this statute.  The Pennsylvania Bar will also be noticed of her infringement of a members bill of rights.

Margot Nikitas works for Nena Martin as much as she does Chinery and Lee and we demand the same consideration, frankly, more so because we should have complete access to all documents needed to exonerate Nena Martin.

This attempt to stifle a members access to information that is pertinent to her case is illegal.

Heidi Morgan
For
Nena Martin

**From:** Heidi Kidwell <heidimorgan ████████████████
**Date:** April 19, 2022 at 5:25:22 PM EDT
**To:** ArticleVII <ArticleVII██████████ena Martin <nenarott█ ████████
**Subject:** RE: Chinery-Lee v. Martin-- Subpoenas

Josh,

Please send to the Arbitrator immediately.

Heidi

Arbitrator Armendariz,

**Exhibit B-2**

The requested documents are absolutely necessary for the totality of our case. They are clarifying documents and we are renewing our request for the subpoenaed items.  To withhold this information from us would be a refusal to provide evidence pertinent and material to the controversy.

Ms. Nikites is showing complete partiality and bias to the charging party. Ms. Martin has rights under the Federal Arbitration Act that must not be violated or this award could end up in Federal Court due to the prejudice being exhibited when denying our request.

APFA has no right to determine the relevance of our requested documents.

We are renewing our request for these documents.

Heidi Morgan
For
Nena Martin

Sent from Mail for Windows

**From:** ArticleVII
**Sent:** Tuesday, April 19, 2022 4:39 PM
**To:** Heidi Kidwell; Nena Martin
**Subject:** FW: Chinery-Lee v. Martin-- Subpoenas


**From:** Margot Nikitas <MNikitas
**Date:** Tuesday, April 19, 2022 at 2:49 PM
**To:** ArticleVII <ArticleVII
**Subject:** Chinery-Lee v. Martin-- Subpoenas

Hi Josh,

Please send this email to the Arbitrator with a copy to all parties and their representatives.

Thanks,
Margot

Arbitrator Armendariz,

APFA is in receipt of your email dated April 18, 2022, stating: "Inform Erik Harris to provide the requested documents per the subpoena's request." As such, APFA will provide electronic copies of the requested documents and there is no need for a conference call to discuss this matter. We are working now to provide all of the requested documents.

APFA also is in receipt of the Charging Parties' email dated April 18, 2022, stating in part: "In light of the decisions in the cases of Chinery/Lee vs Ross and Chinery/Lee vs Vargas, we are withdrawing the portion of our charges related to Nena Martin's failure to properly administrate the exit package provided to

**Exhibit B-2**                                              **APPENDIX 160**

Bob Ross." Since this claim has been withdrawn, any subpoenaed documents related to the Bob Ross Transition Agreement are unrelated and irrelevant to this proceeding and will not be provided.

Finally, APFA respectfully requests that the Arbitrator signed the attached revised protective order necessary to protect confidential APFA financial records produced in this proceeding. The revised order clarifies that documents are to be returned or permanently deleted within 7 days of the submission of post-hearing briefs.

Thank you,
Margot

Margot A. Nikitas *Pronouns: she, her, hers*
General Counsel
Association of Professional Flight Attendants
1004 W. Euless Boulevard
Euless, TX 76040

**Confidentiality Notice:** The content of this email message is intended for the confidential use of the intended recipient only. The information may be privileged, confidential and protected from disclosure. Recipients should not file copies of this email with publicly accessible records. If you are not the intended recipient, you have received this email in error, and any further review, dissemination, distribution, copying or forwarding of this email is strictly prohibited. If you received this email in error, please notify me immediately at 817.540.0108 ext. 8108 or by return email and then delete this email in its entirety. Thank you.

**Exhibit B-2**                                                    **APPENDIX 161**

**From:** ArticleVII <ArticleVII█████████
**Date:** April 18, 2022 at 11:22:19 AM EDT
**To:** Heidi Kidwell <heidimorgan65█████████, Nena Martin <nenarott@██████████
**Subject:** FW: Duces Tecum Subpoena

---

**From:** Ruben Armendariz <arbruben@████████████
**Date:** Monday, April 18, 2022 at 9:51 AM
**To:** ArticleVII <ArticleV███████████
**Subject:** Re: Duces Tecum Subpoena

Josh,

Inform Erik Harris to provide the requested documents per the subpoena's request.

Also, what hotel arrangements have been made to conduct this hearing.

Arbitrator Armendariz

On Apr 18, 2022, at 9:44 AM, ArticleVII <ArticleVII█████████ wrote:

---

**From:** National Treasurer <treasure█████████
**Date:** Sunday, April 17, 2022 at 7:34 PM
**To:** melchinery█████████ <melchiner█████████ArticleVII
<ArticleVII█████████ National President
<president█████████sel27995█████████sel27995█████████
**Subject:** Re: Fw:

Josh,

1

**Exhibit B-2**                                    **APPENDIX 162**

Please clarify with the arbitrator that neither party has access to the documents. The links were deactivated at the hearing when the arbitrator instructed everyone to return all documents to APFA custody as the policy states they are only available for viewing. Also, the subpoenas instructs me to bring them to the arbitration.

Thanks,

Erik

--

**Erik Harris** _Pronouns:_ _he, him, his_
National Treasurer
Association of Professional Flight Attendants
█████████████████████
_The content of this email is intended solely for the recipient(s)._
_It is not to be shared, forwarded or posted without the author's written consent._
<image001.png>

**From:** melchinery@████████ <melchiner████████>
**Date:** Sunday, April 17, 2022 at 7:05 PM
**To:** ArticleVII <ArticleVII████████>, National President <president████████>
National Treasurer
<treasurer████████el27995████████ <sel27995████████
**Subject:** Fw.

Hi Josh,

I sent this to your Secretary email instead of the Article VII one by mistake.

Can you please send this to Arbitrator Armendariz please.

Thank you

Melissa

Sent from the all new AOL app for iOS

Begin forwarded message:

On Sunday, April 17, 2022, 1:21 PM, melchinery████████
wrote:

Josh,

Can you please send this to Arbitrator Armendariz .

Thank you

Melissa
Sandra

2

**Exhibit B-2**                                    **APPENDIX 163**

Dear Arbitrator Armendariz,

We submitted the subpoena you signed for financial documents to
APFA treasurer Erik Harris. The subpoena required him to provide us
copies of financial documents that we can use to make our exhibit book

We were told that the procedure has changed and we can come in and
look at the documents but they will not provide electronics physical
copies in advance of the hearing. Mr Harris says any copies will be kept
at APFA headquarters and brought to the hearing.

This is not consistent with the APFA policy manual which provides that
the arbitrator can subpoena documents and does not include these
restrictions.   Without copies of the documents we will not be able to
examine opposing counsel's documents in advance of the hearing or
even have the exhibits when writing our briefs.

Last June at the Ross arbitration we were told to resubmit our subpoena
to request documents in advance. The hearing was delayed and we
followed the procedure. Now they are trying to go back to a process
that did not work.

The bigger problem is they are switching rules two weeks before the
final of three arbitrations.
They have already provided opposing counsel 15 years of electronic
APFA financial records so changing halfway through the hearing process
is unfair. But now to selectively apply this to just one party is not fair.

Please advise as to how to proceed as if we cannot get the documents
promptly it will not be possible to prepare our document books for the
hearing. We request you direct Mr Harris to comply with the subpoena
as directed.

If APFA wants to amend the policy manual procedures for future cases
that's fine but it should not be done mid stream.


Thank you.

Sincerely,

Melissa Chinery-Burns
Sandra Lee

**Exhibit B-2**                              **APPENDIX 164**

Sent from the all new AOL app for iOS

**Exhibit B-2**                                    **APPENDIX 165**

**From:** ArticleVII
**Sent:** Wednesday, April 20, 2022 5:30 PM
**To:** Heidi Kidwell; Nena Martin
**Subject:** FW: Subpoena for Documentation

This is how Armendariz sent it back to us.  We were appalled... a photo

**From:** Ruben Armendariz <arbruben ▓▓▓▓▓▓▓▓▓▓
**Date:** Wednesday, April 20, 2022 at 11:58 AM
**To:** ArticleVII <ArticleVII▓▓▓▓▓▓▓▓▓▓
**Subject:** Subpoena for Documentation



Sent from my iPhone
Ruben R. Armendariz, Arbitrator

Member: National Academy of Arbitrators



**From:** ArticleVII <ArticleV███████████████
**Date:** April 27, 2022 at 10:02:13 AM EDT
**To:** Heidi Kidwell <heidimorgan65███████    Nena Martin <nenarott██████████
**Subject:** Fwd: Subpoena for documentation

**From:** Ruben Armendariz <arbrube█████████
**Sent:** Wednesday, April 27, 2022 8:58:23 AM
**To:** ArticleVII <ArticleVII██████████████
**Subject:** Re: Subpoena for documentation

Josh and Margot,

Please provide the information requested to Ms. Morgan. If you don't have the info, please state why you don't have the info!

Sent from my iPhone
Ruben R. Armendariz, Arbitrator
Member: National Academy of Arbitrators

On Apr 27, 2022, at 8:20 AM, ArticleVII <ArticleVII@apfa.org> wrote:

**From:** Heidi Kidwell <heidimorgan█████████
**Sent:** Wednesday, April 27, 2022 5:08:43 AM
**To:** Erik Harris <eharris██████████; ArticleVII <ArticleVII██████████ Nena Martin <nenarott██████
**Subject:** FW: FW: Subpoena for documentation

Josh,

This communication is both for Treasurer Erik Harris and the Arbitrator. I am copying in Erik and request you immediately forward to Arbitrator Armendariz.

Heidi

**Exhibit B-2**                                          **APPENDIX 168**

Erik,

On 4/20/22 we requested 2 simple things by legally signed subpoena from our Arbitrator. Today, 4/27/2, one week later, we have yet to receive those documents which must still be exchanged. This is not acceptable.

I would like some simple answers. Do you have these documents prepared to send? If so, why haven't you sent them? Has anyone told you not to release these documents per the subpoena? If so, who?

For your information Section 10 of the Federal Arbitration Act outlines grounds by which an Award can be vacated. Where there was corruption, fraud or undue means. If there is evident partiality, refusing to hear evidence pertinent and material to the controversy or any other misbehavior by which the rights of any party have been prejudiced.

In all of these situations your department would be a named party in refusing to provide documents which were to be released to us.  Your department has a duty to fulfill the signed subpoenas and if you are being given legal advice to NOT provide them we demand to know so the Arbitrator knows exactly what we are dealing with.

We request an answer today, 4/27/22.  If you do not expeditiously provide these documents we will consider requesting a delay in hearing which will need to be granted per the F.A.A. because we can show sufficient cause by presenting the APFAs refusal to provide subpoenaed documents which are pertinent and material to the controversy.

Thank you,

Heidi Morgan
For
Nena Martin

Sent from Mail for Windows

---

**From:** ArticleVII
**Sent:** Tuesday, April 26, 2022 7:07 PM
**To:** Heidi Kidwell; Nena Martin
**Subject:** FW: FW: Subpoena for documentation

**From:** Ruben Armendariz <arbruben@ ███████>
**Date:** Tuesday, April 26, 2022 at 10:21 AM
**To:** ArticleVII <ArticleVII ███████>
**Subject:** Re: FW: Subpoena for documentation

Josh,

Please forward to Margot to respond to Ms. Morgan.

2

**Exhibit B-2**                                        **APPENDIX 169**

On Tue, Apr 26, 2022 at 9:40 AM ArticleVII <ArticleVII@ ███ wrote:

**From:** Heidi Kidwell <heidimorgan65 ███
**Date:** Monday, April 25, 2022 at 9:21 PM
**To:** Erik Harris <eharris ███ , National Treasurer <treasurer
ArticleVII <ArticleVII ███ , Nena Martin <nenarott ███
**Subject:** FW: Subpoena for documentation

Josh ,

Please forward our communication with APFA National Treasurer Erik Harris to
Arbitrator Armendariz.

Heidi

Erik,

As you can see below, 6 days ago we sent you a signed subpoena request for
documents pertinent to our case.  As of the date and time of this email we have yet to
receive the requested documents.

Those documents were commanded by the sitting Arbitrator to be presented to us.
Per the Federal Arbitration Act refusing to hear evidence pertinent and material to the
controversy; or any misbehavior by which the rights of the party have been prejudiced
can cause an award to be vacated.  It is our belief your department and/or APFA Legal
Counsel is withholding these documents from us intentionally and thereby violating a
legal subpoena.

We demand this subpoena request be fulfilled immediately, explanation be given as
to why there has been a delay and immediate intervention by Arbitrator Armendariz
to ensure we receive the subpoenaed document and   the process has integrity as is
legally required by the F.A.A.

Heidi Morgan
FOR
Nena Martin

Sent from Mail for Windows

**From:** Heidi J. Morgan
**Sent:** Wednesday, April 20, 2022 6:53 PM
**To:** National Treasurer; nena martin
**Subject:** Subpoena for documentation

Erik,

**Exhibit B-2**                        3                        **APPENDIX 170**

Please find the attached & signed subpoena for documentation.

Heidi Morgan
For
Nena Martin

**Exhibit B-2**                                **APPENDIX 171**

From: **Heidi Kidwell** heidimorgan█████████

Subject: **FW: Subpoenaed documents**

Date: **May 3, 2022 at 8:53:33 AM**

To: **Erik Harris** eharris██████████  **Nena Martin**
nenarott██████████

Erik,

Previously we sent this signed subpoena for documents to you. The subpoena request is for:

1. Any and all communication between Hal O'Neil, CPA from Certified Public Accountants Firm Wood, Stephens & O'Neil, L.L.P. and APFA regarding the Ross Transition Agreement.
2. Any and all internal APFA emails which distributed the communications between Hal O'Neil and APFA to the designated parties.

We then made (below) a second request for item #2 which has not been fulfilled. This is a legally executed subpoena, which several times the Arbitrator has commanded you to fulfill. This confidential memo was requested by the "current APFA Officers in consultation with the APFA Staff Attorney and outside Counsel". The MEMO is CLEARLY written to the APFA Board of Directors and Executive Committee.

To be clear... we requested and are entitled to the emails that distributed this document to those parties (Base Presidents, Ad Hocs, National Officers and Legal Counsel, both staff attorney and outside counsel) and responses generated from that distribution.

We are renewing our request once again for those email chains.

Thank you Erik,

Heidi Morgan
FOR
Nena Martin

Sent from Mail for Windows

**From:** Heidi Kidwell
**Sent:** Wednesday, April 27, 2022 7:16 PM
**To:** eharris█████████ Nena Martin
**Subject:** Subpoenaed documents

Erik,

My subpoena request was for "Any and all internal APFA emails which distributed the

**Exhibit B-2**                                          **APPENDIX 172**

communications between Hal O'Neil and APFA to the designated parties."   The letter is a Board of Directors and Executive Committee Memo. There are no emails included which show the distribution of this letter to its intended recipients.

Please remit those emails.

Heidi Morgan
For
Nena Martin

Sent from Mail for Windows

pdf

O'Neil to H...9.14.20.pdf
1.1 MB

**Exhibit B-2**                                                                                    **APPENDIX 173**

**Margot Nikitas**

| | |
|---|---|
| From: | Erik Harris |
| Sent: | Wednesday, April 20, 2022 6:19 PM |
| To: | Margot Nikitas; Officers |
| Subject: | FW: Meeting next week? |

--

# Erik Harris  *Pronouns: he, him, his*
National Treasurer
Association of Professional Flight Attendants

*The content of this email is intended solely for the recipient(s).*
*It is not to be shared, forwarded or posted without the author's written consent.*



**From:** Hal O'Neil <oneil@⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛
**Date:** Monday, September 14, 2020 at 1:26 PM
**To:** Erik Harris <eharris@⬛⬛⬛⬛⬛⬛
**Cc:** Chris Thedford <cthedfor⬛⬛⬛⬛⬛  Pam Bush <pbush@v⬛⬛⬛⬛⬛
**Subject:** Re: Meeting next week?

Erik, Chris.......Pam and I can meet this Thursday around 9:00 AM at your office to go over the Bob Ross document list.   Is this OK?

Thanks, Hal

_____
Hal O'Neil, CPA
Wood, Stephens & O'Neil, L.L.P.

*Important/confidential: This communication and any files or documents attached to it are intended only for the use of the person(s) or entity to which it is addressed; consequently, it may contain information which is privileged and confidential. If you are not the intended recipient(s) of this communication, you are hereby notified that the copying, distribution or other use of this communication is strictly prohibited. If you have received this communication by mistake, please notify the sender immediately by electronic mail and destroy all forms of this communication (electronic or paper). Thank you.*

_____
*Any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, by the recipient for the purpose of avoiding tax penalties that may be imposed or promoting, marketing or recommending to another party any transaction or tax-related matter(s).*

CONFIDENTIAL - ⬛⬛⬛

# Exhibit B-2