```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION
```

```
ROBERT (BOB) ROSS                §
                                 §
VS.                              §   ACTION NO. 4:22-CV-343-Y
                                 §   (Consolidated wt 4:22-CV-430-Y)
ASSOCIATION OF PROFESSIONAL      §
FLIGHT ATTENDANTS, ET AL.        §
                                 §
EUGENIO VARGAS                   §
                                 §
VS.                              §
                                 §
ASSOCIATION OF PROFESSIONAL      §
FLIGHT ATTENDANTS, ET AL.        §
```

ORDER STRIKING RESPONSE AND SETTING DEADLINE FOR AMENDMENT

In reviewing Defendants' summary-judgment motion, it has come to the Court's attention that Plaintiffs' briefing does not adequately comply with this Court's local civil rules. Specifically, this Court's rules require that documentary evidence be contained in an appendix, each page of which "must be numbered legibly in the lower, right-hand corner." N.D. TEX. L. CIV. R. 56.6(b)(3). In a party's brief, "[w]hen citing materials in the record, . . . a party must support each assertion by citing each relevant page of its own or the opposing party's appendix." *Id.* at 56.5(c). Reading both rules in tandem, this means that the party must cite the relevant appendix by the page number designated in the "lower, right-hand corner." Plaintiffs have instead primarily cited to the appendices' page numbers imprinted by the Court's electronic case management system ("CM/ECF") in the upper, right-hand corner of each page. Often those page numbers are superimposed onto other writing on the document,

such that they are largely illegible.[1] And Plaintiffs have even done that inconsistently, inasmuch as within the same paragraph Plaintiffs have sometimes provided the page number from the lower, right-hand corner of an appendix, as required, but in another citation within the same paragraph provided the page number imprinted by CM/ECF on the upper, right-hand corner of the page.[2]

Similarly, Plaintiffs' response brief wholly fails to comply with the Court's prior order setting out requirements for response briefs.  In its Order Striking Summary-Judgment Motion and Denying Motion to Stay Discovery as Moot filed on February 22, 2023 (doc. 76), the Court directed, inter alia, as follows:

> (4)  include in response briefs only argument and authorities responsive to the particular motion at issue; similarly, include in reply briefs argument and authorities responsive to the response brief to the particular motion at issue; and
>
> (5)  format response briefs similarly to the motion's table of contents, so that the Court can easily flip to responsive arguments to each particular section of the motion

Plaintiffs have wholly failed to comply with either paragraph. Instead, it appears that Plaintiffs have merely attempted to convert the brief they filed in support of their own motion for partial summary judgment into a response to Defendants' motion, without attempting to comply with either paragraph of the Court's order.

Furthermore, Plaintiffs often cite merely to an appendix, without

---

[1] See, for example, the exhibits to the Declaration of Joshua Black contained on pages 9-506 of Defendants' appendix (doc. 236-1).

[2] See, for example, the first full paragraph on page five of Plaintiffs' response brief (doc. 246) to Defendants' summary-judgment motion.

identifying that appendix by party name or document number. Thus, the Court is unsure to which appendix Plaintiffs refer. And frequently, after review of both parties' appendices on the pages cited by Plaintiffs, neither support the statement in Plaintiffs' brief to which the appendix citation is appended.[3]

While foolish consistency may be the hobgoblin of little minds, consistency in citing appendices certainly helps in this Court's review of the parties' briefs. And, more importantly, as explained above, it is required by this Court's local civil rules. Similarly, the Court's order regarding response briefs was not merely a suggestion. "Judges are not like pigs, hunting for truffles buried in briefs." *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

Finally, and more ethically problematic to the Court and for Plaintiffs' counsel, Plaintiffs' briefs often make representations

---

[3] By way of example only, Plaintiffs cite "(App. pp 156-197)" in support of the statement that "Plaintiffs object to the use and submission of the Cornwall Jackson 'financial review' on the same grounds as those objections outlined for the O'Neil 'accounting review.'" (Pls.' Resp. Br. (doc. 246) 11.) The Court has reviewed both Defendants' summary-judgment appendix at pages 156-197 and Plaintiffs' response appendix at those same pages. But the Court has found no mention of either Cornwall Jackson," "O'Neil," or an "accounting review" within those pages. Furthermore, it is highly unlikely that support for that particular statement spans over forty pages of evidence. Plaintiffs are reminded that pinpoint citations to evidence are required. *See* N.D. TEX. L. CIV. R. 56.5(c) (requiring, when citing evidentiary materials, that the party "support each assertion by citing each relevant page of its own or the opposing party's appendix" that supports the assertion at issue.)

In a similar vein, Plaintiffs' brief states that "Chinery-Burns pursued targeted investigations of the Ross Administration's expenses, and demanded audits of the Ross Administration's expenses, paystubs, 401k contributions and other financials." Plaintiffs cite the appendix in support of **their own** summary-judgment motion, rather than the appendix in support of their response brief to Defendants' summary-judgment motion. The Court is disinclined to search through appendices to other motions when a party has submitted an appendix with its response brief of over six hundred pages. In any event, after reviewing these pages, the Court discerns no mention of any "targeted investigations" or "demanded audits" by "Chinery-Burns" in the pages cited by Plaintiffs. And even if there were, Plaintiffs should have cited to the exact page(s) that support the statement to which the citation is appended.

about evidence or the record that are simply inaccurate.[4] Plaintiffs' counsel is cautioned that her briefs are subject to the requirements of Federal Rule of Civil Procedure 11, and if the Court determines that she has not complied with that rule, appropriate sanctions may be imposed.

As a result, Plaintiffs' response and objection (doc. 242), their brief in support (doc. 243), and their appendix in support (doc. 244) are all STRICKEN. Plaintiffs shall have until September 30, 2024, to correct the noted problems with these documents and file amended versions with the clerk of the Court (and submit a copy of each to chambers).[5] Failure to timely and completely comply with this order may result in appropriate sanctions, including the dismissal of

---

[4] For example, Plaintiffs' brief states that "[t]he Arbitrator's decision also 'found' Vargas misplaced the box of 2017 documents **despite Harris testified he misplaced it**," citing "(Doc. 239-8, PAGEID 7063)" in support. (Pls.' Resp. Br. (doc. 246) 14) (emphasis added.) Again, this document is from Plaintiffs' appendix to their summary-judgment motion and not their appendix to their response brief to Defendants' summary-judgment motion. More troubling, however, is the fact that the document does not say what Plaintiffs represent. First of all, the cited page does not constitute testimony at all, but instead appears to be an email from defendant Harris to Melissa Chinery and Sandra Lee. In the email, Harris does not state that **he misplaced** the box, but instead indicates that it has "inexplicably disappeared from my custody."
Similarly, Plaintiffs' brief urges that "this Court ordered Defendants [to] meet the elements of the doctrine of laches to overcome Plaintiffs' statute of limitations defense against its LMRDA § 501 breach[-]of[-]fiduciary[-]duty claim. (Doc. 72, PAGEID 1733)." (Pl.'s Resp. Br. (doc. 246) 11.) Plaintiffs then proceed to point out that Defendants failed to address this defense in their motion for summary judgment. First of all, the Court did not order Defendants to meet anything in its prior order. Instead, it simply denied Plaintiffs' motion to dismiss Defendants' LMRDA section 501 counterclaim, noting that Plaintiffs had argued for dismissal on statute-of-limitations grounds but that the doctrine of laches appeared to be applicable instead. And Defendant is not **required** to address this defense in its opening summary-judgment brief, before Plaintiffs raise it as a defense in their response brief.

[5] If desired, Plaintiffs' counsel may retrieve the Court's copies of their voluminous and now-stricken appendix from the Court's chambers by making arrangements with the Court's judicial assistant, Michelle Moon, at 817-850-6670, to pick the binders up within five days of the date of this order.

Plaintiffs' claims or the granting of Defendants' summary-judgment motion.  Defendants may, if they so desire, file an amended reply brief in accordance with Local Civil Rule 7.1(f).

    SIGNED August 27, 2024.

*[Signature: Terry R. Means]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE