```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION
```

| | | |
|---|---|---|
| ROBERT (BOB) ROSS | § | |
| | § | |
| VS. | § | ACTION NO. 4:22-CV-343-Y |
| | § | (Consolidated w/4:22-CV-430-Y) |
| ASSOCIATION OF PROFESSIONAL | § | |
| FLIGHT ATTENDANTS, ET AL. | § | |
| | § | |
| AND | § | |
| | § | |
| EUGENIO VARGAS | § | |
| | § | |
| VS. | § | |
| | § | |
| ASSOCIATION OF PROFESSIONAL | § | |
| FLIGHT ATTENDANTS, ET AL. | § | |

### ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Pending before the Court is Plaintiffs' Motion for Partial Summary Judgment (doc. 237). After review of the motion, the Court concludes that it should be, and it is hereby, DENIED due to Plaintiffs' failure to comply with the rules and requirements of this Court.

Initially, the Court notes that Plaintiffs have wholly failed to identify in their brief the parties' live pleadings, as required by the section on "Summary-Judgment Procedures" contained in this Court's Order to Submit Joint Status Report and Proposed Discovery Plan (doc. 26).[1] More problematic, however, are Plaintiffs' citations to their four-volume, 949-page appendix in support of their motion.

---

[1] That order required, specifically with regard to summary-judgment motions, that "[t]he party moving for summary judgment must identify, in a separate section at the beginning of his brief, by name of pleading, date filed, and document number on the Court's docket, the live pleadings for each party who has appeared in the action." (Order to Submit Joint Status Report and Proposed Discovery Plan (doc. 26) 7, ¶ 5(b).)

The Court's local rules require that "[w]hen citing materials in the record, as required by Fed. R. Civ. P. 56(c)(1)(A) or (B), a party must support each assertion by citing each relevant page of its own or the opposing party's appendix."  N.D. TEX. CIV. R. 56.5(c); *see also* FED. R. CIV. P. 56(c)(1)(A) (requiring citation to "particular parts of materials in the record").  Instead of citing to the particular page where evidence in support of a proposition stated in their brief can be found, Plaintiffs cite to the entirety of multi-page documents, wholly failing to include pinpoint citations to particular pages and paragraphs on those pages.[2]  Instead of underlining, highlighting, or bracketing particular relevant portions of the Plaintiffs' affidavits, as required by this Court's prior order, Plaintiffs have bracketed the entirety of every page of the affidavits.[3]

Most troubling, however, both to the Court and for Plaintiffs' counsel, is the fact that often, when the Court has taken the time to review the entirety of a cited document, it simply does not support the proposition in the brief to which it is appended.  For example, Plaintiffs contend that "[t]he LUS group seeks a merger of the two unions" and cite "App., pp. 286-292, 386-96" in support.  (Pls.'

---

[2] See, by way of example only, Plaintiffs' brief in support of their motion (doc. 238) at 2-3 (citing "App., pp. 286-292, 386-396"; "App., pp. 397-408"; "App., pp. 42-51; 410-11").  While the latter group of pages cited does include support for the statement to which it is appended (that "[o]n April 2, 2016, . . . Melissa Chinery-Burns . . . pledged to remove Ross from office"), the pinpoint citation should have been to the page on which the evidence in support of that statement could be found (i.e. to pages 46 and 410), rather than to the entirety of the documents.

[3] See, for example, the affidavits of plaintiff Vargas, (Pls.' App. (doc. 239-6) 286-292), and of plaintiff Ross, (*Id.* at 386-396).  Every page except the first and last (signature page) of each affidavit is completely bracketed.

Br. (doc. 238) 2.) Those pages make up the entirety of both Vargas's and Ross's affidavits, and no pinpoint citation is provided to particular pages of either affidavit where support for that contention is located. This is likely because, after review of both affidavits, the Court finds no evidentiary support for the statement in either affidavit. Similarly, Plaintiffs' brief contends that "[t]he LAA flight attendants seek to maintain APFA's independence," citing those same two affidavits as evidence in support. (Pls.' Br. (doc. 238) 2.) Again, the Court discerns no evidentiary support in either affidavit for that particular statement. Plaintiffs further contend that "[u]pon entering office, Ross' first speech addressed his goals during his term" and cite "App., pp. 386-396" in support of that proposition. (Pls.' Resp. Br. (doc. 238) 3.) Those pages of Plaintiffs' appendix make up the entirety of Ross's affidavit. The Court has thoroughly reviewed the affidavit, however, and nowhere in it does Ross discuss either his "first speech" or "his goals during his term." The next sentence of the brief states that "[Ross] planned to clean up APFA finances, unify the membership, and would ***not*** consider a merger at the time," again citing to "App., pp. 286-292, 386-396" in support. (Pls.' Resp. Br. (doc. 238) 3.) Unsurprisingly, Vargas's affidavit says absolutely nothing about Ross's plans for his term as union president. But neither does Ross's affidavit. Instead, at most, Ross's affidavit merely supports the latter contention for which it is cited, which is that he opposed a merger of the unions. (Pls.' App. (doc. 239-6) 387, ¶¶ 5, 7.)

Similarly, Plaintiffs' brief contends that "Melissa Chinery-

Burns, the charging party representing the union in all three Ross Administration Disciplinary Arbitrations, maintains a social media group site which she uses to mobilize the LUS flight attendants" and again cites the entirety of the Vargas and Ross affidavits in support at "App. 286-292, 386-396."  (Pls.' Resp. Br. (doc. 238) 4.)  The Court has reviewed those affidavits and finds no evidentiary support for that statement therein.  Plaintiffs' brief then states that "Chinery began her 'red wagon' campaign to gather the signatures required to force Ross's removal from office," again citing the entirety of Plaintiffs' affidavits in support at "App., pp. 286-292, 386-396." (Pls.' Rsp. Br. (doc. 238) 4.) And as has become pattern, the Court again discerns no evidentiary support for that statement in those documents.

   These are only a few examples from the first four pages of Plaintiffs' response brief. The Court has never experienced a summary-judgment brief so replete with inaccurate and wholly fabricated citations to the evidence contained in its appendix.  This Court simply does not have the luxury of sufficient time to allow it to search through all of Plaintiffs' 949 pages of evidence and do their counsel's work for them, while forcing its many other pending cases to sit unattended. Because of Plaintiffs' failure to comply with the rules and orders of this Court regarding their summary-judgment motion, that motion is denied.

   The Court notes that Plaintiffs' counsel has already been sanctioned by the magistrate judge for her conduct during discovery. (Order Gr. Defs.' Mot. for Sanctions (doc. 219) 9-24.) Plaintiffs'

counsel is warned that continued refusal to abide by this Court's rules and orders, and particularly by continuing to misrepresent the record evidence, will result in the imposition of appropriate sanctions, which could include being barred from future practice in this district.

Therefore, Plaintiffs' counsel, Kerri Phillips, State Bar of Texas license number 24065906, is hereby **ADMONISHED** that continued failure to follow the rules and orders of this Court and to comply with the standards for attorney conduct set out in *Dondi Properties Corp. v. Commerce Savings & Loan Assoc.*, 121 F.R.D. 284 (N.D. Tex. 1988) (*en banc*), will result in this Court's issuance of an order to show cause as to why she should not be suspended or disbarred entirely from practice before this Court.

SIGNED August 29, 2024.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE